UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
(Northern Division)

RECEIVED

2006 OCT 10 ℗ 3: 28

CV No. 2: 06cv916-m
E
F

| | |
|---|---|
| APRIL WORLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PFIZER, INC., MONSANTO | ) |
| COMPANY, PHARMACIA, | ) |
| PHARMACIA AND UPJOHN, | ) |
| SCOTT GRIFFIN SMITH and | ) |
| Fictitious Defendants A, B. C | ) |
| & D, being those persons, firms or | ) |
| Corporations whose fraud, scheme to | ) |
| defraud, and/or other wrongful conduct | ) |
| caused or contributed to the Plaintiff's | ) |
| injuries or damages, and whose true names | ) |
| and identities are presently unknown to | ) |
| Plaintiff but will be substituted by | ) |
| amendment when ascertained | ) |
| | ) |
| Defendants. | ) |
| | ) |

(Removed from the Circuit Court
of Montgomery County, Alabama
CV-2006-2131)

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C.§ 1441, defendants Pfizer Inc. (Pfizer), Pharmacia Corporation

(Pharmacia), Pharmacia & Upjohn Company, LLC, (P&U) (erroneously sued and served as

Pfizer, Inc., Pharmacia, and Pharmacia & Upjohn) and Monsanto Company ("Monsanto")

hereby give notice of removal of the above entitled action from the Circuit Court of Montgomery

County, Alabama, CV-2006-2131, to the United States District Court for the Middle District of

Alabama and state:

1)     Plaintiff April Worley filed the complaint in this action on August 8, 2006 for

alleged injuries due to her purported use of Depo Provera® Contraceptive Injection (DPCI).

Pfizer, Pharmacia,  P&U, Monsanto Company, and Scott Griffin Smith are named defendants in

the action entitled *PFIZER, INC., MONSANTO COMPANY, PHARMACIA, PHARMACIA AND UPJOHN, SCOTT GRIFFIN SMITH and Fictitious Defendants A, B. C & D, being those persons, firms or Corporations whose fraud, scheme to defraud, and/or other wrongful conduct caused or contributed to the Plaintiff's injuries or damages, and whose true names and identities are presently unknown to Plaintiff but will be substituted by amendment when ascertained,* Case No. CV06-2131 in the Circuit Court of Montgomery County, Alabama. A true and correct copy of the state court file, including the Summons and Complaint (Compl.), is attached hereto as Exhibit A.

2)    On September 8, 2006 Plaintiff served defendants Pfizer, Pharmacia, P&U and Monsanto with copies of the Summons and Complaint. September 8th was the first date any pleading was received by any defendant setting forth the claims for relief on which the action is based. Scott Griffin Smith was served on September 11, 2006. The defendants file this Notice of Removal within 30 days of service of the initial pleadings on any defendant, and within one year of the commencement of the action pursuant to 28 U.S.C. § 1446(b).

3)    The United States District Court for the Middle District of Alabama, Northern Division, embraces the county in which the state court action is now pending, and thus, this Court is the proper venue for the action pursuant to 28 U.S.C. § 81(a)(3).

### Jurisdictional Basis for Removal

4)    This Court has diversity jurisdiction over this action pursuant to 28 USC § 1332 because: (1) there is the requisite diversity of citizenship, as plaintiff is not a citizen of the same state of any properly joined defendant; and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs.

## Diversity of Citizenship

5)    Plaintiff alleges that she is a resident of Montgomery County in the state of Alabama. *See* Compl. at ¶ 1. Upon information and belief, Plaintiff is and was at the time of filing, a citizen of the state of Alabama.

6)    Defendant Pfizer is a corporation organized under the laws of the state of Delaware with a principal place of business in the state of New York.

7)    Pharmacia Corp. is a corporation organized under the laws of the state of Delaware with a principal place of business in the state of New Jersey.

8)    P&U Co. is a limited liability company organized under the laws of the state of Delaware, having its principal place of business in the state of Michigan.

9)    Monsanto is a corporation organized under the laws of the state of Delaware, having its principal place of business in the state of Missouri.

10)    Scott Griffin Smith is and at the time of filing was a resident of the state of Alabama. However, his citizenship must be disregarded because he has been fraudulently joined in this matter in an effort to defeat removal. *See Legg v. Wyeth*, 428 F.3d 1317, 1321 (11th Cir. 2005).

11)    Plaintiff has also named Fictitious Parties A, B, C, and D as defendants in this action. The citizenship of these unknown defendants must also be disregarded. Pursuant to 28 U.S.C. § 1441(a), "the citizenship of defendants sued under fictitious names shall be disregarded" in determining whether there is complete diversity for the purposes of removal.

## Plaintiff Fails to State a Viable Claim against Smith

12)    Plaintiff does not specifically allege a cause of action as to defendant Smith. Rather each cause of action is alleged "against the Pfizer Defendants and the Sales

Representative Defendants." The Complaint defines the category of "sales representative defendants" as including Smith and the fictitious defendants. *See* Compl. ¶ 13.

13)    It is well-settled law that "diversity jurisdiction 'cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'" *Bloodsworth v. Smith & Nephew*, No. Civ. A. 2:05CV622-D, 2005 WL 3470337, at *3 (M.D. Ala. Dec. 19, 2005) (*quoting Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). As the Supreme Court has stated, "the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court . . . ." *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907).

14)    Under Eleventh Circuit law, fraudulent joinder can be established in one of three ways:

> (1) when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant, or (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts, or (3) where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998); *see also Gordon v. Pfizer Inc.*, 2006 WL 2337002 at *3 (N.D. Ala., May 22, 2006) ("Fraudulent joinder may be shown by a lack of a factual or legal basis for plaintiff's claims."). Here, "there is no possibility" that Plaintiff can prove any of her claims against Mr. Smith. Plaintiff, in order to meet her burden, must demonstrate a possibility of liability that is "reasonable, not merely theoretical, and, in considering *possible* state law claims, possible must mean more than such a possibility

that a designated residence can be hit by a meteor tonight." *Bloodsworth*, 2005 WL 3470337, at *4 (*quoting Legg*, 428 F.3d at 1325 n.5) (internal quotation marks omitted). Plaintiff cannot meet this burden.

15)    Plaintiff's Complaint fails to state any claim under which there is a reasonable basis to impose liability on Mr. Smith under Alabama law. In the Complaint, Plaintiff asserts claims of strict liability (Count I), negligence (Count II), breach of express and implied warranties (Counts III and IV), fraud (Count V), and fraudulent suppression (Count VI). *See* Compl. ¶¶ 27-55.

16)    Mr. Smith's only connection to this case is that he was formerly a sales representative for Pharmacia & Upjohn Company (*formerly The Upjohn Company*). *See generally* Declaration of Scott Griffin Smith, attached hereto as Exhibit B. His role as a sales representative creates no reasonable basis for the imposition of liability under any of the theories pleaded by Plaintiff.

17)    As set forth in his declaration, Mr. Smith never called upon Dr. Keith Martin or Dr. Patricia Elliott, and never worked in the Montgomery area after 1996. Ex. B ¶¶ 3-6. As such, Plaintiff's allegations relating to Mr. Smith are demonstrably false and cannot support any of the claims set forth in the Complaint. *See, e.g.,* Compl. ¶ 16. Moreover, the fact that Mr. Smith did not detail DPCI to Ms. Worley's physicians demonstrates the reckless and fraudulent nature by which Plaintiff has sought to divest this Court of jurisdiction in this case.

