**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
(Northern Division)

RECEIVED

2006 OCT 10  P 3: 28

CV No. 2:06CV916-M
E
F

| | |
|---|---|
| **APRIL WORLEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **PFIZER, INC., MONSANTO** | ) |
| **COMPANY, PHARMACIA,** | ) |
| **PHARMACIA AND UPJOHN,** | ) |
| **SCOTT GRIFFIN SMITH and** | ) |
| **Fictitious Defendants A, B. C** | ) |
| **& D, being those persons, firms or** | ) |
| **Corporations whose fraud, scheme to** | ) |
| **defraud, and/or other wrongful conduct** | ) |
| caused or contributed to the Plaintiff's | ) |
| injuries or damages, and whose true names | ) |
| and identities are presently unknown to | ) |
| Plaintiff but will be substituted by | ) |
| amendment when ascertained | ) |
| | ) |
| Defendants. | ) |
| | ) |

**(Removed from the Circuit Court
of Montgomery County, Alabama
CV-2006-2131)**

**ANSWER**

Defendants PFIZER INC., (Pfizer), PHARMACIA CORPORATION (Pharmacia), and

PHARMACIA & UPJOHN COMPANY, LLC (P&U) (s/h/a Pfizer, Inc., Pharmacia, and

Pharmacia and Upjohn) (collectively "the answering defendants") answer the Complaint (the

Complaint) as follows:

1.    The answering defendants deny knowledge or information sufficient to form a

belief in the truth of the allegations contained in Paragraph 1 of the Complaint.

2.    The answering defendants deny the allegations contained in Paragraph 2 of the

Complaint.

3.    The answering defendants object to the allegations contained in Paragraph 3 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required.  Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny all factual allegations contained in Paragraph 3 of the Complaint.

4.    The answering defendants object to the allegations contained in Paragraph 4 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required.  Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny the factual allegations contained in Paragraph 4 of the Complaint except as specifically admitted in this Answer.  The answering defendants admit that Pfizer is a corporation organized under the laws of the state of Delaware with a principal place of business in New York, and that Pfizer has conducted some business in the state of Alabama.  The answering defendants further admit that Pharmacia & Upjohn Company LLC, an indirectly wholly owned subsidiary of Pfizer, manufactured and distributed Depo-Provera® Contraceptive Injection in the United States in accordance with federal statute and the regulations of the United States Food and Drug Administration (FDA) at times relevant to the Complaint.

5.    The answering defendants object to the allegations contained in Paragraph 5 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required.  Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny the allegations generally and specifically deny that Monsanto was the parent company of Pharmacia and that Monsanto ever advertised, marketed, promoted, sold and/or distributed Depo-Provera.

6.      The answering defendants object to the allegations contained in Paragraph 6 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required.  Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny the factual allegations contained in Paragraph 6 of the Complaint except as specifically admitted in this Answer.  The answering defendants admit that P&U is a limited liability company organized under the laws of the state of Delaware with a principal place of business in Michigan, and that P&U has conducted some business in the state of Alabama.  The answering defendants further admit that P&U manufactured and distributed Depo-Provera® Contraceptive Injection in the United States in accordance with federal statute and the regulations of the United States Food and Drug Administration (FDA) at times relevant to the Complaint.

7.      The answering defendants deny the allegations contained in Paragraph 7 in the form alleged, but admit that Monsanto Company and Pharmacia & Upjohn, Inc. merged on March 31, 2000 and the former Monsanto was renamed Pharmacia Corporation.

8.      The answering defendants object to the allegations contained in Paragraph 8 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required.  Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny the factual allegations contained in Paragraph 8 of the Complaint except as specifically admitted in this Answer.  The answering defendants admit that Pharmacia is a corporation organized under the laws of the state of Delaware with a principal place of business in New Jersey, and that Pharmacia has conducted some business in the state of Alabama. The answering defendants further admit that Pharmacia & Upjohn Company LLC, an indirectly wholly owned subsidiary of Pfizer, manufactured and distributed Depo-Provera®

Contraceptive Injection in the United States in accordance with federal statute and the regulations of the United States Food and Drug Administration (FDA) at times relevant to the Complaint.

