**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **APRIL WORLEY,** ) | |
| ) | |
| **Plaintiff.** ) | |
| ) | |
| **v.** ) | **CASE NO. 2:06-CV-916-MEF** |
| ) | |
| **PFIZER, INC., MONSANTO** ) | |
| **COMPANY, PHARMACIA,** ) | |
| **PHARMACIA AND UPJOHN,** ) | |
| **SCOTT GRIFFIN SMITH, and** ) | |
| **Fictitious Defendants A, B, C & D,** ) | |
| **being those persons, firms, or** ) | |
| **Corporations whose fraud, scheme** ) | |
| **to defraud, and/or other wrongful** ) | |
| **conduct caused or contributed to** ) | |
| **Plaintiff's injuries and damages, and** ) | |
| **whose true names and identities are** ) | |
| **presently unknown to Plaintiff but** ) | |
| **will be substituted by amendment** ) | |
| **when ascertained,** ) | |
| ) | |
| **Defendants.** ) | |

## MOTION TO REMAND

COMES NOW Plaintiff, April Worley, pursuant to 28 U.S.C. § 1447 (c), and moves this Court to remand the above-styled claim to the Circuit Court of Montgomery County, Alabama. In support of this Motion, Ms. Worley submits the following:

### Case History

1.      On August 8, 2006, Ms. Worley commenced legal action against Defendants Pfizer, Inc., Monsanto Company, Pharmacia, and Pharmacia and Upjohn (hereinafter referred to collectively as the "Pfizer Defendants"), Fictitious Defendants A, B, C, and D, and Defendant Scott Griffin Smith (hereinafter

referred to collectively as the "Sales Representative Defendants") in the Circuit Court of Montgomery County, Alabama.

2.      When the word "Defendants" is used herein, it is mean to refer to all real and fictitious Defendants mentioned in the style of this Motion, all of whom are jointly and severally liable to Ms. Worley for her injuries.

3.      April Worley, Defendant Scott Griffin Smith, and Fictitious Defendants A, B, C, and D are described as residents of the State of Alabama. Complaint ¶¶ 1, 11-12, 17.

4.      In her Complaint, Ms. Worley alleges that she was prescribed and received injections of DEPO PROVERA, a prescription birth control administered by doctors by injection, from October 1999 through August 2004.  Complaint ¶¶ 2-3.  Ms. Worley alleges that she received her DEPO PROVERA injections from two prescribing physicians, Patricia Elliott, M.D. and Keith Martin, M.D. Complaint ¶ 16.

5.      As a result of her ingestion of DEPO PROVERA, Ms. Worley suffered physical and emotional injuries, including, but not limited to, osteopenia, bone loss, and heart arrhythmias.  Ms. Worley is also at serious risk for future medical problems such as bone loss and fracture and has a fear of future injury. Complaint ¶ 3.

6.      As a result of her injuries, Ms. Worley asserts various claims against each of the Pfizer and Sales Representative Defendants including strict product liability under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), negligence, breach of express and implied warranties, fraud, and

fraudulent misrepresentation.  Complaint ¶¶ 27-55.  Specifically, with regard to Defendant Smith, Ms. Worley asserts that the Pfizer Defendants and Sales Representative Defendants designed, manufactured, marketed, distributed, and/or otherwise sold DEPO PROVERA despite knowing that DEPO PROVERA was causally related to and associated with severe and life-threatening complications and side effects including, but not limited to, osteopenia, osteoporosis, bone density loss, and heart rhythm disturbances, Complaint ¶ 21; that the Pfizer Defendants and Sales Representative Defendants, including Defendant Smith, negligently, recklessly, intentionally, and fraudulently made material misrepresentations and fraudulently suppressed material information regarding DEPO PROVERA and its safety and efficacy, and did so with the intent to induce physicians to prescribe and for consumers, including Ms. Worley, to purchase DEPO PROVERA, Complaint ¶¶ 49, 53; that the Pfizer Defendants and Sales Representative Defendants knew of the defective and unreasonably dangerous nature of DEPO PROVERA, yet continued to design, manufacture, market, distribute, and sell DEPO PROVERA so as to maximize sales and profits at the expense of public health and safety, including the health and safety of Ms. Worley, Complaint ¶¶ 18, 21, 28; that despite their knowledge that DEPO PROVERA was unreasonably dangerous as designed, the Pfizer Defendants failed to adequately test DEPO PROVERA and the Defendants failed to warn the public and prescribing physicians of the dangerous side effects caused by DEPO PROVERA, Complaint ¶¶ 18, 29-31; that the Pfizer Defendants and Sales Representative Defendants failed to provide Ms. Worley or her physicians with

timely and adequate post-marketing warnings or instructions after becoming aware of the risk of injury from taking DEPO PROVERA, <u>Complaint</u> ¶ 31; that the Pfizer Defendants and Sales Representative Defendants failed to exercise ordinary care and were negligent in the manufacture, marketing, distributing, sale, and testing of DEPO PROVERA as they placed it into the stream of commerce, <u>Complaint</u> ¶ 35; that despite their knowledge that DEPO PROVERA caused unreasonable and dangerous serious side effects, the Pfizer Defendants and Sales Representative Defendants continued to market DEPO PROVERA to physicians and consumers, including Ms. Worley, and her prescribing physicians, <u>Complaint</u> ¶ 36; that the Pfizer Defendants and Sales Representative Defendants breached express and implied warranties made in relation to VIOXX, <u>Complaint</u> ¶¶ 39-47; that at the time the Pfizer Defendants and Sales Representative Defendants marketed, sold and distributed DEPO PROVERA for use by Ms. Worley, the Pfizer Defendants and Sales Representative Defendants knew their representations about the safety of DEPO PROVERA were false or they made those representations with reckless disregard for their falsity, <u>Complaint</u> ¶¶ 49-50; and that the Pfizer Defendants and Sales Representative Defendants' wrongful acts or omissions were a contributing or proximate cause of Ms. Worley's injuries.

7.      The Pfizer Defendants were served with Ms. Worley's Complaint on September 8, 2006.  Defendant Smith was served with Ms. Worley's Complaint on September 12, 2006.

**The Pfizer Defendants' Notice of Removal**

8.      On October 10, 2006, the Pfizer Defendants <u>alone</u> removed this case from the Circuit Court of Montgomery County, Alabama, to this Court. Defendant Smith did not consent to the removal.

9.      The sole basis asserted by the Pfizer Defendants to support removal is diversity of citizenship jurisdiction.   According to the Pfizer Defendants, the citizenship of Defendant Smith, an Alabama resident, should be disregarded based upon the doctrine of fraudulent joinder.  <u>Notice of Removal</u> ¶ 10.   The Pfizer Defendants do not allege that Ms. Worley fraudulently pled jurisdictional facts.

10.      Specifically, the Pfizer Defendants contend that a specific cause of action has not been alleged against Defendant Smith because "each cause of action is alleged 'against the Pfizer Defendants and the Sales Representative Defendants'." <u>Notice of Removal</u> ¶ 12.  Relying upon a Declaration provided by Defendant Smith, the Pfizer Defendants allege that Defendant Smith was fraudulently joined because he has no real connection to this case; thus, his citizenship cannot be used to defeat diversity jurisdiction.  <u>Notice of Removal</u> ¶¶ 13, 16-17.  The Pfizer Defendants assert that Ms. Worley cannot prove any of her claims against Defendant Smith, and that there is no basis under Alabama law to impose liability against Defendant Smith. <u>Notice of Removal</u> ¶¶ 14-15. With regard to Ms. Worley's AEMLD claims, the Pfizer Defendants assert that Defendant Smith was not involved in developing, manufacturing, or labeling DEPO PROVERA, and never called on Ms. Worley's physicians or worked in the

Montgomery area since 1996.  Notice of Removal ¶ 18.  The Pfizer Defendants further argue that Defendant Smith had no duty to warn Ms. Worley directly due to the learned intermediary doctrine.  Notice of Removal ¶ 19.  Moreover, the Pfizer Defendants assert that Defendant Smith is not a seller as defined by the AEMLD, did not have control over distribution of DEPO PROVERA, and could not have substantially prevented dispersion of DEPO PROVERA.  Notice of Removal ¶ 20.  With regard to Ms. Worley's negligence claim, the Pfizer Defendants contend that Defendant Smith did not personally participate in any tort.  Notice of Removal ¶ 21.  As to the claims of breach of warranty, the Pfizer Defendants assert that Defendant Smith cannot be liable for any breach as he was not a seller of DEPO PROVERA.  Notice of Removal ¶ 22.  Finally, with regard to fraud and fraudulent suppression, the Pfizer Defendants contend that Ms. Worley failed to satisfy pleading requirements of Rule 9 (b) of the Alabama Rules of Civil Procedure and Rule 9 (b) of the Federal Rules of Civil Procedure.  Notice of Removal ¶ 24.

11.    The Pfizer Defendants conclude that Ms. Worley's damages exceed $75,000.00, exclusive of interest and costs, and cite a list of Alabama verdicts in products liability cases.  Notice of Removal ¶¶ 26-27.

### Standard of Review for Motions to Remand and Fraudulent Joinder

12.    It is well settled that federal courts are courts of limited jurisdiction, Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); federal courts are "empowered to hear only cases within the judicial power of the United States as defined by Article III of the Constitution," or

authorized by Congress. <u>University of South Alabama v. American Tobacco Co.</u>, 168 F.3d 405, 409 (11th Cir. 1999)(<u>quoting</u> <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994)).

13.     Pursuant to 28 U.S.C. § 1447(c), after a case has been removed to federal district court but "at any time before final judgment," the plaintiff may move for remand, and "the case shall be remanded [if] it appears that the district court lacks subject matter jurisdiction."

14.      "An action is not properly removable if it consists of a non-separable controversy involving both resident and nonresident defendants." <u>Coker v. Amoco Oil Co.</u>, 709 F.2d 1433, 1440 (11th Cir. 1983), *superceded by statute on other grounds as stated in* <u>Georgetown Manor, Inc. v. Ethan Allen, Inc.</u>, 991 F.2d 1533 (11th Cir. 1993).  Thus, where a removing defendant asserts federal subject matter jurisdiction based on an amount in controversy over $75,000 and the diversity of citizenship of the parties, the defendant must show there is actually complete diversity, that is, every plaintiff must be diverse from every defendant.  <u>Triggs v. John Crum Toyota, Inc.</u>, 154 F.3d 1284, 1287 (11th Cir. 1998)(<u>citing</u> <u>Tapscott v. MS Dealer Service Corp.</u>, 77 F.3d 1353, 1355 (11th Cir. 1996)).

15.     Defendants, as the removing parties, bear the burden of establishing federal subject matter jurisdiction.  <u>Wilson v. Republic Iron & Steel Co.</u>, 257 U.S. 92, 97, 42 S. Ct. 35, 660 L. Ed. 2d 144 (1921); <u>Pacheco de Perez v. AT & T Co.</u>, 139 F.3d 1368, 1373 (11th Cir. 1998).  Because federal courts are courts of limited jurisdiction, all doubts about federal subject matter jurisdiction

and removal should be resolved in favor of remand to state court, <u>University of South Alabama</u>, 168 F.3d at 411; <u>Pacheco de Perez</u>, 139 F.3d at 1373; <u>Seroyer v. Pfizer, Inc.</u>, 991 F. Supp. 1308, 1312 (M.D. Ala. 1997), and all questions of fact and controlling law should be resolved in favor of the plaintiff, <u>Shamrock Oil & Gas v. Sheets</u>, 313 U.S. 100, 108-09, 61 S. Ct. 868 (1941); <u>University of South Alabama</u>, 168 F.3d at 411.

16.    "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." <u>E.g.</u>, <u>Triggs</u>, 154 F.3d at 1287.  Fraudulent joinder can be established only if there is <u>no</u> possibility that a plaintiff can prove a cause of action against the resident defendant. <u>E.g.</u>, <u>Triggs</u>, 154 F.3d at 1287.  Stated another way, "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." <u>E.g.</u>, <u>Triggs</u> at 1287 (<u>quoting</u> <u>Coker</u>, 709 F.2d at 1440).  The removing party bears the burden of showing fraudulent joinder.  <u>E.g.</u>, <u>Coker</u>, 709 F.2d at 1440; <u>see also, e.g.</u>, <u>Pacheco de Perez</u>, 139 F.3d at 1380.  That burden is a heavy one, <u>Crowe v. Coleman</u>, 113 F.3d 1536, 1538 (11th Cir. 1997), and requires proof by clear and convincing evidence. <u>Bloodsworth v. Smith & Nephew</u>, No. Civ. A. 2:05 CV 622-D, 2005 WL 3470337 (M.D. Ala. Dec. 19, 2005)(<u>citing</u> <u>Calbalceta v. Standard Fruit Co.</u>, 883 F.2d 1553, 1561 (11th Cir. 1989).  In <u>Crowe v. Coleman</u>, the 11th Circuit held, "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that

joinder was proper and remand the cases to state court."  113 F.3d at 1538

(citing Coker at 1440-1441).  "[T]he trial court must be certain of its jurisdiction

before embarking upon a safari in search of a judgment on the merits."  Crowe,

113 F.3d at 1538 (quoting B., Inc., 663 F.2d a 548-49).

## Sufficiency of Plaintiff's Complaint

17.     To support their assertion that Defendant Smith was fraudulently

joined in this action, the Pfizer Defendants maintain that Ms. Worley failed to

adequately plead her claims against Defendant Smith individually and failed to

plead fraud with particularity as required Rule 9(b) of both the Alabama and

Federal Rules of Civil Procedure.  Notice of Removal ¶ 12.

18.     In Hamrick v. Provident Life and Accident Insurance Company, the

Court held that perceived inadequacies in pleadings do not establish fraudulent

joinder if the plaintiff "has the *possibility* of stating a *colorable* cause of action

against that defendant.  CV-05-S-878-NE, Slip Op. at 8 (N.D. Ala. July 27, 2004).

