IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| APRIL WORLEY, )<br>)<br>Plaintiff. )<br>)<br>v. )<br>)<br>PFIZER, INC., MONSANTO )<br>COMPANY, PHARMACIA, )<br>PHARMACIA AND UPJOHN, )<br>SCOTT GRIFFIN SMITH, and )<br>Fictitious Defendants A, B, C & D, )<br>being those persons, firms, or )<br>Corporations whose fraud, scheme )<br>to defraud, and/or other wrongful )<br>conduct caused or contributed to )<br>Plaintiff's injuries and damages, and )<br>whose true names and identities are )<br>presently unknown to Plaintiff but )<br>will be substituted by amendment )<br>when ascertained, )<br>)<br>Defendants. ) | CASE NO. 2:06-CV-916-MEF |

### MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY PRIOR TO RULE 26(f) MEETING

COMES NOW Plaintiff, April Worley, by and through undersigned counsel, and, without waiving any objection to the subject matter jurisdiction of this Court, hereby moves this Court for leave to conduct limited, jurisdictional discovery <u>only</u> prior to the parties' Rule 26 (f) meeting. In support of this Motion, Plaintiff offers the following:

1.    Ms. Worley filed her Complaint on August 8, 2006, in the Circuit Court of Montgomery County, Alabama, alleging claims against the above-defendants arising out of injuries she suffered as a result of using the

pharmaceutical DEPO PROVERA, a prescription, injection-based birth control administered by her prescribing physicians. See Complaint ¶ 2.

2. Defendants Pfizer, Inc., Monsanto Company, Pharmacia, and Pharmacia & Upjohn (hereinafter referred to collectively as the "Pfizer Defendants") removed this action to this Court on October 10, 2006. *See* Notice of Removal and accompanying exhibits. As the basis for its removal, the Pfizer Defendants contend that the citizenship of Alabama-resident Defendant Scott Griffin Smith should be disregarded based upon principles of fraudulent joinder. Notice of Removal ¶ 10.

3. To support their removal, the Pfizer Defendants submitted a Declaration of Defendant Smith attesting that he did not meet with Ms. Worley's prescribing physicians regarding DEPO PROVERA. Notice of Removal ¶ 17, Declaration ¶¶ 3-6.

4. Defendant Smith's Declaration is wholly inadequate to support the Pfizer Defendants' arguments regarding fraudulent joinder. See Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983) (To prove that a resident defendant has been fraudulently joined, the removing defendants must show either that "there is no possibility that the plaintiff would be able to establish a cause of action against the resident defendant in state court or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts."); see also Pacheco de Perez v. AT & T Co., 139 F.3d 1368 (11th Cir. 1998) (The burden on defendants to prove fraudulent joinder is a heavy one.) Nevertheless, Ms. Worley seeks an opportunity to conduct limited discovery on jurisdictional issues

only through the depositions of Defendant Smith, to test the veracity of the statements in his Declaration and to further question him on areas that the Declaration failed to address, (See Notice of Deposition of Scott Griffin Smith, attached hereto as Exhibit A), and the deposition of the individual designated by the Pfizer Defendants as being the most knowledgeable regarding the sales representatives who detailed DEPO PROVERA in Montgomery, Alabama, during the period preceding and during which Ms. Worley was injected with DEPO PROVERA as a means of birth control (see Notice of Rule 30(b)(6) Deposition of Pfizer, Inc., attached hereto as Exhibit B.)

5.  The discovery of the identities of individuals currently named in the Complaint as Fictitious Defendants A, B, C, and D could further support the lack of subject matter jurisdiction of this Court.

RESPECTFULLY SUBMITTED this the 28th day of November, 2006.

/s/ W. Roger Smith, III
W. Roger Smith, III (SMI257)
Andy D. Birchfield, Jr. (BIR006)
Attorneys for Plaintiff

OF COUNSEL:

**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the parties as listed below by placing a copy of same in the United States Mail, first class, postage prepaid on this the 28th day of November, 2006.

