UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
(Northern Division)

| | |
|---|---|
| APRIL WORLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    2:06-cv-00916-MEF-SRW |
| | ) |
| PFIZER INC., et al | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY**

**PRELIMINARY STATEMENT**

Defendants Pfizer Inc., Pharmacia Corporation, and Pharmacia & Upjohn Company, LLC, ("Defendants") submit this Memorandum of Law in opposition to Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery.

On October 10, 2006, Defendants timely and properly removed this pharmaceutical product liability case involving Depo-Provera® Contraceptive Injection (DPCI) to federal court on the basis of diversity jurisdiction. Plaintiff sought remand of this action based on the inclusion of Alabama resident, Scott Griffin Smith, a sales representative whom plaintiff had named as a defendant. Defendants opposed Plaintiff's motion for remand on the basis that Mr. Smith had no factual involvement in this case, and further, that Alabama law does not support a viable cause of action against pharmaceutical sales representatives in product liability cases involving pharmaceuticals. *See* Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Remand ("Opposition to Remand").

1

In response to Defendant's opposition, plaintiff now moves for leave to conduct jurisdictional-related discovery in an improper attempt to identify an in-state defendant, to destroy diversity. Specifically, Plaintiff seeks depositions of Mr. Smith and a 30(b)(6) witness from Pfizer. Such discovery is improper and unnecessary. Plaintiff could have identified any non-diverse sales representatives that actually contacted her physicians prior to filing the present lawsuit through her physicians. Plaintiff failed to do so, and the burden should not shift to the defendants to produce witnesses.

Furthermore, even if Plaintiff could identify a non-diverse sales representative that actually provided information to her physician, *no viable claim would exist against that sales representative under Alabama law*. Finally, amendment of the pleadings at this stage of litigation should be denied as an attempt to undermine the federal rule against fictitious party pleadings. Plaintiff's request to embark on such a fishing expedition should therefore be denied.

## ARGUMENT

**I.    PLAINTIFF'S MOTION FOR LEAVE TO DEPOSE SCOTT SMITH SHOULD BE DENIED**

As set forth fully in the Opposition to Remand, the allegations set forth in the Complaint regarding Scott Smith are demonstrably false. Plaintiff alleges that Smith presented to Plaintiff's prescribing physicians false information regarding the side effects of DPCI from October 1999 through August 2004. *See* Complaint, ¶ 16. Smith submitted a sworn statement that he *never* called upon the Prescribing Physicians, and in fact, he moved to Dothan, Alabama in 1996, three years prior to the alleged facts giving rise to this lawsuit. Dec. of Smith at ¶¶ 3, 4, attached to Notice of Removal as Ex. B.

Plaintiff presents no evidence to refute the clear evidence that Smith had no involvement with Plaintiff's prescribing physicians. Plaintiff now seeks leave to conduct a deposition of Smith "to test the veracity of the statements in his Declaration and to further question him on areas that the Declaration failed to address." *See* Motion for Leave to Conduct Jurisdictional Discovery Prior to Rule 26(f) Meeting, at ¶ 4.

Plaintiff's motion for leave to conduct a deposition of Mr. Smith should be denied. The Federal Rules empower the court to deny such a request on a finding that (1) the discovery can be obtained from some other source that is more convenient, less burdensome, or less expensive; or (2) the person seeking discovery has had ample opportunity already to obtain the information sought; or (3) the burden or expense of taking the discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2). Furthermore, "[t]he plaintiff seeking jurisdictional discovery must have a colorable case for jurisdiction and must demonstrate to the district court what additional facts would be found if discovery were permitted." 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.31[7] (3d ed. 2006) (citing *United States v. Am. Bank, Ltd.*, 274 F.3d 610, 625-627 (1st Cir. 2001) and *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003)); accord *Scutieri v. Paige*, 808 F.2d 785, 795 (11th Cir. 1987) (upholding lower court's refusal to permit further discovery because party seeking additional discovery "did not adequately indicate how further discovery … would have aided the court's determination").

