IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| APRIL WORLEY, | ) |
| | ) |
|     Plaintiff. | ) |
| | ) |
| v. | )    CASE NO. 2:06-CV-916-MEF |
| | ) |
| PFIZER, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

## MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff, April Worley, moves the Court for leave to amend her Complaint for the following reasons:

1. Ms. Worley filed her Complaint in the Circuit Court of Montgomery County, Alabama, on August 8, 2006. In her Complaint, Ms. Worley named Fictitious Defendants A, B, C, and D, who were designated as other sales representatives whose fraud, scheme to defraud, and/or other wrongful conduct caused or contributed to the injuries sustained by Ms. Worley. *Compl.* ¶ 12. Ms. Worley served Interrogatories with her Complaint intended to ascertain the identities of Fictitious Defendants A, B, C, and D, but the case was removed to this Court. At the time she filed her Complaint, and until recently, Ms. Worley was unaware of the identity of any sales representative employed by Pfizer, Inc., and/or Pharmacia, who marketed Depo Provera to doctors in the Montgomery area other than Defendant Scott Griffin Smith.

2. Ms. Worley has identified one additional individual who marketed Depo Provera in Montgomery County, Alabama. Howard L. Blalock, whose address is 2232 Young Farm Place, Montgomery, Alabama 36106, was employed by Pharmacia Corporation as a sales

representative and was responsible for detailing Depo Provera to physicians in Montgomery County, Alabama, during the period Ms. Worley was administered Depo Provera.

    3.    Fed. R. Civ. P. 15(a) allows for leave to amend pleadings, and further provides that "leave shall be freely given when justice so requires." The present Motion for Leave to Amend presents such an occasion. *See Davis ex rel. Estate of Davis v. General Motors Corp.*, 353 F.Supp.2d 1203 (M.D. Ala. 2005) (allowing plaintiff to amend complaint to assert specific claims against the in-state defendant and remanding the case to state court for lack of jurisdiction.)

    4.    In *Davis ex rel. Estate of Davis v. General Motors Corp.*, this Court allowed the plaintiff to amend the complaint to include specific allegations against the in-state defendant, where the original complaint contained no specific allegations against that defendant. *Id.* at 1207-1208. The Court reasoned that the amendments were not intended to destroy diversity jurisdiction by adding a completely new defendant; rather, the amendments were intended to specify the allegations against a defendant already named in the complaint. *See id.* at 1208. Like *Davis*, the amendment sought herein is not intended to add a completely new defendant. In fact, unlike *Davis*, Ms. Worley's Complaint included specific allegations against Howard Blalock, albeit as a fictitious party. *Compl.* ¶¶ 15, 16, 20, 21, 24-26, 28-32, 34-38, 40-42, 44-47, 49-51, 53-55.

For these reasons, Ms. Worley requests this Honorable Court grant her Motion and allow her to amend her original Complaint to include Howard Blalock as a party defendant. A copy of her amended complaint is attached as Exhibit A.

Respectfully submitted this the 13th day of July, 2007.

/s/ W. Roger Smith, III
ANDY D. BIRCHFIELD, JR. (BIR006)
W. ROGER SMITH, III (SMI257)
MATTHEW E. MUNSON (MUN015)

Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN,
  PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone  (334) 269-2343
Fax     (334) 954-7555

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the parties as listed below by placing a copy of same in the United States Mail, first class, postage prepaid on this the 13th day of July, 2007.

Andrew B. Johnson
George R. Parker
Bradley, Arant, Rose & White, LLP
1819 Fifth Ave. North
Birmingham, Alabama  35203

/s/ W. Roger Smith, III
OF COUNSEL

# EXHIBIT A

# PLAINTIFF'S FIRST AMENDED COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| APRIL WORLEY, | * |
| | * |
|     Plaintiff, | * |
| | * |
| v. | *   CIVIL ACTION NO. 2:06cv916-MEF |
| | * |
| PFIZER, INC., MONSANTO | * |
| COMPANY, PHARMACIA, | * |
| PHARMACIA & UPJOHN, | * |
| SCOTT GRIFFIN SMITH, | * |
| HOWARD L. BLALOCK, and | * |
| Fictitious Defendants A, B, C & D, | * |
| being those persons, firms or | * |
| Corporations whose fraud, scheme to | * |
| defraud, and/or other wrongful conduct | * |
| caused or contributed to the Plaintiff's | * |
| injuries and damages, and whose true | * |
| names and identities are presently | * |
| unknown to Plaintiff, but will be | * |
| substituted by amendment when | * |
| ascertained, | * |
| | * |
|     Defendants. | * |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### STATEMENT OF FACTS

1.    This is a civil action brought on behalf of Plaintiff, APRIL WORLEY (hereinafter "Ms. Worley"), who, at all times relevant hereto, was a resident of Montgomery County, Alabama.

