UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
(Northern Division)

| | | |
|---|---|---|
| **APRIL WORLEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:06-cv-00916-MEF-SRW |
| | ) | |
| **PFIZER INC.,** et al | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND
COMPLAINT**

Defendants Pfizer Inc. ("Pfizer"), Pharmacia Corporation, and Pharmacia & Upjohn Company, LLC, (collectively "Defendants") submit this Memorandum of Law in opposition to Plaintiff's Motion for Leave to Amend Complaint ("Motion to Amend") (Doc. 22).

**PRELIMINARY STATEMENT**

On October 10, 2006, Defendants timely and properly removed this pharmaceutical product liability case involving Depo-Provera® Contraceptive Injection ("DPCI") to federal court on the basis of diversity jurisdiction, establishing that Plaintiff had fraudulently joined Scott Griffin Smith ("Mr. Smith") in the action. Thereafter, Plaintiff sought remand of this action. Defendants opposed Plaintiff's motion to remand on the basis that former Pfizer sales representative Mr. Smith had no factual involvement in this case, and further, that Alabama law does not support a viable cause of action against pharmaceutical sales representatives in product liability cases involving

1

pharmaceuticals. See Defs.' Mem. of Law in Opp'n to Pl.'s Mot. to Remand ("Opposition to Remand") (Doc. 9).

In response to Defendants' Opposition to Remand, Plaintiff moved for leave to conduct jurisdictional-related discovery for the purpose of identifying an in-state defendant and destroying federal diversity jurisdiction. See Pl.'s Mot. for Leave to Conduct Jurisdictional Disc. Prior to Rule 26(f) Meeting ("First Discovery Motion") (Doc. 10). Specifically, and because it had been made clear that Mr. Smith had no connection to Plaintiff or her prescribing physicians, Plaintiff sought to determine which Pfizer sales representatives, if any, detailed DPCI in Montgomery, Alabama for the period proceeding and during which Plaintiff was prescribed DPCI. See id.; Decl. of Mr. Smith at ¶¶ 3, 4, attached as Ex. B to Defs.' Notice of Removal (Doc. 1).

Defendants opposed Plaintiff's First Discovery Motion, emphasizing, among other things, that "even if jurisdictional discovery could uncover a non-diverse sales representative that actually had contact with Plaintiff's physicians, Plaintiff would not be permitted to amend the Complaint" because "strong equities" did not support such an amendment in this case. See Defs.' Mem. of Law in Opp'n to Pl.'s Mot. for Leave to Conduct Disc. at 6-10 ("Opposition to Plaintiff's First Discovery Motion") (Doc. 12). On June 11, 2007, the Court entered an Order which, although it permitted Plaintiff to conduct some limited jurisdictional-related discovery, expressly prohibited Plaintiff from conducting any "discovery . . . intended to identify the identity of any individuals named in the Complaint as fictitious defendants pursuant to the Alabama Rules of Civil Procedure or the identity of any person other than Smith who may have detailed Depo Provera to [Plaintiff's] prescribing physicians." June 11, 2007 Order (Doc. 14).

2

Unsatisfied with the Court's ruling on her First Discovery Motion, Plaintiff again requested this Court to "expand its Order allowing jurisdictional discovery to include discovery intended to ascertain the identities of Fictitious Defendants A, B, C, and D" on July 6, 2007. See Pl.'s Mot. to Expand Disc. at 3 ("Second Discovery Motion") (Doc. 16). Recognizing Plaintiff's Second Discovery Motion as an attempt – for the second time – to improperly identify an in-state defendant for purposes of destroying this Court's federal diversity jurisdiction, the Court wasted no time denying Plaintiff's Second Discovery Motion. July 9, 2007 Order (Doc. 17).

