IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| APRIL WORLEY, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| v. | )   CASE NO.: 2:06-cv-916-MEF |
| | ) |
| PHIZER, INC., et al., | )   (WO-Recommended for Publication) |
| | ) |
|     DEFENDANTS. | ) |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Plaintiff's Motion for Leave to Amend Complaint (Doc. # 22). By this motion Plaintiff seeks to identify a non-diverse defendant previously described in the Complaint only through the fictitious party practice available under the Alabama Rules of Civil Procedure. Defendant opposes this motion and contends that it is an improper attempt to strip this Court of subject matter jurisdiction over this action. The Court has carefully considered the submissions in support of and in opposition to the motions, as well as the applicable law, and finds for the reasons set forth in this Memorandum Opinion and Order that the motion is due to be DENIED.

### **FACTUAL AND PROCEDURAL HISTORY**

On August 8, 2006, April Worley ("Worley") filed her Complaint in the Circuit Court for Montgomery County, Alabama. In her Complaint, Worley sought damages from Pfizer, Inc., Monsanto Company, Pharmacia, Parmacia & Upjohn, Scott Griffin Smith ("Smith"), and several fictitious defendants. Worley alleges that she suffered injuries as a result of five

years of using Depo Provera, a form of birth control administered by injection. Initially, Worley alleged that Smith was a sales representative for the Pfizer Defendants and that he was involved in the marketing, selling, and distributing of Depo Provera. Worley further alleged that Smith of one of the sales representatives identified as a fictitious defendant in the Complaint called upon Worley's prescribing physicians in Montgomery, Alabama and showed the physicians fraudulent information regarding the safety and efficacy of Depo Provera and suppressed information regarding its harmful side effects.

On October 10, 2006, Defendants timely removed this action to this Court invoking its subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) and arguing that Smith had been fraudulently joined. Defendants submitted evidence establishing that Smith had no factual involvement in the cases and had not called upon Worley's physicians regarding Depo Provera. Worley filed a Motion to Remand (Doc. # 6). Additionally, Worley sought and received leave to conduct certain discovery to test the veracity of Smith's declaration. *See* Doc. # 10 & Doc. # 14. Worley sought to expand the scope of the preliminary discovery to allow her to discover the names of the persons described in the Complaint as Fictitious Defendants A, B, C, and D. (Doc. # 16). The Court denied this request.

Without the aid of formal discovery, Worley then identified Howard L. Blalock ("Blalock") as a sales representative who marketed Depo Provera in Montgomery County, Alabama for Pharmacia during the period when Worley was being prescribed Depo Provera. Worley indicates that she found his name using an internet search conducted on July 9, 2007.

On July 13, 2007, Worley filed the Motion for Leave to Amend Complaint (Doc. # 22) seeking to add Blalock as a defendant. Like Worley, Blalock is a resident of Alabama. Should the amendment be permitted, it would strip this Court of subject matter jurisdiction over this action.

After identifying Blalock and asking this Court to allow him to be added as a party defendant, Worley moved to dismiss her claims against Smith on July 30, 2007. *See* Doc. # 27. On that same date, she moved to withdraw her motion to remand. *See* Doc. # 28. It is undisputed that at this juncture, the Court has subject matter jurisdiction over this action. The parties current dispute is whether Worley should be allowed to add Blalock as a defendant and force this action back to the court form which it was removed.

## JURISDICTION AND VENUE

This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). The parties have not disputed personal jurisdiction or venue, and the Court finds an adequate evidentiary basis for personal jurisdiction and venue.

## DISCUSSION

To the extent that Worley's proposed amendment of the complaint seeks to add a new party, who is not diverse in citizenship from Worley, it is a post-removal amendment which would destroy this Court's subject matter jurisdiction. Section 1447(e) of Title 28 of the United States Code provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny

joinder, or permit joinder and remand the action to the State court." 28 U.S.C. §1447(e). Thus, the decision to grant or deny a post-removal motion to amend a complaint which would destroy the subject matter jurisdiction of the federal court is discretionary. However, "[t]he district court, when faced with amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987), *cert. denied,* 493 U.S. 851 (1989). *Accord, Sexton v. G & K Servs., Inc.,* 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999). Before allowing a post-removal amendment which would destroy subject matter jurisdiction, a court must consider the following factors:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities.

*Sexton,* 51 F. Supp. 2d at 1312. *Accord, Hensgens,* 833 F.2d at 1182; *Smith v. White Consol. Indus., Inc.,* 229 F. Supp. 2d 1275, 1280 (N.D. Ala. 2002); *Jerido v. American Gen. Life & Accident Ins. Co.,* 127 F. Supp. 2d 1322, 1325 (M.D. Ala. 2001); *Bevels v. American States Ins. Co.,* 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000). The Court has considered and weighed these factors. In the circumstances of this case, the Court finds that these factors favor denying the joinder of Blalock as a defendant in this action and requiring Worley to pursue her claims against him, if she is so inclined, in a separate lawsuit.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Motion for Leave to Amend Complaint (Doc. # 22) is DENIED.

DONE this the 3rd day of March, 2008.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE