UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
(Northern Division)

| | |
|---|---|
| APRIL WORLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:06-cv-00916-MEF-SRW |
| ) | |
| PFIZER INC., et al ) | |
| ) | |
| Defendants. ) | |

**REPORT OF PARTIES' PLANNING MEETING**

1.  Pursuant to Fed. R. Civ. P. 26(f), a conference was held by telephone on April 1, 2008, and was attended by:

| | |
|---|---|
| W. Roger Smith, III | Andrew B. Johnson, Esq |
| Beasley, Allen, Crow, Methvin, | Bradley Arant Rose & White LLP |
| Portis & Miles, P.C. | One Federal Place |
| P.O. Box 4160 | 1819 Fifth Avenue North |
| Montgomery, AL 36103-4160 | Birmingham, AL 35203-2104 |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

2.  Pre-Discovery Disclosures. HIPAA compliant authorizations for the release of medical, employment and education records shall be executed by Plaintiff by **April 15, 2008**. The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by **May 30, 2008**.

The parties further agree that any written discovery served with the Complaint will be considered served on the date full and complete initial disclosures are served by plaintiff and that the responses to said written discovery shall be due 30 days thereafter.

3.  Discovery Plan. The parties jointly propose to the court the following discovery plan:

Discovery will be needed on at least the following subjects:

For Plaintiff:
- the product itself;
- adverse events caused by Depo Provera;
- Plaintiff's injury;
- whether Depo Provera's warning label adequately warned Plaintiff and/or her doctor of the risks of Depo Provera;
- clinical trials, pharmaceutical studies, product development, pre- and post-marketing studies and adverse events related to Depo Provera;
- Defendant's knowledge of the risks of Depo Provera;
- Regulatory issues regarding Depo Provera; and
- sales and marketing of Depo Provera.

For Defendant: Depositions and documents necessary to obtain the complete medical history and requisite personal history of April Worley, including the use of any and all prescription or over the counter medications, any preexisting medical conditions, Plaintiff's use of DPCI, Plaintiff's purported injuries resulting from her use of DPCI, Plaintiff's alleged damages, and any and all further discovery necessary to Defendant's defense.

The parties respectively reserve any and all rights and objections with respect to the topics of discovery identified above.

The parties discussed the production of electronically stored information. The parties agree that Pfizer will be producing documents through a web-based review platform in text-searchable TIFF format. Plaintiff's counsel will be provided with secure log-ins that will allow them to access, review, and organize the documents produced in this litigation. No other law firm will have access to any work product that is created while using this site.

Pfizer will also provide a telephone/internet training session lasting approximately 1 hour through its vendor that maintains this website. This web-based repository will be made available after the entry of a protective order, as discussed below.

The parties will enter an appropriate protective order, which will include, among other things, provisions regarding claims of privilege or of protection as trial-preparation material asserted after production.

All discovery commenced in time to be completed by **May 15, 2009**.

Maximum of 25 additional interrogatories by each party to any other party. Responses due 30 days after service.

Maximum of 75 additional requests for production by each party to any other party. Responses due 30 days after service.

Maximum of 20 additional requests for admission by each party to any other party. Responses due 30 days after service.

Maximum of 25 depositions by Plaintiff and 15 by Defendant, excluding expert witness depositions.

Each deposition shall be limited to maximum of 7 hours of testimony unless extended by agreement of the parties. Unless agreed otherwise by the parties, not more than 7 hours of deposition testimony will be taken on any day from a single witness. Depositions shall be noticed only after conferring or attempting to confer with opposing counsel regarding availability.

Reports from retained experts under Rule 26(a)(2) due:

From Plaintiff by **October 30, 2008**.
From Defendant by **December 15, 2008**.

Expert depositions to take place before:

      Plaintiff's designated expert(s) by **November 30, 2008**.
      Defendant's designated expert(s) by **January 15, 2008**.

      Supplementations under Rule 26(e) due fourteen days prior to the close of discovery.

    4.    The parties do not request a scheduling conference with the Court before entry of the scheduling order.

    5.    The parties request a pretrial conference in **July 2009**.

    6.    Plaintiff should be allowed until **June 2, 2008**, to join additional parties and until **July 2, 2008**, to amend the pleadings.

    7.    Defendant should be allowed until **June 16, 2008**, to join additional parties and until **July 16, 2008**, to amend the pleadings.

    8.    All potentially dispositive motions should be filed by **April 24, 2009**.

    9.    Settlement cannot be evaluated prior to some initial discovery.

    10.    Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:
        From Plaintiff(s):    Twenty days before trial;
        From Defendant(s):    Fifteen days before trial.

    11.    Parties should have 7 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    12.    The case should be ready for trial by **August 2009**, which at this time is expected to take approximately 7 to 14 days.

Date: April 3, 2008

| | |
|---|---|
| s/ W. Roger Smith, III | s/ Andrew B. Johnson |
| W. Roger Smith, III | Andrew B. Johnson, Esq. |
| Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. | Bradley Arant Rose & White LLP |
| | One Federal Place |
| P.O. Box 4160 | 1819 Fifth Avenue North |
| Montgomery, AL 36103-4160 | Birmingham, AL 35203-2104 |
| *Counsel for Plaintiff* | *Counsel for Defendant* |