18)    The first claim alleged in Plaintiff's Complaint is for strict liability. *See* Compl. ¶¶ 27-32. As set forth in his attached declaration, Mr. Smith, in his capacity as a sales representative, had no involvement with the development, manufacturing, or labeling of DPCI.

Ex. B ¶ 8. Furthermore, even in his capacity as a sales representative, he never called upon plaintiff's physicians and had no involvement in the Montgomery area or with DPCI after 1996.

19)    Notwithstanding that the facts of the case show no involvement of Mr. Smith, his position as sales representative could not warrant a finding of liability in Alabama. The Supreme Court of Alabama has adopted the learned-intermediary doctrine,[1] which provides that "any duty to warn is owed by [the manufacturer] to the surgeon who performed [the] procedures...the duty is not owed by [the sales representative.]" *Bloodsworth*, 2005 WL 3470337, at *7; *see also Catlett v. Wyeth, Inc.*, 379 F. Supp. 2d 1374, 1381 (M.D. Ga. 2004) (there is "no basis for a claim against a sales representative under the learned intermediary doctrine...[a]lthough the manufacturers employ the sales representatives to be one source of that information, the manufacturers are the ones who are ultimately responsible and thus liable...for any alleged failure to provide information.").

20)    Moreover, under Alabama law, a sales representative is not a "seller." *See Bloodsworth*, 2005 WL 3470337, at *6. In *Bloodsworth*, while discussing "seller" in terms of the Alabama Extended Manufacturer's Liability Doctrine, the court determined the sales representative in that case was excluded from the definition of "seller." The *Bloodsworth* sales representative "merely received orders and delivered...products, in their original sealed packages, to physicians, and had no knowledge of any design or manufacturing defect." *Bloodsworth*, 2005 WL 3470337, at *7. Additionally, the sales representative did not have "any significant control over the distribution of...[the drug nor] could [he] have prevented, in any substantial way ... dispersion of [the] product[]." *Bloodsworth*, 2005 WL 3470337, at *6. Thus, the *Bloodsworth* court concluded the sales representative was not a "seller." Here, Mr. Smith

---

[1]    *See Morguson v. Baxter Healthcare Corp.*, 857 So. 2d 796 (Ala. 2003).

does not fit the definition of a "seller" for the same reasons. This fraudulently-joined defendant had no "significant control over the distribution" or dispersion of DPCI.

21)    Plaintiff's second count in the Complaint is for negligence. *See* Compl. ¶¶ 33-38. Plaintiff alleges that Mr. Smith, along with the other defendants, "had a duty to exercise reasonable care in designing, developing, manufacturing, packaging, labeling, marketing, advertising, selling and/or distributing Depo-Provera," and that they "continued to market Depo-Provera to physicians and consumers, including Ms. Worley, and her Prescribing Physicians." *Id.* ¶¶ 34, 36. Mr. Smith did not undertake any of the activities listed in the Complaint and can not be held liable for negligence. For a sales representative to be "personally liable for the negligent acts of the corporation, 'there must have been upon his part such a breach of duty as contributed to, or helped bring about, the injury; that is to say, he must be a participant in the wrongful act.'" *Legg*, 428 F.3d at 1324 (*quoting Crigler v. Salac*, 438 So. 2d 1375, 1380 (Ala. 1983)). In other words, the sales representative must have "personally participate[d] in the tort." *See Turner v. Hayes*, 719 So. 2d 1184, 1188 (Ala. Civ. App. 1997). Mr. Smith clearly does not satisfy this requirement, as he has never spoken to Plaintiff or the prescribing physicians. Ex. B at ¶¶ 4-6. As such, this defendant did not "personally participate" in any alleged tort and there is no reasonable possibility that he will be found liable under Alabama negligence law.

22)    The next two claims in Plaintiff's Complaint - breach of express and implied warranties (see Compl. ¶¶ 39- 47) - likewise present no "reasonable basis" for imposing liability on Mr. Smith. In Alabama, a breach-of-warranty claim is only viable against the "seller" of the goods. *See* ALA. CODE §§ 7-2-313(1)--7-2-315(1) (warranty claims require a "seller" to create the warranties). As set forth above, sales representatives are not "sellers" under Alabama law. *See Bloodsworth*, 2005 WL 3470337 at *7 ("[Plaintiff's] warranty claims against [the sales

representative] fail for the same reason that the AEMLD claim fails, as a breach of warranty claim is viable only against the "seller" of the goods"). Therefore, Mr. Smith is not a "seller" and cannot be liable for breach of express or implied warranty under Alabama law.

23)     Counts V and VI allege fraud and fraudulent suppression. *See* Compl. ¶¶ 86-109. These claims are also baseless. As set forth in Mr. Smith's affidavit, he has never spoken or met with this plaintiff or her physicians and thus, could not have made any alleged material misrepresentations to them. Accordingly, there is no "reasonable basis" for imposing liability on these defendants based on claims of fraud or misrepresentation.

24)     Moreover, the allegations of fraud in the Complaint fail to comply with the "particularity" requirement of Rule 9(b). *See* Fed. R. Civ. P. 9(b); Ala. R. Civ. P. 9(b). Plaintiff fails to show the "time, place and purported contents of the false representations" by these defendants as required under both rules. *Estate of Scott v. Scott*, 907 F. Supp. 1495, 1498 (M.D. Ala. 1995); *see* Ala. R. Civ. P. 9(b) (Committee Comments on 1973 Adoption, subdivision (b) (plaintiff must show the "time, place and the contents or substance of the false representation, the fact misrepresented, and the identification of what has been obtained"). This lack of specificity is not surprising given that Mr. Smith never made any representations to Plaintiff or her prescribing physicians. Because Plaintiff has failed to plead these fraud-based claims with the requisite particularity, Plaintiff cannot state a claim against this non-diverse defendant. *See United States ex rel. Clausen v. Laboratory Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002) ("this Court has endorsed the dismissal of pleadings for failing to meet Rule 9(b)'s standards"); *Mixon v. Cason*, 622 So. 2d 918, 920 (Ala. 1993) ("The plaintiff did not plead with the specificity required by Rule 9(b)" and "the trial court properly dismissed").

25)    In sum, none of the allegations contained in Plaintiff's Complaint give rise to a reasonable basis for liability as to Mr. Smith.  Thus, Plaintiff's joinder of these defendants can "only be characterized as a sham, at the unfair expense not only of [Pfizer, Pharmacia, and P&U] but of many individuals and small enterprises that are being unfairly dragged into court simply to prevent the adjudication of lawsuits against [Pfizer, Pharmacia, and P&U], the real target[s], in a federal forum."  *Legg*, 428 F.3d at 1320 (*quoting Anderson v. Am. Home Prods. Corp.*, 220 F. Supp. 2d 414, 425 (E.D. Pa. 2002)).    For all these reasons, Defendant Smith has been fraudulently joined in this litigation.

### The Amount in Controversy Is Satisfied

26)    Based on Plaintiff's allegations and the damages sought, the amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiff alleges that she suffered physical and emotional injuries as a result of DPCI use.  Compl. ¶ 3.  Specifically, Plaintiff alleges that DPCI caused her to develop "osteopenia, bone loss, and heart arrhythmias," and has put her at increased risk for future medical problems including bone loss and fracture.  *Id*. Plaintiff also asserts fear of future injury and surgery.  *Id*.