9.     The answering defendants deny the allegations contained in Paragraph 9 in the form alleged, but admit that Pfizer acquired Pharmacia Corporation on April 16, 2003, and that Pharmacia Corporation is a subsidiary of Pfizer.

10.     The averments of Paragraph 10 are not directed to the answering defendants and do not require a response.

11.     The answering defendants object to the allegations contained in Paragraph 11 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required.  Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny the allegations to the extent they pertain to them.

12.     The averments of Paragraph 12 are not directed to the answering defendants and do not require a response.

13.     The averments of Paragraph 13 are not directed to the answering defendants and do not require a response.

14.     The averments of Paragraph 14 are not directed to the answering defendants and do not require a response.  The answering defendants do, however, deny that they are liable to plaintiff in any manner for the claims asserted in this complaint, jointly or severally.

15.     The answering defendants object to the allegations contained in Paragraph 15 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required.  Without waiving any objection and to the extent this paragraph contains factual

allegations, the answering defendants deny all factual allegations contained in Paragraph 15 of the Complaint.

16.    The answering defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.    The answering defendants object to the allegations contained in Paragraph 17 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required. Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny all factual allegations contained in Paragraph 17. The answering defendants further state that the proper venue for this case is the United States District Court for the Middle District of Alabama.

18.    The answering defendants object to the allegations contained in Paragraph 18 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required. Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny all factual allegations contained in Paragraph 18 of the Complaint.

19.    The answering defendants object to the allegations contained in Paragraph 19 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required. Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny all factual allegations contained in Paragraph 19 of the Complaint.

20.    The answering defendants object to the allegations contained in Paragraph 20 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required. Without waiving any objection and to the extent this paragraph contains factual

allegations, the answering defendants deny all factual allegations contained in Paragraph 20 of the Complaint.

21.    The answering defendants object to the allegations contained in Paragraph 21 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required.  Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny all factual allegations contained in Paragraph 21 of the Complaint.

22.    The answering defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.    The answering defendants object to the allegations contained in Paragraph 23 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required.  Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny all factual allegations contained in Paragraph 23 of the Complaint.

24.    The answering defendants object to the allegations contained in Paragraph 24 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required.  Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny all factual allegations contained in Paragraph 24 of the Complaint.

25.    The answering defendants object to the allegations contained in Paragraph 25 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required.  Without waiving any objection and to the extent this paragraph contains factual

allegations, the answering defendants deny all factual allegations contained in Paragraph 25 of the Complaint.

26.    The answering defendants object to the allegations contained in Paragraph 26 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required.  Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny all factual allegations contained in Paragraph 26 of the Complaint.

## COUNT I

### (Strict Liability)

27.    The answering defendants repeat and re-allege with the same force and effect as if set forth here in full its answer to each and every allegation contained in each paragraph incorporated by reference in Count 1, Paragraph 27 of the Complaint.

28.    The answering defendants objects to the allegations contained in Paragraph 28 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required.  Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny all factual allegations contained in Paragraph 28 of the Complaint.

29.    The answering defendants object to the allegations contained in Paragraph 29 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required.  Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny all factual allegations contained in Paragraph 29 of the Complaint.

30.    The answering defendants object to the allegations contained in Paragraph 30 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required.  Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny all factual allegations contained in Paragraph 30 of the Complaint.

31.    The answering defendants object to the allegations contained in Paragraph 31 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required.  Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny all factual allegations contained in Paragraph 31 of the Complaint.

32.    The answering defendants object to the allegations contained in Paragraph 32 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required.  Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny all factual allegations contained in Paragraph 32 of the Complaint.  The answering defendants further deny that plaintiff is entitled to any of the relief sought in the Complaint.