The Court states:

> It is irrelevant whether these claims are stated with the particularity
> required by Rule 9(b).  Such precision in pleading is not required for the
> fraudulent joinder analysis, because plaintiff could cure any defect in her
> pleadings by filing an amended complaint.

Id. at 9 (FN omitted)(citing Waterloo Coal Co. v. Komatsu Mining Systems, Inc.,

2003 WL 124137 (S.D. Ohio Jan. 9, 2003)); (citing Momans v. St. John's

Northwestern Military Academy, Inc., 2000 WL 33976543 (N.D. Ill. Apr. 20,

2000)); (citing Boydstun Metal Works, Inc. v. Parametric Technology Corp., 1999

WL 476265 (D. Ore. May 19, 1999)).   In this case, any perceived pleading

deficiency could be cured by amending the state court complaint.  See Mays v.

United Insurance Co. of America, 853 F. Supp. 1386, 1388 (M.D. Ala. 1994). As such, the perceived deficiencies cannot serve as a basis to support the Pfizer Defendants' claim that Defendant Smith was fraudulently joined.

19.      Further, to the extent the Court finds Ms. Worley's Complaint deficient to satisfy heightened pleading requirements, such a finding should not lead this Court to an automatic finding of fraudulent joinder. See Bloodsworth, 2005 WL at *11 (citing Duffin v. Honeywell Intern., Inc., 312 F. Supp. 2nd 869, 870 (N.D. Miss. 2004) ("observing 'that a plaintiff should ordinarily be given an opportunity to amend her complaint to allege fraud with greater particularity, before such claims are dismissed with prejudice upon a finding of fraudulent joinder'")(citing Hart v. Bayer Corp., 199 F.3d 239, 248 n. 6 (5th Cir. 2000)).

**Plaintiff Has Stated Viable Claims Against Defendant Smith**

20.      The Pfizer Defendants assert that Defendant Smith has no real connection to this case, and, thus, was fraudulently joined to defeat diversity jurisdiction. Notice of Removal ¶ 13. To support their position, the Pfizer Defendants rely heavily on the Declaration of Defendant Smith. As discussed more fully below, Defendant Smith's Declaration is wholly inadequate to meet the heavy burden on the removing defendants and does not amount to clear and convincing proof of fraudulent joinder. See Bloodsworth, at *4.

21.      Per the Declaration, Defendant Smith admitted to working as a sales representative for Pharmacia & Upjohn Company from August 1990 through September 2003. Declaration ¶ 2. The Declaration does not deny that Defendant Smith detailed DEPO PROVERA while working as a sales

representative for Pharmacia & Upjohn Company and does not deny that Defendant Smith knew of the defective nature of DEPO PROVERA.

22.      Defendant Smith admits that his sales territory from 1990 through 1996 included Montgomery County, Alabama. Declaration ¶ 3.  He alleges that he moved to Dothan, Alabama, in 1996 and did not work in Montgomery thereafter, and specifically did not work in Montgomery from 1999 through 2004. Declaration ¶ 3.  Defendant Smith alleges that he did not meet directly with, make representations to, or "advertise, market, sell and/or promote" DEPO PROVERA to Ms. Worley or her physicians, Declaration ¶¶ 4-6, or did not "sell, offer to sell, or take orders for the sale of" DEPO PROVERA to patients. Declaration ¶ 7 (emphasis added).  The Declaration does not deny that Defendant Smith sold, offered to sell, or took orders for the sale of DEPO PROVERA to physicians, including physicians and medical practices in Montgomery, Alabama.  Further, Defendant Smith does not deny that he may have advertised, marketed, sold, or distributed DEPO PROVERA to other physicians within the medical practices of Ms. Worley's prescribing physicians, or to individuals employed by those physicians.  The Declaration does not deny that Defendant Smith may have sponsored or spoke at educational seminars, lunches, or dinners, which are commonly offered by pharmaceutical companies and their sales representatives to promote their products, attended by Ms. Worley's prescribing physicians, their employees, or other physicians within their practices.  Although his Declaration alleges that Defendant Smith did not "work" in Montgomery after 1996, it is unclear whether not "working" in Montgomery,

Alabama, means he never conducted any business in Montgomery, or never conducted any business out of Montgomery, Alabama, that was directed at physicians in Montgomery, Alabama, including Ms. Worley's prescribing physicians, their employees, or physicians within their practices.

23.     Ms. Worley has not had an opportunity to test the veracity of Defendant Smith's statements through any form of discovery.  Where, as here, a Notice of Removal is filed before a plaintiff has had full opportunity to develop claims against a resident defendant through discovery, Alabama federal courts have assessed those claims in accordance with the standard of Fed. R. Civ. P. 11.  See, e.g., Clay v. Brown & Williamson Tobacco Corp., 77 F. Supp. 2d 1220, 1224 (M.D. Ala. 1999).   Clearly, Defendant Smith's Declaration is wholly inadequate to support the Pfizer Defendants' claim that Defendant Smith was fraudulently joined.

24.     Ms. Worley states valid AEMLD claims against Defendant Smith. To establish a prima facie case under AEMLD, a plaintiff must demonstrate that:

   (1)   He suffered injury or damages to himself or his property by one who sells a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if

      (a)   the seller is engaged in the business of selling such a product, and

      (b)   it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

   (2)   Showing the above elements, a plaintiff has proved a prima facie case although

(a)   the seller has exercised all possible care in the preparation and sale of his product, and

(b)   the user or consumer has not bought the product from, or entered into any contractual relation with, the seller.

E.g., Casrell v. Altec Industries, Inc., 335 So. 2d 128, 132-33 (Ala. 1976); Atkins v. American Motors Corp., 335 So. 2d 134, 141 (Ala. 1976).  Expressly, under the AEMLD, a distributor or retailer, and not just the manufacturer, may be held legally liable for supplying a defective or unreasonably dangerous product. Casrell, 335 So. 2d at 132.   A distributor's liability is predicated on its participation in the marketing and selling of a product.  In this case, upon information and belief, Defendant Smith was directly involved in marketing, distributing, and selling DEPO PROVERA to physicians within Montgomery, Alabama, and was potentially involved in marketing, distributing, and selling DEPO PROVERA to Ms. Worley's prescribing physicians, or their employees or other physicians within their practices, either in or around Montgomery, Alabama. Further, it is well settled Alabama law that employees of a company are liable for torts in which they personally participated.  Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, Inc., 496 So. 2d 774, 775 (Ala. 1986).   Based upon these facts, it is impossible to state that Ms. Worley does not have a colorable claim against Defendant Smith.

25.     The Pfizer Defendants, citing Bloodsworth, contend that pharmaceutical sales representatives, including Defendant Smith, are not "sellers" under the AEMLD and, thus, Ms. Worley cannot assert a viable AEMLD claim against Defendant Smith.   Notice of Removal ¶ 20.   However, the

Bloodsworth Court relied upon interpretations of Alabama law by United States District Courts in the New York and Minnesota.  Bloodsworth, at *6; (see In re Rezulin Products Liability Litigation, 133 F. Supp. 2d 272 (S.D.N.Y. 2001); In re Baycol Products Liability Litigation, M.D.L. No. 1431 (D. Minn. March 6, 2004).) The Bloodsworth Court's reliance on these opinions is misplaced, as those Courts improperly analyzed the viability of claims against the resident, pharmaceutical representative defendants using a "no reasonable basis" standard, rather than the "no possibility" standard utilized in the 11th Circuit.  See In re Rezulin, 133 F. Supp. 2d at 280 & n. 4 (adopting a "no reasonable basis" standard for predicting liability in context of fraudulent joinder); see also In re Consolidated Fen-Phen Cases, 2003 WL 22682440, at *5 (E.D.N.Y.)("The language 'no possibility' has been interpreted as meaning no 'reasonable possibility' or 'no reasonable basis.'")

26.    The "no reasonable basis" standard utilized in In re Rezulin and relied upon in Bloodsworth is substantially different than the "no possibility" standard utilized in the 11th Circuit, see, e.g. Triggs, 154 F.3d at 1287 (Fraudulent joinder can be established only if there is no possibility that a plaintiff can prove a cause of action against the resident defendant) (citing Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983)).  Consequently, the holdings in In re Rezulin and In re Baycol cannot be relied upon to determine the viability of the claims asserted against Defendant Smith in this case.

27.    The Pfizer Defendants further maintain that Ms. Worley cannot assert a viable claim against Defendant Smith based upon failure to warn

because the Supreme Court of Alabama has adopted the learned-intermediary doctrine.  Notice of Removal ¶ 19.  Under that doctrine, the duty of a drug manufacturer to warn of potential dangers from use of a prescription drug generally extends only to the physician, not to the lay consumer of the drug.  See Stone v. Smith, Kline & French Lab., 447 So.2d 1301, 1305 (Ala. 1984).  If there is no physician in the role of learned intermediary, however, the drug manufacturer has a duty to adequately warn the consumer.  Wyeth Laboratories, Inc. v. Fortenberry, 530 So.2d 688, 691 (Miss. 1988), (citing Swayze v. McNeil Laboratories, Inc., 807 F.2d 464 (5th Cir. 1987)); see also, e.g., Reyes v. Wyeth Laboratories, 498 F.2d 1264, 1277 (5th Cir. 1974).  The physician can only perform the function of the "learned intermediary" between the manufacturer and the consumer of the prescription drug where the manufacturer has provided an adequate warning.  Pitman v. Upjohn Company, 890 S.W. 2d 425, 429 (Tenn. 1994); Amore v. G.D. Searle & Co., 748 F. Supp. 845, 850 (S.D. Fla. 1990).  The adequacy of the warning is a question of fact for the jury.  E.g., Toole, 999 F.2d at 1433; see also, e.g., Timm v. Upjohn Co., 624 F.2d 536, 539 (5th Cir. 1980).

Ms. Worley alleges that the Pfizer Defendants and Sales Representative Defendants packaged, marketed, advertised, sold, and/or distributed DEPO PROVERA utilizing information known to fraudulently represent the safety of DEPO PROVERA, and that the Defendant Smith advertised, promoted, sold, distributed, and/or marketed DEPO PROVERA to Ms. Worley's prescribing physicians utilizing fraudulent information and by failing to disclose material information regarding the dangers of DEPO PROVERA and the adverse events

associated with DEPO PROVERA.  Complaint ¶¶ 19-20.  Clearly, the Pfizer Defendants cannot show that the learned intermediary doctrine eliminates any possibility that Ms. Worley can state a claim against Defendant Smith.

28.      The Pfizer Defendants, relying upon Defendant Smith's Declaration, likewise maintain that Ms. Worley's negligence, fraud, and fraudulent suppression claims against Defendant Smith fail.  For the reasons discussed supra at ¶¶ 24, 25, & 26, Defendant Smith's declaration is wholly inadequate to preclude the possibility that he participated in the torts which ultimately injured Ms. Worley.  Furthermore, the fact that Defendant Smith did not speak directly to Ms. Worley does not preclude Ms. Worley's claims.   It is well settled in Alabama law that "it is not always necessary to prove that a misrepresentation was made directly to the person who claims to have been injured."  Wheelan v. Sessions, 50 F. Supp. 2d 1168, 1174 (M.D. Ala. 1999). The Wheelan Court further states:   "[T]here is a duty not to make a false representation to those to whom a defendant intends, for his own purposes, to reach and influence by the representation."  Id. at 1174 (quoting Colonial Bank of Ala. V. Ridley & Schweigert, 551 So. 2d 390, 396 (Ala. 1989); see also Brasher v. Sandoz Pharmaceuticals Corp., 2001 U.S. Dist. Lexis 18364, at *31 - *33 (N.D. Ala. Sept. 21, 2001)(where the Court found that the plaintiffs "clearly were the parties who were injured by the alleged fraud.  It also was clear that the drug manufacturer 'for its own purposes of promoting its product and making a profit, intended to reach and influence the patients of obstetricians, such as the plaintiffs.'")  Thus, the Pfizer Defendants' position that Ms. Worley has no claim

against Defendant Smith because Defendant Smith made no representations directly to Ms. Worley is without merit.

29.    The Pfizer Defendants rely on <u>Bloodsworth</u> to support their contention that breach of express and implied warranty claims cannot be maintained against Defendant Smith. <u>Notice of Removal</u> ¶ 22. In <u>Bloodsworth</u>, the Court, relying on an unpublished Minnesota District Court decision, held that a breach of warranty claim is viable only against the "seller" of goods. <u>Id.</u> at *7. However, the Minnesota District Court based its opinion on only one Alabama opinion – a case involving a building contractor who contracted for the installation of a sliding door – where a building contractor was found not be a seller within the meaning of Ala. Code § 7-2-103. Clearly, whether a pharmaceutical sales representative is considered a seller under Ala. Code § 7-2-103 is not settled law in Alabama. In fact, Alabama courts have never held that pharmaceutical sales representatives are not sellers for purposes of breach of express and implied warranties. In the case at bar, Defendant Smith was charged with the responsibility of marketing, distributing, and selling DEPO PROVERA to physicians. "By its terms, a seller is anyone who sells, including a manufacturer or distributor." <u>Bishop v. Faroy Sales</u>, 336 So. 2d 1340, 1343 (Ala. 1976). Any lack of a direct relationship between Defendant Smith and Ms. Worley does not bar a claim of breach of warranty. <u>Bishop</u>, 336 So. 2d at 1345.

30.    Furthermore, District Courts in Alabama have repeatedly rejected similar fraudulent joinder claims against pharmaceutical sales representatives, remanding the cases to state court. <u>See</u> <u>Floyd v. Wyeth</u>, No. 03-C-2564-M (N.D.