George R. Parker
Bradley Arant Rose & White LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104


Fred M. Haston, III
Andrew B. Johnson
Anne Marie Seibel
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

/s/ W. Roger Smith, III
OF COUNSEL

N THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| APRIL WORLEY, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-CV-916-MEF |
| | ) | |
| PFIZER, INC., MONSANTO | ) | |
| COMPANY, PHARMACIA, | ) | |
| PHARMACIA AND UPJOHN, | ) | |
| SCOTT GRIFFIN SMITH, and | ) | |
| Fictitious Defendants A, B, C & D, | ) | |
| being those persons, firms, or | ) | |
| Corporations whose fraud, scheme | ) | |
| to defraud, and/or other wrongful | ) | |
| conduct caused or contributed to | ) | |
| Plaintiff's injuries and damages, and | ) | |
| whose true names and identities are | ) | |
| presently unknown to Plaintiff but | ) | |
| will be substituted by amendment | ) | |
| when ascertained, | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF TAKING DEPOSITION
### DUCES TECUM OF SCOTT GRIFFIN SMITH

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff, by and through her counsel of record, will take the deposition of **Scott Griffin Smith** upon oral examination before a Notary Public, or before some other officer authorized by law to administer oaths. Said deposition shall commence at a time and date to be agreed upon by the parties, at a location in Montgomery, Alabama, to be agreed upon by the parties and will continue from day to day until completed. The deposition will be conducted pursuant to the Federal Rules of Civil Procedure.



## **DUCES TECUM**

Pursuant to the Federal Rules of Civil Procedure, Plaintiff requests deponent to bring to the deposition the following documents and/or things:

1. "Detail," "detailed" or "detailing" means visits by sales representative or detail personnel when they visit, or call on, physicians in an attempt to promote, market, sell, supply and or otherwise distribute their products to physicians.

2. "Documents" as used in this Request is coextensive with the meaning of the terms "documents" and "tangible things" in Federal Rules of Civil Procedure 34, and shall have the broadest possible meaning and interpretation ascribed to the terms "documents" and "tangible things" under Federal Rules of Civil Procedure 34. Consistent with the above definition, the term "document" should include writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you or intended for or transmitted to any other person or entity, including, without limitation, any government agency, department, administrative entity or personnel. The term shall include handwritten, typewritten, printed, photocopied, photographic or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.

2

3. For purposes of illustration and not limitation, the term "Documents" shall include: correspondence, transcripts of testimony, letters, notes, reports, papers, files, books, records, contracts, agreements, telegrams, teletypes and other communications sent or received, diaries, calendars, logs, notes or memoranda of telephonic or face-to-face conversations, drafts, work papers, agendas, bulletins, notices, circulars, inserts, announcements, instructions, schedules, minutes, summaries, notes and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations, bills, statements and other records of obligations and expenditures, canceled checks, vouchers, receipts and other records of payments, ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data, analyses, statements, interviews, affidavits, printed matter (including published books, articles, speeches and newspaper clippings), press releases, charts, drawings, specifications, manuals, brochures and memoranda of all kinds to and from any persons, agencies or other entities.

4. "Person" means natural person, as well as corporate and/or governmental entity.

5. "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents

3

attached to, or used in the preparation of or concerning the preparation of the documents.

6.  "You" and "your" means the defendant this is directed to and any of its directors, officers, sales representatives, agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other person purporting to act on its behalf.  In the case of business entities, these defined terms include divisions, affiliates, subsidiaries, predecessor, entities, acquired entities, related entities, or any other acting or purporting to act on your behalf.

7.  Unless otherwise indicated, the relevant time period for the information sought is from your first day of employment with Defendants Pfizer, Inc., Monsanto Company, Pharmacia, and Pharmacia and Upjohn to present.

8.  The terms "personal possession" or "possession" mean in the personal possession, custody or control of the witness in his office, home, automobile, or any other location.

9.  The singular of any word shall include the plural, and the plural shall include the singular.

10.  The words "and" and "or" as used in this request shall be interpreted as conjunctive, disjunctive, or both, depending on context, so that the fullest production of information is provided.

11.  All documents and other tangible things are to be produced as they are kept by the witness so that one can ascertain the files in which they were located, their relative order in the files and how the files were maintained.