Plaintiff has had substantial opportunity to corroborate the information contained within the affidavit using less burdensome means than a deposition. Plaintiff could have (and still may) contact her prescribing physicians for information on whether sales

representative Smith ever called upon them. As such, the Court may deny Plaintiff's request on the basis that Plaintiff has failed to obtain this information despite having opportunity to do so.

In addition, Plaintiff's request to depose Smith should be denied because the burden and cost of deposing Smith outweighs any potential benefit. As set forth in Mr. Smith's affidavit, the Notice of Removal, and the Opposition to the Motion for Remand, Mr. Smith's deposition will not reveal facts relevant to this case.[1] Furthermore, even if it did, Alabama law would not provide Plaintiff with a cause of action against Mr. Smith because sales representative employees of pharmaceutical companies with no direct involvement in the torts alleged are considered fraudulently joined. *See Legg v. Wyeth,* 428 F.3d 1317, 1325 (11th Cir. 2005); See also Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Remand. Thus, Plaintiff's request for leave should be denied.

## II. PLAINTIFF'S MOTION FOR LEAVE TO DEPOSE A 30(b)(6) WITNESS SHOULD BE DENIED

The Plaintiff also seeks to depose a Pfizer employee who can identify a sales representative who provided information related to DPCI to Plaintiff's physicians. This request should also be denied, as no viable cause of action could exist against such an individual in this case. Thus, the burden of allowing a 30(b)(6) deposition outweighs any benefit. Moreover, allowing Plaintiff to amend the complaint to include a cause of action

---

[1] Mr. Smith's Affidavit, Defendants' Notice of Removal, and Opposition to the Plaintiff's Motion to Remand, establish that Mr. Smith never called upon plaintiff's physicians and did not even work in the relevant geographical area at the relevant times in this case. See Defendants' Notice of Removal; See also Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Remand.

against an in-state sales representative would undermine the prohibition against fictitious party pleading in federal courts and the burden of such discovery would outweigh any possible benefit to the litigants. *See* Fed. R. Civ. P. 26(b)(2)(iii)*.*

> *A. The Discovery Sought by Plaintiff Would Be Futile Because No Cause of Action Exists Against Sales Representatives under Alabama Law*

For the same reasons that Plaintiff has pleaded no viable cause of action under Alabama law against sales representative Scott Smith, Plaintiff has no viable cause of action against any other sales representative that might be joined in this lawsuit. This holds true even if Plaintiff could identify a sales representative who provided information regarding DPCI to her physicians at the relevant time. *See Legg,* 428 F.3d at 1325; See also Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Remand. Even if Plaintiff could identify such an individual, and even if Plaintiff were erroneously allowed to amend her complaint at this late stage to include that sales representative (*see* Section B infra), that person would be fraudulently joined and this court would retain jurisdiction based on diversity of citizenship. Therefore, Plaintiff's request for leave to conduct futile discovery should be denied.

> *B. The Court Should Disallow Amendment of the Complaint to Include Non-Diverse Parties, Thus Rendering Jurisdictional Discovery Unnecessary*

The only benefit to Plaintiff of the requested jurisdictional discovery would be to obtain information to amend her complaint to include causes of action against one or more non-diverse defendants, and then seek remand. As other courts have recognized, plaintiffs must conduct their research and decide whom to sue *before* filing a lawsuit – not after. *See In re Rezulin Products Liability Litig.*, 168 F. Supp. 2d 136, 141 (S.D.N.Y. 2001) (denying discovery in case where defendant argued that in-state defendants were

fraudulently joined; "[g]ranting discovery in such a case as this would allow plaintiffs to name anyone as a defendant in a lawsuit without making the allegations necessary to state a claim upon which relief might be granted and then to seek discovery in hope of finding a basis for a claim.").