2.    This civil action arises out of injuries Ms. Worley suffered as a result of using the pharmaceutical Depo Provera, a form of birth control administered via injection.

3. Ms. Worley's use of Depo Provera from October 1999 through August 2004 directly and proximately caused her to suffer physical and emotional injuries including, but not limited to, osteopenia, bone loss, and heart arrythmias. Ms. Worley is also at serious risk for future medical problems such as bone loss and fracture and has a fear of future injury and surgery. The aforementioned injuries or the effects thereof have caused her to suffer, and she may continue to suffer, physical pain and mental anguish into the future. The effects of the aforementioned injuries will likely be permanent in nature. This action seeks monetary damages for the personal injuries and damages caused by this drug.

4. Defendant, PFIZER, INC., is a New York corporation incorporated in the State of Delaware. Pfizer does business by agent in Alabama and, on information and belief, at all times relevant, advertised, marketed, promoted, sold and/or distributed Depo Provera in Montgomery County, Alabama. Defendant Pfizer can be served through its registered agent at Pfizer, Inc., c/o The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36109.

5. Defendant MONSANTO COMPANY was the parent corporation of Pharmacia and is a Delaware corporation. At all times relevant hereto, Monsanto Company, through its subsidiary companies did business by agent in Alabama and, on information and belief, at all times relevant, advertised, marketed, promoted, sold and/or distributed Depo Provera in Montgomery County, Alabama. Defendant Monsanto Company can be served through its registered agent as follows: CSC Lawyers Incorporating Service, Inc., 150 South Perry Street, Montgomery, Alabama 36104.

6. Defendant PHARMACIA and UPJOHN COMPANY, a subsidiary of Pharmacia Corporation, is a Delaware corporation with its principal place of business located in Michigan. Pharmacia and Upjohn Company did business by agent in Alabama and, on information and belief, at all times relevant, advertised, marketed, promoted, sold and/or distributed Depo Provera in Montgomery County, Alabama. Defendant Pharmacia and Upjohn Company can be served through its registered agent c/o The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36109.

7. Upon information and belief, Monsanto Company merged with Pharmacia and Upjohn Company maintaining the Pharmacia name.

8. Defendant PHARMACIA CORPORATION (hereinafter "Pharmacia") is incorporated in the State of Delaware with its principal place of business in New Jersey. Pharmacia did business by agent in Alabama and, on information and belief, at all times relevant, advertised, marketed, promoted, sold and/or distributed Depo Provera in Montgomery County, Alabama. Defendant Pharmacia can be served through its registered agent c/o The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36109.

9. Upon information and belief, Defendant Pfizer, Inc., purchased Defendant Pharmacia Corporation and is the successor in interest to Pharmacia Corporation.

10. Defendants PFIZER, INC., MONSANTO COMPANY, PHARMACIA CORPORATION, and PHARMACIA and UPJOHN COMPANY are hereinafter referred to collectively as the "Pfizer Defendants."

11. Defendant SCOTT GRIFFIN SMITH at all times relevant hereto was a sales representative for the Pfizer Defendants and was acting within the course and scope of his employment with the Pfizer Defendants. Upon information and belief, Defendant Smith is a resident of Alabama, and at all times relevant hereto, was in the business of marketing, selling and distributing Depo Provera. Defendant Smith may be served at 203 Whatley Drive, Dothan, Alabama 36303.

12. Defendant HOWARD L. BLALOCK at all times relevant hereto was a Pharmaceutical Sales Specialist for the Pharmacia Corporation Defendants and was acting within the course and scope of his employment with the Pharmacia Corporation Defendants. Upon information and belief, Defendant Blalock is a resident of Alabama, and at all times relevant hereto, was in the business of marketing, selling and distributing Depo Provera. Defendant Blalock may be served at 2232 Young Farm Place, Montgomery, Alabama 36106.

13. Fictitious Defendants A, B, C and D are other sales representatives whose fraud, scheme to defraud and/or other wrongful conduct caused or contributed to the injuries sustained by the Plaintiff, and whose true names are unknown to the Plaintiff at this time, but will be substituted by amendment when ascertained. At all times material hereto, Fictitious Defendants A, B, C and D were acting within the course and scope of their employment with the Pfizer Defendants. Upon information and belief, these individuals are residents of the State of Alabama and, at all times material hereto, transacted business in Montgomery County, Alabama.

14. Defendant SCOTT GRIFFIN SMITH, HOWARD L. BLALOCK and Fictitious Defendants A, B, C and D are hereinafter referred to collectively as the "Sales Representative Defendants."

15. When the word "Defendants" is used herein, it is meant to refer to all real and fictitious Defendants mentioned in the style of this Complaint, all of whom are jointly and severally liable to Plaintiff for her injuries.