On July 24, 2007, Plaintiff deposed Mr. Smith and Pfizer's 30(b)(6) representative and both deponents confirmed that Mr. Smith had no involvement in this case. On July 30, 2007, Plaintiff moved to dismiss Mr. Smith as a defendant and to withdraw her current motion to remand because she had "obtained no information to support Defendant Smith remaining a defendant in this case." Mot. to Dismiss Def. Scott Griffin Smith at ¶ 6 ("Motion to Dismiss Smith") (Doc. 27); Mot. to Withdraw Mot. to Remand ("Motion to Withdraw Remand") (Doc. 28). As such, jurisdiction is clearly proper in this case.

Undeterred, Plaintiff now attempts to circumvent the Court's previous discovery-based rulings by requesting permission to substitute a completely new, non-diverse sales representative, Howard L. Blalock ("Mr. Blalock"), in place of the fictitious parties listed in her original Complaint. See Plaintiff's Motion to Amend at 1-2 (Doc. 22). Plaintiff's attempted amendment comes without even so much as a suggestion that Mr. Blalock ever detailed DPCI to Plaintiff or to Plaintiff's prescribing physicians. See id. at 2. Far from

3

advancing any compelling basis to amend her Complaint, Plaintiff's Motion to Amend is an endeavor – for the third time – to destroy this Court's federal diversity jurisdiction.

### ARGUMENT

Plaintiff should be prohibited from substituting a completely new, non-diverse sales-representative as a defendant in place of the fictitious parties listed in her original Complaint. First, it would be futile to permit Plaintiff to amend her Complaint because Plaintiff does not have a viable cause of action against Mr. Blalock (or any other Pfizer sales representative) under Alabama law. Second, and even assuming Plaintiff could state a cause of action against Mr. Blalock, it is well-established that a "district court . . . faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment" and "should deny leave to amend unless strong equities support the amendment." Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987); Smith v. White Consol. Indus., Inc., 229 F. Supp. 2d 1275, 1281 (N.D. Ala. 2002) (applying Hensgens' analysis). "Strong equities" do not support Plaintiff's proposed diversity-destroying amendment in this case. For these reasons, Plaintiff's attempt to introduce Mr. Blalock to this action after Defendants' timely and proper removal should be denied.

**I.    PLAINTIFF DOES NOT HAVE A VIABLE CAUSE OF ACTION AGAINST MR. BLALOCK UNDER ALABAMA LAW.**

As set forth in Defendants' Notice of Removal and Opposition to Remand, it would be futile to permit Plaintiff to amend her Complaint because Plaintiff does not have a viable cause of action against Mr. Blalock (or any other Pfizer sales representative) under Alabama law. See Legg v. Wyeth, 428 F.3d 1317, 1324-25 (11th

4

Cir. 2005); Notice of Removal (Doc. 1); Opposition to Remand (Doc. 9). First, because he is neither a manufacturer nor a seller, Mr. Blalock cannot be found liable under the AEMLD or the UCC. Decl. of Howard L. Blalock at ¶¶ 5, 6 (making clear that Mr. Blalock was not involved with the manufacture, development, or testing of DPCI and did not ever sell, offer to sell, or take orders for the sale of DPCI to patients), attached hereto as Exhibit 1 ("Blalock's Declaration"); see Gordon v. Pfizer Inc., 2006 WL 2337002, at *7 (N.D. Ala. May 22, 2006); Turner v. Azalea Box Co., 508 So. 2d 253, 254 (Ala. 1987). Second, Mr. Blalock cannot be found liable for negligence because he did not "personally participate in the tort . . . ." Blalock's Declaration at ¶¶ 4, 5 (confirming that Mr. Blalock was not involved with the manufacture or packaging of DPCI); see Legg, 428 F.3d at 1324; Turner v. Hayes, 719 So. 2d 1184, 1188 (Ala. Civ. App. 1997). Last, he cannot be found liable for fraud or suppression because Plaintiff has absolutely no evidence that Mr. Blalock was aware of any undisclosed risks associated with DPCI nor did Mr. Blalock have any duty to make Plaintiff aware of such risks. Blalock's Declaration at ¶ 7 (confirming that Mr. Blalock made no knowing misrepresentations concerning the safety or efficacy of DPCI); see Legg, 428 F.3d at 1325. As the Eleventh Circuit made clear in Legg, and as Defendants previously established in their Opposition to Remand, there is, "[q]uite simply, . . . no reasonable basis to predict that an Alabama court would find [Mr. Blalock], as an individual employee, personally liable for any wrongful action by" Defendants. 428 F.3d at 1325. Accordingly, it would be futile to permit Plaintiff to amend her Complaint.