27)    Alabama juries in product liability cases routinely render verdicts in excess of $75,000, exclusive of interest and costs.  *Toole v. McClintock*, 999 F.2d 1430 (11th Cir. 1993) (addressing on appeal an award of $400,000 in compensatory damages and $5,000,000 in punitive damages in a medical product liability case); *Benford v. Richards Medical Co.*, 792 F.2d 1537 (11th Cir. 1986) (discussing an award of $165,000 in compensatory and $100,000 in punitive damages in a medical product liability case).  Thus, it is evident that the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See also* Exhibit C, containing a list of Alabama verdicts in product liability cases.

28)    As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000 and is between citizens of different states.

29)    A copy of this Notice of Removal is being served on Plaintiff and filed with the Circuit Court of Montgomery County, Alabama.

WHEREFORE, Defendant Pfizer Inc. gives notice that the matter styled as *PFIZER, INC., MONSANTO COMPANY, PHARMACIA, PHARMACIA AND UPJOHN, SCOTT GRIFFIN SMITH and Fictitious Defendants A, B. C & D, being those persons, firms or Corporations whose fraud, scheme to defraud, and/or other wrongful conduct caused or contributed to the Plaintiff's injuries or damages, and whose true names and identities are presently unknown to Plaintiff but will be substituted by amendment when ascertained* in the Circuit Court of Montgomery County, Alabama, is removed to the United States District Court for the Middle District of Alabama, and requests that this Court retain jurisdiction for all further proceedings.

Respectfully submitted,

_____
Andrew B. Johnson
George R Parker
One of the attorneys for Pfizer Inc., Pharmacia
Corporation, Pharmacia & Upjohn Company,
LLC, and Monsanto Company

OF COUNSEL:

Fred M. Haston, III
Anne Marie Seibel
Bradley Arant Rose & White LLP
1819 Fifth Ave. North
Birmingham, Alabama 35203

(205) 521-8000

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the foregoing on:

> Andy D. Birchfield, Jr.
> W. Roger Smith, III
> Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
> P.O. Box 4160
> Montgomery, AL 36103-4160

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing address, on this $\underline{10}$ day of October 2006.

_George All_
OF COUNSEL

CV-06-2131

| State of Alabama Unified Judicial System | **COVER SHEET** | Case Number |
|---|---|---|
| | **CIRCUIT COURT – CIVIL CASE** | C V |
| Form ARCIv-93   Rev.5/99 | (Not For Domestic Relations Cases) | Date of Filing: |
| | | Month   Day   Year   Judge Code: |

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ MONTGOMERY _____, ALABAMA
(Name of County)

APRIL WORLEY                    v.                    PFIZER, INC., et al.
**Plaintiff**                                         **Defendant**

| **First Plaintiff** | ☐ Business | ☑ Individual | **First Defendant** | ☑ Business | ☐ Individual |
|---|---|---|---|---|---|
| | ☐ Government | ☐ Other | | ☐ Government | ☐ Other |

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) the best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☑ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** (check one):   F ☑ INITIAL FILING      A ☐ APPEAL FROM      O ☐ OTHER: _____
                                              DISTRICT COURT
                        R ☐ REMANDED        T ☐ TRANSFERRED FROM
                                              OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
| S | M | I | 2 | 5 | 7 |
|---|---|---|---|---|---|

8/7/2006
Date

W. Roger Smith, III    BYANW
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES  ☑ NO  ☐ UNDECIDED

**EXHIBIT**

A

# IN THE CIRCUIT COURT OF
# MONTGOMERY COUNTY, ALABAMA

APRIL WORLEY,                                        *
                                                     *
        **Plaintiff,**                               *
                                                     *
v.                                                   *        CIVIL ACTION NO. _06-2131_
                                                     *
PFIZER, INC., MONSANTO                               *
COMPANY, PHARMACIA,                                  *
PHARMACIA & UPJOHN,                                  *
SCOTT GRIFFIN SMITH and                              *
Fictitious Defendants A, B, C & D,                   *
being those persons, firms or                        *
Corporations whose fraud, scheme to                  *
defraud, and/or other wrongful conduct               *
caused or contributed to the Plaintiff's             *
injuries and damages, and whose true                 *
names and identities are presently                   *
unknown to Plaintiff, but will be                    *
substituted by amendment when                        *
ascertained,                                         *
                                                     *
        **Defendants.**                              *

## SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

    **NOTICE TO:**                                   DI

            Pfizer, Inc.
            c/o The Corporation Company
            2000 Interstate Park Drive, Suite 204
            Montgomery, Alabama 36109

The Complaint, which is attached to this summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

            **Andy D. Birchfield**
            **W. Roger Smith, III**
            **Beasley, Allen, Crow, Methvin, Portis & Miles**
            **234 Commerce Street**
            **Montgomery, Alabama 36104**

the Plaintiff's attorney.   THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.  You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

Circuit Clerk

DATED: 9-7-06

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| APRIL WORLEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. _06-2131_ |
| | * | |
| PFIZER, INC., MONSANTO | * | |
| COMPANY, PHARMACIA, | * | |
| PHARMACIA & UPJOHN, | * | |
| SCOTT GRIFFIN SMITH and | * | |
| Fictitious Defendants A, B, C & D, | * | |
| being those persons, firms or | * | |
| Corporations whose fraud, scheme to | * | |
| defraud, and/or other wrongful conduct | * | |
| caused or contributed to the Plaintiff's | * | |
| injuries and damages, and whose true | * | |
| names and identities are presently | * | |
| unknown to Plaintiff, but will be | * | |
| substituted by amendment when | * | |
| ascertained, | * | |
| | * | |
| Defendants. | * | |

## SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**

Monsanto Company
c/o CSC Lawyers Incorporating Services, Inc.
150 South Perry Street
Montgomery, Alabama 36104

The Complaint, which is attached to this summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

**Andy D. Birchfield**
**W. Roger Smith, III**
**Beasley, Allen, Crow, Methvin, Portis & Miles**
**234 Commerce Street**
**Montgomery, Alabama 36104**

the Plaintiff's attorney.   THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.  You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

**Circuit Clerk**

DATED: 9-7-06

# IN THE CIRCUIT COURT OF
# MONTGOMERY COUNTY, ALABAMA

APRIL WORLEY,                        *
                                     *
    Plaintiff,               *
                                     *
v.                                   *        CIVIL ACTION NO. _06-2131_
                                     *
PFIZER, INC., MONSANTO               *
COMPANY, PHARMACIA,                  *
PHARMACIA & UPJOHN,                  *
SCOTT GRIFFIN SMITH and              *
Fictitious Defendants A, B, C & D,   *
being those persons, firms or        *
Corporations whose fraud, scheme to  *
defraud, and/or other wrongful conduct *
caused or contributed to the Plaintiff's *
injuries and damages, and whose true *
names and identities are presently   *
unknown to Plaintiff, but will be    *
substituted by amendment when        *
ascertained,                         *
                                     *
Defendants.                          *

## SUMMONS

    This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

    **NOTICE TO:**

            Pharmacia Corporation
            c/o The Corporation Company     *D3*
            2000 Interstate Park Drive, Suite 204
            Montgomery, Alabama 36109

    The Complaint, which is attached to this summons, is **important and you must take immediate action to protect your rights.** You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

            **Andy D. Birchfield**
            **W. Roger Smith, III**
            **Beasley, Allen, Crow, Methvin, Portis & Miles**
            **234 Commerce Street**
            **Montgomery, Alabama 36104**

the Plaintiff's attorney.   THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.   You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

DATED: _9-7-06_

Circuit Clerk

# IN THE CIRCUIT COURT OF
# MONTGOMERY COUNTY, ALABAMA

APRIL WORLEY,

    Plaintiff,

v.