## COUNT II

### (Negligence)

33.    The answering defendants repeat and re-allege with the same force and effect as if set forth here in full its answer to each and every allegation contained in each paragraph incorporated by reference in Count II, Paragraph 33 of the Complaint.

34.    The answering defendants object to the allegations contained in Paragraph 34 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is

required. Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny all factual allegations contained in Paragraph 34 of the Complaint.

35.    The answering defendants object to the allegations contained in Paragraph 35 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required. Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny all factual allegations contained in Paragraph 35 of the Complaint.

36.    The answering defendants object to the allegations contained in Paragraph 36 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required. Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny all factual allegations contained in Paragraph 36 of the Complaint.

37.    The answering defendants object to the allegations contained in Paragraph 37 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required. Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny all factual allegations contained in Paragraph 37 of the Complaint.

38.    The answering defendants object to the allegations contained in Paragraph 38 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required. Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny all factual allegations contained in Paragraph 38 of

the Complaint. The answering defendants further deny that plaintiff is entitled to any of the relief sought in the Complaint.

## COUNT III

### (Express Warranty)

39.    The answering defendants repeat and re-allege with the same force and effect as if set forth here in full its answer to each and every allegation contained in each paragraph incorporated by reference in Count III, Paragraph 39 of the Complaint.

40.    The answering defendants object to the allegations contained in Paragraph 40 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required.  Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny all factual allegations contained in Paragraph 40 of the Complaint.

41.    The answering defendants object to the allegations contained in Paragraph 41 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required.  Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny all factual allegations contained in Paragraph 41 of the Complaint.

42.    The answering defendants object to the allegations contained in Paragraph 42 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required.  Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny all factual allegations contained in Paragraph 42 of the Complaint.  The answering defendants further deny that plaintiff is entitled to any of the relief sought in the Complaint.

allegations, the answering defendants deny all factual allegations contained in Paragraph 47 of the Complaint.  The answering defendants further deny that plaintiff is entitled to any of the relief sought in the Complaint.

**COUNT V**

**(Fraud)**

48.    The answering defendants repeat and re-allege with the same force and effect as if set forth here in full its answer to each and every allegation contained in each paragraph incorporated by reference in Count IV, Paragraph 48 of the Complaint.

49.    The answering defendants object to the allegations contained in Paragraph 49 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required.  Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny all factual allegations contained in Paragraph 49 of the Complaint.

50.    The answering defendants object to the allegations contained in Paragraph 50 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required.  Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny all factual allegations contained in Paragraph 50 of the Complaint.

51.    The answering defendants object to the allegations contained in Paragraph 51 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required.  Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny all factual allegations contained in Paragraph 51 of

the Complaint. The answering defendants further deny that plaintiff is entitled to any of the relief sought in the Complaint.

## COUNT VI

### (Fraudulent Suppression)

52.     The answering defendants repeat and re-allege with the same force and effect as if set forth here in full its answer to each and every allegation contained in each paragraph incorporated by reference in Count VI, Paragraph 52 of the Complaint.

53.     The answering defendants object to the allegations contained in Paragraph 53 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required. Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny all factual allegations contained in Paragraph 53 of the Complaint.

54.     The answering defendants object to the allegations contained in Paragraph 54 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required. Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny all factual allegations contained in Paragraph 54 of the Complaint.

55.     The answering defendants object to the allegations contained in Paragraph 55 of the Complaint as this paragraph states conclusions of law to which no responsive pleading is required. Without waiving any objection and to the extent this paragraph contains factual allegations, the answering defendants deny all factual allegations contained in Paragraph 55 of the Complaint. The answering defendants further deny that plaintiff is entitled to any of the relief sought in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.      The Complaint fails to state any claim against the answering defendants for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      The plaintiff's claims of injury or heightened risk may have been caused by misuse or abuse of the product, failure to use the product properly, alteration of the product, or negligent use of the product.