Ala. Oct. 20, 2003) (Clemon, J.); see Crittenden v. Wyeth, No. 03-T-920-N (M.D. Ala. Nov. 21, 2003) (Thompson, J.); see Terrell v. Wyeth, No. CV-03-BE-2876-S (N.D. Ala. Dec. 12, 2003) (Bowdre, J.) ("Although the plaintiffs' claims against defendant Parker appear to raise novel questions of Alabama state law, this court will not speculate that the plaintiffs have *no* possibility of establishing a cause of action against this non-diverse defendant.   Little, if any, discovery has been done to-date in this case; thus, it would be premature for this court to make rash decisions regarding the nature and the timing of the injury sustained by the plaintiffs, or the employment history of defendant Parker.   Nor can the court conclusively determine that plaintiffs would not be successful in urging its various theories under Alabama law."); see Ballard v. Wyeth, No. 03-T-1255-N (N.D. Ala. Jan. 23, 2004) (Thompson, J.); see Brunson v. Wyeth, No. 03-T-1167-S (N.D. Ala. Jan. 23, 2004) (Thompson, J.); see Blair v. Wyeth, No. 03-T-1251-S (N.D. Ala. Jan. 23, 2004) (Thompson, J.); see Storey v. Wyeth, No. CV-04-BE-27-E (N.D. Ala. Jan. 30, 2004) (Bowdre, J.); see Cash v. Wyeth, No. 03-RRA-3378-E (N.D. Ala. Feb. 3, 2004) (Armstrong, Mag. J.); see Marshal v. Wyeth, No. CV-04-TMP-179-S (N.D. Ala. Feb. 18, 2004) (Putnam, Mag. J.); see McGowan v. Wyeth, No. CV-04-TMP-298-S (N.D. Ala. Feb. 24, 2004) (Putnam, Mag. J.); see Johnson v. Wyeth, No. CV-04-TMP-224-S (N.D. Ala. Feb. 23, 2004) (Putnam, Mag. J.); see Bradford v. Wyeth, No. 03-P-3157-5 (N.D. Ala. Feb. 27, 2004) (Proctor, J.); see Smith v. Wyeth, No. 04-P-226-M (N.D. Ala. Feb. 27, 2004) (Proctor, J.); see Boudreaux v. Wyeth, No. CV-04-P-227-M (N.D. Ala. Feb. 27, 2004) (Proctor, J.); see Bridges v. Wyeth, No. 04-AR-0297-J (N.D. Ala. Mar. 2,

2004) (Acker, J.); see Hough v. Wyeth, No. 04-H-393-S (N.D. Ala. Mar. 5, 2004)
(Hancock, J.); see Brogden v. Wyeth, No. 04-T-068-S (M.D. Ala. Mar. 8, 2004)
(Thompson, J.); see Reeder v. Wyeth, No. 04-T-066-N (M.D. Ala. Mar. 8, 2004)
(Thompson, J.); see Eaton v. Wyeth, No. CV-04-P-380-M (N.D. Ala. Mar. 9,
2004) (Proctor, J.); see Allen v. Wyeth, No. 04-CV-0238-T (M.D. Ala. Apr. 9,
2004) (Thompson, J.); see Chestnut v. Wyeth, No. 04-CV-0295-T (M.D. Ala. May
3, 2004) (Thompson, J.); see King v. Wyeth, No. 04-CV-0409-T (M.D. Ala. May
24, 2004) (Thompson, J.); see Culpepper v. Wyeth, No. 04-CV-0411-T (M.D. Ala.
May 24, 2004) (Thompson, J.); see Braden v. Wyeth, No. 04-CV-0384-T (M.D.
Ala. May 24,  2004) (Thompson, J.); see Cross v. Wyeth, No. 03-0882-BH-M
(S.D. Ala. Mar. 29, 2004) (Hand, J.); see Bennett v. Wyeth, No. 04-CV-0416-T
(M.D. Ala. June 2, 2004) (Thompson, J.).[1]

## Conclusion

31.    This case represents an attempt by the Pfizer Defendants to
"manufacture" diversity jurisdiction, with total disregard for whether such
jurisdiction actually exists.  The Pfizer Defendants' characterize Ms. Worley's
naming of Defendant Smith in her lawsuit as "a sham," and that Defendant Smith
is being "unfairly dragged" into Court to avoid federal jurisdiction.  Notice of
Removal ¶ 25.  The Pfizer Defendants further characterize Ms. Worley's naming
of Defendant Smith in her Complaint as "reckless."  Notice of Removal ¶ 17.  The
Pfizer Defendants' statements are an affront to Ms. Worley's due process right to
seek relief from those who are responsible for her injuries.  This type of rote

---

[1] See 'Exhibit A,' attached and filed with this brief.

removal by the Pfizer Defendants should perhaps lead to development by this and other courts of a doctrine of "fraudulent removal."

32.    The sole question before this Court is whether this action should be remanded as having been improvidently removed.    Although the Pfizer Defendants contend that Defendant Smith, a resident of Alabama, was fraudulently joined, the facts alleged refute this.  Ms. Worley's Complaint alleges claims against all the Defendants that, if proved at trial, will sustain a jury verdict. These allegations must be considered according to the well-established and logical standards set out herein.

33.    In all of their efforts, the Pfizer Defendants have failed to cite any directly applicable or controlling authority and consequently they have failed in their burden of proving that there is no possibility that Ms. Worley can establish a cause of action against Defendant Smith.  For the reasons outlined above, this Court lacks subject matter jurisdiction.

WHEREFORE, PREMISES CONSIDERED, Ms. Worley respectfully moves this Court to enter an Order remanding this action in its entirety to the Circuit Court of Montgomery County, Alabama.

/s/ W. Roger Smith, III
W. Roger Smith, III (SMI257)
Andy D. Birchfield, Jr. (BIR006)
Attorneys for Plaintiff

OF COUNSEL:

**BEASLEY, ALLEN, CROW, METHVIN,**
  **PORTIS & MILES, P.C.**
Post Office Box 4160

Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon

the parties as listed below by placing a copy of same in the United States Mail,

first class, postage prepaid on this the 6th day of November, 2006.


George R. Parker
Bradley Arant Rose & White LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104


Fred M. Haston, III
Andrew B. Johnson
Anne Marie Seibel
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

/s/ W. Roger Smith, III
OF COUNSEL

F ILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

03 OCT 20  PH 3: 45

U.S. DISTRICT COURT
ND OF ALABAMA

PAMELA FLOYD, STACIE H. RICHARDS, and )
ANN RUTLEDGE, )
)
Plaintiffs, )
)
vs. )                               Civil Action Number
)                               03-C-2564-M
WYETH, a corporation; STACY STUBBLEFIELD, )
an individual; MICHAEL T. SULLIVAN, an )
individual; and BETSY R. WEAVER, an individual, )
)
Defendants. )

ENTERED

OCT 2 0 2003

REMAND  ORDER

Because the removing Defendant has failed to carry its heavy burden of proof of fraudulent

joinder, and the attendant lack of complete diversity of the parties, this case is hereby REMANDED

to the Circuit Court of Marshall County, Alabama, from whence it was improvidently removed.

The costs of this action are hereby taxed against the removing Defendant.

Done this    20th    day of October, 2003.

Chief United States District Judge
U.W. Clemon



FILED

NOV 21 2003

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| SHARON C. CRITTENDEN, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 03-T-920-N |
| WYETH, a corporation, et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand. The court agrees with plaintiffs that this case should be remanded to state court. First, there has not been <u>fraudulent joinder</u> of any resident defendant (that is, plaintiffs have colorable claims against such a defendant), <u>see Coker v. Amoco Oil Co.</u>, 709 F.2d 1433, 1440 (11th Cir. 1983); <u>Cabalceta v. Standard Fruit Co.</u>, 883 F.2d 1553, 1561 (11th Cir. 1989).

EOD  11/21/03

Second, there has not been *fraudulent misjoinder* of any resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), *see* *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motions to remand, filed on September 30 and October 15, 2003 (doc. nos. 9, 13, and 14), are granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Covington County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 21st day of November, 2003.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE



UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

STEPHANIE TERRELL, et al.,                    ]
                                              ]
            Plaintiffs,                       ]
                                              ]
v.                                            ]        CV-03-BE-2876-S
                                              ]
WYETH, et al.,                                ]
                                              ]
            Defendants.                       ]
                                              ]
                                              ]
                                              ]
                                              ]
                                              ]

**MEMORANDUM OPINION AND ORDER REMANDING CASE TO STATE COURT**

The case comes before the court on Plaintiff's Motion to Remand (Doc. 10). Having reviewed the pleadings and briefs of counsel, the court is not persuaded that the plaintiffs failed to state a viable claim against the non-diverse defendant, or that the non-diverse defendant was fraudulently joined, and, therefore, the court is not persuaded that the case was properly removed for the reasons stated below.

The defendants removed this case to federal court on October 23, 2003 from the Circuit Court of Jefferson County, Alabama. Although the complaint purports to state claims against corporate defendants who admittedly are not Alabama residents, it also names as a defendant Pam Parker, admittedly a resident of Alabama, whose presence precludes removal under 28 U.S.C. § 1441. Defendants argue, however, that Ms. Parker is fraudulently joined.

1

The standard for successfully removing a case from state to federal court is a high one, and the burden rests heavily upon the removing party to establish that federal jurisdiction exists. *See* Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989); Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983). This burden is especially high when the defendants allege fraudulent joinder as the basis for subject matter jurisdiction. *See* Pacheco de Perez v. AT&T Company, 139 F.3d 1368, 1381 (11th Cir. 1983). In making the fraudulent joinder determination, a district court "must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in plaintiff's favor." Pacheco de Perez, 139 F.3d at 1380.

To establish fraudulent joinder, the removing party must show either (a) that the plaintiff would have no possibility to establish a cause of action against non-diverse defendants in state court; or (b) that the plaintiff's pleading of jurisdictional facts have been made fraudulently. Cabalceta, 883 F.2d at 1561. Furthermore, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *See* Coker, 709 F.2d at 1440-41; *see also* Pacheco de Perez, 139 F.3d at 1380 ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court.").

This court must construe removal jurisdiction narrowly, *with all doubts resolved in favor of remand.* *See* University of So. Ala. v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (emphasis added). In making its determination, the court should not speculate about the futility of the plaintiff's claim in state court. *Id.*

2

Although the plaintiffs' claims against defendant Parker appear to raise novel questions of Alabama state law, this court will not speculate that the plaintiffs have *no* possibility of establishing a cause of action against this non-diverse defendant. Little, if any, discovery has been done to date in this case; thus, it would be premature for this court to make rash decisions regarding the nature and timing of the injuries sustained by the plaintiffs, or the employment history of defendant Parker. Nor can the court conclusively determine that the plaintiffs would not be successful in urging its various theories under Alabama law.

Because the defendants have not clearly proven that this court has jurisdiction based on diversity under 28 U.S.C. § 1332, and because this court must resolve *all* doubts in favor of remand, the Plaintiffs' Motion to Remand is hereby GRANTED. The clerk is ordered to transfer the file on this case back to the Circuit Court of Jefferson County, Alabama.

DONE and ORDERED this 14th day of December, 2004.

KARON OWEN BOWDRE
UNITED STATES DISTRICT COURT

3

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION FILED

·JAN 2 3 2004

CLERK VM
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

VALERIE BALLARD, et al.,        )
                                )
        Plaintiffs,             )
                                )
        v.                      )        CIVIL ACTION NO. 03-T-1255-N
                                )
WYETH, et al.,                  )
                                )
        Defendants.             )

ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand. The court agrees with plaintiffs that this case should be remanded to state court. First, there has not been fraudulent joinder of any resident defendant (that is, plaintiffs have colorable claims against such a defendant), see Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

Second, there has not been fraudulent misjoinder of any resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

12

EOD 1/23/04

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on January 6, 2004 (Doc. No. 8), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Covington County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 27th day of January, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

FILED

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION JAN 2 3

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

RITA BRUNSON,
  Plaintiff,

  v.

WYETH, et al.,
  Defendants.

)
)
)
)
)
)
)
)
)

CIVIL ACTION NO. 03-T-1167-S

ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiff's motion to remand. The court agrees with plaintiff that this case should be remanded to state court. First, there has not been fraudulent joinder of any resident defendant (that is, plaintiff has colorable claims against such a defendant), see Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

Second, there has not been fraudulent misjoinder of any resident defendant (that is, plaintiff has reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

EOD  1/23/04

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand, filed on December 16, 2003 (Doc. No. 11), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Geneva County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the __28d__ day of January, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

FILED

JAN 2 3 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA

SARA BLAIR, et al )
)
    Plaintiffs, )
)
v. )        CIVIL ACTION NO. 03-T-1251-S
)
WYETH, et al., )
)
    Defendants. )

ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand. The court agrees with plaintiffs that this case should be remanded to state court. First, there has not been fraudulent joinder of any resident defendant (that is, plaintiffs have colorable claims against such a defendant), see Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

Second, there has not been fraudulent misjoinder of any resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

EOD January 23, 2004

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on December 30, 2003 (Doc. No. 7), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Dale County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 28th day of January, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

04 JAN 30  PH 3: 46

... ...... COURT
N D. OF ALABAMA

| | | |
|---|---|---|
| SANDRA STOREY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-04-BE-27-E |
| | ) | |
| WYETH, INC., WYETH | ) | |
| PHARMACEUTICAL, and | ) | |
| ANTHONY CHERRY, | ) | |
| Defendants. | ) | |

ENTERED
JAN 3 0 2004

## MEMORANDUM OPINION AND ORDER REMANDING CASE TO STATE COURT

The case comes before the court on the plaintiff's "Motion to Remand" (Doc. 5). Having reviewed the entirety of the pleadings and briefs of counsel, the court hereby GRANTS the motion to remand. The court is not persuaded that the plaintiffs failed to state a viable claim against the non-diverse defendant, or that the non-diverse defendant was fraudulently joined, and, thus, is not persuaded that the case was properly removed for the reasons stated below.