12. If the witness does not respond to a request on the basis of privilege, with respect to each document or other tangible thing for which it claims a privilege, state the type of document or other tangible thing, the date thereof, the person who prepared it, each person to whom it was circulated, each person who received a copy of it, the subject matter of the document or other tangible thing, and the particular privilege claimed.

13. Any reference to "DEPO PROVERA" is intended to and shall mean any and all other trade names or trade marks under which DEPO PROVERA has been tested, sold, or marketed.

## Documents to be Produced

The deponent is instructed to bring to the deposition and to allow counsel to inspect and copy the following documents and/or tangible things, whether maintained in written or electronic form, which are in the deponent's control, possession or custody:

1. The witness's most recent resume;
2. The witness's personnel file;
3. The witness's unredacted sales call notes;
4. All sales training materials, brochures, promotional material in the witness's possession;
5. The witness's professional diary for the past five (5) years;
6. The witness's tax returns for the past five (5) years;
7. The witness's custodial file (to be produced seven (7) days in advance of the deposition).

8. Any notes, emails, records, or documents, pertaining to calls you made on physicians in the State of Alabama on behalf of the Pfizer Defendants regarding the pharmaceutical DEPO PROVERA.

9. Any and all documents created, generated, edited or produced by the deponent or received or reviewed by the deponent that is not contained in the witness's custodial file previously required by the Plaintiff in this litigation.

RESPECTFULLY SUBMITTED this the 28th day of November, 2006.

/s/ W. Roger Smith, III
W. Roger Smith, III (SMI257)
Andy D. Birchfield, Jr. (BIR006)
Attorneys for Plaintiff

OF COUNSEL:

**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555

6

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the parties as listed below by placing a copy of same in the United States Mail, first class, postage prepaid on this the 28th day of November, 2006.

George R. Parker
Bradley Arant Rose & White LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104


Fred M. Haston, III
Andrew B. Johnson
Anne Marie Seibel
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

/s/ W. Roger Smith, III
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| APRIL WORLEY, ) | |
| ) | |
| Plaintiff. ) | |
| ) | |
| v. ) | CASE NO. 2:06-CV-916-MEF |
| ) | |
| PFIZER, INC., MONSANTO ) | |
| COMPANY, PHARMACIA, ) | |
| PHARMACIA AND UPJOHN, ) | |
| SCOTT GRIFFIN SMITH, and ) | |
| Fictitious Defendants A, B, C & D, ) | |
| being those persons, firms, or ) | |
| Corporations whose fraud, scheme ) | |
| to defraud, and/or other wrongful ) | |
| conduct caused or contributed to ) | |
| Plaintiff's injuries and damages, and ) | |
| whose true names and identities are ) | |
| presently unknown to Plaintiff but ) | |
| will be substituted by amendment ) | |
| when ascertained, ) | |
| ) | |
| Defendants. ) | |

### NOTICE OF 30(b)(6) DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff, by and through her counsel of record, will take the deposition of **PFIZER, INC.** upon oral examination before a Notary Public, or before some other officer authorized by law to administer oaths. Said deposition shall commence at a time and date to be agreed upon by the parties, at a location in Montgomery, Alabama, to be agreed upon by the parties and will continue from day to day until completed. The deposition will be conducted pursuant to the Federal Rules of Civil Procedure.



Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Pfizer, Inc., shall designate and produce a designated representative or representatives, as may be required, to testify on behalf of Pfizer regarding the identity of the pharmaceutical sales representatives who detailed Depo Provera to Plaintiff Worley's Prescribing Physicians (Patricia Elliott, M.D. and Keith Martin, M.D.).

RESPECTFULLY SUBMITTED this the 28th day of November, 2006.

/s/ W. Roger Smith, III
W. Roger Smith, III (SMI257)
Andy D. Birchfield, Jr. (BIR006)
Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN,
  PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the parties as listed below by placing a copy of same in the United States Mail, first class, postage prepaid on this the 28th day of November, 2006.

George R. Parker
Bradley Arant Rose & White LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104

Fred M. Haston, III
Andrew B. Johnson
Anne Marie Seibel
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

/s/ W. Roger Smith, III
OF COUNSEL