In the *Rezulin* case, the plaintiffs sought discovery to determine whether they had named the proper sales representatives in a product liability case. In rejecting their "file now-research later" approach, the court stated:

> . . . a court in deciding a motion to remand must look to the allegations in the Complaint, rather than to plaintiffs' wishful speculation as to what allegations might be made in an amended Complaint following discovery. Granting discovery in such a case as this would allow plaintiffs to name anyone as a defendant in a lawsuit without making the allegations necessary to state a claim upon which relief might be granted and then to seek discovery in hope of finding a basis for a claim. . . . [This is] not the object of the discovery procedures outlined in the Federal Rules of Civil Procedure.

*Id.*

Such manipulation of the pleadings by the Plaintiff should not be permitted. As the Fifth Circuit explained in a related context, "[t]he district court, when faced with an amended pleading naming a new non-diverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). *See also*, *Jerido v. Am. Gen. Life & Accid. Ins. Co.,* 127 F. Supp. 2d 1322, 1325 (M.D. Ala. 2001) (applying *Hengens* analysis); *Sexton v. G&K Services, Inc.*, 51 F. Supp. 2d 1311, 1312 (M.D. Ala. 1999) (same). Indeed, when faced with a request to allow a diversity-destroying amendment, a district court "should deny leave to amend unless strong equities support the amendment." *Smith v. White Consol. Indus., Inc.*, 229 F. Supp. 2d 1275, 1281 (N.D. Ala.

2002) (citing *Hensgens*, 833 F.2d at 1182, and *Ascension Enter., Inc. v. Allied Signal, Inc.*, 969 F. Supp. 359, 361 (M.D. La. 1997)). *See also* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3738 (3d ed. 1998) ("[o]nce the case has been removed. . . a pleading amendment that has the effect of ousting the federal court of its subject matter jurisdiction normally would not be permitted").

In contrast to Federal Rule of Civil Procedure 15(a) which allows for liberal amendment of the pleadings, Congress has empowered courts to deny post-removal joinder of additional parties that would destroy diversity. 28 U.S.C. § 1447(e). In deciding whether to deny post-amendment joinder under § 1447(e), courts consider four factors: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction"; (2) "whether plaintiff has been dilatory in asking for amendment"; (3) "whether plaintiff will be significantly injured if amendment is not allowed" and (4) "any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182; *accord Mayes v. Rapoport*, 198 F.3d 457, 462-63 (4th Cir. 1999); *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001); *Smith*, 229 F. Supp. 2d at 1279-82; *Bevels v. Am. States Ins. Co.*, 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000).[2]

Application of that four-factor test reveals that even if Plaintiff could identify an in-state sales representative that provided information to her doctors through jurisdictional discovery, a request to amend the pleadings to include that representative

---

[2] The Eleventh Circuit does not appear to have addressed this question directly. In *Ingram v. CSX Transp., Inc.*, 146 F.3d 858 (11th Cir. 1998), the court addressed a post-judgment challenge to jurisdiction and dismissed a dispensable party that had been added after removal to cure the jurisdictional defect. *Id.* at 863. That decision was based largely upon the court's conclusion that the non-diverse party should not be allowed to profit from waiting until after judgment to challenge jurisdiction. *Id.* Like the courts that have adopted the four-factor test, therefore, the Eleventh Circuit does not condone manipulation of jurisdiction.

should be denied. Plainly, Plaintiff originally named Scott Smith as a non-diverse defendant in this case without any factual basis for doing so. Implicitly admitting that Smith was fraudulently joined, Plaintiff seeks discovery about which sales representatives actually did call on the prescribing physicians in the case. Based on whatever information could be gained on this fishing expedition, the Plaintiff clearly intends to amend the complaint in conjunction with its motion to remand. As other courts have found analyzing the *Hensgens* factors, "the timing of the amendment, coming simultaneously with the Motion to Remand and after removal, . . . lends support to the finding that the primary purpose of the amendment is to defeat federal jurisdiction." *Jerido v. Am. Gen. Life and Accident Ins. Co.*, 127 F. Supp. 2d 1322, 1325 (M.D. Ala. 2001). Here, too, the purpose of any future amendment is simply an attempt to defeat diversity jurisdiction and would be denied.