16. At all times material to this complaint, each Defendant acted as an agent for each of the other Defendants, within the course and scope of the agency, regarding the acts and omissions alleged herein, and are therefore jointly and severally liable to Plaintiff for her injuries.

17. From October 1999 through August 2004, the Sales Representative Defendants called upon Ms. Worley's prescribing physicians, Patricia Elliott, M.D. and Keith Martin, M.D. (hereinafter "the Prescribing Physicians"), whose offices are located in Montgomery, Montgomery County, Alabama, at which times they presented to the Prescribing Physicians fraudulent information regarding the safety and efficacy of Depo Provera and its harmful side effects, and/or suppressed material information regarding the safety and efficacy of Depo Provera and its harmful side effects, and/or misrepresented the safety and efficacy of Depo Provera and its harmful side effects, and/or placed Depo Provera in the stream of commerce.

18. Ms. Worley's claims accrued in whole or in part in Montgomery County, Alabama, and the Pfizer Defendants are foreign corporations or companies currently engaged in business, directly or by authorized agent, in Montgomery County, Alabama. The Sales Representative Defendants at all times material hereto, were residents of the

State of Alabama and transacted business in Montgomery County, Alabama. Venue and jurisdiction in this Court are therefore proper. The claims of Ms. Worley satisfy the jurisdictional amount of this Circuit Court.

19. At all times material hereto, the Pfizer Defendants negligently and/or intentionally designed, developed, tested, and manufactured Depo Provera, an unreasonably dangerous and defective product.

20. At all times material hereto, the Pfizer Defendants and the Sales Representative Defendants packaged, labeled, promoted, marketed, advertised, sold, and/or distributed Depo Provera utilizing information known to fraudulently represent the safety and efficacy of Depo Provera, and using information known to misrepresent the known dangers and adverse reactions associated with the use of Depo Provera.

21. At all times material hereto, the Pfizer Defendants and the Sales Representative Defendants advertised, marketed, sold, and/or promoted to Ms. Worley's Prescribing Physicians utilizing information known to fraudulently represent the safety and efficacy of Depo Provera, and the Pfizer Defendants and the Sales Representative Defendants failed to warn of the known dangers and adverse reactions associated with the use of Depo Provera.

22. At all times material hereto, all Defendants knew that Depo Provera was causally related to and associated with severe and life threatening complications and side effects including, but not limited to, osteopenia, osteoporosis, bone density loss, and heart rhythm disturbances. Nevertheless, the Pfizer Defendants continued to develop, manufacture, package, and label and the Sales Representative Defendants continued to promote, market, advertise, sell, and/or distribute Depo Provera so as to maximize sales

and profits at the expense of public health and safety, including the health and safety of Ms. Worley.

23.  Ms. Worley, had she been made aware of the true risks associated with the use of Depo Provera, would not have used or continued to use said product.

24.  Upon the trial of this case, Ms. Worley will request a Jury to determine fair compensation for the amount of loss which Ms. Worley have incurred in the past and will likely incur in the future, not only from a financial standpoint but also in terms of freedom from pain and worry.

25.  At all times material hereto, the Pfizer Defendants and the Sales Representative Defendants acted with conscious disregard of the foreseeable harm caused by Depo Provera warranting an award of punitive damages to Ms. Worley.

26.  At all times material hereto, the Pfizer Defendants and the Sales Representative Defendants conduct exhibited a level of care evidencing fraud, ill will, recklessness, and/or gross negligence warranting an award of punitive damages to Ms. Worley.

27.  At all times material hereto, the Pfizer Defendants and the Sales Representative Defendants designed, tested, developed, manufactured, packaged, labeled, marketed, sold, and/or distributed Depo Provera with willful and intentional disregard of the individual rights of Ms. Worley warranting an award of punitive damages.

**COUNT I**
**(Strict Liability)**

28.  Ms. Worley realleges all prior paragraphs of the Complaint as if set out here in full.

29. Depo Provera, which was designed, developed, manufactured, packaged, labeled, marketed, advertised, sold and/or distributed by the Pfizer Defendants and the Sales Representative Defendants, was placed into the stream of commerce in a defective and unreasonably dangerous condition as designed, taking into consideration the utility of the product and the risk involved in its use.

30. Further, Depo Provera was defective in marketing due to inadequate warnings or instructions.

31. Further, Depo Provera was defective due to inadequate testing.

32. In the alternative, the Pfizer Defendants and the Sales Representative Defendants failed to provide timely and adequate post-marketing warnings or instructions after the manufacturer knew of the risk of injury from Depo Provera.

33. As a direct and proximate result of the Pfizer Defendants and the Sales Representative Defendants' wrongful conduct, Ms. Worley was injured as described above.