## II. "STRONG EQUITIES" DO NOT SUPPORT PLAINTIFF'S PROPOSED DIVERSITY-DESTROYING AMENDMENT.

5

Even assuming Plaintiff could state a claim against Mr. Blalock, which she cannot, Plaintiff's Motion should be denied because strong equities do not support Plaintiff's proposed diversity-destroying amendment. First, and notwithstanding Plaintiff's mistaken suggestion that Federal Rule of Civil Procedure 15(a) governs her Motion to Amend, see Motion to Amend at ¶ 3 (Doc. 22), it is well-established that "28 U.S.C. § 1447(e), rather than Rule 15(a), . . . appl[ies] when a plaintiff seeks to amend a complaint to destroy diversity jurisdiction after removal." Bevels v. Am. States Ins. Co., 100 F. Supp. 2d 1309, 1312 (M.D. Ala. 2000). Unlike Federal Rule of Civil Procedure 15(a), which allows for liberal amendment of the pleadings, courts facing "an amended pleading naming a new nondiverse defendant in a removed case should scrutinize that amendment more closely than an ordinary amendment" and must "bear in mind the original defendant's interest in its choice of the federal forum . . . ." Hensgens, 833 F.2d at 1182; Sexton v. G&K Servs., Inc., 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999); see also 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3738 (3d ed. 1998) ("Once the case has been removed . . . a pleading amendment that has the effect of ousting the federal court of its subject matter jurisdiction normally would not be permitted.").

Federal courts considering the propriety of a post-removal diversity-destroying amendment under § 1447(e) balance the following four factors: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction"; (2) "whether plaintiff has been dilatory in asking for amendment"; (3) "whether plaintiff will be significantly injured if amendment is not allowed"; and (4) "any other factors bearing on the equities." Hensgens, 833 F.2d at 1182; Smith, 229 F. Supp. 2d at 1279-82 (applying Hengens

6

analysis); Jerido v. Am. Gen. Life & Accident Ins. Co., 127 F. Supp. 2d 1322, 1325-26 (M.D. Ala. 2001) (same); Bevels, 100 F. Supp. 2d at 1313-14 (same); Sexton, 51 F. Supp. 2d at 1312-14 (same).

Applying the Hensgens four-factor test to Plaintiff's present motion reveals an overt attempt to substitute Mr. Blalock as a non-diverse sales-representative defendant in place of the fictitious parties listed in her original Complaint. Plainly, Plaintiff originally named Mr. Smith as a non-diverse defendant in this case without any factual basis for doing so. See Notice of Removal (Doc. 1); Opposition to Remand (Doc. 9); Motion to Dismiss Smith at ¶ 6 (Doc. 27); Motion to Withdraw Remand (Doc. 28). Having confirmed, through the withdrawal of her motion to remand, that Mr. Smith was fraudulently joined in this case, Plaintiff now seeks to amend the pleadings in an attempt to defeat diversity jurisdiction by adding yet another non-diverse sales representative.

    **a. The purpose of Plaintiff's amendment is to defeat federal jurisdiction.**

Time and time again, Plaintiff has demonstrated that she is "more concerned with finding a resident employee to sue[] than with finding out who was responsible for any alleged wrongs." Jerido, 127 F. Supp. 2d at 1325. "[T]he timing of the amendment, coming simultaneously with" Plaintiff's second failed discovery motion and "after removal, . . . lends support to the finding that the primary purpose of the amendment is to defeat federal jurisdiction." Id. Also "weigh[ing] against joinder" is the fact that Plaintiff's "claim against the non-diverse defendant [Mr. Blalock] . . . has no merit . . . ."[1] Smith, 229 F. Supp. 2d at 1280. As set forth above, this is Plaintiff's third attempt to add

---

[1] In determining the strength of Plaintiff's claims against Mr. Blalock, it is well-established that the "standard for evaluating whether to allow the addition of a non-diverse defendant under § 1447(e)" is different than the "standard for evaluating claims of fraudulent joinder" and district courts facing an amended pleading under § 1447(e) should "deny leave to amend unless strong equities support the amendment." Smith, 229 F. Supp. 2d at 1281.