CIVIL ACTION NO. _06-2131_

PFIZER, INC., MONSANTO
COMPANY, PHARMACIA,
PHARMACIA & UPJOHN,
SCOTT GRIFFIN SMITH and
Fictitious Defendants A, B, C & D,
being those persons, firms or
Corporations whose fraud, scheme to
defraud, and/or other wrongful conduct
caused or contributed to the Plaintiff's
injuries and damages, and whose true
names and identities are presently
unknown to Plaintiff, but will be
substituted by amendment when
ascertained,

    Defendants.

## SUMMONS

    This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

    **NOTICE TO:**

        Pharmacia and Upjohn Company
        c/o The Corporation Company **D4**
        2000 Interstate Park Drive, Suite 204
        Montgomery, Alabama 36109

    The Complaint, which is attached to this summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

        **Andy D. Birchfield**
        **W. Roger Smith, III**
        **Beasley, Allen, Crow, Methvin, Portis & Miles**
        **234 Commerce Street**
        **Montgomery, Alabama 36104**

the Plaintiff's attorney.    THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.  You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

DATED:_____

_____
Circuit Clerk

# IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

**APRIL WORLEY,**                               *
                                                *
    **Plaintiff,**                         *
                                                *
**v.**                                          *    CIVIL ACTION NO. _2006 -2131_
                                                *
**PFIZER, INC., MONSANTO**                      *
**COMPANY, PHARMACIA,**                         *
**PHARMACIA & UPJOHN,**                         *
**SCOTT GRIFFIN SMITH and**                     *
**Fictitious Defendants A, B, C & D,**          *
**being those persons, firms or**               *
**Corporations whose fraud, scheme to**         *
**defraud, and/or other wrongful conduct**      *
**caused or contributed to the Plaintiff's**    *
**injuries and damages, and whose true**        *
**names and identities are presently**          *
**unknown to Plaintiff, but will be**           *
**substituted by amendment when**               *
**ascertained,**                                *
                                                *
Defendants.                                     *

## SUMMONS

    This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

    **NOTICE TO:**

        Scott Griffin Smith   **D5**
        203 Whatley Drive
        Dothan, Alabama 36303

    The Complaint, which is attached to this summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

        **Andy D. Birchfield**
        **W. Roger Smith, III**
        **Beasley, Allen, Crow, Methvin, Portis & Miles**
        **234 Commerce Street**
        **Montgomery, Alabama 36104**

the Plaintiff's attorney.   THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.  You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

DATED: 9-7-06

_____
Circuit Clerk

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

APRIL WORLEY,                               *
                                            *
        Plaintiff,                          *
                                            *
v.                                          *       CIVIL ACTION NO. _06-2131_
                                            *
PFIZER, INC., MONSANTO                      *
COMPANY, PHARMACIA,                         *
PHARMACIA & UPJOHN,                         *
SCOTT GRIFFIN SMITH and                     *
Fictitious Defendants A, B, C & D,          *
being those persons, firms or              *
Corporations whose fraud, scheme to         *
defraud, and/or other wrongful conduct      *
caused or contributed to the Plaintiff's    *
injuries and damages, and whose true        *
names and identities are presently          *
unknown to Plaintiff, but will be           *
substituted by amendment when               *
ascertained,                                *
                                            *
        Defendants.                         *

## COMPLAINT

## STATEMENT OF FACTS

1.      This is a civil action brought on behalf of Plaintiff, APRIL WORLEY
(hereinafter "Ms. Worley"), who, at all times relevant hereto, was a resident of
Montgomery County, Alabama.

2.      This civil action arises out of injuries Ms. Worley suffered as a result of
using the pharmaceutical Depo Provera, a form of birth control administered via
injection.

3.      Ms. Worley's use of Depo Provera from October 1999 through August
2004 directly and proximately caused her to suffer physical and emotional injuries

including, but not limited to, osteopenia, bone loss, and heart arrythmias. Ms. Worley is also at serious risk for future medical problems such as bone loss and fracture and has a fear of future injury and surgery. The aforementioned injuries or the effects thereof have caused her to suffer, and she may continue to suffer, physical pain and mental anguish into the future. The effects of the aforementioned injuries will likely be permanent in nature. This action seeks monetary damages for the personal injuries and damages caused by this drug.

4.    Defendant, PFIZER, INC., is a New York corporation incorporated in the State of Delaware. Pfizer does business by agent in Alabama and, on information and belief, at all times relevant, advertised, marketed, promoted, sold and/or distributed Depo Provera in Montgomery County, Alabama. Defendant Pfizer can be served through its registered agent at Pfizer, Inc., c/o The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36109.

5.    Defendant MONSANTO COMPANY was the parent corporation of Pharmacia and is a Delaware corporation. At all times relevant hereto, Monsanto Company, through its subsidiary companies did business by agent in Alabama and, on information and belief, at all times relevant, advertised, marketed, promoted, sold and/or distributed Depo Provera in Montgomery County, Alabama. Defendant Monsanto Company can be served through its registered agent as follows:  CSC Lawyers Incorporating Service, Inc., 150 South Perry Street, Montgomery, Alabama 36104.

6.    Defendant PHARMACIA and UPJOHN COMPANY, a subsidiary of Pharmacia Corporation, is a Delaware corporation with its principal place of business located in Michigan. Pharmacia and Upjohn Company did business by agent in Alabama

2

and, on information and belief, at all times relevant, advertised, marketed, promoted, sold and/or distributed Depo Provera in Montgomery County, Alabama. Defendant Pharmacia and Upjohn Company can be served through its registered agent c/o The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36109.

7.    Upon information and belief, Monsanto Company merged with Pharmacia and Upjohn Company maintaining the Pharmacia name.

8.    Defendant PHARMACIA CORPORATION (hereinafter "Pharmacia") is incorporated in the State of Delaware with its principal place of business in New Jersey. Pharmacia did business by agent in Alabama and, on information and belief, at all times relevant, advertised, marketed, promoted, sold and/or distributed Depo Provera in Montgomery County, Alabama. Defendant Pharmacia can be served through its registered agent c/o The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36109.

9.    Upon information and belief, Defendant Pfizer, Inc., purchased Defendant Pharmacia Corporation and is the successor in interest to Pharmacia Corporation.

10.    Defendants PFIZER, INC., MONSANTO COMPANY, PHARMACIA CORPORATION, and PHARMACIA and UPJOHN COMPANY are hereinafter referred to collectively as the "Pfizer Defendants."

11.    Defendant SCOTT GRIFFIN SMITH at all times relevant hereto was a sales representative for the Pfizer Defendants and was acting within the course and scope of his employment with the Pfizer Defendants. Upon information and belief, Defendant Smith is a resident of Alabama, and at all times relevant hereto, was in the business of

marketing, selling and distributing Depo Provera. **Defendant Smith may be served at 203 Whatley Drive, Dothan, Alabama 36303.**

12.     Fictitious Defendants A, B, C and D are other sales representatives whose fraud, scheme to defraud and/or other wrongful conduct caused or contributed to the injuries sustained by the Plaintiff, and whose true names are unknown to the Plaintiff at this time, but will be substituted by amendment when ascertained. At all times material hereto, Fictitious Defendants A, B, C and D were acting within the course and scope of their employment with the Pfizer Defendants. Upon information and belief, these individuals are residents of the State of Alabama and, at all times material hereto, transacted business in Montgomery County, Alabama.