### THIRD AFFIRMATIVE DEFENSE

3.      The plaintiff's claims may be barred, in whole or in part, by the plaintiff's own negligence, intentional conduct, or by the express or implied voluntary assumption of risk by the plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

4.      The plaintiff's claims of injury or heightened risk may have been caused, in whole or in part, by the conduct of one or more persons or entities over whom the answering defendants exercise no control, and with whom the answering defendants have no legal relationship.

### FIFTH AFFIRMATIVE DEFENSE

5.      The plaintiff's claims of injury or heightened risk may have been caused, in whole or in part, by an intervening cause or causes sufficient to break the causal nexus to any allege act or omission of the answering defendants.

## SIXTH AFFIRMATIVE DEFENSE

6.     Depo-Provera® Contraceptive Injection is a prescription medical product accompanied by adequate warnings such that it is neither defective nor unreasonably dangerous pursuant to the "Comment k" doctrine as defined in Restatement (Second) of Torts.

## SEVENTH AFFIRMATIVE DEFENSE

7.     The answering defendants have, at all relevant times complied with all requirements of the Food and Drug Administration of the United States Department of Health and Human Services with respect to Depo-Provera® Contraceptive Injection.  Accordingly, the plaintiff's claims under state law are preempted.

## EIGHTH AFFIRMATIVE DEFENSE

8.     The plaintiff's claims of injury or increased risk may have been caused by an idiosyncratic reaction, without any negligence, product defect, or failure on the part of the answering defendants.

## NINTH AFFIRMATIVE DEFENSE

9.     The plaintiff's claims may be barred because, at all relevant times, Depo-Provera® Contraceptive Injection has been manufactured in accordance with the appropriate state-of-the-art.

## TENTH AFFIRMATIVE DEFENSE

10.     The plaintiff's claims may be barred by the applicable statute of limitations or repose and by the equitable doctrine of laches, waiver, and estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Pursuant to applicable law and the learned intermediary doctrine, Pfizer did not have a duty to warn the plaintiff of risks associated with Depo-Provera® Contraceptive Injection, a prescription medication, as such warnings were properly made to physicians.

## TWELFTH AFFIRMATIVE DEFENSE

12.    The plaintiff's claims may be barred by the doctrine of avoidable consequences or for the plaintiff's failure to mitigate her alleged injuries or damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    The plaintiff's claims may be barred as having been mitigated, in whole or in part, by reimbursement from collateral sources.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    The answering defendants intend to rely upon such other defenses as may become available or apparent as the case progresses and reserve the right to amend this Answer to assert such defenses.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    The Complaint fails to state a claim of fraud with the requisite particularity required by Rule 9(b) of the Ala. R. Civ. P. and Fed. R. Civ. P. The answering defendants move that the Court strike any such claim not appropriately stated.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiff did not reasonably rely on any representation made by the answering defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Plaintiff's claims are preempted by federal law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    To the extent that Plaintiffs assert claims based on the answering defendants' adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of the medication at issue in this case.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     To the extent there were any risks associated with the use of the product which is the subject matter of this action that the answering defendants knew or should have known and which gave rise to a duty to warn, the answering defendants at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate the answering defendants' state and federal constitutional rights.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     To the extent that Plaintiff seeks punitive damages for an alleged act or omission of the answering defendants, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    Plaintiff's demand for punitive damages is barred because the medication at issue in this case and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    To the extent Plaintiff makes a claim for punitive damages, the answering defendants assert that Plaintiff has not complied with statutory requirements to recover punitive damages.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    To the extent Plaintiff's claims invoke punitive damages, such claims violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon a plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *See Pacific Mut. Life Ins. Co. v. Haslip*, 111 S. Ct. 1032, 113 L. Ed. 2d 1.

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(g)     The retroactive application of punitive damages violates the contracts clause of the United States Constitution, Article I, Section 10.

(h)     Plaintiff's claims for punitive damages violate the due process clause of Article I, Section 13 of the Constitution of Alabama, on the following grounds:

    (1)     It is a violation of the due process clause to impose punitive damages which are penal in nature, upon a civil defendant upon a plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    (2)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these defendants;

    (3)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

    (4)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

    (5)     The award of the punitive damages in this case constituted a deprivation of property without due process of law.