The defendants removed this case to federal court on January 7, 2004, from the Circuit Court of Calhoun County, Alabama. Although the complaint purports to state claims against corporate defendants who admittedly are not Alabama residents, it also names as a defendant Anthony Cherry, admittedly a resident of Alabama, whose presence precludes removal under 28 U.S.C. § 1441. Defendants argue, however, that Mr. Cherry is fraudulently joined.

The standard for successfully removing a case from state to federal court is a high one,

and the burden rests heavily upon the removing party to establish that federal jurisdiction exists. See Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11ᵗʰ Cir. 1989); Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11ᵗʰ Cir. 1983). This burden is especially high when the defendants allege fraudulent joinder as the basis for subject matter jurisdiction. See Pacheco de Perez v. AT&T Company, 139 F.3d 1368, 1381 (11ᵗʰ Cir. 1983). In making the fraudulent joinder determination, a district court "must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in plaintiff's favor." Pacheco de Perez, 139 F.3d at 1380.

To establish fraudulent joinder, the removing party must show either (a) that the plaintiff would have no possibility of establishing a cause of action against a non-diverse defendant in state court, or (b) that the plaintiff's pleading of jurisdictional facts has been made fraudulently. Cabalceta, 883 F.2d at 1561. Furthermore, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." Coker, 709 F.2d at 1440-41; see also Pacheco de Perez, 139 F.3d at 1380 ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court.").

This court must construe removal jurisdiction narrowly, *with all doubts resolved in favor of remand.* See University of So. Ala. v. American Tobacco Co., 168 F.3d 405, 411 (11ᵗʰ Cir. 1999). In making its determination, the court should not speculate about the futility of the plaintiff's claim in state court. Id.

Although whether the plaintiff will be able to successfully prove Mr. Cherry's liability is unclear, this court will not speculate that the plaintiff has *no* possibility of establishing its claims

of negligence and fraud against this non-diverse defendant. Little, if any, discovery has been done to date in this case; thus, this court cannot make rash decisions regarding actions made by the defendants and their resulting consequences. Nor can the court conclusively determine that the plaintiff would not be successful in urging her various theories under Alabama law.

Similarly, the court is not prepared to conclude that the plaintiff's fraud claims should be struck for lack of specificity. While the complaint is indicative of a "form" pleading, it adequately informs the defendants of the nature of the fraud.

Because the defendants have not clearly proven that this court has jurisdiction based on diversity under 28 U.S.C. § 1332, and because this court must resolve all doubts in favor of remand, the Plaintiff's Motion to Remand is hereby GRANTED. The clerk is ordered to transfer the file on this case back to the Circuit Court of Calhoun County, Alabama.

DONE and ORDERED this _30th_ day of January, 2004.

KARON OWEN BOWDRE
UNITED STATES DISTRICT COURT

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

04 FEB -3  AM 10: 15

U.S. DISTRICT COURT
N.D. OF ALABAMA

SANDRA CASH,                          )
                                      )
              Plaintiff,              )
                                      )
                                      )
                                      )
vs.                                   )     CIVIL ACTION NO. 03-RRA-3378-E
                                      )
WYETH, et al.,                        )
                                      )                          ENTERED
              Defendants.             )
                                                                 FEB - 3 2004

MEMORANDUM  OF DECISION

This action was removed from the Circuit Court of Calhoun County, Alabama. The

plaintiff has filed a motion to remand. The complaint alleges that she suffered valvular heart

disease as a result of taking the drug Pondimin or Redux. (The defendants state that the

plaintiff took Pondimin only.) The question before the court is whether defendant Anthony

Cherry, Wyeth's sales representative, was fraudulently joined as a defendant in order to defeat

diversity jurisdiction.

Remand must be granted if there is a possibility that the state court would find that the

plaintiff has stated a claim against the defendant in question. *Cabalceta v. Standard Fruit Co.*,

883 F.2d 1553, 1561 (11th Cir. 1989). Evidence may be considered as well as the allegations

in the complaint:

> To determine whether the case should be remanded, the district court must
> evaluate the factual allegations in the light most favorable to the plaintiff and must
> resolve any uncertainties about state substantive law in favor of the plaintiff. *Id.* at 549.
> The federal court makes these determinations based on the plaintiff's pleadings at the

time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties.

*Crowe v. Coleman*, 113 F.3d 1536, 1538 (11ᵗʰ Cir. 1997), *quoting B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981). Along with other submissions, the defendants have submitted the affidavit of Cherry, and the plaintiff has presented the affidavit of her doctor, Omar Khalaf. The parties have not conducted discovery.

The complaint alleges the following against Cherry:

22. Upon information and belief the positive tortious acts which were committed by the Sales Rep Defendant in his individual and/or corporate capacity, include, but are not limited to, the following:

    a.    Sales Rep Defendant failed to convey adequate warnings to the Plaintiff through the prescribing physician set forth above regarding the risks of prescribing fenfluramine (Pondimin®) and dexfenfluramine (Redux™);

    b.    Sales Rep Defendant was in the business of marketing, promoting, selling and/or distributing the unreasonably dangerous pharmaceutical drug fenfluramine (Pondimin®) and dexfenfluramine (Redux™) which has caused harm to the Plaintiff SANDRA CASH;

    c.    Sales Rep Defendant negligently distributed, marketed, advertised and/or promoted the drugs fenfluramine (Pondimin®) and dexfenfluramine (Redux™);

    d.    Sales Rep Defendant made fraudulent and reckless misrepresentations regarding the character, safety and efficacy of the drug fenfluramine (Pondimin®) and dexfenfluramine (Redux™), and;

    e.    Sales Rep Defendant, with knowledge of unreasonable risks associated with the ingestion of fenfluramine (Pondimin®) and dexfenfluramine (Redux™), alone and/or in combination with phentermine continued to make misrepresentations regarding the character, safety and efficacy of drug fenfluramine (Pondimin®) and dexfenfluramine (Redux™), while providing and/or offering incentives, rebates, reimbursements, perks, and/or other consideration to Plaintiff's prescribing physician

2

in furtherance of attempting to influence the prescribing of
said diet drugs.

23.   Defendant Anthony Cherry is a citizen of Calhoun County and is over nineteen
years of age.   At all times material hereto, this Defendant was in the business of
promoting, marketing , developing, selling and/or distributing the pharmaceutical
drugs fenfluramine and/or dexfenfluramine in the State of Alabama and did market,
develop, sell, detail and/or distribute said drugs to Plaintiff, Sandra Cash's prescribing
physician, Omar Khalaf, M.D.   This defendant was also involved in a conspiracy to
conceal certain information relating to the dangers associated with the subject drug
products from the consuming public, including but not limited to Plaintiff.

*Complaint*, ¶¶22-23 (emphasis added). Thus, the complaint alleges that Cherry failed to warn

of the dangers of Pondimin, negligently marketed and distributed this dangerous drug,

recklessly and intentionally misrepresented its dangers, and conspired to conceal its dangers.

The defendants state that under Alabama law the plaintiff clearly cannot state a claim

against Cherry. They cite law holding that, absent personal participation, an employee is not

liable for the negligence of his employer, that the fraud and conspiracy claims are not pled

with particularity, and that a conspiracy claim fails when the claims underlying the conspiracy

fail. Moreover, they factually contend that Cherry said nothing about Pondimin whatsoever.

Relying on Cherry's affidavit, the defendants state that Cherry did not even promote

Pondimin, that Wyeth composed warnings and other information concerning Pondimin for

Cherry, who was not a part of that process, and that Cherry did not have the expertise to

question the accuracy of any information supplied by Wyeth.   Cherry further states in his

affidavit that he was unaware of any association between Pondimin and the heart disease of

which the plaintiff complains, and he made no representation whatsoever concerning this

3

drug. The defendants assert in their written opposition to remand that this evidence is uncontroverted. However, Dr. Khalaf states that Cherry visited his office and "promoted and marketed" Pondimin, *Khalaf Affidavit*, ¶3, and that Cherry "continuously represented that [Pondimin and Redux] were safe and effective. Also, [Cherry] represented to [him] that the drugs were safe and effective for long term use," *id.* at ¶6.[1] Khalaf additionally states:

> The reliance I placed on Mr. Cherry and Mr. Lavender regarding safety issues for Pondimin and Redux was made even more critical by the fact that warnings to physicians prescribing Pondimin and Redux that these drugs could cause valvular heart disease were not contained in the Physicians' Desk Reference ("PDR") until the 1998 edition, which was after Pondimin and Redux were withdrawn from the market.

*Id.* at ¶7.

### Whether to Defer to MDL Judge

The defendants want the court to allow this remand issue to go to the MDL court. In her motion to remand, the plaintiff responds that in an MDL hearing the judge "indicated a preference" for all remand motions to be handled by the various district courts. In their written opposition to remand, the defendants respond that a copy of the transcript of the 1998 hearing stating such "sentiments" has not been supplied by the plaintiff. The defendants, however, do not deny that the judge did, in fact, indicate such a preference.

The defendants refer to statements in an August, 2003 memorandum written by the MDL judge:

---

[1] Materials presented to the court by the defendants included information sent to Wyeth's sales force. In "Questions and Answers About Pondimin" and in the Pondimin "Fact Sheet" it is stated that Pondimin is for short-term use.

4

> [R]ecurrent issues have continued to emerge in connection with motions to remand to
> state courts cases removed by Wyeth on the basis of diversity of citizenship. We have
> now developed a broader perspective than is usually available to individual transferor
> courts in dealing with widespread efforts fraudulently to join Phentermine
> manufacturers as a tactic to thwart removal of cases to the federal courts. Likewise,
> we are continuing to address the fraudulent joinder of individual physicians and
> pharmacies as defendants as a means to prevent removal. Many of these issues have
> common patterns as well as ramifications far beyond any specific case. Again, we
> believe these issues are best resolved in a uniform manner through the coordinated
> proceedings of MDL 1203. :

This memorandum was addressing motions to remand all pending *cases* to the various

transferor courts on the ground that the MDL had done its work. The court gave several

reasons why the cases should not be remanded to the transferor courts, one of which was that,

after all its work, the MDL had developed a "broader perspective than is usually available"

to the transferor courts in dealing with motions to remand to state courts based on fraudulent

joinder.

Also, the defendants cite *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990):

> Agent Orange cases are particularly well-suited for multidistrict transfer, even where
> their presence in federal court is subject to a pending jurisdictional objection. The
> jurisdictional issue in question is easily capable of arising in hundreds or even
> thousands of cases in district courts throughout the nation. That issue, however,
> involves common questions of law and fact, some or all of which relate to the Agent
> Orange class action and settlement, *see In re "Agent Orange" Prod. Liab. Litig.*, 611
> F.Supp. 1396 (E.D.N.Y.1985), *aff'd in part, rev'd in part*, 818 F.2d 179 (2d Cir.1987),
> *cert. denied*, 487 U.S. 1234, 108 S.Ct. 2899, 101 L.Ed.2d 932 (1988), and there are
> real economies in transferring such cases to Judge Weinstein, who has been handling
> the Agent Orange litigation for several years, *see In re "Agent Orange" Prod. Liab.
> Litig.*, MDL No. 381, 818 F.2d 145, 154-59 (2d Cir.1987) (describing history of
> proceedings before Judge Weinstein), *cert. denied*, 484 U.S. 1004, 108 S.Ct. 695, 98
> L.Ed.2d 647 (1988). Once transferred, the jurisdictional objections can be heard and
> resolved by a single court and reviewed at the appellate level in due course.
> Consistency as well as economy is thus served. We hold, therefore, that the MDL

Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending, *cf. United States v. United Mine Workers*, 330 U.S. 258, 290, 67 S.Ct. 677, 694, 91 L.Ed. 884 (1947) (district court has authority to issue injunction while jurisdictional questions are pending), that objection to be resolved by the transferee court.

*Id.* at 9. This language points out what lies at the heart of MDL litigation: common questions of law or fact.

The question of whether Cherry was negligent or made fraudulent statements is specific to this case. The MDL court would not be in a better position to decide remand than this court. Also, this court has heard oral argument and considered the parties' contentions. Wherefore, the court will exercise its discretion to decide the question of fraudulent joinder.

## Whether There Is Fraudulent Joinder

The defendants' argument against remand is premised upon the evidence being uncontroverted that Cherry did not promote or market or make any representation to Dr. Khalaf about Pondimin. If that were true, the motion to remand might be due to be denied. But there is clearly a factual dispute about what Cherry did and said, as Dr. Khalaf states that Cherry visited his office, promoted and marketed Pondimin, and represented that Pondimin was safe and effective for long-term use. Wherefore, there is at least a possibility that the plaintiff has a claim against Cherry.

## Decision

For the reasons stated above, the court has decided to exercise its discretion to decide

6

the remand issue, this is not a case of fraudulent joinder, and the motion to remand is due to

be granted for lack of subject matter jurisdiction. An appropriate order will be entered.

DONE this ___2nd___ day of February, 2004.

Robert R. Armstrong, Jr.
United States Magistrate Judge

7



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JEVENARI MARSHAL, DIANE POLITO, )
and MAXINE SMITHEY, )
)
Plaintiffs, )
)
vs. )       Case No. CV-04-TMP-179-S
)
WYETH, INC., WYETH )
PHARMACEUTICALS, INC., )
BEN LAVENDER, and WILLIAM OWEN, )
)
Defendants. )

ENTERED
FEB 18 2004

## ORDER OF REMAND

This cause is before the court on the plaintiffs' emergency motion to remand, filed January 30, 2004. The motion has been briefed by both sides, and the court finds that the action is due to be remanded.