Further, Plaintiff will suffer no injury if amendment is denied. "In analyzing this factor, [the] court generally determines whether a plaintiff can be afforded complete relief in the absence of amendment." *Jerido*, 127 F. Supp. 2d at 1325. Here, there is no question that Plaintiff can be afforded complete relief even if no sales representative is named in this case. In fact, there are several legal grounds barring Plaintiff's claims against sales representatives, and Plaintiffs' claims would be due to be dismissed. *See generally* Opposition to Remand. Plaintiff's lawsuit and demand for damages is focused on the corporate Defendants, not the employee-sales representative that Plaintiff seeks to add to this case to avoid this Court's jurisdiction. Plaintiff's ability to pursue her claims against Defendants, including the ability to seek discovery related to activities of the sales representative, will not be compromised if sales representatives are not included as

parties to this action. Additionally, "the individual defendant would not be considered to be an indispensable party since the Federal Rules of Civil Procedure do[] not require joinder of principal and agent." *Jerido*, 127 F. Supp. 2d at 1326. Therefore, this factor, too, would weigh in favor of denying the motion to amend.

Further, in considering the equities, Plaintiff's practice of naming Alabama citizens without any connection to the case as placeholders until completing case-specific discovery should not be condoned by permitting this amendment. Fictitious party practice is not recognized in federal courts, and Plaintiff should not be permitted to circumvent those rules here. Further, the Court should give consideration to the Defendant's right to choose the federal forum. "Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to federal court when there is diversity." *Jerido*, 127 F. Supp. 2d at 1326. Balancing these equities, therefore, also leads to the conclusion that amendment should not be permitted.

Finally, it is clear that the burden and expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(iii). The sole purpose of Plaintiff's proposed discovery is to obtain names of additional Pfizer employees for the purpose of adding them as parties to this case in an effort to strip this Court of its jurisdiction. As set forth above, such post-removal pleading would be improper under the circumstances presented in this case. Should the discovery proceed as requested by Plaintiff, Defendants would incur legal expense in preparation and defense of such depositions. Moreover, Defendants would lose the valuable time and services of its witness. Because this discovery is not likely to provide any relevant information in this

9

case, its burden clearly outweighs its benefit.  The denial of such discovery is therefore mandated by Fed. R. Civ. P. 26(b)(2)(iii).

A review of the above factors reveals that even if jurisdictional discovery could uncover a non-diverse sales representative that actually had contact with Plaintiff's physicians, Plaintiff would not be permitted to amend the Complaint in an effort to defeat diversity jurisdiction.  Therefore, Plaintiff's request for leave to conduct jurisdictional discovery should be denied.

## CONCLUSION

Plaintiff's motion for leave to take jurisdictional discovery should be denied in its entirety.

s/Andrew B. Johnson
Andrew B. Johnson
Fred M. Haston III
Anne Marie Seibel
George Parker
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
E-mail:

thaston@bradleyarant.com
aseibel@bradleyarant.com
gparker@bradleyarant.com
ajohnson@bradleyarant.com

Attorneys for Defendants Pfizer Inc., Pharmacia Corporation, Pharmacia & Upjohn Company, LLC, and Monsanto Company

## Certificate of Service

I hereby certify that on December 8, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Andy D. Birchfield, Jr.
>W. Roger Smith, III
>Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
>P.O. Box 4160
>Montgomery, AL 36103-4160
>andy.birchfield@beasleyallen.com
>roger.smith@beasleyallen.com

>Respectfully submitted,
>s/ Andrew B. Johnson
>
>Bradley Arant Rose & White LLP
>One Federal Place
>1819 Fifth Avenue North
>Birmingham, AL 35203-2104
>Telephone: (205) 521-8000
>Facsimile: (205) 521-8800
>E-mail: ajohnson@bradleyarant.com

1/1526613.2