WHEREFORE, Ms. Worley demands judgment against all Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT II
### (Negligence)

34. Ms. Worley realleges all prior paragraphs of the Complaint as if set out here in full.

35. The Pfizer Defendants and the Sales Representative Defendants had a duty to exercise reasonable care in designing, developing, manufacturing, packaging, labeling, marketing, advertising, selling and/or distributing Depo Provera.

36. The Pfizer Defendants and the Sales Representative Defendants failed to exercise ordinary care in that they knew or should have known that Depo Provera created an unreasonable risk of bodily harm.

37. Despite the fact they knew or should have known that Depo Provera caused unreasonable, dangerous side effects which many users would be unable to remedy by any means, they continued to market Depo Provera to physicians and consumers, including Ms. Worley, and her Prescribing Physicians.

38. The Pfizer Defendants and the Sales Representative Defendants knew or should have known that consumers such as Ms. Worley would suffer injury as a result of their failure to exercise ordinary care as described above.

39. As a direct and proximate result of their wrongful conduct, Ms. Worley was injured as described above.

WHEREFORE, Ms. Worley demands judgment against the Pfizer Defendants and the Sales Representative Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT III
**(Express Warranty)**

40. Ms. Worley realleges all prior paragraphs of the Complaint as if set out here in full.

9

41. Before Ms. Worley was first prescribed Depo Provera and during the period which she used the drug, the Pfizer Defendants and the Sales Representative Defendants expressly warranted that Depo Provera was safe.

42. Depo Provera did not conform to these express representations because it was not safe and had high levels of serious side effects, including life-threatening side effects.

43. As a direct and proximate result of this wrongful conduct, Ms. Worley was injured as described above.

WHEREFORE, Ms. Worley demands judgment against the Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT IV
### (Implied Warranty)

44. Ms. Worley realleges all prior paragraphs of the Complaint as if set out here in full.

45. At the time that the Pfizer Defendants and the Sales Representative Defendants packaged, labeled, promoted, marketed, advertised, sold, and/or distributed Depo Provera for use by Ms. Worley, they knew of the use for which Depo Provera was intended and impliedly warranted the product to be of merchantable quality and safe and fit for such use.

46. Ms. Worley reasonably relied upon the skill and judgment of the Pfizer Defendants and the Sales Representative Defendants as to whether Depo Provera was of merchantable quality and safe and fit for its intended use.

47. Contrary to such implied warranty, Depo Provera was not of merchantable quality or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the ordinary purpose for which it was used as described above.

48. As a direct and proximate result of the Pfizer Defendants and the Sales Representative Defendants' wrongful conduct, Ms. Worley was injured as described above.

WHEREFORE, Ms. Worley demands judgment against Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT V
### (Fraud)

49. Ms. Worley realleges all prior paragraphs of the Complaint as if set out here in full.

50. Before Ms. Worley was prescribed Depo Provera and during the period in which she took the drug, the Pfizer Defendants and the Sales Representative Defendants negligently, recklessly, intentionally and fraudulently made material misrepresentations that Depo Provera was safe. The Defendants did so with the intent to induce physicians to prescribe and for consumers, including Ms. Worley, to purchase Depo Provera.

51. At the time the Defendants made these representations, the Pfizer Defendants and the Sales Representative Defendants were aware of the falsity of these representations and/or made these representations with reckless disregard to their truth. The Pfizer Defendants and the Sales Representative Defendants made these representations with the intent to mislead.

11

52. As a proximate result of the Defendants' wrongful conduct, Ms. Worley were injured as described above.

WHEREFORE, Ms. Worley demands judgment against the Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT VI
### (Fraudulent Suppression)

53. Ms. Worley realleges all prior paragraphs of the Complaint as if set out here in full.

54. Before Ms. Worley was prescribed Depo Provera and during the period in which she took Depo Provera, the Pfizer Defendants and the Sales Representative Defendants fraudulently suppressed material information regarding the safety and efficacy of Depo Provera and its harmful side effects in order to induce physicians, including Ms. Worley's Prescribing Physicians, to prescribe and consumers, including Ms. Worley, to purchase Depo Provera.

55. At the time the Pfizer Defendants and the Sales Representative Defendants suppressed the fact that Depo Provera was not safe, the Defendants were under a duty to communicate this information to Ms. Worley.

56. As a direct and proximate result of the Pfizer Defendants and the Sales Representative Defendants' wrongful conduct, Ms. Worley was injured as described above.

WHEREFORE, Ms. Worley demands judgment against the Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

Respectfully submitted this the 13th day of July 2007.

/s/ W. Roger Smith, III
Andy Birchfield (BIR006)
W. Roger Smith, III (SMI257)
Matthew E. Munson (MUN015)

Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, AL  36103-4160
(334) 269-2343

## **JURY DEMAND**

Plaintiff respectfully demands trial by jury on all counts in this cause.

/s/ W. Roger Smith, III
OF COUNSEL