7

a defendant to this action against whom the Eleventh Circuit in <u>Legg</u> made clear Plaintiff has no claim.  <u>See</u> <u>Legg</u>, 428 F.3d at 1324-25; <u>see generally</u> Opposition to Remand at 5-8 (Doc. 9) (establishing that Plaintiff cannot state a cause of action against any Pfizer sales representative under Alabama law); <u>supra</u> at 4 to 5.  Because the timing of Plaintiff's amendment suggests that her primary purpose is to defeat federal jurisdiction and because Plaintiff cannot state a claim against Mr. Blalock under Alabama law, the first <u>Hensgens</u> factor weighs strongly against joinder.

### b. Plaintiff has been dilatory in requesting an amendment to her Complaint.

Where, as here, a plaintiff "waits months to seek to amend the complaint" to add a diverse party even though the "plaintiff could have ascertained the identity of the resident defendant without discovery[,]" it is well-established that the "plaintiff's failure to name such a defendant when the suit was filed and before it was removed is dilatory . . . ." <u>Norman v. Family Dollar Stores</u>, 2006 WL 3802390, at *3 (M.D. Ala. Dec. 22, 2006) (internal citations omitted); <u>see</u> <u>Porterfield v. Flowers Baking Co. of Opelika, L.L.C.</u>, 2006 WL 1147333, at *3 (M.D. Ala. May 1, 2006) (same).  Plaintiff filed her original Complaint on August 8, 2006.  <u>See</u> Compl.  Defendants timely removed this matter on October 10, 2006.  <u>See</u> Notice of Removal (Doc. 1).  Thereafter, and without conducting any discovery, Plaintiff identified Mr. Blalock and moved to amend her Complaint on July 13, 2007 – nearly one year after she had filed her original Complaint and more than nine months after Defendants had removed this matter.  <u>See</u> Compl.; Motion to Amend (Doc. 22).  Because Plaintiff "was able to identify [Mr. Blalock] without any discovery once she had the proper incentive, namely to find a resident defendant to bring about remand[,]" and because Plaintiff "wait[ed] months to seek to amend the complaint[,]" the

8

second Hensgens factor – just like the first one – counsels against joinder in this case. See Norman, 2006 WL 3802390, at *1, *3 (concluding that the plaintiff had been dilatory where she sought to amend her original complaint approximately three months after she had filed it).[2]

### c. Plaintiff will not be significantly injured if her amendment is denied.

Plaintiff will suffer no injury if amendment is denied; accordingly, the third Hensgens factor also weighs in Defendants' favor. In analyzing the "significant injury" factor, district "court[s] generally determine[] whether a plaintiff can be afforded complete relief in the absence of amendment." Jerido, 127 F. Supp. 2d at 1325. Here, there is no question that Plaintiff can be afforded complete relief if no sales representative is named as a defendant. As set forth above, under the Eleventh Circuit's clear precedent, Plaintiff could not establish a viable cause of action against Mr. Blalock even if her amendment were permitted. See Legg, 428 F.3d at 1324-25; see also Opposition to Remand (Doc. 9); supra at 4 to 5. Plaintiff's lawsuit and demand for damages is focused on the corporate Defendants, not the employee-sales representative that Plaintiff seeks to add to this case to avoid this Court's jurisdiction. Plaintiff's ability to pursue her claims against Defendants will not be compromised if sales representatives are not included as parties to this action. Additionally, Mr. Blalock "would not be considered to be an indispensable party since the Federal Rules of Civil Procedure do[] not require joinder of