13.     Defendant SCOTT GRIFFIN SMITH and Fictitious Defendants A, B, C and D are hereinafter referred to collectively as the "Sales Representative Defendants."

14.     When the word "Defendants" is used herein, it is meant to refer to all real and fictitious Defendants mentioned in the style of this Complaint, all of whom are jointly and severally liable to Plaintiff for her injuries.

15.     At all times material to this complaint, each Defendant acted as an agent for each of the other Defendants, within the course and scope of the agency, regarding the acts and omissions alleged herein, and are therefore jointly and severally liable to Plaintiff for her injuries.

16.     From October 1999 through August 2004, the Sales Representative Defendants called upon Ms. Worley's prescribing physicians, Patricia Elliott, M.D. and Keith Martin, M.D. (hereinafter "the Prescribing Physicians"), whose offices are located in **Montgomery, Montgomery County, Alabama,** at which times they presented to the

4

Prescribing Physicians fraudulent information regarding the safety and efficacy of Depo Provera and its harmful side effects, and/or suppressed material information regarding the safety and efficacy of Depo Provera and its harmful side effects, and/or misrepresented the safety and efficacy of Depo Provera and its harmful side effects, and/or placed Depo Provera in the stream of commerce.

17.    Ms. Worley's claims accrued in whole or in part in Montgomery County, Alabama, and the Pfizer Defendants are foreign corporations or companies currently engaged in business, directly or by authorized agent, in Montgomery County, Alabama. The Sales Representative Defendants at all times material hereto, were residents of the State of Alabama and transacted business in Montgomery County, Alabama. Venue and jurisdiction in this Court are therefore proper. The claims of Ms. Worley satisfy the jurisdictional amount of this Circuit Court.

18.    At all times material hereto, the Pfizer Defendants negligently and/or intentionally designed, developed, tested, and manufactured Depo Provera, an unreasonably dangerous and defective product.

19.    At all times material hereto, the Pfizer Defendants and the Sales Representative Defendants packaged, labeled, promoted, marketed, advertised, sold, and/or distributed Depo Provera utilizing information known to fraudulently represent the safety and efficacy of Depo Provera, and using information known to misrepresent the known dangers and adverse reactions associated with the use of Depo Provera.

20.    At all times material hereto, the Pfizer Defendants and the Sales Representative Defendants advertised, marketed, sold, and/or promoted to Ms. Worley's Prescribing Physicians utilizing information known to fraudulently represent the safety

5

and efficacy of Depo Provera, and the Pfizer Defendants and the Sales Representative Defendants failed to warn of the known dangers and adverse reactions associated with the use of Depo Provera.

21. At all times material hereto, all Defendants knew that Depo Provera was causally related to and associated with severe and life threatening complications and side effects including, but not limited to, osteopenia, osteoporosis, bone density loss, and heart rhythm disturbances. Nevertheless, the Pfizer Defendants continued to develop, manufacture, package, and label and the Sales Representative Defendants continued to promote, market, advertise, sell, and/or distribute Depo Provera so as to maximize sales and profits at the expense of public health and safety, including the health and safety of Ms. Worley.

22. Ms. Worley, had she been made aware of the true risks associated with the use of Depo Provera, would not have used or continued to use said product.

23. Upon the trial of this case, Ms. Worley will request a Jury to determine fair compensation for the amount of loss which Ms. Worley have incurred in the past and will likely incur in the future, not only from a financial standpoint but also in terms of freedom from pain and worry.

24. At all times material hereto, the Pfizer Defendants and the Sales Representative Defendants acted with conscious disregard of the foreseeable harm caused by Depo Provera warranting an award of punitive damages to Ms. Worley.

25. At all times material hereto, the Pfizer Defendants and the Sales Representative Defendants conduct exhibited a level of care evidencing fraud, ill will,

6

recklessness, and/or gross negligence warranting an award of punitive damages to Ms. Worley.

26.    At all times material hereto, **the Pfizer Defendants and the Sales Representative Defendants** designed, tested, developed, manufactured, packaged, labeled, marketed, sold, and/or distributed Depo Provera with willful and intentional disregard of the individual rights of Ms. Worley warranting an award of punitive damages.

## COUNT I
### (Strict Liability)

27.    Ms. Worley realleges all prior paragraphs of the Complaint as if set out here in full.

28.    Depo Provera, which was designed, developed, manufactured, packaged, labeled, marketed, advertised, sold and/or distributed by the Pfizer Defendants and the Sales Representative Defendants, was placed into the stream of commerce in a defective and unreasonably dangerous condition as designed, taking into consideration the utility of the product and the risk involved in its use.

29.    Further, **Depo Provera** was defective in marketing due to inadequate warnings or instructions.

30.    Further, Depo Provera was defective due to inadequate testing.

31.    In the alternative, the Pfizer Defendants and the Sales Representative Defendants failed to provide timely and adequate post-marketing warnings or instructions after the manufacturer knew of the risk of injury from Depo Provera.

32.    As a direct and proximate result of the Pfizer Defendants and the Sales Representative Defendants' wrongful conduct, Ms. Worley was injured as described above.

WHEREFORE, Ms. Worley demands judgment against all Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT II
### (Negligence)

33.    Ms. Worley realleges all prior paragraphs of the Complaint as if set out here in full.

34.    The Pfizer Defendants and the Sales Representative Defendants had a duty to exercise reasonable care in designing, developing, manufacturing, packaging, labeling, marketing, advertising, selling and/or distributing Depo Provera.

35.    The Pfizer Defendants and the Sales Representative Defendants failed to exercise ordinary care in that they knew or should have known that Depo Provera created an unreasonable risk of bodily harm.

36.    Despite the fact they knew or should have known that Depo Provera caused unreasonable, dangerous side effects which many users would be unable to remedy by any means, they continued to market Depo Provera to physicians and consumers, including Ms. Worley, and her Prescribing Physicians.

37.    The Pfizer Defendants and the Sales Representative Defendants knew or should have known that consumers such as Ms. Worley would suffer injury as a result of their failure to exercise ordinary care as described above.

38.    As a direct and proximate result of their wrongful conduct, Ms. Worley was injured as described above.

WHEREFORE, Ms. Worley demands judgment against the Pfizer Defendants and the Sales Representative Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT III
### (Express Warranty)

39.    Ms. Worley realleges all prior paragraphs of the Complaint as if set out here in full.

40.    Before Ms. Worley was first prescribed Depo Provera and during the period which she used the drug, the Pfizer Defendants and the Sales Representative Defendants expressly warranted that Depo Provera was safe.

41.    Depo Provera did not conform to these express representations because it was not safe and had high levels of serious side effects, including life-threatening side effects.

42.    As a direct and proximate result of this wrongful conduct, Ms. Worley was injured as described above.

WHEREFORE, Ms. Worley demands judgment against the Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT IV
### (Implied Warranty)

43.    Ms. Worley realleges all prior paragraphs of the Complaint as if set out here in full.

44.    At the time that the Pfizer Defendants and the Sales Representative Defendants packaged, labeled, promoted, marketed, advertised, sold, and/or distributed

9

Depo Provera for use by Ms. Worley, they knew of the use for which Depo Provera was intended and impliedly warranted the product to be of merchantable quality and safe and fit for such use.