(i)     Plaintiff's attempt to impose punitive or extra-contractual damages on this defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth and Fourteenth Amendments of the United States Constitution.

(j)     The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required

under the Fifth and Fourteenth Amendments of the United States Constitution.

(k)    The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

(l)    The award of punitive damages against the defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

(m)    The procedures pursuant to which punitive damages are awarded are vague and unpredictable such that they violate a defendant's right to defend itself pursuant to Article I, Section 10 of the Constitution of Alabama.

(n)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under *Ala. Code* § 27-1-17 (1975) in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Constitution of Alabama.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    Plaintiff's Complaint seeks to make the answering defendants liable for punitive damages. The United States Supreme Court has reversed the Alabama Supreme Court in the case styled *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996), on the issue of punitive damages. The answering defendants adopt by reference the defenses, criteria, limitations, and standards mandated by the United States Supreme Court decision in that case and in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); and any subsequent applicable decisions.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.    The answering defendants affirmatively plead that any punitive damages that the Plaintiff may recover in this case should be capped in keeping with *Ala. Code* § 6-11-21, as amended in 1999 (Act. No. 99-358) and in the spirit of the Alabama Supreme Court's decision in *Oliver v. Towns*, 738 So. 2d 798 (Ala. 1999).

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.    The demand for punitive damages in the instant case is subject to the limitations established by the Alabama legislature and set forth in *Ala. Code* § 6-11-21 (1975). The answering defendants adopts by reference the defenses, criteria, limitations, and standards mandated by this Alabama statute. The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and is without effect. Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through this judicial decision. *See Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415, 114 S. Ct. 2331, 2340 n.9 (1994).

## THIRTIETH AFFIRMATIVE DEFENSE

30.    The answering defendants aver that the punitive damage cap set out in *Ala. Code* § 6-11-21 (1975) applies to the instant case. *See Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001).

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.    The answering defendants aver that the punitive damages award is subject to limitation based on harm that has occurred and harm that is likely to occur. *See TXO Prod. Corp. v. Alliance Resources Corp.*, 113 S. Ct. 2711 (1993).

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.     The answering defendants aver that the method of imposing punitive damages violates Amendment 328, Section 6.11 of the Constitution of Alabama, which prohibits the use of a procedural rule to abridge, enlarge, or modify the substantive right of any party.  *See Leonard v. Terminix Int'l Co.*, 854 So. 2d 529 (Ala. 2002).

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.     The imposition of punitive damages is an act of policy making on the part of the judiciary, in violation of Article III, Section 43 of the Constitution of Alabama.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.     The answering defendants adopt the terms of any applicable legislative act or Alabama Supreme Court decision which now or hereafter precludes punitive damages or limits the amount of punitive damages that can be recovered in an action at law in Alabama.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.     To the extent that Plaintiff relied upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.     To the extent that Plaintiff has not suffered any injury, fear of injury is insufficient to support a claim.  *See Pfizer v. Farsian*, 682 So. 2d 405 (Ala. 1996).

**WHEREFORE**, PFIZER INC., PHARMACIA CORPORATION, and PHARMACIA & UPJOHN COMPANY, LLC demand that the Complaint in this action be dismissed, that defendant be awarded costs, disbursements, and attorneys' fees incurred in the defense of this action, and that this Court grant defendants any and all additional relief that is just and proper in these circumstances.

_____
Andrew B. Johnson
George R Parker
One of the attorneys for
Pfizer Inc., Pharmacia Corporation, and
Pharmacia & Upjohn Company, LLC

OF COUNSEL:

Fred M. Haston, III
Anne Marie Seibel
Bradley Arant Rose & White LLP
1819 Fifth Ave. North
Birmingham, Alabama 35203
(205) 521-8000

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the foregoing on:

Andy D. Birchfield, Jr.
W. Roger Smith, III
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing address, on this _10_ day of October 2006.

_____
OF COUNSEL