### Procedure History

Plaintiffs Marshal, Polito, and Smithey filed their joint complaint against defendants Wyeth, Inc., and Wyeth Pharmaceuticals, Inc., (hereinafter collectively "Wyeth") and two of Wyeth's pharmaceutical salesmen, Lavender and Owen, in the Circuit Court of Jefferson County, Alabama, on December 30, 2003. It alleges claims for "strict liability (defective product)," "strict liability–failure to warn," "strict liability–failure to test," negligence, breach of warranties, fraud and misrepresentation, negligent and reckless misrepresentation, and conspiracy to defraud and fraudulently conceal, all arising from the plaintiffs' use of one or both of certain diet medications manufactured and distributed by Wyeth, formerly known as American Home Products, Inc. In particular, the complaint alleges that Wyeth manufactured, marketed, and distributed two drugs,

Pondimin (fenfluramine) and Redux (dexfenfluramine), which later were recognized as associated with several medical problems, including primary pulmonary hypertension and heart valve defects. Plaintiffs allege that their doctors prescribed one or both of these drugs to them and, consequently, have suffered medical injuries due to that use. With respect to defendants Lavender and Owen, plaintiffs contend that these salesmen were one of the primary sources by which Wyeth communicated to physicians the risks and benefits associated with use of these medications and, further, that these defendants either innocently, negligently, or recklessly failed to reveal to physicians all of the information known about the risks of using Pondimin and Redux.

Defendants timely removed the action to this court on January 29, 2004, contending that the court has original diversity jurisdiction because Lavender and Owen, both Alabama residents, are fraudulently joined and should be dismissed for purposes of establishing subject-matter jurisdiction. Plaintiffs have replied in their emergency motion, filed the next day, that Lavender and Owen are not fraudulently joined and that the removal to this court was intended to do nothing more than delay the case long enough for it to be transferred to the Eastern District of Pennsylvania to be joined with an MDL case pending there. Hence, the plaintiffs have requested the court to consider their remand motion on an expedited basis before the case can be transferred to the MDL court.

<u>Fraudulent Joinder</u>

The parties agree that the case involves more than $75,000 in controversy and that the plaintiffs' citizenship is diverse from that of Wyeth. They also agree that Lavender and Owen are Alabama residents and, therefore, not diverse from the plaintiffs. Plaintiffs assert for that reason that no diversity jurisdiction exists, the court lacks subject matter jurisdiction, the removal was improper,

2

and the case is due to be remanded to the state circuit court. Defendants maintain, however, that Lavender and Owens were fraudulently joined by plaintiffs simply to defeat diversity jurisdiction and, therefore, their presence in the case should be ignored for jurisdictional purposes. As the basis for this contention, defendants have offered evidence that Lavender and Owen did not sell or promote the drug Pondimin at all and that they knew nothing about the medical risks associated with Redux. Consequently, defendants argue, there is no possibility of a recovery against either Lavender or Owen, making their joinder in this action fraudulent.

The Eleventh Circuit Court of Appeals addressed the issue of removal grounded on diversity jurisdiction when it is alleged that a non-diverse defendant has been fraudulently joined in Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997). There the court stated:

> In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). The burden of the removing party is a 'heavy one.' B. Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A 1981).

Id. at 1538. The standard is onerous because, absent fraudulent joinder, the plaintiffs have the absolute right to choose their forum. Courts must keep in mind that the plaintiff is the master of his complaint and has the right to choose how and where he will fight his battle.

> This consequence makes sense given the law that "absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." Parks v. The New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962). The strict construction of removal statutes also prevents "exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal," see Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc., 507 F. Supp. 740, 744 (S.D. Ga.1981)(quoting 14A C. Wright, A. Miller & E.

5

> Cooper, Federal Practice and Procedure § 3721), a result that is costly not only for
> the plaintiff, but for all the parties and for society when the case must be re-litigated.

Id.

To establish fraudulent joinder of a resident defendant, the burden of proof on the removing

party is a "heavy one," requiring clear and convincing evidence. Although affidavits and depositions

may be considered, the court must not undertake to decide the merits of the claim while deciding

whether there is a *possibility* a claim exists. The Crowe court reiterated:

> While 'the proceeding appropriate for resolving a claim of fraudulent joinder is
> similar to that used for ruling on a motion for summary judgment under Fed. R. Civ
> P. 56(b),' [B. Inc., v. Miller Brewing Co., 663 F.2d 545, 549, n.9 (5th Cir., Unit A
> 1981)], the jurisdictional inquiry 'must not subsume substantive determination.' Id.
> at 550. Over and over again, we stress that 'the trial court must be certain of its
> jurisdiction before embarking upon a safari in search of a judgment on the merits.'
> Id. at 548–49. When considering a motion for remand, federal courts are not to
> weigh the merits of a plaintiff's claim beyond determining whether it is an
> arguable one under state law. See id. 'If there is even a possibility that a state
> court would find that the complaint states a cause of action against any one of the
> resident defendants, the federal court must find that joinder was proper and remand
> the case to state court.' Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir.
> 1983), *superseded by statute on other grounds as stated in* Georgetown Manor, Inc.
> v. Ethan Allen, Inc., 991 F.2d 1533 (11th Cir. 1993).

Id. (Emphasis added).

More recently, in Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001),

the court of appeals emphasized the limits of the fraudulent joinder analysis, saying:

> For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of
> the state in which the action was brought. 28 U.S.C. § 1441(b). Even if a named
> defendant is such a citizen, however, it is appropriate for a federal court to dismiss
> such a defendant and retain diversity jurisdiction if the complaint shows there is no
> possibility that the plaintiff can establish any cause of action against that defendant.
> See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). "If
> there is even a possibility that a state court would find that the complaint states a
> cause of action against any one of the resident defendants, the federal court must find
> that the joinder was proper and remand the case to the state court." Coker v. Amoco

4

<u>Oil Co.</u>, 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superceded by statute on other grounds as stated in* <u>Wilson v. General Motors Corp.</u>, 888 F.2d 779 (11th Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." <u>Triggs</u>, 154 F.3d at 1287 (emphasis in original).

<u>See also</u> <u>Tillman v. R.J. Reynolds Tobacco</u>, 340 F.3d 1277, 1279 (11th Cir. 2003)("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court.") Clearly, the fraudulent joinder issue does not permit the court to examine the merits of the claim asserted against a non-diverse defendant beyond seeking to determine whether there is "a possibility" that a state court might find a valid claim to be stated.

    In this case, the court is persuaded that the plaintiffs have stated a legally possible claim against the non-diverse defendants, Lavender and Owen, in the form negligent fraud claims. To state such a possible claim, the plaintiffs need only allege that Lavender and Owens misrepresented certain material facts about the risks associated with use of Pondimin[1] and Redux and that plaintiffs, through their physicians, reasonably relied upon such misrepresentations. It is unimportant that Lavender and Owen did not know of the risks and, therefore, did not *intentionally* misrepresent the risks associated with these drugs. Alabama law recognizes an action for innocent or negligent

---

[1] Lavender and Owen have given affidavits in which they state they never sold, marketed, or promoted the drug Pondimin. They reason from this and the fact that plaintiff Smithey took only Pondimin that there is no possibility that, at the very least, Smithey has any claim against them. They nonetheless admit that when questioned by physicians about Pondimin, they attempted to provide answers based on the information they received from Wyeth. Thus, it remains "possible," as alleged in the complaint, that they made misstatements about the risks of use of Pondimin as well as Redux. Whether that "possibility" is something that can be developed factually goes to the merits of the claim and is beyond the fraudulent joinder analysis the court must undertake.

5

misrepresentation as well as for reckless and intentional misrepresentations. For example, the Alabama Court of Civil Appeals has explained:

> An innocent misrepresentation is as much a legal fraud as an intended misrepresentation. The good faith of a party in making what proves to be a material misrepresentation is immaterial as to whether there was an actionable fraud. Smith v. Reynolds Metals Co., 497 So. 2d 93 (Ala. 1986). Under the statute, even though a misrepresentation be made by mistake and innocent of any intent to deceive, if it is a material fact and is acted upon with belief in its truth by the one to whom it is made, it may constitute legal fraud. Mid-State Homes, Inc. v. Startley, 366 So. 2d 734 (Ala. Civ. App. 1979)

Gougeans v. Realty Sales & Mortgage, 675 So. 2d 441, 443 (Ala. Civ. App., 1995); see also Cain v. Saunders, 813 So. 2d 891 (Ala. Civ. App. 2001).

Even if the court assumes that Lavender and Owen did not know of the PPH and valvular heart disease risks associated with these drugs and, therefore, did not recklessly or intentionally misstate what *they* knew, their innocent misrepresentations, at least as alleged by the complaint, understating the risks constitute a "possible" cause of action in Alabama. As long as it is possible that a state court may find that the complaint states a claim against the non-diverse defendant, even if it is a claim with poor prospects of ultimate success, the non-diverse defendant has not been fraudulently joined and the case must be remanded for lack of proper diversity jurisdiction.

The court is persuaded that the defendants have not carried the "heavy burden" of showing fraudulent joinder of Lavender and Owen. There is a possibility that the plaintiffs can state a claim against them, as sales representatives who met with physicians and answered questions regarding the risks and benefits of these drugs, for negligently or innocently misrepresenting the material facts concerning the risks associated with the drugs. At the very least, the claim against Lavender and

6

Owen is not so clearly lacking in substance that the court assuredly has subject-matter jurisdiction of this case. Questions must be resolved in favor of remand. In a contested removal, a presumption exists in favor of remanding the case to state court; accordingly, all disputes of fact must be resolved in favor of the plaintiff and all ambiguities of law must be resolved in favor of remand. Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997); Whitt v. Sherman International Corp., 147 F.3d 1325 (11th Cir. 1998). Because Lavender and Owen are not fraudulently joined in this action, diversity jurisdiction is lacking and the court must remand the case to the state court.

<u>Order</u>

Based on the foregoing considerations, it is therefore, ORDERED that the plaintiffs' motion to remand is due to be and hereby is GRANTED. Upon the expiration of fifteen (15) days from the date of this Order, the Clerk is DIRECTED to REMAND this action to the Circuit Court of Jefferson County, unless stayed by further Order of the court.

Any party may seek a review of this Order pursuant to Federal Rule of Civil Procedure 72(a) within ten (10) days after entry of this Order. Failure to seek a review may be deemed consent to the entry of this Order. See Roell v. Withrow, ___ U.S. ___, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003).

The Clerk is DIRECTED to forward a copy of the foregoing to all counsel of record.

DONE this ___18th___ day of February, 2004.

T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 FEB 24  AM 10: 15

U.S. DISTRICT COURT
H.D. OF ALABAMA

ENTERED

FEB 24 2004

ANN McGOWAN, BECKY PARTINGTON,  )
and LAURA STANFIELD,             )
                                 )
        Plaintiffs,              )
                                 )
vs.                              )    Case No. CV-04-IMP-298-S
                                 )
WYETH, INC., WYETH               )
PHARMACEUTICALS, INC.,           )
BEN LAVENDER, and ANTHONY        )
CHERRY,                          )
                                 )
        Defendants.              )

MEMORANDUM OPINION AND ORDER OF REMAND

This cause is before the court on the plaintiffs' emergency motion to remand, filed February 17, 2004, to which defendants responded with a motion to stay pending transfer to the MDL proceedings on February 19, 2004. The motion has been briefed by both sides, and the court finds that the action is due to be remanded.

Procedure History

Plaintiffs McGowan, Partington, and Stanfield filed their joint complaint against defendants Wyeth, Inc., and Wyeth Pharmaceuticals, Inc., (hereinafter collectively "Wyeth") and two of Wyeth's pharmaceutical salesmen, Ben Lavender and Anthony Cherry, in the Circuit Court of Jefferson County, Alabama, on January 16, 2004. The complaint alleges claims for "strict liability–defective product," "strict liability–failure to warn," "strict liability–failure to test," negligence, breach of warranties, fraud and misrepresentation, negligent and reckless misrepresentation, and conspiracy to defraud and fraudulently conceal, all arising from the plaintiffs' use of one or both of certain diet

medications manufactured and distributed by Wyeth, formerly known as American Home Products, Inc. In particular, the complaint alleges that Wyeth manufactured, marketed, and distributed two drugs, Pondimin (fenfluramine) and Redux (dexfenfluramine), which later were recognized as associated with several medical problems, including primary pulmonary hypertension and valvular heart disease. Plaintiffs allege that their doctors prescribed one or both of these drugs to them and, consequently, they have suffered medical injuries due to that use. With respect to defendants Lavender and Cherry, plaintiffs contend that these salesmen were one of the primary sources by which Wyeth communicated to physicians the risks and benefits associated with the use of these medications and, further, that these defendants either innocently, negligently, or recklessly failed to reveal to physicians all of the information known about the risks of using Pondimin and Redux.

Defendants timely removed the action to this court[1] on February 13, 2004, contending that the court has original diversity jurisdiction because Lavender and Cherry, both Alabama residents, are fraudulently joined and should be dismissed for purposes of establishing subject-matter jurisdiction. Plaintiffs have replied in their emergency motion, filed the next day, that Lavender and Cherry are not fraudulently joined and that the removal to this court was intended to do nothing more than delay the case long enough for it to be transferred to the Eastern District of Pennsylvania to be joined with an MDL case pending there. Hence, the plaintiffs have requested the court to consider their remand motion on an expedited basis before the case can be transferred to the MDL court.

---

[1] There has been a spate of these removals in the last few weeks. The undersigned himself has dealt with two earlier removals in Marshal, et al., v. Wyeth, Inc., et al., CV-04-TMP-179-S, and Johnson, et al., v. Wyeth, et al., CV-04-TMP-224-S. Consequently, the court is thoroughly familiar with the positions and arguments of the parties

2

Fraudulent Joinder

The parties agree that the case involves more than $75,000 in controversy and that the plaintiffs' citizenship is diverse from that of Wyeth. They also agree that Lavender and Cherry are Alabama residents and, therefore, not diverse from the plaintiffs. Plaintiffs assert for that reason that no diversity jurisdiction exists, the court lacks subject matter jurisdiction, the removal was improper, and the case is due to be remanded to the state circuit court. Defendants maintain, however, that Lavender and Cherry were fraudulently joined by plaintiffs simply to defeat diversity jurisdiction and, therefore, their presence in the case should be ignored for jurisdictional purposes. As the basis for this contention, defendants have offered evidence that Lavender and Cherry did not sell or promote the drug Pondimin at all and that they knew nothing about the medical risks associated with Redux. Consequently, defendants argue, there is no possibility of a recovery against either Lavender or Cherry, making their joinder in this action fraudulent.