---

[2] See also Smith, 229 F. Supp. 2d at 1282 (concluding "that plaintiff's delay of . . . eleven months after filing suit, and ten months after removal to add [the non-diverse defendant] was dilatory"); Jerido, 127 F. Supp. 2d at 1324, 1325 (holding that the plaintiff had been dilatory where the plaintiff sought to amend her complaint approximately two months after she filed her original complaint and 2½ weeks after the defendant had removed the case); Bevels, 100 F. Supp. 2d at 1311, 1313 (holding that the plaintiff had been dilatorily where the plaintiff did not file its first amendment to the complaint until approximately two weeks after the defendant had removed the case); Sexton, 51 F. Supp. 2d at 1312, 1314 (holding that the plaintiff had been dilatory where the plaintiff sought to amend his complaint approximately three months after he filed his original complaint and 1½ months after the defendant had removed the case).

9

principal and agent." Jerido, 127 F. Supp. 2d at 1326.  Accordingly, the third Hensgens factor – just like the first and second ones – weighs in favor of denying Plaintiff's Motion to Amend.

### d. Equitable factors weigh in favor of rejecting Plaintiff's requested amendment.

Because Defendants have the right to choose the federal forum, the balance of the equities – Hensgens' fourth factor – also weighs in Defendants' favor.  It is well-established that "[d]iversity jurisdiction and the right of removal exist to give non-resident defendants the right to litigate in an unbiased form."  Smith, 229 F. Supp. 2d at 1282.  Accordingly, district courts have routinely focused on "the interest of the diverse defendants in their choice of a federal forum" when considering Hensgens' fourth factor. Id.  Simply put, when "balancing the equities, the parties are not on equal footing, and the court should give consideration to the Defendant's right to choose the federal forum." Jerido, 127 F. Supp. 2d at 1326; see Bevels, 100 F. Supp. 2d at 1313 (same); Sexton, 51 F. Supp. 2d at 1313 (same).  Because Defendants have the right to choose this federal forum, the "balance of equities" factor is firmly in Defendants' favor.

A review of the above factors reveals that Plaintiff should be prohibited from amending her Complaint to add a completely new, non-diverse sales representative defendant to this action.  Accordingly, Plaintiff's Motion to Amend should be denied.[3]

---

[3] Nothing in Plaintiff's Motion to Amend changes the fact that said motion is due to denied.  In fact, the only case cited in Plaintiff's motion – Davis ex rel. Estate of Davis v. General Motors Corp. – makes clear that where, as here, "the aim of [a] Plaintiff['s] amendment" is directed toward "the exclusion of federal jurisdiction by the introduction of a completely new non-diverse defendant[,]" and is not aimed, like the plaintiffs' amendment in Davis was, towards the addition of "proper claims against . . . an existing non-diverse defendant [already specifically] named in the Complaint," a district court should deny the requested amendment.  See 353 F. Supp. 2d 1203, 1208 (M.D. Ala. 2005).  Attempting to distinguish this unfavorable language, Plaintiff misleadingly suggests that, "unlike [in] *Davis*, [her] Complaint included specific allegations against Howard Blalock . . . ."  Plaintiff's Motion to Amend at ¶ 4 (Doc. 22).  However, Plaintiff concedes, as she must, that the so-called "specific allegations against Howard Blalock" in her

10

## CONCLUSION

For all the reasons outlined above, in Defendants' Opposition to Remand (Doc. 9), and in Defendants' Opposition to Plaintiff's First Discovery Motion (Doc. 12), Plaintiff's Motion for Leave to Amend the Complaint should be denied in its entirety.

s/Andrew B. Johnson
Andrew B. Johnson
Fred M. Haston III
Anne Marie Seibel
Amelia T. Driscoll
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
E-mail:
thaston@bradleyarant.com
aseibel@bradleyarant.com
ajohnson@bradleyarant.com
adriscoll@bradleyarant.com