45.    Ms. Worley reasonably relied upon the skill and judgment of the Pfizer Defendants and the Sales Representative Defendants as to whether Depo Provera was of merchantable quality and safe and fit for its intended use.

46.    Contrary to such implied warranty, Depo Provera was not of merchantable quality or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the ordinary purpose for which it was used as described above.

47.    As a direct and proximate result of the Pfizer Defendants and the Sales Representative Defendants' wrongful conduct, Ms. Worley was injured as described above.

WHEREFORE, Ms. Worley demands judgment against Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

### COUNT V
#### (Fraud)

48.    Ms. Worley realleges all prior paragraphs of the Complaint as if set out here in full.

49.    Before Ms. Worley was prescribed Depo Provera and during the period in which she took the drug, the Pfizer Defendants and the Sales Representative Defendants negligently, recklessly, intentionally and fraudulently made material misrepresentations that Depo Provera was safe. The Defendants did so with the intent to induce physicians to prescribe and for consumers, including Ms. Worley, to purchase Depo Provera.

10

50.    At the time the Defendants made these representations, the Pfizer Defendants and the Sales Representative Defendants were aware of the falsity of these representations and/or made these representations with reckless disregard to their truth. The Pfizer Defendants and the Sales Representative Defendants made these representations with the intent to mislead.

51.    As a proximate result of the Defendants' wrongful conduct, Ms. Worley were injured as described above.

WHEREFORE, Ms. Worley demands judgment against the Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT VI
### (Fraudulent Suppression)

52.    Ms. Worley realleges all prior paragraphs of the Complaint as if set out here in full.

53.    Before Ms. Worley was prescribed Depo Provera and during the period in which she took Depo Provera, the Pfizer Defendants and the Sales Representative Defendants fraudulently suppressed material information regarding the safety and efficacy of Depo Provera and its harmful side effects in order to induce physicians, including Ms. Worley's Prescribing Physicians, to prescribe and consumers, including Ms. Worley, to purchase Depo Provera.

54.    At the time the Pfizer Defendants and the Sales Representative Defendants suppressed the fact that Depo Provera was not safe, the Defendants were under a duty to communicate this information to Ms. Worley.

11

55.    As a direct and proximate result of the Pfizer Defendants and the Sales Representative Defendants' wrongful conduct, Ms. Worley was injured as described above.

WHEREFORE, Ms. Worley demands judgment against the Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

Respectfully submitted this the 7th day of August 2006.

W. Roger Smith, III (SMI257)
Andy Birchfield (BIR006)
Attorneys for Plaintiff

**OF COUNSEL:**

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343

### JURY DEMAND

Plaintiff respectfully demands trial by jury on all counts in this cause.

OF COUNSEL

12

*TMH*

# IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| APRIL WORLEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. _06-2131_ |
| | * | |
| PFIZER, INC., MONSANTO | * | |
| COMPANY, PHARMACIA, | * | |
| PHARMACIA & UPJOHN, SCOTT | * | |
| GRIFFIN SMITH and | * | |
| Fictitious Defendants A, B, C & D, | * | |
| being those persons, firms or | * | |
| Corporations whose fraud, scheme to | * | |
| defraud, and/or other wrongful conduct | * | |
| caused or contributed to the Plaintiff's | * | |
| injuries and damages, and whose true | * | |
| names and identities are presently | * | |
| unknown to Plaintiff, but will be | * | |
| substituted by amendment when | * | |
| ascertained, | * | |
| | * | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS PFIZER, INC., MONSANTO COMPANY, PHARMACIA, PHARMACIA & UPJOHN, AND SCOTT GRIFFIN SMITH

Pursuant to Rule 33 and 34 of the *Alabama Rules of Civil Procedure*, Plaintiff

requests that Defendants answer the following interrogatories and produce the following

documents:

## DEFINITIONS

1. "Documents" shall mean writings of every kind, source and authorship, both

originals and all non-identical copies thereof, in your possession, custody or control, or

known by you to exist, irrespective of whether the writing is one intended for or

transmitted internally by you or intended for or transmitted to any other person or entity,

including, without limitation, any government agency, department, administrative entity

or personnel. The term shall include handwritten, typewritten, printed, photocopied, photographic or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.

2. For purposes of illustration and not limitation, the term "Documents" shall include: correspondence, transcripts of testimony, letters, notes, reports, papers, files, books, records, contracts, agreements, telegrams, teletypes and other communications sent or received, diaries, calendars, logs, notes or memoranda of telephonic or face-to-face conversations, drafts, work papers, agendas, bulletins, notices, circulars, inserts, announcements, instructions, schedules, minutes, summaries, notes and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations, bills, statements and other records of obligations and expenditures, canceled checks, vouchers, receipts and other records of payments, ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data, analyses, statements, interviews, affidavits, printed matter (including published books, articles, speeches and newspaper clippings), press releases, charts, drawings, specifications, manuals, brochures and memoranda of all kinds to and from any persons, agencies or other entities.

3. "Identify", when used in reference to a person, means to state that person's full name, name of his or her employer, job title or position, and that person's last known residence and business addresses and telephone numbers.

2

4. Any reference to "Depo Provera" is intended to and shall mean any and all other trade names or trade marks under which Depo Provera has been tested, sold or marketed.

## INTERROGATORIES AND REQUESTS FOR PRODUCTION

1. State the legal name of this Defendant.

2. Provide the name, address, title and position of all person(s) who provided information or documents responsive to these Interrogatories and Requests for Production specifying which individual provided information for which Interrogatory, Request for Production, or subsection thereof.

3. Identify each person whom you believe to have knowledge of discoverable facts, and for each such person, state the substance of the discoverable facts known by such person.

4. State the relationship between this Defendant and any other Defendant in this lawsuit. Produce any documents that are evidence of such relationship.

5. Identify each employee or representative of any Defendant who had any responsibility for sales or marketing of Depo Provera to Plaintiff's treating physicians, namely Patricia Elliott, M.D., and Keith Martin, M.D. (hereinafter "the Prescribing Physicians"), in Montgomery, Alabama.

6. For each Prescribing Physician identified, please identify all contacts between Defendants' sales representatives and that provider. Produce every document evidencing any contact between any sales representative and the Prescribing Physicians including, but not limited to, sales call notes and computer databases maintained to record sales calls.

7. For each sales representative previously identified, please state whether Defendant or its representatives ever provided the Prescribing Physicians (or anyone in their practice) samples of Depo Provera. Produce any document evidencing any samples of Depo Provera being provided to the Prescribing Physicians.

8. State the revenue of this Defendant from the sale of Depo Provera, both cumulatively and for each year since it was first marketed in the United States.

9. Identify the instructions that were given to sales representatives to detail, market, and/or sell Depo Provera to physicians or to respond to physician inquiries about the risks or potential risks associated with Depo Provera. Provide copies of all sales aides or materials utilized by sales representatives in marketing, detailing, and/or selling Depo Provera. Provide copies of all training materials utilized by the Defendant in training any sales representatives, including Scott Griffin.