The Eleventh Circuit Court of Appeals addressed the issue of removal grounded on diversity jurisdiction when it is alleged that a non-diverse defendant has been fraudulently joined in Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997). There the court stated:

> In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). The burden of the removing party is a 'heavy one.' B. Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A 1981).

Id. at 1538. The standard is onerous because, absent fraudulent joinder, the plaintiffs have the absolute right to choose their forum. Courts must keep in mind that the plaintiff is the master of his complaint and has the right to choose how and where he will fight his battle.

3

> This consequence makes sense given the law that "absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." Parks v. The New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962). The strict construction of removal statutes also prevents "exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal," see Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc., 507 F. Supp. 740, 744 (S.D. Ga.1981)(quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3721), a result that is costly not only for the plaintiff, but for all the parties and for society when the case must be re-litigated.

Id.

To establish fraudulent joinder of a resident defendant, the burden of proof on the removing party is a "heavy one," requiring clear and convincing evidence. Although affidavits and depositions may be considered, the court must not undertake to decide the merits of the claim while deciding whether there is a *possibility* a claim exists. The Crowe court reiterated:

> While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' [B. Inc., v. Miller Brewing Co., 663 F.2d 545, 549, n.9 (5th Cir., Unit A 1981)), the jurisdictional inquiry 'must not subsume substantive determination.' Id. at 550. Over and over again, we stress that 'the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.' Id. at 548-49. When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. See id. 'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.' Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in* Georgetown Manor, Inc. v. Ethan Allen, Inc., 991 F.2d 1533 (11th Cir. 1993).

Id. (Emphasis added).

More recently, in Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001), the court of appeals emphasized the limits of the fraudulent joinder analysis, saying:

4

> For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superceded by statute on other grounds as stated in* Wilson v. General Motors Corp., 888 F.2d 779 (11th Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F.3d at 1287 (emphasis in original).

Id.; see also Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003)("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court.") Clearly, the fraudulent joinder issue does not permit the court to examine the merits of the claim asserted against a non-diverse defendant beyond seeking to determine whether there is "a possibility" that a state court might find a valid claim to be stated.

In this case, the court is persuaded that the plaintiffs have stated a legally possible claim against the non-diverse defendants, Lavender and Cherry, in the form negligent fraud claims. To state such a possible claim, the plaintiffs need only allege that Lavender and Cherry misrepresented certain material facts about the risks associated with use of Pondimin[2] and Redux and that plaintiffs,

---

[2] Lavender and Cherry have given affidavits in which they state they never sold, marketed, or promoted the drug Pondimin. Even if these plaintiffs all used only Pondimin, there is a "possible" basis for Lavender's and Cherry's liability. They admit that when questioned by physicians about Pondimin, they attempted to provide answers based on the information they received from Wyeth. Thus, it remains "possible," as alleged in the complaint, that they made misstatements about the risks of use of Pondimin as well as Redux. Whether that "possibility" is something that can be developed factually goes to the merits of the claim and is beyond the fraudulent joinder analysis the court must

through their physicians, reasonably relied upon such misrepresentations. It is unimportant that Lavender and Cherry did not know of the risks and, therefore, did not *intentionally* misrepresent the risks associated with these drugs. Alabama law recognizes an action for innocent or negligent misrepresentation as well as for reckless and intentional misrepresentations. For example, the Alabama Court of Civil Appeals has explained:

> An innocent misrepresentation is as much a legal fraud as an intended misrepresentation. The good faith of a party in making what proves to be a material misrepresentation is immaterial as to whether there was an actionable fraud. Smith v. Reynolds Metals Co., 497 So. 2d 93 (Ala. 1986). Under the statute, even though a misrepresentation be made by mistake and innocent of any intent to deceive, if it is a material fact and is acted upon with belief in its truth by the one to whom it is made, it may constitute legal fraud. Mid-State Homes, Inc. v. Startley, 366 So. 2d 734 (Ala. Civ. App. 1979).

Goggans v. Realty Sales & Mortgage, 675 So. 2d 441, 443 (Ala. Civ. App., 1996); see also Cain v. Saunders, 813 So. 2d 891 (Ala. Civ. App. 2001).

Even if the court assumes that Lavender and Cherry did not know of the PPH and valvular heart disease risks associated with these drugs and, therefore, did not recklessly or intentionally misstate what *they* knew, their innocent misrepresentations, at least as alleged by the complaint, understating the risks constitute a "possible" cause of action in Alabama. As long as it is possible that a state court may find that the complaint states a claim against the non-diverse defendant, even if it is a claim with poor prospects of ultimate success, the non-diverse defendant has not been fraudulently joined and the case must be remanded for lack of proper diversity jurisdiction.

---

undertake.

6

The court is persuaded that the defendants have not carried the "heavy burden" of showing fraudulent joinder of Lavender and Cherry. There is a possibility that the plaintiffs can state a claim against them, as sales representatives who met with physicians and answered questions regarding the risks and benefits of these drugs, for negligently or innocently misrepresenting the material facts concerning the risks associated with the drugs. At the very least, the claim against Lavender and Cherry is not so clearly lacking in substance that the court assuredly has subject-matter jurisdiction of this case. Uncertainties must be resolved in favor of remand. In a contested removal, a presumption exists in favor of remanding the case to state court; accordingly, all disputes of fact must be resolved in favor of the plaintiff and all ambiguities of law must be resolved in favor of remand. Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997); Whitt v. Sherman International Corp., 147 F.3d 1325 (11th Cir. 1998). Because Lavender and Cherry are not fraudulently joined in this action, diversity jurisdiction is lacking and the court must remand the case to the state court.

### Order

Based on the foregoing considerations, it is therefore, ORDERED that the plaintiffs' motion to remand is due to be and hereby is GRANTED. Upon the expiration of fifteen (15) days from the date of this Order, the Clerk is DIRECTED to REMAND this action to the Circuit Court of Jefferson County, unless stayed by further order of the court.

The defendants' motion to stay is DENIED.

Any party may seek a review of this Order pursuant to Federal Rule of Civil Procedure 72(a) within ten (10) days after entry of this Order. Failure to seek a review may be deemed consent to

7

the entry of this Order. See Roell v. Withrow, ___ U.S. ___, 123 S. Ct. 1696, 155 L. Ed. 2d 775
(2003).

The Clerk is DIRECTED to forward a copy of the foregoing to all counsel of record.

DONE this _____ day of February, 2004.

T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 FEB 23 PM 3: 34

U.S. DISTRICT COURT
N.D. OF ALABAMA

**ENTERED**

FEB 2 3 2004

JUANITA JOHNSON, LORETTA SUE )
KERCE, MYRTICE D. MILLS, )
VICKI N. PARSONS, DEENA L. PHILLIPS, )
LINDA J. PIPER, BRENDA J. ROTH, )
ALLISON L. WEST, )
)
　　　　Plaintiffs, )
)
vs. )
)
WYETH, a corporation; DAVID WURM, an )
individual, et al., )
)
　　　　Defendants. )

Case No. CV-04-TMP-224-S

MEMORANDUM OPINION AND REMAND ORDER

This cause is before the court on the plaintiffs' motion to remand and for sanctions (Doc. 8) filed February 10, 2004, as well as defendant Wyeth's motion to stay pending transfer to the Multi-District Litigation court (Doc. 10), filed February 17, 2004. For the reasons expressed below, the court finds that the motion for remand is due to be granted, the motion for sanctions denied, and the motion for a stay denied.

Procedure History

Plaintiffs filed their joint complaint against defendants Wyeth and one of Wyeth's pharmaceutical salesmen, David Wurm, in the Circuit Court of Jefferson County, Alabama, on January 5, 2004. They allege claims under the Alabama Extended Manufacturers Liability Doctrine ("AEMLD") and for product liability-failure to warn, breach of the implied warranty of

merchantability, negligence, wantonness, fraud, misrepresentation, and suppression, all arising from the plaintiffs' use of one or both of certain diet medications manufactured and distributed by Wyeth, formerly known as American Home Products, Inc. In particular, the complaint alleges that Wyeth manufactured, marketed, and distributed two drugs, Pondimin (fenfluramine) and Redux (dexfenfluramine), which later were recognized as associated with several medical problems, including primary pulmonary hypertension and valvular heart disease. Plaintiffs allege that their doctors prescribed one or both of these drugs to them and, consequently, have suffered medical injuries due to that use. With respect to defendant Wurm, plaintiffs contend that this salesman was one of the primary sources by which Wyeth communicated to physicians the risks and benefits associated with use of these medications and, further, that he either innocently, negligently, or recklessly failed to reveal to plaintiffs' physicians all of the information known about the risks of using Pondimin and Redux.

Defendants timely removed the action to this court on February 4, 2004, contending that the court has original diversity jurisdiction because Wurm is fraudulently joined and should be dismissed for purposes of establishing subject-matter jurisdiction. Plaintiffs have replied in their motion to remand that Wurm is not fraudulently joined and that the removal to this court was intended to do nothing more than delay the case long enough for it to be transferred to the Eastern District of Pennsylvania to be joined with an MDL case pending there. Hence, the plaintiffs have requested the court to consider their remand motion on an expedited basis before the case can be transferred to the MDL court.

2

## Fraudulent Joinder

The parties agree that the case involves more than $75,000 in controversy and that the plaintiffs' citizenship is diverse from that of Wyeth. They also agree that Wurm, a pharmaceutical representative employed by Wyeth and its predecessor, American Home Products, Inc., is an Alabama resident and, therefore, not diverse from the plaintiffs. Plaintiffs assert for that reason that no diversity jurisdiction exists, the court lacks subject matter jurisdiction, the removal was improper, and the case is due to be remanded to the state circuit court. Defendants maintain, however, that Wurm was fraudulently joined by plaintiffs simply to defeat diversity jurisdiction and, therefore, his presence in the case should be ignored for jurisdictional purposes. As the basis for this contention, defendants have offered evidence that Wurm did not sell or promote the drug Pondimin at all and that he knew nothing about the medical risks associated with Redux. Consequently, defendants argue, there is no possibility of a recovery against Wurm, making his joinder in this action fraudulent.

The Eleventh Circuit Court of Appeals addressed the issue of removal grounded on diversity jurisdiction when it is alleged that a non-diverse defendant has been fraudulently joined in Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997). There the court stated:

> In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). The burden of the removing party is a "heavy one." B. Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A 1981).

Id. at 1538. The standard is onerous because, absent fraudulent joinder, the plaintiffs have the absolute right to choose their forum. Courts must keep in mind that the plaintiff is the master of

3

his complaint and has the right to choose how and where he will fight his battle.

> This consequence makes sense given the law that "absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." Parks v. The New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962). The strict construction of removal statutes also prevents "exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal," see Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc., 507 F. Supp. 740, 744 (S.D. Ga.1981)(quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3721), a result that is costly not only for the plaintiff, but for all the parties and for society when the case must be re-litigated.

Id.

To establish fraudulent joinder of a resident defendant, the burden of proof on the removing party is a "heavy one," requiring clear and convincing evidence. Although affidavits and depositions may be considered, the court must not undertake to decide the merits of the claim while deciding whether there is a *possibility* a claim exists. The Crowe court reiterated:

> While "the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b)," [B. Inc., v. Miller Brewing Co., 663 F.2d 545, 549, n.9 (5th Cir., Unit A 1981)], the jurisdictional inquiry 'must not subsume substantive determination.' Id. at 550. Over and over again, we stress that 'the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.' Id. at 548- 49. When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. See id. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.' Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993).

Id. (Emphasis added).

More recently, in Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001), the court of appeals emphasized the limits of the fraudulent joinder analysis, saying:

4

> For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superceded by statute on other grounds as stated in* Wilson v. General Motors Corp., 888 F.2d 779 (11th Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F.3d at 1287 (emphasis in original).

Id.; *see also* Tillman v. R. J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003)("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court."). Clearly, the fraudulent joinder issue does not permit the court to examine the merits of the claim asserted against a non-diverse defendant beyond seeking to determine whether there is "a possibility" that a state court might find a valid claim to be stated.

In this case, the court is persuaded that the plaintiffs have stated a legally possible claim against the non-diverse defendant, Wurm, in the form of a negligent fraud claim. To state such a possible claim, the plaintiffs need only allege that Wurm misrepresented certain material facts about the risks associated with use of Pondimin[1] and Redux and that plaintiffs, through their physicians,

---

[1] Wurm has filed an affidavit in which he states that he never sold, marketed, or promoted the drug Pondimin. Even if these plaintiffs all used only Pondimin, there is a "possible" basis for Wurm's liability. Wurm admits that when questioned by physicians about Pondimin, he attempted to provide answers based on the information he received from Wyeth. Thus, it remains "possible," as alleged in the complaint, that he made misstatements about the risks of using Pondimin, as well as Redux. Whether that "possibility" is something that can be developed factually goes to the merits of the claim and is beyond the fraudulent joinder analysis the court must undertake.

reasonably relied upon such misrepresentations. It is unimportant that Wurm did not know of the risks and, therefore, did not *intentionally* misrepresent the risks associated with these drugs. Alabama law recognizes an action for innocent or negligent misrepresentation as well as for reckless and intentional misrepresentations. For example, the Alabama Court of Civil Appeals has explained:

> An innocent misrepresentation is as much a legal fraud as an intended misrepresentation. The good faith of a party in making what proves to be a material misrepresentation is immaterial as to whether there was an actionable fraud. Smith v. Reynolds Metals Co., 497 So. 2d 93 (Ala. 1986). Under the statute, even though a misrepresentation be made by mistake and innocent of any intent to deceive, if it is a material fact and is acted upon with belief in its truth by the one to whom it is made, it may constitute legal fraud. Mid-State Homes, Inc. v. Startley, 366 So. 2d 734 (Ala. Civ. App. 1979).