Attorneys for Defendants Pfizer Inc., Pharmacia Corporation, Pharmacia & Upjohn Company, LLC, and Monsanto Company

---

original Complaint were really asserted against "a fictitious party," and were not, in fact, asserted specifically against Mr. Blalock. See id.; see also Compl. Because fictitious defendants are to be disregarded for jurisdictional purposes, Plaintiff's suggestion that the fictitious parties listed in her original Complaint can act as placeholders for the claims she has now decided to assert against Mr. Blalock (or will attempt to assert in the future against any other non-diverse Pfizer sales representative) is misplaced, contrary to binding law, and due to be rejected. 28 U.S.C. § 1441(a); see also Harris v. Beaulieu Group, LLC, 394 F. Supp 2d 1348, 1351 (M.D. Ala. 2005) (disregarding citizenship of fictitious defendants); Clingan v. Celtic Life Ins. Co., 244 F. Supp 2d 1298, 1299 (M.D. Ala. 2003) (same).

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 31, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Andy D. Birchfield, Jr.
      W. Roger Smith, III
      Matthew E. Munson
      Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
      P.O. Box 4160
      Montgomery, AL 36103-4160
      andy.birchfield@beasleyallen.com
      roger.smith@beasleyallen.com
      matt.munson@beasleyallen.com

      Respectfully submitted,
      s/ Andrew B. Johnson

      Bradley Arant Rose & White LLP
      One Federal Place
      1819 Fifth Avenue North
      Birmingham, AL 35203-2104
      Telephone: (205) 521-8000
      Facsimile: (205) 521-8800
      E-mail: ajohnson@bradleyarant.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
(Northern Division)

| | |
|---|---|
| APRIL WORLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:06-cv-00916-MEF-SRW |
| ) | |
| PFIZER INC., et al ) | |
| ) | |
| Defendants. ) | |
| ) | |

**<u>DECLARATION OF HOWARD L. BLALOCK</u>**

1. My name is Howard L. Blalock. I am over twenty-one years of age, am of sound mind, and am competent to make this declaration. This declaration is based upon my personal knowledge.

2. I was employed by Pharmacia & Upjohn Company (formerly The Upjohn Company) from April 2001 through January 2003 as a sales representative.

3. At no time did I ever provide Depo-Provera® Contraceptive Injection ("DPCI") or information concerning DPCI to April Worley.

4. I am not a physician and, accordingly, have never prescribed DPCI. I am also not a pharmacist and, therefore, I have never filled a prescription for DPCI. What knowledge I had during my employment concerning DPCI was provided to me by my employer. Specifically, my employer provided me with the FDA-approved prescribing information and the other information I used in speaking with physicians regarding DPCI. I had no involvement in the development or preparation of prescribing information for DPCI, and did not have responsibility for the content or other written warnings concerning DPCI contained in other information provided to me by my employer. I was not expected, as a sales representative, to

conduct independent research regarding the drugs I detailed. Nor was I expected to review independent scientific studies published in journals unless my employer supplied them to me.

5. At no time did I have any involvement at all with the manufacture, development, or testing of DPCI. The physicians with whom I dealt and on whom I called in my job were highly skilled professionals. They were, in my judgment and to the best of my knowledge, in a better position than I to make determinations concerning prescribing DPCI. I had no dealings at all at any time with any patients of any of the physicians on whom I called, and had no knowledge or information of any of those patients' medical histories, symptoms, prognoses, or courses of treatment.

6. At no time did I ever sell, offer to sell or take orders for the sale of DPCI to patients. Physicians that I would call upon would write their prescriptions for DPCI based upon their own independent medical knowledge and judgment and I would not have direct knowledge of any specific prescriptions these physicians may have written for individual patients including, but not limited to, April Worley.

7. I made no knowing misrepresentations concerning the safety or efficacy of DPCI and acted in good faith at all times in my dealings with physicians who may have prescribed DPCI.

8. I have never met nor spoken with April Worley.

9. I have never made any presentations to the general public regarding DPCI.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 30, 2007.

_____
Howard L. Blalock

2