10. Identify all direct-to-consumer advertising or marketing, regardless of medium, utilized by the Defendant to sell Depo Provera. Produce copies of all direct-to-consumer advertising materials, including drafts, and identify the dates of initial preparation and the inclusive dates during which such materials were to be used.

11. Explain in detail the records which this Defendant keeps of consumer complaints and adverse event reports and identify the individual within the Defendant most familiar with maintaining these records. Produce any and all copies of consumer complaints and adverse event reports, regardless of the manner in which originally made, relating to Depo Provera.

12. Provide copies of all press releases and public statements made by Defendant or on its behalf with regard to Depo Provera from its inception to the present.

4

13.  Provide copies of all drafts and final versions of the product information leaflets or brochures that were intended for publication or other distribution to doctors, pharmacists and/or consumers concerning Depo Provera.

14.  Provider copies of all drafts and final versions of correspondence that Defendant directed to physicians and/or health care providers concerning Depo Provera from its inception to the present.

15.  Identify by policy number, company, and effective date each policy of insurance that may be responsible for satisfying any part of a judgment which may be entered in this case.  Provide copies of every insurance agreement or policy identified, including a copy of the declaration sheet relating to any of the aforementioned insurance policies.

16.  Provide all documents relating to adverse reactions, experiences, effects or event reports as well as investigations of the same, including all notes, memos, letters, reports, files, articles, or any written or computer generated or stored information from any person or source whatsoever, authored as a consequence of the result of any such investigation which discusses, relates or concerns Depo Provera.

17.  Provide all documents sent to the FDA regarding Depo Provera.

18.  Provide all documents received from the FDA concerning Depo Provera.

19.  Identify the corporate structure of the Defendant at the time Depo Provera was being developed.  Identify the departments responsible for any aspect of Depo Provera, the specific area of responsibility, and the individual within those departments responsible for any aspect of Depo Provera.  Provide copies of all documents reflecting the same.

20. Provide copies of all annual reports to shareholders of the Defendant from 1990 through the present.

21. Provide copies of all package inserts, including drafts, for Depo Provera. (For each such document, state the effective date or inclusive dates for distribution or use of such document).

22. Provide copies of all PDR inserts, including drafts, for Depo Provera. (For each such document, state the effective date or inclusive dates for distribution or use of such document).

23. Please identify the full names and corporate titles and addresses of the employees of the Defendant having the most significant responsibilities for the development, licensing and marketing of Depo Provera, and as to each such person state the job titles, the inclusive dates during which such person held that job title, and describe briefly the area of responsibility with respect to Depo Provera.

24. List any and all studies regarding the safety and/or effectiveness of Depo Provera. If the study is published, list the name and date of the publication. If the study is not published, please produce a copy.

25. Provide copies of all reports and other documents provided to the FDA or other governmental organization regarding complications, contraindications, hazards, side effects, or adverse experiences, effects or events from the use of Depo Provera.

26. Provide a detailed privilege log of all documents that have been removed from any file or not produced because of the attorney/client privilege, work product doctrine, trade secret or confidential business information, or other privilege or basis for nondisclosure.

27. If this Defendant has relied upon or referred to any document in answering any interrogatory, please attach copies of each such document to your answers.

28. Produce custodial files of all individuals involved in any aspect of the development or sale of Depo Provera.

Respectfully submitted this the 7th day of August 2006.


W. Roger Smith, III BYAMW

Andy D. Birchfield
W. Roger Smith, III
Attorneys for Plaintiff


OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, AL  36103-4160
(334) 269-2343

7

*TMH*

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| April Worley, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-2006-2131 |
| | ) | |
| Pfizer, Inc., Monsanto Company, Pharamacia, | ) | |
| & Upjohn, Scott Griffin Smith, and Fictitious | ) | |
| Defendants A, B, C, & D. | ) | |
| Defendants. | ) | |

FILED
2006 SEP 19 AM 9:33
CIRCUIT COURT OF
MONTGOMERY COUNTY

### ORDER

The undersigned does hereby recuse himself from presiding over further proceedings in the above case and submits it to the Circuit Clerk for reassignment.

Done this _____ day of September 2006.

TRUMAN M. HOBBS, JR.
CIRCUIT JUDGE

cc:     W. Roger Smith, III



William R Smith II

Andy Birchfield Jr.

v.

Pfizer Inc.

et al



**2. Article Number**

7140 3701 9849 1053 9425

**3. Service Type** CERTIFIED MAIL

**4. Restricted Delivery?** *(Extra Fee)* ☐ Yes

**1. Article Addressed to:**

Pharmacia and Upjohn Company
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

**A. Received by** *(Please Print Clearly)* T. Jones

**B. Date of Delivery** 9/18

**C. Signature**
X

**D. Is Delivery address different from item 1?**
If YES, enter delivery address below: ☐ Yes ☐ No

☐ Agent
☐ Addressee
☐ Yes
☐ No

PS Form 3811, January 2005    Domestic Return Receipt

Reference Information

Walsley v. Pfizer, Inc. et al.
Melissa Rittenour
"Circuit Clerk"

Filed
SEP 2006

123456789
12131415161718192021222324252627282930

CV-06-231 D4
S6C

William R. Smith III
Andy Birchfield Jr.

April Worley
v.
Pfizer, Inc
et al

2. Article Number

7340 3913 9849 1053 2632

1. Article Addressed to:

Pharmacia Corporation
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

3. Service Type   CERTIFIED MAIL

4. Restricted Delivery? (Extra Fee)   ☐ Yes

PS Form 3811, January 2005          Domestic Return Receipt

Reference Information

12345678910111213141516171819202122232425262728293031

Filed
SEP -- 2006
Melissa Rittenour
Circuit Clerk

Womack v. Pfizer, Inc. et al.

CV-RM-2006-31   D3

S.E.C.

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)
B. Date of Delivery
C. Signature
D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

William Smith
Cindy Birchfield Jr.

Womack v.
Pfizer, Inc.
et al



April Worley
v.
Pfizer Inc.
et al

William Smith III
Andy Birchfield Jr.



2. Article Number

7140 3703 9849 1053 7410

3. Service Type **CERTIFIED MAIL**

4. Restricted Delivery? (Extra Fee) ☐ Yes

4. Article Addressed to:

Pfizer, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

PS Form 3811, January 2005          Domestic Return Receipt

William Smith II

Andy Birchfield Jr.

April Walley
v.
Pfizer Inc. et al

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**(Northern Division)**

| | |
|---|---|
| **APRIL WORLEY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV No. |
| ) | |
| **PFIZER, INC., MONSANTO** ) | |
| **COMPANY, PHARMACIA,** ) | |
| **PHARMACIA AND UPJOHN,** ) | |
| **SCOTT GRIFFIN SMITH and** ) | **(Removed from the Circuit Court** |
| **Fictitious Defendants A, B. C** ) | **of Montgomery County, Alabama** |
| **& D, being those persons, firms or** ) | **CV-2006-2131)** |
| **Corporations whose fraud, scheme to** ) | |
| **defraud, and/or other wrongful conduct** ) | |
| caused or contributed to the Plaintiff's ) | |
| injuries or damages, and whose true names ) | |
| and identities are presently unknown to ) | |
| Plaintiff but will be substituted by ) | |
| amendment when ascertained ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DECLARATION OF SCOTT GRIFFIN SMITH**

1.    My name is Scott Griffin Smith. I am over twenty-one years of age, am of sound mind, and competent to make this Declaration. This Declaration is based upon my personal knowledge.