Goggans v. Realty Sales & Mortgage, 675 So. 2d 441, 443 (Ala. Civ. App., 1996); see also Cain v. Saunders, 813 So. 2d 891 (Ala. Civ. App. 2001).

Even if the court assumes that Wurm did not know of the PPH and valvular heart disease risks associated with these drugs and, therefore, did not recklessly or intentionally misstate what *he* knew, his innocent misrepresentations, at least as alleged by the complaint, understating the risks constitute a "possible" cause of action in Alabama. As long as it is possible that a state court may find that the complaint states a claim against the non-diverse defendant, even if it is a claim with poor prospects of ultimate success, the non-diverse defendant has not been fraudulently joined and the case must be remanded for lack of proper diversity jurisdiction.

The court is persuaded that the defendants have not carried the "heavy burden" of showing fraudulent joinder of Wurm. There is a possibility that the plaintiffs can state a claim against him,

6

as a sales representative who met with physicians and answered questions regarding the risks and benefits of these drugs, for negligently or innocently misrepresenting the material facts concerning the risks associated with the drugs. At the very least, the claim against Wurm is not so clearly lacking in substance that the court assuredly has subject-matter jurisdiction of this case. Questions must be resolved in favor of remand. In a contested removal, a presumption exists in favor of remanding the case to state court; accordingly, all disputes of fact must be resolved in favor of the plaintiff and all ambiguities of law must be resolved in favor of remand. Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997); Whitt v. Sherman International Corp., 147 F.3d 1325 (11th Cir. 1998). Because Wurm, a non-diverse defendant, is not fraudulently joined in this action, diversity jurisdiction is lacking and the court must remand the case to the state court.

### Order

Based on the foregoing considerations, it is therefore, ORDERED that the plaintiffs' motion to remand is due to be and hereby is GRANTED. Upon the expiration of fifteen (15) days from the date of this Order, the Clerk is DIRECTED to REMAND this action to the Circuit Court of Jefferson County, unless stayed by further Order of the court.

The defendants' motion to stay is DENIED.

Any party may seek a review of this Order pursuant to Federal Rule of Civil Procedure 72(a) within ten (10) days after entry of this Order. Failure to seek a review may be deemed consent to the entry of this Order. See Roell v. Withrow, ___ U.S. ___, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003).

The Clerk is DIRECTED to forward a copy of the foregoing to all counsel of record.

DONE this ___23rd___ day of February, 2004.

T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA 04 FEB 27  AH 8: 30
MIDDLE DIVISION

U.S. D...
ND OF ALABAMA

RHONDA P. BRADFORD, et al.,        )
                                   )
        Plaintiffs,                )
                                   )        Case No.: CV 03-P-3157-M.
v.                                 )
                                   )        ENTERED
WYETH, et al.,                     )
                                   )        FEB 27 2004
        Defendants.                )

## ORDER

Pending before the court are several motions including Plaintiffs' Motion to Remand (Doc.
#10) filed on December 22, 2003, and Plaintiffs' Motion for Emergency Hearing and/or Ruling (Doc.
#34) filed on February 25, 2004.

On February 20, 2004, the Chairman of the Judicial Panel on Multidistrict Litigation, Judge
Wm. Terrell Hodges, sent a letter to all judges, including the undersigned, involved with MDL-
1203—*In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation.*
In this notice, the Judicial Panel on Multidistrict Litigation encouraged judges to issue rulings on
pending motions and in particular, motions to remand.

With this directive from the Judicial Panel in mind and based upon the analysis set forth in
recent related remand decisions by other judges of this court, Plaintiffs' Motion to Remand is
GRANTED, and this case is REMANDED to the Circuit Court of Etowah County. *See, e.g.,
Martha M. Davis v. Wyeth, et al.,* United States District Court for the Northern District of Alabama,
Jasper Division, CV 03-J-3167-J, February 25, 2004 (Doc. #17); *Ann McGowan, et al. v. Wyeth, Inc.,
et al.,* United States District Court for the Northern District of Alabama, Southern Division, CV 04-

TMP-298-S, February 24, 2004 (Doc. #12); *Juanita Johnson, et al. v. Wyeth, et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-224-S, February 23, 2004 (Doc. #11); *Jeremari Marshal, et al. v. Wyeth, Inc.. et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-179-S, February 18, 2004 (Doc. #17).

Accordingly, Plaintiffs' Motion for Emergency Hearing and/or Ruling (Doc. #34) is GRANTED IN PART as to the request for a ruling and DENIED IN PART as to the request for an emergency hearing. Plaintiffs' Motion for Sanctions (Doc. #10) is DENIED. Defendants' Motion to Stay (Doc. #23) filed on January 21, 2004, is DENIED. The various pending motions to strike (Docs. #24, #27, #29, #52) are MOOT. Defendants' Motion to Amend Answer (Doc. #16) filed on January 13, 2004, remains pending and will be transferred back with the court file to the Circuit Court of Blount County.

DONE and ORDERED this ___26th___ day of February, 2004.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

2



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA FEB 27 PM 3: 26
MIDDLE DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

JOHN W. SMITH,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )    Case No.: CV 04-P-226-M
                                        )
WYETH, et al.,                          )    **ENTERED**
                                        )
        Defendants.                     )    FEB 2 7 2004

ORDER

On February 16, 2004, the court entered an Order staying this litigation pending action by the Judicial Panel on Multidistrict Litigation. *See In re Diet Drugs (Phentermine/Fenfluramine (Dexfenfluramine) Products Liability Litigation,* MDL-1203. (Doc. #11) Based upon the analysis set forth in recent related remand decisions by other judges of this court, the stay is LIFTED, Plaintiffs' Motion to Remand (Doc. #8) filed on February 10, 2004, is GRANTED, and this case is REMANDED to the Circuit Court of DeKalb County. *See, e.g., Martha M. Davis v. Wyeth, et al.,* United States District Court for the Northern District of Alabama, Jasper Division, CV 03-J-3167-J, February 25, 2004 (Doc. #17); *Ann McGowan, et al. v. Wyeth, Inc., et al.,* United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-298-S, February 24, 2004 (Doc. #12); *Juanita Johnson, et al. v. Wyeth, et al.,* United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-224-S, February 25, 2004 (Doc. #11); *Jevenari Marshal, et al. v. Wyeth, Inc., et al.,* United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-179-S, February 18, 2004 (Doc. #17).

Plaintiffs' Motion for Sanctions (Doc. #8) is DENIED.

DONE and ORDERED this ___27th___ day of February, 2004.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

2



IN THE UNITED STATES DISTRICT COURT   04 FEB 27 AM 10: 28
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

BOUDREAUX, et al.,                    )
                                      )
        Plaintiffs,                   )
                                      )
v.                                    )    Case No.: CV 04-P-227-M
                                      )
WYETH, et al.,                        )    **ENTERED**
                                      )
        Defendants.                   )    FEB 27 2004

## ORDER

On February 18, 2004, the court entered an Order staying this litigation pending action by the Judicial Panel on Multidistrict Litigation. *See In re Diet Drugs (Phentermine/Fenfluramine (Dexfenfluramine) Products Liability Litigation,* MDL-1203. (Doc.#11). Based upon the analysis set forth in recent related remand decisions by other judges of this court, the stay is LIFTED, Plaintiffs' Motion to Remand (Doc. #5) filed on February 10, 2004, is GRANTED, and this case is REMANDED to the Circuit Court of Marshall County. *See, e.g., Martha M. Davis v Wyeth, et al.,* United States District Court for the Northern District of Alabama, Jasper Division, CV 03-J-3167-J, February 25, 2004 (Doc. #17); *Ann McGowan, et al. v. Wyeth, Inc., et al.,* United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-298-S, February 24, 2004 (Doc. #12); *Juanita Johnson, et al. v. Wyeth, et al.,* United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-224-S, February 23, 2004 (Doc. #11); *Jevenari Marshal, et al. v. Wyeth, Inc., et al.,* United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-179-S, February 18, 2004 (Doc. #17).

Plaintiffs' Motion for Sanctions (Doc. #9) is DENIED.

**COPY**



DONE and ORDERED this ___27th___ day of February, 2004

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

FILED

04 MAR -2 PH 3:30

U.S. DISTRICT COURT
N.D. OF ALABAMA

MILDRED BRIDGES,

    Plaintiff,

v.

WYETH, et al.,

    Defendants.

)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.
04-AR-0297-J

ENTERED

MAR 02 2004

ORDER OF REMAND

For the separate and several reasons articulated by Honorable Inge Johnson of this court in *Davis v. Wyeth, et al*, CV-03-J-3167-J, and by other judges of this court in similar cases, this court finds that it lacks subject-matter jurisdiction over the above-entitled removed case. The court is not prepared to express the belief that there is no reasonable possibility that Alabama courts will allow the joinder of an agent of a manufacturer as a defendant in an Alabama Extended Manufacturer's Liability Doctrine (AEMLD) case. See the muddy water stirred by *Tillman v. R. J. Reynolds Tobacco Co.*, ___ So. 2d ___, 2003 WL 21489707 (Ala.). Accordingly, the motion to remand filed by plaintiff, Mildred Bridges, is GRANTED, pursuant to 28 U.S.C. §1447(c), and the above-entitled case is hereby REMANDED to the Circuit Court of Walker County, Alabama, from which it was improvidently removed.

Defendant, Wyeth, has, in the alternative, requested a certification for interlocutory appeal to the Eleventh Circuit pursuant to 28 U.S.C. § 1292(b). Upon reflection, the court is

just as unwilling attempt to pass off to the Eleventh Circuit this serious question of Alabama law as it is to pass it off to the Multi-District Panel.

The Clerk is DIRECTED to effectuate this order.

The parties shall bear their own respective costs in this court.

DONE this _2nd_ day of March, 2004.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

04 MAR -5 PM 2:02

U.S. DISTRICT COURT
N.D. OF ALABAMA

DEBRA HOUGH, et al.,                    )

        PLAINTIFF,                      )

                                        )        CV-04-H-393-S

VS.                                     )

WYETH, et al.,                          )        ENTERED

        DEFENDANTS.                     )        MAR 0 5 2004

ORDER OF REMAND

The court has before it plaintiffs' emergency motion to
remand filed March 2, 2004 and the response thereto of Wyeth
filed on March 4, 2004 titled "Wyeth's Motion to Stay to Allow
Transfer to the Multi-District Litigation Proceeding." Wyeth's
motion includes a memo addressing the merits of a possible stay,
and in paragraph one of Wyeth's motion counsel discusses a number
of cases out of the three district courts in Alabama confronted
with the same or a related issue with which this court is
confronted. It is interesting to note that none of the ten very
recent orders of Judges Clemon, Johnson, Bowdre, Proctor, and
Acker, and Magistrate Judges Putnam and Armstrong of the Northern
District of Alabama listed in footnote 3, infra, are included in
the otherwise exhaustive list of relevant cases. The court also

has before it plaintiffs' opposition to Wyeth's motion to stay.[1]

It is clear to the undersigned that jurisdictional issues in a removed case should be decided as quickly as possible. The failure to do so may allow an improperly removed case to languish for many, many months before being remanded to state court.[2] Where a motion to remand is founded only on a claim of fraudulent joinder as is the circumstance before this court,[3] the motion can be resolved quickly. The court is to consider whether the removing party has met the onerous burden[4] of showing that "there

---

[1] Interestingly, plaintiff's opposition was filed on March 2, 2004 in "anticipation" of defendant's March 4, 2004 motion.

[2] It is not irrelevant that on February 20, 2004, the Chairman of the Judicial Panel on Multidistrict Litigation, District Judge Wm. Terrell Hodges, sent a letter to all judges involved with MDL-1203 – *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation.* In this letter, the Judicial Panel on Multidistrict Litigation encouraged judges to issue rulings on pending motions and in particular, motions to remand.

[3] Plaintiff's emergency motion to remand is based on the same issue recently addressed by the following judges in this district: Chief Judge U.W. Clemon (CV-03-C-2564-M), Judge William Acker (CV-04-AR-0297-J), Judge Karon Bowdre (CV-03-BE-2876-S and CV-04-BE-27-E), Judge Inge Johnson (CV-03-J-3167-J), Judge David Proctor (CV-03-P-3157-M and CV-04-P-226-M), Magistrate Judge Robert Armstrong (CV-03-RRA-3378-E), and Magistrate Judge Michael Putnam (CV-04-TMP-179-S and CV-04-TMP-296-S). All of these judges have entered remand orders in factually similar cases to the one with which this court is presented. However, the application of the law pertinent to removal and fraudulent joinder is particularly well stated in Judge Putnam's orders of remand, and therefore it is Magistrate Putnam's orders to remand which this court follows most closely.

[4] The standard facing the removing party is an onerous one because absent fraudulent joinder, plaintiffs have the absolute right to choose their forum.

is no possibility that the plaintiff can establish a cause of action against the resident defendant." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). The merits of the claim against a diversity destroying defendant must not be weighed by the federal court; rather the task for the court is merely to determine whether the claim against a non-diverse defendant is a possible one under applicable state law. See id. The court must find joinder proper and remand to state court if there is any possibility that, on the facts as pled, the complaint states a cause of action against any non-diverse defendant. See Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983) (emphasis added).

For the foregoing reasons, Wyeth's motion to stay is DENIED. And upon review of the record, the court is persuaded that under Alabama law the plaintiffs have stated a legally possible claim against the non-diverse defendants, Lavender and Cherry.[6]

---

[5] The removing party may also succeed in a claim for fraudulent joinder by proving that "the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Crowe, 113 F.3d at 1538. Defendant Wyeth does not attempt to show fraudulent joinder by use of this second method.