2.    I was employed by Pharmacia & Upjohn Company (formerly The Upjohn Company) from August 13, 1990 through September 1, 2003 as a sales representative.

3.    From 1990 through 1996 my territory included Montgomery County. In 1996, I moved to Dothan, Alabama and did not work in Montgomery at any time thereafter. As such, I never worked in the Montgomery area during the period from 1999 through 2004.



EXHIBIT

B

4.     At no time have I ever met plaintiff April Worley or her physicians, Dr. Keith Martin or Dr. Patricia Elliot.  Neither Dr. Keith Martin nor Dr. Patricia Elliot were ever in my sales territory.

5.     At no time have I ever made any representations to April Worley or her physicians, Dr. Keith Martin or Dr. Patricia Elliot regarding Depo-Provera®.

6.     At no time did I ever advertise, market, sell and/or promote Depo-Provera® Contraceptive Injection to April Worley or her physicians, Dr. Keith Martin or Dr. Patricia Elliott.

7.     I am not a physician and accordingly have never prescribed Depo-Provera® Contraceptive Injection or any other prescription medication.  I am also not a pharmacist and therefore I have never filled a prescription for Depo-Provera® or any other prescription medication.  At no time did I ever sell, offer to sell, or take orders for the sale of Depo-Provera® to patients.

8.     I have never made any presentations to the general public regarding Depo-Provera® Contraceptive Injection, nor have I ever been involved with the development, manufacturing, or labeling of the product.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October _Y_, 2006

Scott G. Smith
_____
Scott Griffin Smith

## JURY AWARDS IN AEMLD CASES

| | |
|---|---|
| $950,000 | <u>Castleberry v. Cantrell Mach. Co.</u>, 2004 WL 3201180 (Ala. Cir. Ct., Blount County, Sept. 2, 2004) (products liability action by a woman whose hand was injured by a chicken heart and liver harvesting machine) |
| $50,000,000 (Original Verdict) | <u>Mack Trucks, Inc. v. Witherspoon</u>, 867 So. 2d 307 (Ala. 2003) (products liability case arising out of a tractor-trailer rollover) |
| $12,000,000 ($6,000,000 Compensatory, $6,000,000 Punitive) | <u>Morgan v. ProTech Industries</u>, 2003 WL 23111870 (Ala. Cir. Ct., Lamar County, Aug. 29, 2003) (wrongful death case based on products liability claim against truck manufacturer arising out of rollover and absence of cab guard on logging truck) |
| $7,000,000 | <u>Daniel v. Snap Products</u>, 2003 WL 23111815 (Ala. Cir. Ct., Baldwin County, May 28, 2003) (wrongful death case based on products liability claim against manufacture of tire repair product after treated tire exploded) |
| $4,168,500 ($1,068,500 Compensatory, $3,100,000 Punitive) | <u>McClain, et al. v. Metabolife Intl., Inc.</u>, 259 F. Supp. 2d 1225 (N.D. Ala. 2002) (products liability action by four plaintiffs who suffered cardiac symptoms after using ephedra-based diet drug) (reversed on appeal, 401 F.3d 1233 (11th Cir. 2005), and remanded for a new trail) |
| $960,000 ($25,000 over and above $935,000 in pro tanto settlements) | <u>Hannah v. Gregg Bland & Berry</u>, 2002 WL 32169853 (Ala. Cir. Ct., Colbert County, Oct. 25, 2002) (wrongful death case arising out of fatal crash injury in industrial belt equipment) |
| $122,000,000 ($22,000,000 Compensatory, $100,000,000 Punitive) | <u>Jernigan v. General Motors Corp.</u>, Bullock County (May 3, 2002) (products liability case arising out of collapse of Oldsmobile passenger compartment) (reversed on appeal, 883 So.2d 646 (Ala. 2003), and remanded for new trial) |
| $510,000 (Compensatory) $10,000,000 (Punitive) | <u>Hobart Corporation v. Scottie W. Scoggins</u>, 776 So.2d 56 (Ala. 2000) (products liability action by a man who was injured while using a meat saw manufactured by Hobart) |
| $3,000,000 ($2,500,000 (Compensatory $500,000 Punitive) | <u>Cessna Aircraft Company v. Robert Trzcinski</u>, 682 So. 2d 17 (Ala. 1996) (products liability action by a man who was injured in an airplane crash due to a defective shoulder harness) |
| $1,000,000 (Original verdict $825,000) | <u>Uniroyal Goodrich Tire Company v. Jackie Darryl Hall</u>, 681 So. 2d 126 (Ala. 1996) (products liability action by a man who was injured when wheel rim exploded) |
| $1,225,000 | <u>Ford Motor Company v. June Burdeshaw</u>, 661 So. 2d 236 (Ala. 1995) (wrongful death case brought against truck manufacturer after decedent was killed by a truck's transmission slipping out of neutral and crushing him) |

**EXHIBIT**

tabbies'

C

| | |
|---|---|
| $13,000,000 | <u>General Motors Corporation v. Pamela L. Saint</u>, 646 So. 2d 564 (Ala. 1994) (products liability action by a woman who was injured due to a defective seat belt) |
| $250,000 ($100,000 Compensatory, $150,000 Punitive) | <u>Flagstar Enterprises, Inc. v. Maureen Davis</u>, 709 So. 2d 1132 (Ala. 1998) (products liability action by a woman who found human blood in styrofoam package containing biscuit gravy) |
| $250,000 | <u>Caterpillar, Inc. v. Hightower</u>, 605 So. 2d 1193 (Ala. 1992) (product liability action brought by a man who was injured by a broken tree trunk while handling machinery during logging operation) |
| $115,000 | <u>Banner Welders, Inc. v. Knighton</u>, 425 So. 2d 441 (Ala. 1982) (product liability claim against manufacture for personal injuries received on shuttle welder) |
| $6,500,000 | <u>Sears, Roebuck & Co. v. Harris</u>, 630 So. 2d 1018 (Ala. 1993) (wrongful death case based on product liability claims against manufacturer and retailer of gas water heater that caused carbon monoxide poisoning) |
| $7,500,000 | <u>General Motors Corp. v. Johnson</u>, 592 So. 2d 1054 (Ala. 1992) (wrongful death case based on product liability claim where child was killed in automobile accident) |
| $5,000,000 | <u>Industrial Chem. & Fiberglass Corp. v. Chandler</u>, 547 So. 2d 812 (Ala. 1989) (widows of two workers killed in industrial accident brought wrongful death action against distributor of cleaning substances that ignited and caused death of workers) |
| $2,800,000 | <u>General Motors Corp. v. Edwards</u>, 428 So. 2d 1176 (Ala. 1985) (wrongful death case based on products liability claim where two boys were killed in automobile accident) |
| $200,000 | <u>Interstate Engineering, Inc. v. Burnett</u>, 474 So. 2d 624 (Ala. 1985) (wrongful death case brought against manufacturer of heat detectors after decedent was killed in a fire) |
| $800,000 | <u>Piper Aircraft Corp. v. Evans</u>, 424 So. 2d 586 (Ala. 1982) (damages in wrongful death case based on product liability claims against airplane manufacturer where decedent was killed in plane crash) |
| $500,000 | <u>Caterpillar Tractor Co. v. Ford</u>, 406 So. 2d 854 (Ala. 1981) (wrongful death case based on product liability claims where decedent was killed in an accident on a tractor manufactured by defendant) |