[6] Lavender and Cherry have given affidavits stating that they never advertised, assembled, created, designed, detailed, distributed, labeled, made, manufactured, marketed, packaged, promoted, sold, sterilized, supplied, tested, or warranted the drug Pondimin. They also state that they never assembled, created, designed, distributed, labeled, made, manufactured, packaged, sold, sterilized, supplied, tested, or warranted the drug Redux. They assert that they were not aware of any alleged association between Pondimin and Redux and/or valvular heart disease until the time such an allegation was publicized.

Therefore, plaintiff's emergency motion to remand is GRANTED and this case is REMANDED to the Circuit Court of Blount County, Alabama for all further proceedings.

DONE this 5th day of March, 2004.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Nevertheless, Lavender and Cherry's alleged innocent misrepresentations understating the risks associated with the use of the combination of drugs for weight loss constitutes a possible cause of action under Alabama law. See Ala. Code § 6-5-101 (Michie 1993); see also Ala. Pattern Jury Instructions Civil, 2d., APJI 18.03 (1993).

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION    FILED

MAR  8 2004

|  |  |  |
|---|---|---|
| HARLENE BROGDEN, et al., | ) | CLERK<br>U. S. DISTRICT COURT<br>MIDDLE DIST. OF ALA. |
| Plaintiffs, | ) |  |
| v. | ) | CIVIL ACTION NO.<br>04-T-068-S |
| WYETH, a corporation,<br>et al., | ) |  |
| Defendants. | ) |  |

ORDER

This lawsuit, which was removed from state to federal
court based on diversity-of-citizenship jurisdiction, 28
U.S.C.A. §§ 1332, 1441, is now before the court on
plaintiffs' motion to remand.  The court agrees with
plaintiffs that this case should be remanded to state
court.  First, there has not been fraudulent joinder of any
resident defendant (that is, plaintiffs have colorable
claims against such a defendant), see Coker v. Amoco Oil
Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v.
Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).
Second, there has not been fraudulent misjoinder of any

EOD  3-5-04

21

resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on January 30, 2004 (doc. no. 7), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Dale County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 8th day of March, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

FILED

MAR 8 2004

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

JOAN REEDER, )
)
    Plaintiff, )
)          CIVIL ACTION NO.
    v. )          04-T-066-N
)
WYETH, a corporation, )
et al., )
)
    Defendants. )

-ORDER-

This lawsuit, which was removed from state to federal
court based on diversity-of-citizenship jurisdiction, 28
U.S.C.A. §§ 1332, 1441, is now before the court on
plaintiff's motion to remand.    The court agrees with
plaintiff that this case should be remanded to state court.
First, there has not been fraudulent joinder of any
resident defendant (that is, plaintiff has colorable claims
against such a defendant), see Coker v. Amoco Oil Co., 709
F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard
Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).    Second,
there has not been fraudulent misjoinder of any resident

EOD  3/8/04

defendant (that is, plaintiff has reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motions to remand, filed on January 30, 2004 (doc. no. 8), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Elmore County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 8th day of March, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

FILED

IN THE UNITED STATES DISTRICT COURT 04 MAR -9 AM 8:29
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION
U.S. DISTRICT COURT
ND OF ALABAMA

WILMA SUE EATON, et al.,      )
                              )
         Plaintiffs,          )
                              )
v.                            )          Case No.: CV 04-P-380-M
                              )
WYETH, et al.,                )          ENTERED
                              )
         Defendants.          )          MAR - 9 2004

ORDER

This case is before the court on Plaintiffs' Emergency Motion to Remand (Doc. # 9) filed on February 27, 2004; Defendant Wyeth's Motion for Entry of Briefing Schedule (Doc. # 10) filed March 2, 2004; and Defendant Wyeth's Motion to Stay to Allow Transfer to the Multi-District Litigation Proceeding (Doc. # 11) filed on March 4, 2004. Plaintiffs' motion is GRANTED, and this case is REMANDED to the Circuit Court of Marshall County. *See, e.g., Martha M. Davis v. Wyeth, et al.,* United States District Court for the Northern District of Alabama, Jasper Division, CV 03-J-3167-J, February 25, 2004 (Doc. #17); *Ann McGowan, et al. v. Wyeth, Inc., et al.,* United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-298-S, February 24, 2004 (Doc. #12); *Juanita Johnson, et al. v. Wyeth, et al.,* United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-224-S, February 23, 2004 (Doc. #11); *Jevenari Marshal, et al. v. Wyeth, Inc., et al.,* United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-179-S, February 18, 2004 (Doc. #17). Defendant Wyeth's motions for entry of briefing schedule (Doc. # 10) and motion to stay (Doc. # 11) are DENIED.

DONE and ORDERED this _____ 8th _____ day of March, 2004.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

2

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| KIM ALLEN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | )    CIVIL ACTION NO. |
| v. | )    2:06cv0238-T |
| | ) |
| WYETH, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand. The court agrees with plaintiffs that this case should be remanded to state court. First, there has not been fraudulent joinder of any resident defendant (that is, plaintiffs have colorable claims against such a defendant), see Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553,

1561 (11th Cir. 1989). Second, there has not been fraudulent misjoinder of any resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on March 12, 2004 (doc. no. 7), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Barbour County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 9th day of April, 2004.

/s/ Myron H. Thompson

_____

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| EUNICE CHESTNUT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:04cv0295-T |
| WYETH, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>ORDER</u>

This lawsuit, which was removed from state to
federal court based on diversity-of-citizenship
jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before
the court on plaintiffs' motion to remand. The court
agrees with plaintiffs that this case should be remanded
to state court. First, there has not been <u>fraudulent</u>
<u>joinder</u> of any resident defendant (that is, plaintiffs
have colorable claims against such a defendant), <u>see</u>
<u>Coker v. Amoco Oil Co.</u>, 709 F.2d 1433, 1440 (11th Cir.
1983); <u>Cabalceta v. Standard Fruit Co.</u>, 883 F.2d 1553,

1561 (11th Cir. 1989).    Second, there has not been fraudulent misjoinder of any resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on April 1, 2004 (doc. no. 8), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Geneva County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 3th day of May, 2004.

/s/ Myron H. Thompson

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

LONNE KING, et al.,          )
                             )
        Plaintiffs,          )
                             )
        v.                   )        CIVIL ACTION NO.
                             )         2:04cv0409-T
WYETH, INC., etc.,           )
et al.,                      )
                             )
        Defendants.          )

## ORDER

This lawsuit, which was removed from state to federal
court based on diversity-of-citizenship jurisdiction, 28
U.S.C.A. §§ 1332, 1441, is now before the court on
plaintiffs' motion to remand.   The court agrees with
plaintiffs that this case should be remanded to state court.
First, there has not been fraudulent joinder of any resident
defendant (that is, plaintiffs have colorable claims against
such a defendant), see Coker v. Amoco Oil Co., 709 F.2d
1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit
Co., 883 F.2d 1553, 1561 (11th Cir. 1989).   Second, there
has not been fraudulent misjoinder of any resident defendant

(that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on May 4, 2004 (doc. no. 1), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Barbour County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 24th day of May, 2004.

/s/ Myron H. Thompson

_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| BARBARA CULPEPPER, et al., )<br><br>    Plaintiffs, )<br><br>    v. )<br><br>WYETH, INC.,<br>et al., )<br><br>    Defendants. ) | CIVIL ACTION NO.<br>2:04cv0411-T |

### ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand. The court agrees with plaintiffs that this case should be remanded to state court. First, there has not been fraudulent joinder of any resident defendant (that is, plaintiffs have colorable claims against such a defendant), see Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). Second, there has not been fraudulent misjoinder of any resident defendant

(that is, plaintiffs have reasonably joined such a defendant
with other defendants pursuant to Rule 20 of the Federal
Rules of Civil Procedure), see Tapscott v. MS Dealer Service
Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of
the court that plaintiffs' motion to remand, filed on May
4, 2004 (doc. no. 10), is granted and that, pursuant to 28
U.S.C.A. § 1447(c), this cause is remanded to the Circuit
Court of Montgomery County, Alabama.

It is further ORDERED that all other outstanding
motions are denied.

The clerk of the court is DIRECTED to take appropriate
steps to effect the remand.

DONE, this the 24th day of May, 2004.

/s/ Myron H. Thompson

_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

JERRY BRADEN, et al.,           )
                                )
        Plaintiffs,             )
                                )
        v.                      )       CIVIL ACTION NO.
                                )       1:04cv0384-T
WYETH, etc.,                    )
et al.,                         )
                                )
        Defendants.             )

### ORDER

This lawsuit, which was removed from state to federal
court based on diversity-of-citizenship jurisdiction, 28
U.S.C.A. §§ 1332, 1441, is now before the court on
plaintiffs' motion to remand.  The court agrees with
plaintiffs that this case should be remanded to state court.
First, there has not been fraudulent joinder of any resident
defendant (that is, plaintiffs have colorable claims against
such a defendant), see Coker v. Amoco Oil Co., 709 F.2d
1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit
Co., 883 F.2d 1553, 1561 (11th Cir. 1989).  Second, there
has not been fraudulent misjoinder of any resident defendant

(that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on April 27, 2004 (doc. no. 9), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Coffee County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 24th day of May, 2004.

/s/ Myron H. Thompson

_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

M. REBECCA CROSS, et al.,                    )
                                             )
        Plaintiffs,                          )
                                             )        CIVIL ACTION NO.
v.                                           )        03-0882-BH-M
                                             )
WYETH, et al.,                               )
                                             )
        Defendants.                          )

ORDER

        This action is before the Court on plaintiffs' motion (Doc. 14) to reconsider and to

lift the stay imposed on February 19, 2004 (Doc. 13), and thus to reverse the Court's prior

denial of plaintiffs' motion to remand (Docs. 6 and 7).  Upon consideration of the parties'

oral arguments presented on March 15, 2004, as well as those set forth in Wyeth's

Supplemental Response (Doc. 19), and all other pertinent portions of the record, the Court

concludes that plaintiffs' motion to reconsider is due to be granted because the Court

lacked jurisdiction at the outset to enter an order denying plaintiffs' motion to remand and

in imposing a stay until the action could be transferred for consolidation with the pending

MDL-1203 case.

        As recognized by other federal Courts in Alabama, the grounds upon which Wyeth

contends that the Wyeth Sales Representatives Paul Windham and John Land have been

fraudulently joined go to the merits of plaintiffs' claims against these individual resident

defendants, which is not a proper inquiry for this Court, rather than the viability of the claims themselves.[1] *See e.g.*, *Martha M. Davis v. Wyeth, et al.*, Civil Action No. CV 03-J-3167-J (N.D. Ala. February 25, 2004)(J. Johnson). *See also*, *Michael Hall, et al. v. Wyeth, et al.*, Civil Action No. CV 04-J-0434-NE (N.D. Ala. March 9, 2004)(J. Johnson); *Smith v. Wyeth et al.*, Civil Action No. CV 04-P-226-M (N.D. Ala. February 27, 2004)(J. Proctor); *Sharon C. Crittenden, et al., v. Wyeth, et al.*, Civil Action No. 03-T-920-N (M.D. Ala. November 21, 2003)(J. Thompson); *Pamela Floyd, et al., v. Wyeth, et al.*, Civil Action No. 03-C-2564-M (N.D. Ala. October 20, 2003)(J. Clemon); *Haleh v. Merck & Co., Inc., et al.*, Civil Action No. CV 03-AR-1026-M (N.D. Ala. June 26, 2003) (J. Acker). This Court cannot declare at this juncture of the litigation that "there is no possibility that the plaintiff[s] can prove a cause of action against the resident (non-diverse) defendant[s]," a prerequisite to my declaration that the resident defendants were fraudulently joined. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983). *See also*, *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have the possibility of stating a valid cause of action in order for the joinder to be legitimate.").

For the above stated reasons, it is ORDERED that the Orders entered by this Court on February 5, 2004 (Doc. 11) denying plaintiffs' motion to remand and February 19, 2004

---

[1] Consequently, Wyeth's reliance on such cases as *Fisher v. Comer Plantation, Inc.* 772 So.2d 455 (Ala. 2000), and *Speigner v. Howard*, 502 So.2d 367 (Ala. 1987), is misguided because they were decided on the merits on motions for summary judgment following the completion of discovery

2

(Doc. 13) granting Wyeth's motion to stay, be and are hereby VACATED AND SET ASIDE. In lieu thereof, it is now ORDERED that plaintiffs' motion to remand (Doc. 6) be and is hereby GRANTED. The Clerk is directed to take such steps as are necessary to transfer this case back to the Circuit Court of Dallas County, Alabama, from whence it was removed.

As a final matter, the Court acknowledges that plaintiffs' motion to remand also contained a motion for sanctions against Wyeth. The Court concludes, however, that sufficient questions existed concerning the appropriateness of removal, as evidenced by this Court's initial decision to deny remand, to preclude the requisite finding that the removal in this case was not only improvident but done in bad faith. It is therefore ORDERED that plaintiffs' motion for sanctions be and is hereby DENIED.

DONE this 29th day of March, 2004.

s/ W. B. Hand
SENIOR DISTRICT JUDGE

3

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| VICTORIA BENNETT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:04cv0416-T |
| WYETH, INC., etc., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>ORDER</u>

This lawsuit, which was removed from state to federal
court based on diversity-of-citizenship jurisdiction, 28
U.S.C.A. §§ 1332, 1441, is now before the court on
plaintiffs' motion to remand.    The court agrees with
plaintiffs that this case should be remanded to state court.
First, there has not been <u>fraudulent joinder</u> of any resident
defendant (that is, plaintiffs have colorable claims against
such a defendant), <u>see</u> <u>Coker v. Amoco Oil Co.</u>, 709 F.2d
1433, 1440 (11th Cir. 1983); <u>Cabalceta v. Standard Fruit
Co.</u>, 883 F.2d 1553, 1561 (11th Cir. 1989).    Second, there
has not been <u>fraudulent misjoinder</u> of any resident defendant

(that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on May 4, 2004 (doc. no. 9), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Crenshaw County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 2nd day of June, 2004.

/s/ Myron H. Thompson

_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE