## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### (Northern Division)

| | |
|---|---|
| **APRIL WORLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **2:06-cv-00916-MEF-SRW** |
| ) | |
| **PFIZER INC., et al** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER OF CONFIDENTIALITY

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, defendants Pfizer Inc., Pharmacia Corporation (incorrectly named in the Complaint as "Pharmacia"), and Pharmacia & Upjohn Company LLC (incorrectly named in the Complaint as "Pharmacia & Upjohn") (collectively "Defendants") hereby move this Court to enter the Protective Order attached to this Motion as Exhibit A. As good cause for the granting of this Motion, Defendants state as follows:

1. Certain documents, testimony, and other information to be disclosed or produced in this litigation contain trade secrets or other confidential research, development, or commercial information, as well as other information that requires protection in accordance with Fed. R. Civ. P. 26(c). Defendants stand to suffer

economic and irreparable harm if the confidential and proprietary documents and information are disseminated beyond this litigation.

2.  Defendants and Plaintiff have conferred in good faith but were unsuccessful in their attempt to resolve these issues.  Specifically, Plaintiff demands inclusion of a sharing provision that would permit Plaintiff to share the confidential and trade secret information produced by Defendants with third-parties unconnected with the this lawsuit.  Because Defendants' confidential and proprietary information must be afforded significant protections, Defendants object to the inclusion of a sharing provision in the Protective Order.

3.  Inclusion of a sharing provision would be inappropriate in this case.  First, the disclosure of trade secret information should be restricted to the minimum individuals necessary for Plaintiff to prosecute her case.  See Seattle Times v. Rinehart, 467 U.S. 20, 31 (1984) (affirming trial court's entry of a protective order that prohibited defendants from disseminating confidential financial information and stating that a litigant does not have "an unrestrained right to disseminate information that has been obtained through pretrial discovery"); Scott v. Monsanto Co., 868 F.2d 786, 792 (5th Cir. 1989) (affirming the trial court's entry of a protective order that prohibited plaintiffs from sharing defendant's confidential information with anyone but plaintiffs, their representatives, counsel, experts, and consultants); Ex parte W. L. Halsey Grocery Co., 897 So. 2d 1028, 1035 (Ala.

2004) (concluding that "trade secret [information] is entitled to protection in excess of that provided in the normal discovery process" and ordering the trial court to protect such information "to the maximum extent practicable"). Second, the risk to Defendants posed by the circulation of their confidential and trade secret information outweighs Plaintiff's interest in sharing that information beyond this litigation. See Williams v. Taser Int'l, Inc., 2006 WL 1835437, at *2 (N.D. Ga. 2006) (balancing the risk of releasing confidential information against the interest in sharing and declining to allow Plaintiffs to "share confidential documents with other attorneys or experts involved in litigation against Taser"). Third, and finally, inclusion of a sharing provision would conflict with every other Stipulated Protective Order entered by courts participating in similar DPCI litigation. See Exhibits B-G, ¶¶ 14, 18 (outlining the permissible disclosures of confidential information and stating that the Confidential Information shall only be used "in connection with this litigation"). These Orders are attached to this Motion as follows:

> a. Exhibit B: Colville v. Pharmacia & Upjohn Co., LLC, Case No. 4:07-cv-140-SPM-WCS, N.D. Fla., August 9, 2007 Stipulated Protective Order of Confidentiality.
> b. Exhibit C: Oliver v. Pharmacia & Upjohn Co., LLC, Case No. 06-5737, E.D. La., August 8, 2007 Stipulated Protective Order of Confidentiality.
> c. Exhibit D: Ridell, et al. v. Pfizer Inc., et al., No. 06-5418, D. N.J., October 12, 2007 Stipulated Order of Confidentiality.

d. Exhibit E: <u>In re Depo-Provera® Contraceptive Injection Litigation</u>, Case No. 276, Superior Court of New Jersey Law Division, October 23, 2007 Stipulated Order of Confidentiality.

e. Exhibit F: <u>Montagnon v. Pfizer Inc.</u>, Case No. 3:06-CV-00280, D. Conn., September 10, 2007 Joint Motion for Stipulated Protective Order.

f. Exhibit G: <u>Finney v. Pfizer Inc.</u>, Case No. 07-CV-2117, C.D. Ill., April 21, 2008 Protective Order.

4. Defendants' proposed Protective Order, attached hereto, is consistent with the protective orders entered across the country in the DPCI litigation. Additionally, the attached Protective Order protects Defendants' confidential and proprietary information, while allowing Plaintiff sufficient access to the documents. Accordingly, Defendants pray that the Court enter the attached Protective Order, and grant Defendants such additional relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED, this the 20th day of June, 2008.

s/Andrew B. Johnson
Andrew B. Johnson
Fred M. Haston III
Anne Marie Seibel
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119

Telephone: (205) 521-8000
Facsimile: (205) 521-8800
E-mail:
thaston@bradleyarant.com
aseibel@bradleyarant.com
ajohnson@bradleyarant.com

Attorneys for Defendants


## Certificate of Service

I hereby certify that on June 20, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Andy D. Birchfield, Jr.
W. Roger Smith, III
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
andy.birchfield@beasleyallen.com
roger.smith@beasleyallen.com


Respectfully submitted,
s/ Andrew B. Johnson

Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
E-mail: ajohnson@bradleyarant.com

5

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### (Northern Division)

| | | |
|---|---|---|
| **APRIL WORLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **2:06-cv-00916-MEF-SRW** |
| | ) | |
| **PFIZER INC., et al** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PROTECTIVE ORDER OF CONFIDENTIALITY

Certain documents, testimony, and other information to be disclosed or produced in this litigation contain trade secrets or other confidential research, development, or commercial information, as well as other information protected from disclosure by applicable law.   To preserve the confidentiality of such information pursuant to Federal Rule of Civil Procedure 26, it is ORDERED as follows:

## I.     SCOPE OF THE ORDER

1.     This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during this litigation including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party to this litigation, including their respective corporate parents, subsidiaries, and affiliates and their respective attorneys, agents, experts, consultants, representatives, officers, employees, and others as set forth in this Order. This Order is also binding on any party who obtains documents or other Confidential Information produced or disclosed in this litigation pursuant to this Order, including those parties' respective attorneys, agents, experts, consultants, representatives, officers, employees, and others as set forth in this Order.

2.     The phrase "Receiving Party" shall refer to Plaintiff April Worley and/or any other party receiving materials pursuant to the instant Order.  The phrase "Supplying Party" shall refer to

defendants, Pfizer Inc. ("Pfizer"), Pharmacia Corporation ("Pharmacia"), Pharmacia & Upjohn Company LLC ("P&U"), and/or Monsanto Company ("Monsanto"). Third parties who so elect may avail themselves of, and agree to be bound by the terms and conditions of this Order and thereby become a Supplying Party for purposes of this Order.

3.    The entry of this Order does not prevent any party from seeking any further orders of this Court pursuant to Federal Rule of Civil Procedure 26(c).

4.    Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

5.    The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge as set forth in Paragraph 30 below that this Order creates no entitlement to file confidential information under seal, and that all local rules shall apply to a party who seeks permission to file material under seal.

## II.    <u>DESIGNATION OF CONFIDENTIAL INFORMATION</u>

6.    "Confidential Information" as used herein means any information that the Supplying Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Federal Rule of Civil Procedure 26(c) or other applicable law, whether it is a document (electronic or otherwise), information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed. In designating material as "Confidential Information," the Supplying Party will make such designation only as to the material that it in good faith believes to be entitled to confidential treatment under applicable law or would disclose the parties' private financial information, private competitive information, trade secrets, confidential scientific information, personal or medical information, or other kinds of sensitive information that a party deems confidential.

7.    Specific documents and discovery responses produced by the Supplying Party shall, if appropriate, be designated as "Confidential Information" by marking the pages of the document

that contain Confidential Information as: "CONFIDENTIAL" or "CONFIDENTIAL –
SUBJECT TO PROTECTIVE ORDER." Except as provided in Paragraphs 11 and 27,
documents that do not bear the foregoing designation are not Confidential Information as that
term is used in this Order.

8.      To the extent that matter stored or recorded in the form of electronic or magnetic media
(including information, files, databases or programs stored on any digital or analog machine-
readable device, computers, Internet sites, discs, networks or tapes) ("Computerized Material") is
produced by any party in such form, the Supplying Party may designate such matters as
confidential by cover letter referring generally to such matter.  Whenever any party to whom
Computerized Material designated as confidential is produced reduces such material to hardcopy
form, that party shall mark the hardcopy form with the "CONFIDENTIAL" or
"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation.

9.      To protect against unauthorized disclosure of Confidential Information and to comply
with all applicable state and federal laws and regulations, the Supplying Party may redact from
produced documents, materials, things, or portions thereof:

        a.      The names, addresses, Social Security or tax identification numbers, and
other personally identifying information of employees, patients, health care providers, and
individuals in clinical studies or adverse event reports.   To the extent such identifying
information for a particular plaintiff is contained in any document, a copy of that document that
has not had the plaintiff's information redacted will be produced directly to counsel for that
plaintiff;

        b.      Highly confidential trade secrets such as those related to the formulation
of the product at issue in this litigation; and

        c.      Any information relating to products other than Depo-Provera®
Contraceptive Injection.

10.     Pursuant to 21 C.F.R. §§ 20.63(f), 314.430(e), and (f), the names of any person or
persons reporting adverse experiences of patients and the names of any patients that are not
redacted pursuant to Paragraph 9 shall be treated as Confidential Information.  No such person

3

shall be contacted, either directly or indirectly, based on the information so disclosed without the express written permission of the Supplying Party.

11.    Any material produced or provided in this litigation for inspection is to be treated by the Receiving Party as Confidential Information pending the copying and delivery of any copies of the same by the Supplying Party to the Receiving Party.

12.    Information disclosed at a deposition taken in connection with this litigation may be designated as Confidential Information by: (a) designating testimony as confidential on the record during the taking of the deposition; and/or (b) designating the portions of the transcript that are confidential in a letter to be served on the court reporter and opposing counsel within thirty (30) calendar days of the Supplying Party's receipt of the transcript of a deposition.  The court reporter will indicate the portions designated as confidential and segregate them as appropriate.  Designations of transcripts will apply to audio, video, or other recordings of the testimony. The court reporter shall clearly mark any transcript released prior to the expiration of the 30-day period as "CONFIDENTIAL – SUBJECT TO FURTHER CONFIDENTIALITY REVIEW."  Such transcripts will be treated as Confidential Information until the expiration of the 30-day period.

13.    A party in this litigation may designate as Confidential Information any document or information produced by or testimony given by any other person or entity that the party reasonably believes qualifies as such party's Confidential Information pursuant to this Order.  If any third party produces information that any party in good faith believes constitutes its Confidential Information, the party claiming confidentiality shall designate the information as such within thirty (30) days of its receipt of such information.  Any party receiving information from a third party shall treat such information as confidential during this thirty (30) day period while all parties have an opportunity to review the information and determine whether it should be designated as confidential.  Any party designating third party information as confidential shall have the same rights as the Supplying Party under this Order with respect to such information.

### III.    <u>PERMISSIBLE DISCLOSURES OF CONFIDENTIAL INFORMATION</u>

14.    Subject to Paragraphs 15, 16, and 21, a Receiving Party may show and deliver Confidential Information only to the following persons:

a.    Counsel for the Receiving Party, including any in-house counsel, and the attorneys, paralegals, stenographic, and clerical staff employed by such counsel to whom it is reasonably necessary to disclose the Information for purposes of the litigation;

b.    With respect to any Confidential Information produced by any plaintiff or third party with respect to plaintiff, any employee or agent of the Receiving Party to whom it is reasonably necessary to disclose such information;

c.    Any plaintiff or claimant who has asserted or intends to assert a claim in this litigation;

d.    Any outside consultant or expert to whom it is reasonably necessary to disclose Confidential Information, whether formally retained or not;

e.    Any witness for the purpose of conducting an examination of such witness during a trial period or deposition; provided, however, that Confidential Information shall not lose its confidential or restricted status through such use, and that any such witness shall, before being shown any Confidential Information, sign an Acknowledgment, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Order and agrees to abide by its terms.  Defendant's employees, who are already subject to confidentiality agreements of at least equal force and effect as this Order, shall not be required to sign the Acknowledgment, to be bound by the terms of this Order;

f.    Stenographic employees and court reporters recording or transcribing testimony in this litigation; and

g.    This Court, any state or federal court conducting related proceedings, and any member of their staffs to whom it is necessary to disclose Confidential Information.

15.     Before disclosing Confidential Information to any person who is, independent of this litigation, a current employee of, or a consultant to, a pharmaceutical company other than Pfizer Inc. that is marketing or has in development a hormonal contraceptive, the party wishing to make such disclosure shall give at least ten (10) days' advance notice in writing to the counsel for the party who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made and the nature of his or her affiliation with a pharmaceutical company.  If, within the 10-day period, the Supplying Party files a motion objecting to the proposed disclosure, then the party seeking disclosure may not disclose any Confidential Information to that person until ten days have elapsed after the appeal period from a Court order denying the motion.  In making such motion, it shall be the Supplying Party's burden to demonstrate good cause for preventing such disclosure.

16.     Before disclosing Confidential Information to any person who is, independent of this litigation, a current employee of, or a consultant to, a pharmaceutical company other than Pfizer Inc. that is not marketing or does not have in development a hormonal contraceptive, the party wishing to make such disclosure shall give counsel for the supplying party sufficient information concerning the proposed recipient to permit an informed decision to be made with respect to any potential objection, including at a minimum the name of the pharmaceutical company and the nature of the person's relationship thereto.  If there is no consent to the disclosure within ten (10) days, the party wishing to make the disclosure may submit the information to the Court for a determination of whether the disclosure may be made. The objecting party will have opportunity to request that the Court direct the party wishing to make disclosure to produce additional information about the proposed recipient and to submit any other papers and argument it feels necessary to allow the Court to make an informed decision.  It shall be the burden of the party wishing to prevent such disclosure to demonstrate good cause for prohibiting disclosure.  The party seeking disclosure may not disclose any Confidential Information unless and until the Court has permitted such disclosure and ten days have elapsed after the appeal period from any such order.  If the Court allows disclosure of the Confidential Information, the Information remains Confidential Information and the person to whom disclosure is made shall be bound by this Order.

17.     Disclosure of Confidential Information beyond the terms of this Order may be made only if the Supplying Party designating the material as Confidential Information consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.  The terms of this Order shall not apply to any publicly available information or documents.

## IV.     <u>USE OF CONFIDENTIAL INFORMATION</u>

18.     Persons having knowledge of Confidential Information by virtue of their participation in this litigation, or by virtue of obtaining any documents or other Confidential Information produced or disclosed in this litigation pursuant to this Order, shall use that Confidential Information only in connection with this litigation.

19.     Notwithstanding any other provisions hereof, nothing herein shall restrict any party's counsel from rendering advice to his or her clients with respect to this litigation and, in the course thereof, relying upon Confidential Information, provided that in rendering such advice, counsel shall not disclose any other party's Confidential Information other than in a manner provided for in this Order.

20.     Nothing contained in this Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any party or the Court.

## V.     <u>PROTECTION OF CONFIDENTIAL INFORMATION</u>

21.     Counsel shall take all reasonable necessary steps to assure the security of any Confidential Information and will limit access to Confidential Information to those persons authorized by this Order.

22.     Prior to the disclosure of any Confidential Information to any person identified in Paragraph 14(c) - (d), each putative recipient of Confidential Information shall be provided with a copy of this Order.  Such person shall sign an Acknowledgement, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Order and agrees to abide by its terms. These Acknowledgements are strictly confidential.  Counsel for each party shall maintain the Acknowledgements without giving copies to the other side.  If the Court finds that any disclosure

is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not disclose any information to their clients that could tend to identify any Acknowledgment signatory unless and until there is specific evidence that a particular signatory may have violated this Order, in which case limited disclosure may be made with respect to that signatory.

23.    Persons who come into contact with Confidential Information for clerical or administrative purposes, and who do not retain copies of extracts thereof, are not required to execute Acknowledgments but must comply with the terms of this Order.

24.    Any party that is served with a subpoena or other notice compelling the production of discovery materials produced by another party must immediately give written notice of such subpoena or other notice to the original Supplying Party.  Upon receiving such notice, the original Supplying Party shall bear the burden of opposing, if it deems appropriate, the subpoena on grounds of confidentiality.

25.    All counsel shall at all times keep secure all notes, abstractions, or other work product derived from or containing Confidential Information, shall be obligated to maintain the confidentiality of such work product; and shall not disclose or reveal the contents of said notes, abstractions or other work product after the documents, materials, or other things, or portions thereof (and the information contained therein) and information are returned and surrendered. Nothing in this agreement requires the Receiving Party's counsel to disclose work product at the conclusion of the case.

26.    If a Receiving Party learns of any unauthorized disclosure of Confidential Information, it shall immediately (a) inform the Supplying Party in writing of all pertinent facts relating to such disclosure, (b) make its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Acknowledgment that is attached hereto as Exhibit A.

27.    Within thirty (30) days of the conclusion of this proceeding, including any appeals related thereto, at the written request and option of the Supplying Party, the attorney for the Receiving

Party and any persons to whom he or she disclosed Confidential Information pursuant to this Order shall return and surrender any Confidential Information or copies thereof to the Supplying Party at the Supplying Party's expense. Such persons shall return or surrender any discovery materials produced by the Supplying Party and any and all copies (electronic or otherwise), summaries, notes, compilations, and memoranda related thereto; provided, however, that counsel may retain their privileged communications, work product, Acknowledgements pursuant to Paragraph 22, and all court-filed documents even though they contain discovery materials produced by the Supplying Party, but such retained privileged communications and work product shall remain subject to the terms of this Order. At the written request of the Supplying Party, any person or entity having custody or control of recordings, notes, memoranda, summaries, or other written material regarding the discovery materials produced by the Supplying Party (except for privileged communications, work product and court-filed documents as stated above) shall produce an affidavit stating that such materials have been delivered to the Supplying Party in accordance with the terms of this Order.

## VI.    CHANGES IN AND OBJECTIONS TO DESIGNATION OF INFORMATION

28.    Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim to its confidential nature or preclude the Supplying Party from designating said document or information as Confidential Information at a later date. Any Supplying Party may designate as Confidential Information or withdraw a Confidential Information designation from any material that it has produced; provided, however, that such redesignation shall be effective only as of the date of such redesignation. Such redesignation shall be accomplished by notifying counsel for each party in writing of such redesignation. Upon receipt of any redesignation that designates material as confidential, the Receiving Party shall (i) treat such material in accordance with this Order; (ii) take reasonable steps to notify any persons known to have possession of any such material or such redesignation under this Order; and (iii) promptly endeavor to procure all copies of such material from any persons known to have possession of such material who are not entitled to receipt under Paragraph 14.

29.     Unless a prompt challenge to a Supplying Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.   A Receiving Party that elects to initiate a challenge to a Supplying Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Supplying Party.   In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the Supplying Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.   A Receiving Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer first.   A Receiving Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Supplying Party may file and serve a motion as allowable under applicable law that identifies the challenged material and sets forth in detail the basis for the challenge.   Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in this paragraph that sets forth with specificity the justification for the confidentiality designation that was given by the Supplying Party in the meet and confer dialogue.   The burden of persuasion in any such challenge proceeding shall be on the Supplying Party.   Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Supplying Party's designation.

**VII.    FILING PAPERS IN COURT RECORDS**

30.     Without written permission from counsel of record for the Supplying Party or a Court order secured after appropriate notice to all interested persons, a party may not file in the public record of this litigation any Confidential Information.   A party that seeks to file under seal any Confidential Information must comply with local rules and practice.   When submitting deposition testimony pursuant to this paragraph that has been designated confidential, the submitting party shall submit, to the extent reasonably possible, only those pages of the deposition transcript that are cited, referred to, or relied on by the submitting party.

## VIII.   MISCELLANEOUS PROVISIONS

31.    The use of Confidential Information during any trial in this litigation will be addressed in a later agreement between the parties, or, if they cannot reach agreement, by further order of the Court.

32.    It is expressly understood by and between the parties that in producing Confidential Information in this litigation, the parties shall be relying upon the terms and conditions of this Order.

33.    By written agreement of the parties, or upon motion and order of the Court, the terms of this Order may be amended or modified.  This Order shall continue in force until amended or suspended by express order of the Court, and shall survive and remain in effect after the termination of this proceeding.

34.    Notwithstanding any other provision in this Order, nothing in this Order shall affect or modify Pfizer's ability to review Plaintiff's information and report such information to any applicable regulatory agencies, as required by law or applicable regulation.


IT IS SO ORDERED.


Dated: _____, 2008


By:    _____
       Judge Mark E. Fuller
       United States District Judge

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

The undersigned agrees:

      I declare under penalty of perjury that I have read in its entirety and understand the Protective Order of Confidentiality that was issued by the United States District Court for the Middle District of Alabama (Northern Division) on _____, 2008 in the matter of *April Worley v. Pfizer Inc., et al.,* Civil Action No. 2:06-cv-00916-SRW.  I agree to comply with and to be bound by all terms of this Protective Order of Confidentiality and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order of Confidentiality to any person or entity in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Middle District of Alabama for the purpose of enforcing the terms of this Protective Order of Confidentiality, even if such enforcement proceedings occur after termination of these proceedings.


Date:  _____


City and State where sworn and signed: _____


Printed name: _____
                       [printed name]

Signature: _____
                 [signature]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Cassandra Colville,

     Plaintiff,

v.                                 Case No.  4:07-cv-140-SPM-WCS

Pharmacia & Upjohn Company, LLC,

     Defendant.

---

### STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY

     Certain documents, testimony and other information to be disclosed or produced

in this litigation contain trade secrets or other confidential research, development, or

commercial information, as well as other information protected from disclosure by

applicable law.  To preserve the confidentiality of such information pursuant to Fed. R.

Civ. P. 26, it is STIPULATED and ORDERED as follows:

### I.     SCOPE OF THE ORDER

1.     This Order shall govern all documents, the information contained therein, and all

other information produced or disclosed during this litigation including all copies,

excerpts, summaries, or compilations thereof, whether revealed in a document,

deposition, other testimony, discovery response or otherwise, by any party to this

litigation, including their respective corporate parents, subsidiaries, and affiliates and

their respective attorneys, agents, experts, consultants, representatives, officers,

employees, and others set forth in this Order.  This Order is also binding on any party

who obtains documents or other Confidential Information produced or disclosed in this litigation pursuant to this Order, including those parties' respective attorneys, agents, experts, consultants, representatives, officers, employees, and others as set forth in this Order.

2.      *The Receiving Party shall refer to plaintiff, Cassandra Colville, and/or any other party receiving materials pursuant to the instant order.  The Supplying Party shall refer to Pfizer Inc. and its subsidiaries including, but not limited to defendant, Pharmacia & Upjohn Company LLC, and/or any other party supplying materials pursuant to the instant order.*  Third parties who so elect may avail themselves of, and agree to be bound by the terms and conditions of this Order and thereby become a Supplying Party for purposes of this Order.

3.      The entry of this Order does not prevent any party from seeking any further orders of this Court pursuant to Federal Rules of Civil Procedure 26(c).

4.      Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

5.      The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge as set forth in Paragraph 30 below that this Order creates no entitlement to file confidential information under seal, and that all local rules shall apply to a party who seeks permission to file material under seal.

## II.     **DESIGNATION OF CONFIDENTIAL INFORMATION**

6.        "Confidential Information" as used herein means any information that the Supplying Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Federal Rule of Civil Procedure 26(c) or other applicable law, whether it is a document (electronic or otherwise), information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed.  In designating material as "Confidential Information," the Supplying Party will make such designation only as to the material that it in good faith believes to be entitled to confidential treatment under applicable law or would disclose the parties' private financial information, private competitive information, trade secrets, confidential scientific information, personal or medical information, or other kinds of sensitive information that a party deems confidential.

7.        Specific documents and discovery responses produced by the Supplying Party shall, if appropriate, be designated as "Confidential Information" by marking the pages of the document that contain Confidential Information as: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." Except as provided in Paragraphs 11 and 27, documents that do not bear the foregoing designation are not Confidential Information as that term is used in this Order.

8.        To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks or tapes)

("Computerized Material") is produced by any party in such form, the Supplying Party may designate such matters as confidential by cover letter referring generally to such matter. Whenever any party to whom Computerized Material designated as confidential is produced reduces such material to hardcopy form, that party shall mark the hardcopy form with the "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" designation.

9.     To protect against unauthorized disclosure of Confidential Information and comply with all applicable state and federal laws and regulations, the Supplying Party may redact from produced documents, materials, things, or portions thereof:

        a.     The names, addresses, Social Security or tax identification numbers, and other personally identifying information of employees, patients, health care providers, and individuals in clinical studies or adverse event reports. To the extent such identifying information for a particular plaintiff is contained in any document, a copy of that document that has not had the plaintiff's information redacted will be produced directly to counsel for that plaintiff;

        b.     Highly confidential trade secrets such as those related to the formulation of the product at issue in this litigation; and

        c.     Any information relating to products other than Depo-Provera® Contraceptive Injection.

10.    Pursuant to 21 C.F.R. §§ 20.63(f), 314.430(e), and (f), the names of any person or persons reporting adverse experiences of patients and the names of any patients that are not redacted pursuant to Paragraph 9 shall be treated as Confidential Information. No

such person shall be contacted, either directly or indirectly, based on the information so disclosed without the express written permission of the Supplying Party.

11.     Any material produced or provided in this litigation for inspection is to be treated by the Receiving Party as Confidential Information pending the copying and delivery of any copies of the same by the Supplying Party to the Receiving Party.

12.     Information disclosed at a deposition taken in connection with this litigation may be designated as Confidential Information by: (a) designating testimony as confidential on the record during the taking of the deposition, and/or (b) designating the portions of the transcript that are confidential in a letter to be served on the court reporter and opposing counsel within thirty (30) calendar days of the Supplying Party's receipt of the transcript of a deposition.  The court reporter will indicate the portions designated as confidential and segregate them as appropriate.  Designations of transcripts will apply to audio, video, or other recordings of the testimony. The court reporter shall clearly mark any transcript released prior to the expiration of the 30-day period as "CONFIDENTIAL - SUBJECT TO FURTHER CONFIDENTIALITY REVIEW."  Such transcripts will be treated as Confidential Information until the expiration of the 30-day period.

13.     A party in this litigation may designate as Confidential Information any document or information produced by or testimony given by any other person or entity that the party reasonably believes qualifies as such party's Confidential Information pursuant to this Order.  If any third party produces information that any party in good faith believes constitutes its Confidential Information, the party claiming confidentiality shall designate the information as such within thirty (30) days of its receipt of such information.  Any

party receiving information from a third party shall treat such information as confidential during this (30) day period while all parties have an opportunity to review the information and determine whether it should be designated as confidential. Any party designating third party information as confidential shall have the same rights as Supplying Party under this order with respect to such information.

## III.    PERMISSIBLE DISCLOSURES OF CONFIDENTIAL INFORMATION

14.    Subject to Paragraphs 15, 16, and 21, a Receiving Party may show and deliver Confidential Information only to the following persons:

      a.    Counsel for the Receiving Party, including any in-house counsel, and the attorneys, paralegals, stenographic, and clerical staff employed by such counsel to whom it is reasonably necessary to disclose the Information for purposes of the litigation;

      b.    With respect to any Confidential Information produced by any plaintiff or third party with respect to plaintiff, any employee or agent of the Receiving Party to whom it is reasonably necessary to disclose such information;

      c.    Any plaintiff or claimant who has asserted or intends to assert a claim in this litigation;

      d.    Any outside consultant or expert to whom it is reasonably necessary to disclose Confidential Information, whether formally retained or not;

      e.    Any witness for the purpose of conducting an examination of such witness during a trial period or deposition; provided, however, that Confidential Information shall not lose its confidential or restricted status through such use;

            f.      Stenographic employees and court reporters recording or transcribing testimony in this litigation; and

            g.      This Court, any state or federal court conducting related proceedings, and any member of their staffs to whom it is necessary to disclose Confidential Information.

15.    Before disclosing Confidential Information to any person who is, independent of this litigation, a current employee of, or a consultant to, a pharmaceutical company other than Pfizer Inc. that is marketing or has in development a hormonal contraceptive, the party wishing to make such disclosure shall give at least ten (10) days' advance notice in writing to the counsel for the party who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made and the nature of his or her affiliation with a pharmaceutical company. If, within the 10-day period, the Supplying Party files a motion objecting to the proposed disclosure, then the party seeking disclosure may not disclose any Confidential Information to that person until ten days have elapsed after the appeal period from a Court order denying the motion. In making such motion, it shall be the Supplying Party's burden to demonstrate good cause for preventing such disclosure.

16.    Before disclosing Confidential Information to any person who is, independent of this litigation, a current employee of, or a consultant to, a pharmaceutical company other than Pfizer Inc. that is <u>not</u> marketing or does <u>not</u> have in development a hormonal contraceptive, the party wishing to make such disclosure shall give counsel for the supplying party sufficient information concerning the proposed recipient to permit an

informed decision to be made with respect to any potential objection, including at a minimum the name of the pharmaceutical company and the nature of the person's relationship thereto. If there is no consent to the disclosure within ten (10) days, the party wishing to make the disclosure may submit the information to the Court for a determination of whether the disclosure may be made. The objecting party will have opportunity to request that the Court direct the party wishing to make disclosure to produce additional information about the proposed recipient and to submit any other papers and argument it feels necessary to allow the Court to make an informed decision. It shall be the burden of the party wishing to prevent such disclosure to demonstrate good cause for prohibiting disclosure. The party seeking disclosure may not disclose any Confidential Information unless and until the Court has permitted such disclosure and ten days have elapsed after the appeal period from any such order. If the Court allows disclosure of the Confidential Information, the Information remains Confidential Information and the person to whom disclosure is made shall be bound by this order.

17.    Disclosure of Confidential Information beyond the terms of this Order may be made only if the Supplying Party designating the material as Confidential Information consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure. The terms of this Order shall not apply to any publicly available information or documents.

**IV.    USE OF CONFIDENTIAL INFORMATION**

18.    Persons having knowledge of Confidential Information by virtue of their participation in this litigation, or by virtue of obtaining any documents or other

Confidential Information produced or disclosed in this litigation pursuant to this Order, shall use that Confidential Information only in connection with this litigation.

19.    Notwithstanding any other provisions hereof, nothing herein shall restrict any party's counsel from rendering advice to its clients with respect to this litigation and, in the course thereof, relying upon Confidential Information, provided that in rendering such advice, counsel shall not disclose any other party's Confidential Information other than in a manner provided for in this Order.

20.    Nothing contained in this Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any party or the Court.

## V.    **PROTECTION OF CONFIDENTIAL INFORMATION**

21.    Counsel shall take all reasonable necessary steps to assure the security of any Confidential Information and will limit access to Confidential Information to those persons authorized by this Order.

22.    Prior to the disclosure of any Confidential Information to any person identified in Paragraph 14(c) - (d), each putative recipient of Confidential Information shall be provided with a copy of this Order.  Such person shall sign an Acknowledgement, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Order and agrees to abide by its terms. These Acknowledgements are strictly confidential.  Counsel for each party shall maintain the Acknowledgements without giving copes to the other side.  If the Court finds that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not

disclose any information to their clients that could tend to identify any Acknowledgment signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory.

23.    Persons who come into contact with Confidential Information for clerical or administrative purposes, and who do not retain copies of extracts thereof, are not required to execute Acknowledgments but must comply with the terms of this Order.

24.    Any party that is served with a subpoena or other notice compelling the production of discovery materials produced by another party must immediately give written notice of such subpoena or other notice to the original Supplying Party. Upon receiving such notice, the original Supplying Party shall bear the burden of opposing, if it deems appropriate, the subpoena on grounds of confidentiality.

25.    All counsel shall at all times keep secure all notes, abstractions, or other work product derived from or containing Confidential Information, shall be obligated to maintain the confidentiality of such work product; and shall not disclose or reveal the contents of said notes, abstractions or other work product after the documents, materials, or other things, or portions thereof (and the information contained therein) and information are returned and surrendered. Nothing in this agreement requires the Receiving Party's counsel to disclose work product at the conclusion of the case.

26.    If a Receiving Party learns of any unauthorized disclosure of Confidential Information, it shall immediately (a) inform the Supplying Party in writing of all pertinent facts relating to such disclosure, (b) make its best efforts to retrieve all copies of

the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the Acknowledgment that is attached hereto as Exhibit A.

27.     Within thirty (30) days of the conclusion of this proceeding, including any appeals related thereto, at the written request and option of the Supplying Party, the attorney for the Receiving Party and any persons to whom he or she disclosed Confidential Information pursuant to this Order shall return and surrender any Confidential Information or copies thereof to the Supplying Party at the Supplying Party's expense. Such persons shall return or surrender any discovery materials produced by the Supplying Party and any and all copies (electric or otherwise), summaries, notes, compilations, and memoranda related thereto; provided, however, that counsel may retain their privileged communications, work product, Acknowledgements pursuant to Paragraph 22, and all court-filed documents even though they contain discovery materials produced by the Supplying Party, but such retained privileged communications and work product shall remain subject to the terms of this Order. At the written request of the Supplying Party, any person or entity having custody or control of recordings, notes, memoranda, summaries, or other written material regarding the discovery materials produced by the Supplying Party (except for privileged communications, work product and court-filed documents as stated above) shall produce an affidavit stating that such materials have been delivered to the Supplying Party in accordance with the terms of this Order.

## VI.  CHANGES  IN  AND  OBJECTIONS  TO  DESIGNATION  OF INFORMATION

28.     Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim to its confidential nature or preclude the Supplying Party from designating said document or information as Confidential Information at a later date.    Any Supplying Party may designate as Confidential Information or withdraw a Confidential Information designation from any material that it has produced; provided, however, that such redesignation shall be effective only as of the date of such redesignation.    Such redesignation shall be accomplished by notifying counsel for each party in writing of such redesignation.  Upon receipt of any redesignation that designates material as confidential, the Receiving Party shall (i) treat such material in accordance with this Order; (ii) take reasonable steps to notify any persons known to have possession of any such material or such redesignation under this Order; and (iii) promptly endeavor to procure all copies of such material from any persons known to have possession of such material who are not entitled to receipt under Paragraph 14.

29.     Unless a prompt challenge to a Supplying Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  A Receiving Party that elects to initiate a challenge to a Supplying Party's confidentiality designation must do so in good

faith and must begin the process by conferring directly with counsel for the Supplying Party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the Supplying Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Receiving Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer first. A Receiving Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Supplying Party may file and serve a motion as allowable under applicable law that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in this paragraph that sets forth with specificity the justification for the confidentiality designation that was given by the Supplying Party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Supplying Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Supplying Party's designation.

## VII.    FILING PAPERS IN COURT RECORDS

30.    Without written permission from counsel of record for the Supplying Party or a Court order secured after appropriate notice to all interested persons, a party may not file in the public record of this litigation any Confidential Information. A party that seeks to file under seal any Confidential Information must comply with local rules and practice.

When submitting deposition testimony pursuant to this paragraph that has been designated confidential, the submitting party shall submit, to the extent reasonably possible, only those pages of the deposition transcript that are cited, referred to, or relied on by the submitting party.

## VIII.   MISCELLANEOUS PROVISIONS

31.    The use of Confidential Information during any trial in this litigation will be addressed in a later agreement between the parties, or, if they cannot reach agreement, by further order of the Court.

32.    It is expressly understood by and between the parties that in producing Confidential Information in this litigation, the parties shall be relying upon the terms and conditions of this Order.

33.    By written agreement of the parties, or upon motion and order of the Court, the terms of this Order may be amended or modified.  This Order shall continue in force until amended or suspended by express order of the Court, and shall survive and remain in effect after the termination of this proceeding.

34.    Notwithstanding any other provision in the order, nothing in this Order shall affect or modify Pfizer's ability to review plaintiffs' information and report such

information to any applicable regulatory agencies, as required by law or applicable

regulation.

IT IS SO STIPULATED.

Dated: 8/9/07, 2007          By: _____

Dated: _____, 2007    By: _____

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____, 2007

                  By: _____
                        HONORABLE STEPHEN P. MICKLE
                        UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ADRIANNNE OLIVER | |
| Plaintiff, | CIVIL ACTION NO. 06-5737 |
| vs. | |
| | JUDGE LEMELLE |
| PHARMACIA & UPJOHN COMPANY, LLC | MAG. JUDGE WILKINSON |
| Defendant | |

## STIPULATED PROTECTIVE ORDER
## OF CONFIDENTIALITY

Certain documents, testimony and other information to be disclosed or produced in this litigation contain trade secrets or other confidential research, development, or commercial information, as well as other information protected from disclosure by applicable law. To preserve the confidentiality of such information pursuant to Fed. R. Civ. P. 26, it is STIPULATED and ORDERED as follows:

I.   **SCOPE OF THE ORDER**

1.   This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during this litigation including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party to this litigation, including their respective corporate parents, subsidiaries, and affiliates and their respective attorneys, agents, experts, consultants, representatives, officers, employees, and others set forth in this Order. This Order is also binding on any party who obtains documents or other Confidential Information produced or disclosed in this litigation pursuant to this Order, including those parties' respective

attorneys, agents, experts, consultants, representatives, officers, employees, and others as set forth in this Order.

2.     The Receiving Party shall refer to plaintiff, Adrianne Oliver.  The Supplying Party shall refer to defendant, Pharmacia & Upjohn Company LLC.  Third parties who so elect may avail themselves of, and agree to be bound by the terms and conditions of this Order and thereby become a Supplying Party for purposes of this Order.

3.     The entry of this Order does not prevent any party from seeking any further orders of this Court pursuant to Federal Rules of Civil Procedure 26(c).

4.     Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

5.     The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge as set forth in Paragraph 30 below that this Order creates no entitlement to file confidential information under seal, and that all local rules shall apply to a party who seeks permission to file material under seal.

## II.    DESIGNATION OF CONFIDENTIAL INFORMATION

6.     "Confidential Information" as used herein means any information that the Supplying Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Federal Rule of Civil Procedure 26(c) or other applicable law, whether it is a document (electronic or otherwise), information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed.  In designating material as "Confidential Information," the Supplying Party will make such designation only as to the material that it in good faith believes to be entitled to confidential treatment under applicable law or would disclose the parties' private financial information, private competitive information, trade secrets, confidential scientific information, personal or medical information, or other kinds of sensitive information that a party deems confidential.

2

7.    Specific documents and discovery responses produced by the Supplying Party shall, if appropriate, be designated as "Confidential Information" by marking the pages of the document that contain Confidential Information as: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." Except as provided in Paragraphs 11 and 27, documents that do not bear the foregoing designation are not Confidential Information as that term is used in this Order.

8.    To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks or tapes) ("Computerized Material") is produced by any party in such form, the Supplying Party may designate such matters as confidential by cover letter referring generally to such matter.  Whenever any party to whom Computerized Material designated as confidential is produced reduces such material to hardcopy form, that party shall mark the hardcopy form with the "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" designation.

9.    To protect against unauthorized disclosure of Confidential Information and comply with all applicable state and federal laws and regulations, the Supplying Party may redact from produced documents, materials, things, or portions thereof:

    a.    The names, addresses, Social Security or tax identification numbers, and other personally identifying information of employees, patients, health care providers, and individuals in clinical studies or adverse event reports.  To the extent such identifying information for a particular plaintiff is contained in any document, a copy of that document that has not had the plaintiff's information redacted will be produced directly to counsel for that plaintiff;

    b.    Highly confidential trade secrets such as those related to the formulation of the product at issue in this litigation; and

    c.    Any information relating to products other than Depo-Provera® Contraceptive Injection.

3

10.     Pursuant to 21 C.F.R. §§ 20.63(f), 314.430(e), and (f), the names of any person or persons reporting adverse experiences of patients and the names of any patients that are not redacted pursuant to Paragraph 9 shall be treated as Confidential Information.  No such person shall be contacted, either directly or indirectly, based on the information so disclosed without the express written permission of the Supplying Party.

11.     Any material produced or provided in this litigation for inspection is to be treated by the Receiving Party as Confidential Information pending the copying and delivery of any copies of the same by the Supplying Party to the Receiving Party.

12.     Information disclosed at a deposition taken in connection with this litigation may be designated as Confidential Information by: (a) designating testimony as confidential on the record during the taking of the deposition, and/or (b) designating the portions of the transcript that are confidential in a letter to be served on the court reporter and opposing counsel within thirty (30) calendar days of the Supplying Party's receipt of the transcript of a deposition.  The court reporter will indicate the portions designated as confidential and segregate them as appropriate.  Designations of transcripts will apply to audio, video, or other recordings of the testimony. The court reporter shall clearly mark any transcript released prior to the expiration of the 30-day period as "CONFIDENTIAL - SUBJECT TO FURTHER CONFIDENTIALITY REVIEW."  Such transcripts will be treated as Confidential Information until the expiration of the 30-day period.

13.     A party in this litigation may designate as Confidential Information any document or information produced by or testimony given by any other person or entity that the party reasonably believes qualifies as such party's Confidential Information pursuant to this Order.  If any third party produces information that any party in good faith believes constitutes its Confidential Information, the party claiming confidentiality shall designate the information as such within thirty (30) days of its receipt of such information.  Any party receiving information from a third party shall treat such information as confidential during this (30) day period while all parties have an opportunity to review the information and determine whether it should be designated as confidential.  Any party designating third party information as confidential shall have the same rights as Supplying Party under this order with respect to such information.

4

### III.    PERMISSIBLE DISCLOSURES OF CONFIDENTIAL INFORMATION

14.    Subject to Paragraphs 15, 16, and 21, a Receiving Party may show and deliver Confidential Information only to the following persons:

        a.    Counsel for the Receiving Party, including any in-house counsel, and the attorneys, paralegals, stenographic, and clerical staff employed by such counsel to whom it is reasonably necessary to disclose the Information for purposes of the litigation;

        b.    With respect to any Confidential Information produced by any plaintiff or third party with respect to plaintiff, any employee or agent of the Receiving Party to whom it is reasonably necessary to disclose such information;

        c.    Any plaintiff or claimant who has asserted or intends to assert a claim in this litigation;

        d.    Any outside consultant or expert to whom it is reasonably necessary to disclose Confidential Information, whether formally retained or not;

        e.    Any witness for the purpose of conducting an examination of such witness during a trial period or deposition; provided, however, that Confidential Information shall not lose its confidential or restricted status through such use;

        f.    Stenographic employees and court reporters recording or transcribing testimony in this litigation; and

        g.    This Court, any state or federal court conducting related proceedings, and any member of their staffs to whom it is necessary to disclose Confidential Information.

15.    Before disclosing Confidential Information to any person who is, independent of this litigation, a current employee of, or a consultant to, a pharmaceutical company other than Pfizer Inc. that is marketing or has in development a hormonal contraceptive, the party wishing to make such disclosure shall give at least ten (10) days' advance notice in writing to the counsel for the party who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made and the nature of his or her affiliation with a

5

pharmaceutical company. If, within the 10-day period, the Supplying Party files a motion objecting to the proposed disclosure, then the party seeking disclosure may not disclose any Confidential Information to that person until ten days have elapsed after the appeal period from a Court order denying the motion. In making such motion, it shall be the Supplying Party's burden to demonstrate good cause for preventing such disclosure.

16.    Before disclosing Confidential Information to any person who is, independent of this litigation, a current employee of, or a consultant to, a pharmaceutical company other than Pfizer Inc. that is not marketing or does not have in development a hormonal contraceptive, the party wishing to make such disclosure shall give counsel for the supplying party sufficient information concerning the proposed recipient to permit an informed decision to be made with respect to any potential objection, including at a minimum the name of the pharmaceutical company and the nature of the person's relationship thereto. If there is no consent to the disclosure within ten (10) days, the party wishing to make the disclosure may submit the information to the Court for a determination of whether the disclosure may be made. The objecting party will have opportunity to request that the Court direct the party wishing to make disclosure to produce additional information about the proposed recipient and to submit any other papers and argument it feels necessary to allow the Court to make an informed decision. It shall be the burden of the party wishing to prevent such disclosure to demonstrate good cause for prohibiting disclosure. The party seeking disclosure may not disclose any Confidential Information unless and until the Court has permitted such disclosure and ten days have elapsed after the appeal period from any such order. If the Court allows disclosure of the Confidential Information, the Information remains Confidential Information and the person to whom disclosure is made shall be bound by this order.

17.    Disclosure of Confidential Information beyond the terms of this Order may be made only if the Supplying Party designating the material as Confidential Information consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure. The terms of this Order shall not apply to any publicly available information or documents.

6

## IV.    USE OF CONFIDENTIAL INFORMATION

18.    Persons having knowledge of Confidential Information by virtue of their participation in this litigation, or by virtue of obtaining any documents or other Confidential Information produced or disclosed in this litigation pursuant to this Order, shall use that Confidential Information only in connection with this litigation.

19.    Notwithstanding any other provisions hereof, nothing herein shall restrict any party's counsel from rendering advice to its clients with respect to this litigation and, in the course thereof, relying upon Confidential Information, provided that in rendering such advice, counsel shall not disclose any other party's Confidential Information other than in a manner provided for in this Order.

20.    Nothing contained in this Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any party or the Court.

## V.    PROTECTION OF CONFIDENTIAL INFORMATION

21.    Counsel shall take all reasonable necessary steps to assure the security of any Confidential Information and will limit access to Confidential Information to those persons authorized by this Order.

22.    Prior to the disclosure of any Confidential Information to any person identified in Paragraph 14(c) - (d), each putative recipient of Confidential Information shall be provided with a copy of this Order.  Such person shall sign an Acknowledgement, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Order and agrees to abide by its terms. These Acknowledgements are strictly confidential.  Counsel for each party shall maintain the Acknowledgements without giving copes to the other side.  If the Court finds that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not disclose any information to their clients that could tend to identify any Acknowledgment signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory.

7

23.     Persons who come into contact with Confidential Information for clerical or administrative purposes, and who do not retain copies of extracts thereof, are not required to execute Acknowledgments but must comply with the terms of this Order.

24.     Any party that is served with a subpoena or other notice compelling the production of discovery materials produced by another party must immediately give written notice of such subpoena or other notice to the original Supplying Party. Upon receiving such notice, the original Supplying Party shall bear the burden of opposing, if it deems appropriate, the subpoena on grounds of confidentiality.

25.     All counsel shall at all times keep secure all notes, abstractions, or other work product derived from or containing Confidential Information, shall be obligated to maintain the confidentiality of such work product; and shall not disclose or reveal the contents of said notes, abstractions or other work product after the documents, materials, or other things, or portions thereof (and the information contained therein) and information are returned and surrendered. Nothing in this agreement requires the Receiving Party's counsel to disclose work product at the conclusion of the case.

26.     If a Receiving Party learns of any unauthorized disclosure of Confidential Information, it shall immediately (a) inform the Supplying Party in writing of all pertinent facts relating to such disclosure, (b) make its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the Acknowledgment that is attached hereto as Exhibit A.

27.     Within thirty (30) days of the conclusion of this proceeding, including any appeals related thereto, at the written request and option of the Supplying Party, the attorney for the Receiving Party and any persons to whom he or she disclosed Confidential Information pursuant to this Order shall return and surrender any Confidential Information or copies thereof to the Supplying Party at the Supplying Party's expense. Such persons shall return or surrender any discovery materials produced by the Supplying Party and any and all copies (electric or otherwise), summaries, notes, compilations, and memoranda related thereto; provided, however, that counsel may retain their privileged communications, work product, Acknowledgements pursuant to

8

Paragraph 22, and all court-filed documents even though they contain discovery materials produced by the Supplying Party, but such retained privileged communications and work product shall remain subject to the terms of this Order. At the written request of the Supplying Party, any person or entity having custody or control of recordings, notes, memoranda, summaries, or other written material regarding the discovery materials produced by the Supplying Party (except for privileged communications, work product and court-filed documents as stated above) shall produce an affidavit stating that such materials have been delivered to the Supplying Party in accordance with the terms of this Order.

## VI.    CHANGES IN AND OBJECTIONS TO DESIGNATION OF INFORMATION

28.    Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim to its confidential nature or preclude the Supplying Party from designating said document or information as Confidential Information at a later date. Any Supplying Party may designate as Confidential Information or withdraw a Confidential Information designation from any material that it has produced; provided, however, that such redesignation shall be effective only as of the date of such redesignation. Such redesignation shall be accomplished by notifying counsel for each party in writing of such redesignation. Upon receipt of any redesignation that designates material as confidential, the Receiving Party shall (i) treat such material in accordance with this Order; (ii) take reasonable steps to notify any persons known to have possession of any such material or such redesignation under this Order; and (iii) promptly endeavor to procure all copies of such material from any persons known to have possession of such material who are not entitled to receipt under Paragraph 14.

29.    Unless a prompt challenge to a Supplying Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. A Receiving Party that elects to initiate a challenge to a Supplying Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Supplying Party. In conferring, the challenging party

9

must explain the basis for its belief that the confidentiality designation was not proper and must give the Supplying Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Receiving Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer first. A Receiving Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Supplying Party may file and serve a motion as allowable under applicable law that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in this paragraph that sets forth with specificity the justification for the confidentiality designation that was given by the Supplying Party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Supplying Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Supplying Party's designation.

## VII.    FILING PAPERS IN COURT RECORDS

30.    Without written permission from counsel of record for the Supplying Party or a Court order secured after appropriate notice to all interested persons, a party may not file in the public record of this litigation any Confidential Information. A party that seeks to file under seal any Confidential Information must comply with local rules and practice. When submitting deposition testimony pursuant to this paragraph that has been designated confidential, the submitting party shall submit, to the extent reasonably possible, only those pages of the deposition transcript that are cited, referred to, or relied on by the submitting party.

## VIII.    MISCELLANEOUS PROVISIONS

31.    The use of Confidential Information during any trial in this litigation will be addressed in a later agreement between the parties, or, if they cannot reach agreement, by further order of the Court.

10

32.    It is expressly understood by and between the parties that in producing Confidential Information in this litigation, the parties shall be relying upon the terms and conditions of this Order.

33.    By written agreement of the parties, or upon motion and order of the Court, the terms of this Order may be amended or modified.  This Order shall continue in force until amended or suspended by express order of the Court, and shall survive and remain in effect after the termination of this proceeding.

34.    Notwithstanding any other provision in the order, nothing in this Order shall affect or modify Pharmacia & Upjohn Company LLC's ability to review plaintiffs' information and report such information to any applicable regulatory agencies, as required by law or applicable regulation.


IT IS SO STIPULATED.

Dated: August __8__, 2007                    **THE SINGLETON LAW FIRM**

                                             By:    ____/s/ Reshonda L. Bradford_____
                                                    W. James Singleton, #17801
                                                    Reshonda L. Bradford, #27390
                                                    4050 Linwood Avenue
                                                    Shreveport, LA 71108
                                                    Telephone: (318) 631-5200
                                                    Facsimile: (318) 636-7759

                                                    *Attorneys for plaintiff, Adrianne Oliver*

Dated: August __10__, 2007                    **ADAMS AND REESE LLP**

                                              By:___/s/ Deborah B. Rouen_____

                                              DEBORAH B. ROUEN, #2084
                                              MARY L. MEYER, #19966
                                              GREGORY F. ROUCHELL, #28746
                                              4500 One Shell Square
                                              New Orleans, LA 70139
                                              504-581-3234 (Main)
                                              504-566-0210 (Fax)

                                              *Attorneys for Defendant Pharmacia &*
                                              *Upjohn Company LLC*

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned agrees:

I declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of Louisiana on _____ [date], 200___ in Adrianne Oliver v Pharmacia & Upjohn Company LLC, Civil Action No. 06-5737. I agree to comply with and to be bound by all terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Louisiana for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of these proceedings.

I hereby appoint _____ [print or type full name] of

_____

_____

[print or type full address and telephone number] as my _____ agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                              [printed name]

Signature: _____
                              [signature]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PRISCILLA D. RIDDELL, LORI A. CARR,    :
JENNIFER SHEHEE, PERREIRA, and         :
YOLANDA NORVILLE,                      :

                                       :    RECEIVED

On  behalf  of  themselves  and  all  others  :    OCT 1 2 2007
Similarly situated                     :
                                       :    AT 8:30_____ .M
                                       :      WILLIAM T. WALSH
                 Plaintiffs,           :           CLERK
                                       :
         vs.                           :    Civil Action No.: 06-5418 (MLC)
                                       :
                                       :
PFIZER      INC.,     PHARMACIA        :    **STIPULATED ORDER OF**
CORPORATION,     PHARMACIA      &      :    **CONFIDENTIALITY**
UPJOHN   LLC,   and   PHARMACIA   &    :
UPJOHN COMPANY LLC                     :
                                       :
                 Defendants.           :

        Certain documents, testimony and other information to be disclosed or produced in this

litigation contain trade secrets or other confidential research, development, or commercial

information, as well as other information protected from disclosure by applicable law.  To

preserve the confidentiality of such information pursuant to Fed. R. Civ. P. 26(a), federal law,

and for good cause shown, it is STIPULATED and ORDERED as follows:

I.    **SCOPE OF THE ORDER**

        1.    This Order shall govern all documents, the information contained therein, and all

other information produced or disclosed during this litigation including all copies, excerpts,

summaries, or compilations thereof, whether revealed in a document, deposition, other

testimony, discovery response or otherwise, by any party to this litigation, including their

respective corporate parents, subsidiaries, and affiliates and their respective attorneys, agents,

experts, consultants, representatives, officers, employees, and others set forth in this Order.  This

Order is also binding on any party who obtains documents or other Confidential Information

produced or disclosed in this litigation pursuant to this Order, including those parties' respective

attorneys, agents, experts, consultants, representatives, officers, employees, and others as set

forth in this Order.

2.      The Receiving Party shall refer to any party to whom Confidential Information is produced in the above-captioned matter.  The Supplying Party shall refer to any party that produces Confidential Information in the aforementioned litigation, including defendant, Pfizer Inc. and its subsidiaries including, but not limited to, Pharmacia Corporation, Pharmacia & Upjohn LLC, and Pharmacia & Upjohn Company LLC.  Third parties who so elect may avail themselves of, and agree to be bound by the terms and conditions of this Order and thereby become a Supplying Party for purposes of this Order.

3.      The entry of this Order does not prevent any party from seeking any further orders of this Court.

4.      Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

5.      The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge as set forth in Paragraph 30 below that this Order creates no entitlement to file confidential information under seal, and that all local rules shall apply to a party who seeks permission to file material under seal.

## II.    DESIGNATION OF CONFIDENTIAL INFORMATION

6.      "Confidential Information" as used herein means any information that the Supplying Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Fed. R. Civ. P. 26(a) or other applicable law, whether it is a document (electronic or otherwise), information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed. In designating material as "Confidential Information," the Supplying Party will make such designation only as to the material that it in good faith believes to be entitled to confidential treatment under applicable law or would disclose the parties' private financial information, private competitive information, trade secrets, confidential scientific information,

personal or medical information, or other kinds of sensitive information that a party deems confidential.

7.      Specific documents and discovery responses produced by the Supplying Party shall, if appropriate, be designated as "Confidential Information" by marking the pages of the document that contain Confidential Information as: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO STIPULATED ORDER OF CONFIDENTIALITY." Except as provided in Paragraphs 11 and 27, documents that do not bear the foregoing designation are not Confidential Information as that term is used in this Order.

8.      To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks or tapes) ("Computerized Material") is produced by any party in such form, the Supplying Party may designate such matters as confidential by cover letter referring generally to such matter. Whenever any party to whom Computerized Material designated as confidential is produced reduces such material to hardcopy form, that party shall mark the hardcopy form with the "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO STIPULATED ORDER OF CONFIDENTIALITY" designation.

9.      To protect against unauthorized disclosure of Confidential Information and comply with all applicable state and federal laws and regulations, the Supplying Party may redact from produced documents, materials, things, or portions thereof:

        a.      The names, addresses, Social Security or tax identification numbers, and other personally identifying information of patients, health care providers, and individuals in clinical studies or adverse event reports.  To the extent such identifying information for a particular plaintiff is contained in any document, a copy of that document that has not had the plaintiff's information redacted will be produced directly to counsel for that plaintiff;

        b.      Highly confidential trade secrets such as those related to the formulation of the product at issue in this litigation; and

c.    Any information relating to products not at issue in the litigation, as defined by agreement of the parties or by Order of the Court.

d.    Home addresses, Social Security numbers, tax identification numbers, or other information of a personal nature of employees or ex-employees, provided that the parties will produce the last known contact information for potential witnesses as required by applicable law.

10.    Pursuant to 21 C.F.R. §§ 20.63(f), 314.430(e), and (f), the names of any person or persons reporting adverse experiences of patients and the names of any patients that are not redacted pursuant to Paragraph 9 shall be treated as Confidential Information. No such person shall be contacted, either directly or indirectly, based on the information so disclosed without the express written permission of the Supplying Party or by Order of the Court.

11.    Any material produced or provided in this litigation for inspection (as opposed to being copied and delivered to the Receiving Party after inspection) is to be treated by the Receiving Party as Confidential Information pending the copying and delivery of any copies of the same by the Supplying Party to the Receiving Party.

12.    Information disclosed at a deposition taken in connection with this litigation may be designated as Confidential Information by: (a) designating testimony as confidential on the record during the taking of the deposition, and/or (b) designating the portions of the transcript that are confidential in a letter to be served on the court reporter and opposing counsel within thirty (30) calendar days of the Supplying Party's receipt of the transcript of a deposition. The court reporter will indicate the portions designated as confidential and segregate them as appropriate. Designations of transcripts will apply to audio, video, or other recordings of the testimony. The court reporter shall clearly mark any transcript released prior to the expiration of the 30-day period as "CONFIDENTIAL - SUBJECT TO FURTHER CONFIDENTIALITY REVIEW." Such transcripts will be treated as Confidential Information until the expiration of the 30-day period, but will be available for review by counsel of record in the above-captioned litigation who have agreed to be subject to the terms of this Order.

13.    A party in this litigation may designate as Confidential Information any document or information produced by or testimony given by any other person or entity that the party reasonably believes qualifies as such party's Confidential Information pursuant to this Order. If any third party produces information that any party in good faith believes constitutes its Confidential Information, the party claiming confidentiality shall designate the information as such within thirty (30) days of its receipt of such information. Any party receiving information from a third party shall treat such information as confidential during this (30) day period while all parties have an opportunity to review the information and determine whether it should be designated as confidential. Any party designating third party information as confidential shall have the same rights as Supplying Party under this order with respect to such information.

III.    **PERMISSIBLE DISCLOSURES OF CONFIDENTIAL INFORMATION**

14.    Subject to Paragraphs 15, 16, and 21, a Receiving Party may show and deliver Confidential Information only to the following persons:

a.    Counsel for the Receiving Party, including any in-house counsel, and the attorneys, paralegals, stenographic, and clerical staff employed by such counsel to whom it is reasonably necessary to disclose the Information for purposes of the litigation;

b.    With respect to any Confidential Information produced by any plaintiff or third party with respect to plaintiff, any employee or agent of the Receiving Party to whom it is reasonably necessary to disclose such information;

c.    Any plaintiff or claimant who has asserted or intends to assert a claim in this litigation;

d.    Any outside consultant or expert to whom it is reasonably necessary to disclose Confidential Information, whether formally retained or not;

e.    Any witness for the purpose of conducting an examination of such witness during a trial period or deposition; provided, however, that Confidential Information shall not lose its confidential or restricted status through such use, and that any such witness shall, before being shown any Confidential Information, sign an Acknowledgement, in the form annexed

hereto as Exhibit A, acknowledging that he or she has read this Order and agrees to abide by its terms. Defendants' employees, who are already subject to confidentiality agreements of at least equal force and effect as this Order, shall not be required to sign the Acknowledgement to be bound by the terms of this Order;

        f.     Stenographic employees and court reporters recording or transcribing testimony in this litigation; and

        g.     This Court, any state or federal court conducting related proceedings, and any member of their staffs to whom it is necessary to disclose Confidential Information.

    15.    Before disclosing Confidential Information to any person who is, independent of this litigation, a current employee of, or a consultant to, a pharmaceutical company other than Pfizer Inc. that is marketing or has in development a hormonal contraceptive, the party wishing to make such disclosure shall give at least ten (10) days' advance notice in writing to the counsel for the party who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made and the nature of his or her affiliation with a pharmaceutical company. If, within the 10-day period, the Supplying Party files a motion objecting to the proposed disclosure, then the party seeking disclosure may not disclose any Confidential Information to that person until ten days have elapsed after the appeal period from a Court order denying the motion. In making such motion, it shall be the Supplying Party's burden to demonstrate good cause for preventing such disclosure.

    16.    Before disclosing Confidential Information to any person who is, independent of this litigation, a current employee of, or a consultant to, a pharmaceutical company other than Pfizer Inc. that is not marketing or does not have in development a hormonal contraceptive, the party wishing to make such disclosure shall give counsel for the supplying party sufficient information concerning the proposed recipient to permit an informed decision to be made with respect to any potential objection, including at a minimum the name of the pharmaceutical company and the nature of the person's relationship thereto. If there is no consent to the disclosure within ten (10) days, the party wishing to make the disclosure may submit the information to the Court for a determination of whether the disclosure may be made. The objecting party will have opportunity to request that the Court direct the party wishing to make

disclosure to produce additional information about the proposed recipient and to submit any other papers and argument it feels necessary to allow the Court to make an informed decision. It shall be the burden of the party wishing to prevent such disclosure to demonstrate good cause for prohibiting disclosure. The party seeking disclosure may not disclose any Confidential Information unless and until the Court has permitted such disclosure and ten days have elapsed after the appeal period from any such order. If the Court allows disclosure of the Confidential Information, the Information remains Confidential Information and the person to whom disclosure is made shall be bound by this order.

17.    Disclosure of Confidential Information beyond the terms of this Order may be made only if the Supplying Party designating the material as Confidential Information consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure. The terms of this Order shall not apply to any publicly available information or documents.

## IV.    USE OF CONFIDENTIAL INFORMATION

18.    Persons having knowledge of Confidential Information by virtue of their participation in this litigation, or by virtue of obtaining any documents or other Confidential Information produced or disclosed in this litigation pursuant to this Order, shall use that Confidential Information only in connection with this litigation.

19.    Notwithstanding any other provisions hereof, nothing herein shall restrict any party's counsel from rendering advice to its clients with respect to this litigation and, in the course thereof, relying upon Confidential Information, provided that in rendering such advice, counsel shall not disclose any other party's Confidential Information other than in a manner provided for in this Order.

20.    Nothing contained in this Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any party or the Court.

## V.    PROTECTION OF CONFIDENTIAL INFORMATION

21.    Counsel shall take all reasonable necessary steps to assure the security of any Confidential Information and will limit access to Confidential Information to those persons authorized by this Order.

22.    Prior to the disclosure of any Confidential Information to any person identified in Paragraph 14(a) - (e), each putative recipient of Confidential Information shall be provided with a copy of this Order. Such person shall sign an Acknowledgement, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Order and agrees to abide by its terms. These Acknowledgements are strictly confidential. Counsel for each party shall maintain the Acknowledgements without giving copies to the other side. If the Court finds that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not disclose any information to their clients that could tend to identify any Acknowledgment signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory.

23.    Persons who come into contact with Confidential Information for clerical or administrative purposes, and who do not retain copies of extracts thereof, are not required to execute Acknowledgments but must comply with the terms of this Order.

24.    Any party that is served with a subpoena or other notice compelling the production of discovery materials produced by another party must immediately give written notice of such subpoena or other notice to the original Supplying Party. Upon receiving such notice, the original Supplying Party shall bear the burden of opposing, if it deems appropriate, the subpoena on grounds of confidentiality.

25.    All counsel shall at all times keep secure all notes, abstractions, or other work product derived from or containing Confidential Information, shall be obligated to maintain the confidentiality of such work product; and shall not disclose or reveal the contents of said notes, abstractions or other work product after the documents, materials, or other things, or portions thereof (and the information contained therein) and information are returned and surrendered. Nothing in this agreement requires the Receiving Party's counsel to disclose work product at the conclusion of the case.

26.    If a Receiving Party learns of any unauthorized disclosure of Confidential Information, it shall immediately (a) inform the Supplying Party in writing of all pertinent facts relating to such disclosure, (b) make its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the Acknowledgment that is attached hereto as Exhibit A.

27.    Within thirty (30) days of the conclusion of this proceeding, including any appeals related thereto, at the written request and option of the Supplying Party, the attorney for the Receiving Party and any persons to whom he or she disclosed Confidential Information pursuant to this Order shall return and surrender any Confidential Information or copies thereof to the Supplying Party at the Supplying Party's expense. Such persons shall return or surrender any discovery materials produced by the Supplying Party and any and all copies (electric or otherwise), summaries, notes, compilations, and memoranda related thereto; provided, however, that counsel may retain their privileged communications, work product, Acknowledgements pursuant to Paragraph 22, and all court-filed documents even though they contain discovery materials produced by the Supplying Party, but such retained privileged communications and work product shall remain subject to the terms of this Order. At the written request of the Supplying Party, any person or entity having custody or control of recordings, notes, memoranda, summaries, or other written material regarding the discovery materials produced by the Supplying Party (except for privileged communications, work product and court-filed documents as stated above) shall produce an affidavit stating that such materials have been delivered to the Supplying Party in accordance with the terms of this Order.

VI.    **CHANGES IN AND OBJECTIONS TO DESIGNATION OF INFORMATION**

28.    Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim to its confidential nature or preclude the Supplying Party from designating said document or information as Confidential Information at a later date. Any Supplying Party may designate as Confidential Information or withdraw a Confidential Information designation from any material that it has produced; provided, however, that such redesignation shall be effective only as of the date of such redesignation. Such redesignation shall be accomplished by notifying counsel for each party in writing of such

redesignation. Upon receipt of any redesignation that designates material as confidential, the Receiving Party shall (i) treat such material in accordance with this Order; (ii) take reasonable steps to notify any persons known to have possession of any such material or such redesignation under this Order; and (iii) promptly endeavor to procure all copies of such material from any persons known to have possession of such material who are not entitled to receipt under Paragraph 14.

29.    Unless a prompt challenge to a Supplying Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  A Receiving Party that elects to initiate a challenge to a Supplying Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Supplying Party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the Supplying Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  If after this meet and confer the Receiving Party continues to challenge a confidentiality designation, then the Receiving Party shall allow the Supplying Party ten (10) days to file a motion to preserve the confidentiality designation. The burden of persuasion in any such challenge proceeding shall be on the Supplying Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Supplying Party's designation.

## VII.    FILING PAPERS IN COURT RECORDS

30.    Without written permission from counsel of record for the Supplying Party or a Court order secured after appropriate notice to all interested persons, a party may not file in the public record of this litigation any Confidential Information.  A party that seeks to file under seal any Confidential Information must comply with local rules and practice.  When submitting deposition testimony pursuant to this paragraph that has been designated confidential, the submitting party shall submit, to the extent reasonably possible, only those pages of the deposition transcript that are cited, referred to, or relied on by the submitting party.

## VIII.  MISCELLANEOUS PROVISIONS

31.    The use of Confidential Information during any trial in this litigation will be addressed in a later agreement between the parties, or, if they cannot reach agreement, by further order of the Court.

32.    It is expressly understood by and between the parties that in producing Confidential Information in this litigation, the parties shall be relying upon the terms and conditions of this Order.

33.    By written agreement of the parties, or upon motion and order of the Court, the terms of this Order may be amended or modified.  This Order shall continue in force until amended or suspended by express order of the Court, and shall survive and remain in effect after the termination of this proceeding.

34.    Notwithstanding any other provision in the order, nothing in this Order shall affect or modify Defendants' ability to review Plaintiffs' information and report such information to any applicable regulatory agencies, as required by law or applicable regulation.

IT IS SO STIPULATED.

Dated: _____ 10/15 _____, 2007          By: _____
                                             Ezra D. Rosenberg
                                             DECHERT LLP
                                             Attorneys for Defendants


Dated: _October 1_____, 2007           By: _____
                                             James R. Ronca
                                             ANAPOL SCHWARTZ
                                             Attorneys for Plaintiffs


PURSUANT TO STIPULATION, AND FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: _____ 10/11 _____, 2007

                         By: _____
                             HON. JOHN J. HUGHES, U.S.M.J.

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned agrees:

I declare under penalty of perjury that I have read in its entirety and understand the Stipulated Order of Confidentiality that was issued by the United States District Court, District of New Jersey, on _____, 2007. I agree to comply with and to be bound by all terms of this Stipulated Order of Confidentiality and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Order of Confidentiality to any person or entity in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court, District of New Jersey, for the purpose of enforcing the terms of this Stipulated Order of Confidentiality, even if such enforcement proceedings occur after termination of these proceedings.

I hereby appoint _____ [print or type full name] of

_____

_____

[print or type full address and telephone number] as my _____ agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Order of Confidentiality.


Date: _____


City and State where sworn and signed: _____


Printed name: _____


Signature: _____

**FILED**

OCT 2 3 2007

**JONATHAN N. HARRIS**
**J.S.C.**

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: BERGEN COUNTY

CASE NO. 276 (MT)

IN RE DEPO-PROVERA®
CONTRACEPTIVE INJECTION
LITIGATION

CIVIL ACTION

STIPULATED ORDER OF
CONFIDENTIALITY

Certain documents, testimony and other information to be disclosed or produced in this litigation contain trade secrets or other confidential research, development, or commercial information, as well as other information protected from disclosure by applicable law. To preserve the confidentiality of such information pursuant to *Rule* 4:10-3, and for good cause shown, it is STIPULATED and ORDERED as follows:

## I.    SCOPE OF THE ORDER

1.    This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during this litigation including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party to this litigation, including their respective corporate parents, subsidiaries, and affiliates and their respective attorneys, agents, experts, consultants, representatives, officers, employees, and others set forth in this Order. This Order is also binding on any party who obtains documents or other Confidential Information produced or disclosed in this litigation pursuant to this Order, including those parties' respective attorneys, agents, experts, consultants, representatives, officers, employees, and others as set forth in this Order.

2.    The Receiving Party shall refer to any party to whom Confidential Information is produced in the *In Re Depo-Provera® Contraceptive Injection Litigation*, Case No. 276. The Supplying Party shall refer to any party that produces Confidential Information in the aforementioned litigation, including defendant, Pfizer Inc. and its subsidiaries including, but not limited to, Pharmacia Corporation, Pharmacia & Upjohn LLC, and Pharmacia & Upjohn Company LLC. Third parties who so elect may avail themselves of, and agree to be bound by

the terms and conditions of this Order and thereby become a Supplying Party for purposes of this Order.

3.    The entry of this Order does not prevent any party from seeking any further orders of this Court.

4.    Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

5.    The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge as set forth in Paragraph 30 below that this Order creates no entitlement to file confidential information under seal, and that all local rules shall apply to a party who seeks permission to file material under seal.

## II.    **DESIGNATION OF CONFIDENTIAL INFORMATION**

6.    "Confidential Information" as used herein means any information that the Supplying Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under *Rule* 4:10-3 or other applicable law, whether it is a document (electronic or otherwise), information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed. In designating material as "Confidential Information," the Supplying Party will make such designation only as to the material that it in good faith believes to be entitled to confidential treatment under applicable law or would disclose the parties' private financial information, private competitive information, trade secrets, confidential scientific information, personal or medical information, or other kinds of sensitive information that a party deems confidential.

7.    Specific documents and discovery responses produced by the Supplying Party shall, if appropriate, be designated as "Confidential Information" by marking the pages of the document that contain Confidential Information as: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO STIPULATED ORDER OF CONFIDENTIALITY." Except as provided in

Paragraphs 11 and 27, documents that do not bear the foregoing designation are not Confidential Information as that term is used in this Order.

8.    To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks or tapes) ("Computerized Material") is produced by any party in such form, the Supplying Party may designate such matters as confidential by cover letter referring generally to such matter. Whenever any party to whom Computerized Material designated as confidential is produced reduces such material to hardcopy form, that party shall mark the hardcopy form with the "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO STIPULATED ORDER OF CONFIDENTIALITY" designation.

9.    To protect against unauthorized disclosure of Confidential Information and comply with all applicable state and federal laws and regulations, the Supplying Party may redact from produced documents, materials, things, or portions thereof:

a.    The names, addresses, Social Security or tax identification numbers, and other personally identifying information of patients, health care providers, and individuals in clinical studies or adverse event reports. To the extent such identifying information for a particular plaintiff is contained in any document, a copy of that document that has not had the plaintiff's information redacted will be produced directly to counsel for that plaintiff;

b.    Highly confidential trade secrets such as those related to the formulation of the product at issue in this litigation; and

c.    Any information relating to products not at issue in the litigation, as defined by agreement of the parties or by Order of the Court.

d.    Home addresses, Social Security numbers, tax identification numbers, or other information of a personal nature of employees or ex-employees, provided that the parties will produce the last known contact information for potential witnesses as required by applicable law.

10.     Pursuant to 21 C.F.R. §§ 20.63(f), 314.430(e), and (f), the names of any person or persons reporting adverse experiences of patients and the names of any patients that are not redacted pursuant to Paragraph 9 shall be treated as Confidential Information.  No such person shall be contacted, either directly or indirectly, based on the information so disclosed without the express written permission of the Supplying Party or by Order of the Court.

11.     Any material produced or provided in this litigation for inspection (as opposed to being copied and delivered to the Receiving Party after inspection) is to be treated by the Receiving Party as Confidential Information pending the copying and delivery of any copies of the same by the Supplying Party to the Receiving Party.

12.     Information disclosed at a deposition taken in connection with this litigation may be designated as Confidential Information by: (a) designating testimony as confidential on the record during the taking of the deposition, and/or (b) designating the portions of the transcript that are confidential in a letter to be served on the court reporter and opposing counsel within thirty (30) calendar days of the Supplying Party's receipt of the transcript of a deposition.  The court reporter will indicate the portions designated as confidential and segregate them as appropriate.  Designations of transcripts will apply to audio, video, or other recordings of the testimony. The court reporter shall clearly mark any transcript released prior to the expiration of the 30-day period as "CONFIDENTIAL - SUBJECT TO FURTHER CONFIDENTIALITY REVIEW."  Such transcripts will be treated as Confidential Information until the expiration of the 30-day period, but will be available for review by counsel of record in the above-captioned litigation who have agreed to be subject to the terms of this Order.

13.     A party in this litigation may designate as Confidential Information any document or information produced by or testimony given by any other person or entity that the party reasonably believes qualifies as such party's Confidential Information pursuant to this Order.  If any third party produces information that any party in good faith believes constitutes its Confidential Information, the party claiming confidentiality shall designate the information as such within thirty (30) days of its receipt of such information.  Any party receiving information from a third party shall treat such information as confidential during this (30) day period while all parties have an opportunity to review the information and determine whether it should be

designated as confidential. Any party designating third party information as confidential shall have the same rights as Supplying Party under this order with respect to such information.

## III.    PERMISSIBLE DISCLOSURES OF CONFIDENTIAL INFORMATION

14.    Subject to Paragraphs 15, 16, and 21, a Receiving Party may show and deliver Confidential Information only to the following persons:

a.    Counsel for the Receiving Party, including any in-house counsel, and the attorneys, paralegals, stenographic, and clerical staff employed by such counsel to whom it is reasonably necessary to disclose the Information for purposes of the litigation;

b.    With respect to any Confidential Information produced by any plaintiff or third party with respect to plaintiff, any employee or agent of the Receiving Party to whom it is reasonably necessary to disclose such information;

c.    Any plaintiff or claimant who has asserted or intends to assert a claim in this litigation;

d.    Any outside consultant or expert to whom it is reasonably necessary to disclose Confidential Information, whether formally retained or not;

e.    Any witness for the purpose of conducting an examination of such witness during a trial period or deposition; provided, however, that Confidential Information shall not lose its confidential or restricted status through such use, and that any such witness shall, before being shown any Confidential Information, sign an Acknowledgement, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Order and agrees to abide by its terms. Defendants' employees, who are already subject to confidentiality agreements of at least equal force and effect as this Order, shall not be required to sign the Acknowledgement to be bound by the terms of this Order;

f.    Stenographic employees and court reporters recording or transcribing testimony in this litigation; and

g.    This Court, any state or federal court conducting related proceedings, and any member of their staffs to whom it is necessary to disclose Confidential Information.

15.    Before disclosing Confidential Information to any person who is, independent of this litigation, a current employee of, or a consultant to, a pharmaceutical company other than Pfizer Inc. that is marketing or has in development a hormonal contraceptive, the party wishing to make such disclosure shall give at least ten (10) days' advance notice in writing to the counsel for the party who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made and the nature of his or her affiliation with a pharmaceutical company.  If, within the 10-day period, the Supplying Party files a motion objecting to the proposed disclosure, then the party seeking disclosure may not disclose any Confidential Information to that person until ten days have elapsed after the appeal period from a Court order denying the motion.  In making such motion, it shall be the Supplying Party's burden to demonstrate good cause for preventing such disclosure.

16.    Before disclosing Confidential Information to any person who is, independent of this litigation, a current employee of, or a consultant to, a pharmaceutical company other than Pfizer Inc. that is not marketing or does not have in development a hormonal contraceptive, the party wishing to make such disclosure shall give counsel for the supplying party sufficient information concerning the proposed recipient to permit an informed decision to be made with respect to any potential objection, including at a minimum the name of the pharmaceutical company and the nature of the person's relationship thereto.  If there is no consent to the disclosure within ten (10) days, the party wishing to make the disclosure may submit the information to the Court for a determination of whether the disclosure may be made. The objecting party will have opportunity to request that the Court direct the party wishing to make disclosure to produce additional information about the proposed recipient and to submit any other papers and argument it feels necessary to allow the Court to make an informed decision. It shall be the burden of the party wishing to prevent such disclosure to demonstrate good cause for prohibiting disclosure.  The party seeking disclosure may not disclose any Confidential Information unless and until the Court has permitted such disclosure and ten days have elapsed after the appeal period from any such order.  If the Court allows disclosure of the Confidential

Information, the Information remains Confidential Information and the person to whom disclosure is made shall be bound by this order.

17.     Disclosure of Confidential Information beyond the terms of this Order may be made only if the Supplying Party designating the material as Confidential Information consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure. The terms of this Order shall not apply to any publicly available information or documents.

## IV.     USE OF CONFIDENTIAL INFORMATION

18.     Persons having knowledge of Confidential Information by virtue of their participation in this litigation, or by virtue of obtaining any documents or other Confidential Information produced or disclosed in this litigation pursuant to this Order, shall use that Confidential Information only in connection with this litigation.

19.     Notwithstanding any other provisions hereof, nothing herein shall restrict any party's counsel from rendering advice to its clients with respect to this litigation and, in the course thereof, relying upon Confidential Information, provided that in rendering such advice, counsel shall not disclose any other party's Confidential Information other than in a manner provided for in this Order.

20.     Nothing contained in this Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any party or the Court.

## V.     PROTECTION OF CONFIDENTIAL INFORMATION

21.     Counsel shall take all reasonable necessary steps to assure the security of any Confidential Information and will limit access to Confidential Information to those persons authorized by this Order.

22.     Prior to the disclosure of any Confidential Information to any person identified in Paragraph 14(a) - (e), each putative recipient of Confidential Information shall be provided with a copy of this Order. Such person shall sign an Acknowledgement, in the form annexed hereto

as Exhibit A, acknowledging that he or she has read this Order and agrees to abide by its terms. These Acknowledgements are strictly confidential. Counsel for each party shall maintain the Acknowledgements without giving copies to the other side. If the Court finds that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not disclose any information to their clients that could tend to identify any Acknowledgment signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory.

23.    Persons who come into contact with Confidential Information for clerical or administrative purposes, and who do not retain copies of extracts thereof, are not required to execute Acknowledgments but must comply with the terms of this Order.

24.    Any party that is served with a subpoena or other notice compelling the production of discovery materials produced by another party must immediately give written notice of such subpoena or other notice to the original Supplying Party. Upon receiving such notice, the original Supplying Party shall bear the burden of opposing, if it deems appropriate, the subpoena on grounds of confidentiality.

25.    All counsel shall at all times keep secure all notes, abstractions, or other work product derived from or containing Confidential Information, shall be obligated to maintain the confidentiality of such work product; and shall not disclose or reveal the contents of said notes, abstractions or other work product after the documents, materials, or other things, or portions thereof (and the information contained therein) and information are returned and surrendered. Nothing in this agreement requires the Receiving Party's counsel to disclose work product at the conclusion of the case.

26.    If a Receiving Party learns of any unauthorized disclosure of Confidential Information, it shall immediately (a) inform the Supplying Party in writing of all pertinent facts relating to such disclosure, (b) make its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the Acknowledgment that is attached hereto as Exhibit A.

27. Within thirty (30) days of the conclusion of this proceeding, including any appeals related thereto, at the written request and option of the Supplying Party, the attorney for the Receiving Party and any persons to whom he or she disclosed Confidential Information pursuant to this Order shall return and surrender any Confidential Information or copies thereof to the Supplying Party at the Supplying Party's expense. Such persons shall return or surrender any discovery materials produced by the Supplying Party and any and all copies (electric or otherwise), summaries, notes, compilations, and memoranda related thereto; provided, however, that counsel may retain their privileged communications, work product, Acknowledgements pursuant to Paragraph 22, and all court-filed documents even though they contain discovery materials produced by the Supplying Party, but such retained privileged communications and work product shall remain subject to the terms of this Order. At the written request of the Supplying Party, any person or entity having custody or control of recordings, notes, memoranda, summaries, or other written material regarding the discovery materials produced by the Supplying Party (except for privileged communications, work product and court-filed documents as stated above) shall produce an affidavit stating that such materials have been delivered to the Supplying Party in accordance with the terms of this Order.

## VI.    CHANGES IN AND OBJECTIONS TO DESIGNATION OF INFORMATION

28. Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim to its confidential nature or preclude the Supplying Party from designating said document or information as Confidential Information at a later date. Any Supplying Party may designate as Confidential Information or withdraw a Confidential Information designation from any material that it has produced; provided, however, that such redesignation shall be effective only as of the date of such redesignation. Such redesignation shall be accomplished by notifying counsel for each party in writing of such redesignation. Upon receipt of any redesignation that designates material as confidential, the Receiving Party shall (i) treat such material in accordance with this Order; (ii) take reasonable steps to notify any persons known to have possession of any such material or such redesignation under this Order; and (iii) promptly endeavor to procure all copies of such material from any persons known to have possession of such material who are not entitled to receipt under Paragraph 14.

29.     Unless a prompt challenge to a Supplying Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.   A Receiving Party that elects to initiate a challenge to a Supplying Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Supplying Party.   In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the Supplying Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  If after this meet and confer the Receiving Party continues to challenge a confidentiality designation, then the Receiving Party shall allow the Supplying Party ten (10) days to file a motion to preserve the confidentiality designation. The burden of persuasion in any such challenge proceeding shall be on the Supplying Party.   Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Supplying Party's designation.

## VII.     FILING PAPERS IN COURT RECORDS

30.     Without written permission from counsel of record for the Supplying Party or a Court order secured after appropriate notice to all interested persons, a party may not file in the public record of this litigation any Confidential Information.  A party that seeks to file under seal any Confidential Information must comply with local rules and practice.  When submitting deposition testimony pursuant to this paragraph that has been designated confidential, the submitting party shall submit, to the extent reasonably possible, only those pages of the deposition transcript that are cited, referred to, or relied on by the submitting party.

## VIII.  MISCELLANEOUS PROVISIONS

31.     The use of Confidential Information during any trial in this litigation will be addressed in a later agreement between the parties, or, if they cannot reach agreement, by further order of the Court.

32.     It is expressly understood by and between the parties that in producing Confidential Information in this litigation, the parties shall be relying upon the terms and conditions of this Order.

33.     By written agreement of the parties, or upon motion and order of the Court, the terms of this Order may be amended or modified.  This Order shall continue in force until amended or suspended by express order of the Court, and shall survive and remain in effect after the termination of this proceeding.

34.     Notwithstanding any other provision in the order, nothing in this Order shall affect or modify Defendants' ability to review Plaintiffs' information and report such information to any applicable regulatory agencies, as required by law or applicable regulation.

IT IS SO STIPULATED.

Dated: _10/ 23_ , 2007                By: _____

Ezra D. Rosenberg
DECHERT LLP
Attorneys for Defendants

Dated: _10 / 1_ , 2007                By: _____

James R. Ronca
ANAPOL SCHWARTZ
Attorneys for Plaintiffs

Dated: _10/22_ , 2007                By: _____

Ted Oshman
OSHMAN & MIRISOLA, LLP
Attorneys for Plaintiffs

Dated: _10/ 8_ , 2007                By: _____

Jamie L. Sheller
SHELLER, P.C.
Attorneys for Plaintiffs

PURSUANT TO STIPULATION, AND FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: **OCT. 23** , 2007

By: _____

Hon. Jonathan N. Harris, J.S.C.

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned agrees:

I declare under penalty of perjury that I have read in its entirety and understand the Stipulated Order of Confidentiality that was issued by the Superior Court of New Jersey on **October 23**, 2007. I agree to comply with and to be bound by all terms of this Stipulated Order of Confidentiality and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Order of Confidentiality to any person or entity in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the Superior Court of New Jersey for the purpose of enforcing the terms of this Stipulated Order of Confidentiality, even if such enforcement proceedings occur after termination of these proceedings.

I hereby appoint _____ [print or type full name] of

_____

_____

[print or type full address and telephone number] as my _____ agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Order of Confidentiality.


Date: _____


City and State where sworn and signed: _____


Printed name: _____


Signature: _____

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MELANIE MONTAGNON, | : | CIVIL ACTION NO. |
| | : | 3:06-CV-00280 (VLB) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PFIZER INC., | : | |
| | : | |
| Defendant. | : | SEPTEMBER 10, 2007 |

## JOINT MOTION FOR STIPULATED PROTECTIVE ORDER

Pursuant to Section 26(c) of the Federal Rules of Civil Procedure, the plaintiff, Melanie Montagnon, and the defendant, Pfizer Inc., hereby move jointly for a protective order in the above-captioned matter. A copy of the parties' Stipulated Protective Order, dated September 10, 2007, is attached hereto as Exhibit A.

As good cause for the granting of this Motion, the parties submit the following:

(1) This litigation involves a dispute regarding Pfizer's marketing and development of a hormonal contraceptive, Depo-Provera®. Therefore, the parties stipulate that Plaintiff's requests for production have the potential to elicit responses containing trade secrets or other confidential research, development, or commercial information subject to the protections of Rule 26(c)(7) of the Federal Rules of Civil Procedure. Accordingly, the Parties have executed a Stipulated Protective Order, dated September 10, 2007.

(2) The parties have negotiated in good faith and agree that the substantive provisions of the Stipulated Protective Order will allow for necessary discovery to occur while protecting the parties' legitimate commercial, privacy and legal interests.

WHEREFORE, the plaintiff, Melanie Montagnon, and the defendant, Pfizer Inc., respectfully request that the Court grant their Joint Motion for Stipulated Protective Order in

ME1 6665573v.1

accordance with the Stipulated Protective Order, dated September 10, 2007, executed by the

parties.


Dated: September 10, 2007
      Hartford, Connecticut

MELANIE MONTAGNON                PFIZER INC.


By: /s/ Kristen E. Kenney          By: /s/ Andrew D. Moore
    Timothy L. O'Keefe                Cathy A. Mohan
    Federal Bar No.: ct15005          Federal Bar No.: ct 00340
    Kristen E. Kenney                 Andrew D. Moore
    Federal Bar No.: ct23488          Federal Bar No.: ct 22281
    Kenny, O'Keefe & Usseglio, P.C.     McCarter & English, LLP
    21 Oak Street                    CityPlace I
    Hartford, Connecticut 06106       185 Asylum Street
    Tel.: (860) 246-2700              Hartford, Connecticut 06103-3495
    Fax: (860) 246-6480              Tel.: (860) 275-6724
                                    Fax: (860) 724-339

ME1 6665573v.1

## CERTIFICATION

This is to certify that on the 10th day of September 2007, a copy of the foregoing was

electronically filed and sent to:


Timothy L. O'Keefe, Esq.
Kristen E. Kenney, Esq.
Kenny, O'Keefe & Usseglio, P.C.
21 Oak Street
Hartford, Connecticut 06106



                                                    ___    /s/ Andrew D. Moore___
                                                          Andrew D. Moore

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MELANIE MONTAGNON, | : | CIVIL ACTION NO. |
| | : | 3:06-CV-00280 (VLB) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PFIZER INC., | : | |
| | : | |
| Defendant. | : | SEPTEMBER 10, 2007 |

## STIPULATED PROTECTIVE ORDER

Certain documents, testimony and other information to be disclosed or produced in this litigation contain trade secrets or other confidential research, development, or commercial information, as well as other information protected from disclosure by applicable law. To preserve the confidentiality of such information pursuant to Fed. R. Civ. P. 26, it is STIPULATED and ORDERED as follows:

## I.    SCOPE OF THE ORDER

1.    This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during this litigation including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party to this litigation, including their respective corporate parents, subsidiaries, and affiliates and their respective attorneys, agents, experts, consultants, representatives, officers, employees, and others set forth in this Order. This Order is also binding on any party who obtains documents or other Confidential Information produced or disclosed in this litigation pursuant to this Order, including those parties' respective attorneys, agents, experts, consultants, representatives, officers, employees, and others as set forth in this Order.

ME1 6664621v.1

2.    The "Receiving Party" shall refer to the plaintiff, Melanie Montagnon, and/or any other party receiving materials pursuant to the instant order. The "Supplying Party" shall refer to the defendant, Pfizer Inc., and its subsidiaries including, but not limited to, Pharmacia & Upjohn Company LLC, and/or any other party supplying materials pursuant to the instant order. Third parties who so elect may avail themselves of, and agree to be bound by the terms and conditions of this Order and thereby become a Supplying Party for purposes of this Order.

3.    The entry of this Order does not prevent any party from seeking any further orders of this Court pursuant to Federal Rule of Civil Procedure 26(c).

4.    Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

5.    The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge as set forth in Paragraph 30 below that this Order creates no entitlement to file confidential information under seal, and that all local rules shall apply to a party who seeks permission to file material under seal.

## II.    DESIGNATION OF CONFIDENTIAL INFORMATION

6.    "Confidential Information" as used herein means any information that the Supplying Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Federal Rule of Civil Procedure 26(c) or other applicable law, whether it is a document (electronic or otherwise), information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed. In designating material as

2

ME1 6664621v.1

"Confidential Information," the Supplying Party will make such designation only as to the material that it in good faith believes to be entitled to confidential treatment under applicable law or would disclose the parties' private financial information, private competitive information, trade secrets, confidential scientific information, personal or medical information, or other kinds of sensitive information that a party deems confidential.

7.    Specific documents and discovery responses produced by the Supplying Party shall, if appropriate, be designated as "Confidential Information" by marking the pages of the document that contain Confidential Information as: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." Except as provided in Paragraphs 11 and 27, documents that do not bear the foregoing designation are not Confidential Information as that term is used in this Order.

8.    To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks or tapes) ("Computerized Material") is produced by any party in such form, the Supplying Party may designate such matters as confidential by cover letter referring generally to such matter.  Whenever any party to whom Computerized Material designated as confidential is produced reduces such material to hardcopy form, that party shall mark the hardcopy form with the "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" designation.

9.    To protect against unauthorized disclosure of Confidential Information and comply with all applicable state and federal laws and regulations, the Supplying Party may redact from produced documents, materials, things, or portions thereof:

ME1 6664621v.1

a.    The names, addresses, Social Security or tax identification numbers, and other personally identifying information of employees, patients, health care providers, and individuals in clinical studies or adverse event reports.  To the extent such identifying information for a particular plaintiff is contained in any document, a copy of that document that has not had the plaintiff's information redacted will be produced directly to counsel for that plaintiff;

b.    Highly confidential trade secrets such as those related to the formulation of the product at issue in this litigation; and

c.    Any information relating to products other than Depo-Provera® Contraceptive Injection.

10.    Pursuant to 21 C.F.R. §§ 20.63(f), 314.430(e), and (f), the names of any person or persons reporting adverse experiences of patients and the names of any patients that are not redacted pursuant to Paragraph 9 shall be treated as Confidential Information.  No such person shall be contacted, either directly or indirectly, based on the information so disclosed without the express written permission of the Supplying Party.

11.    Any material produced or provided in this litigation for inspection is to be treated by the Receiving Party as Confidential Information pending the copying and delivery of any copies of the same by the Supplying Party to the Receiving Party.

12.    Information disclosed at a deposition taken in connection with this litigation may be designated as Confidential Information by: (a) designating testimony as confidential on the record during the taking of the deposition, and/or (b) designating the portions of the transcript that are confidential in a letter to be served on the court reporter and opposing counsel within thirty (30) calendar days of the Supplying Party's receipt of the transcript of a deposition.  The

4

ME1 6664621v.1

court reporter will indicate the portions designated as confidential and segregate them as appropriate. Designations of transcripts will apply to audio, video, or other recordings of the testimony. The court reporter shall clearly mark any transcript released prior to the expiration of the 30-day period as "CONFIDENTIAL - SUBJECT TO FURTHER CONFIDENTIALITY REVIEW." Such transcripts will be treated as Confidential Information until the expiration of the 30-day period.

13.    A party in this litigation may designate as Confidential Information any document or information produced by or testimony given by any other person or entity that the party reasonably believes qualifies as such party's Confidential Information pursuant to this Order. If any third party produces information that any party in good faith believes constitutes its Confidential Information, the party claiming confidentiality shall designate the information as such within thirty (30) days of its receipt of such information. Any party receiving information from a third party shall treat such information as confidential during this (30) day period while all parties have an opportunity to review the information and determine whether it should be designated as confidential. Any party designating third party information as confidential shall have the same rights as Supplying Party under this order with respect to such information.

III.    **PERMISSIBLE DISCLOSURES OF CONFIDENTIAL INFORMATION**

14.    Subject to Paragraphs 15, 16, and 21, a Receiving Party may show and deliver Confidential Information only to the following persons:

a.    Counsel for the Receiving Party, including any in-house counsel, and the attorneys, paralegals, stenographic, and clerical staff employed by such counsel to whom it is reasonably necessary to disclose the Information for purposes of the litigation;

5

ME1 6664621v.1

    b.    With respect to any Confidential Information produced by any plaintiff or third party with respect to plaintiff, any employee or agent of the Receiving Party to whom it is reasonably necessary to disclose such information;

    c.    Any plaintiff or claimant who has asserted or intends to assert a claim in this litigation;

    d.    Any outside consultant or expert to whom it is reasonably necessary to disclose Confidential Information, whether formally retained or not;

    e.    Any witness for the purpose of conducting an examination of such witness during a trial period or deposition; provided, however, that Confidential Information shall not lose its confidential or restricted status through such use;

    f.    Stenographic employees and court reporters recording or transcribing testimony in this litigation; and

    g.    This Court, any state or federal court conducting related proceedings, and any member of their staffs to whom it is necessary to disclose Confidential Information.

15.    Before disclosing Confidential Information to any person who is, independent of this litigation, a current employee of, or a consultant to, a pharmaceutical company other than Pfizer Inc. that is marketing or has in development a hormonal contraceptive, the party wishing to make such disclosure shall give at least ten (10) days' advance notice in writing to the counsel for the party who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made and the nature of his or her affiliation with a pharmaceutical company. If, within the 10-day period, the Supplying Party files a motion objecting to the proposed disclosure, then the party seeking disclosure may not disclose any Confidential Information to that person until ten days have elapsed after the appeal period from a

6

ME1 6664621v.1

Court order denying the motion.  In making such motion, it shall be the Supplying Party's burden to demonstrate good cause for preventing such disclosure.

16.     Before disclosing Confidential Information to any person who is, independent of this litigation, a current employee of, or a consultant to, a pharmaceutical company other than Pfizer Inc. that is not marketing or does not have in development a hormonal contraceptive, the party wishing to make such disclosure shall give counsel for the supplying party sufficient information concerning the proposed recipient to permit an informed decision to be made with respect to any potential objection, including at a minimum the name of the pharmaceutical company and the nature of the person's relationship thereto.  If there is no consent to the disclosure within ten (10) days, the party wishing to make the disclosure may submit the information to the Court for a determination of whether the disclosure may be made. The objecting party will have opportunity to request that the Court direct the party wishing to make disclosure to produce additional information about the proposed recipient and to submit any other papers and argument it feels necessary to allow the Court to make an informed decision.  It shall be the burden of the party wishing to prevent such disclosure to demonstrate good cause for prohibiting disclosure.  The party seeking disclosure may not disclose any Confidential Information unless and until the Court has permitted such disclosure and ten days have elapsed after the appeal period from any such order.  If the Court allows disclosure of the Confidential Information, the Information remains Confidential Information and the person to whom disclosure is made shall be bound by this order.

17.     Disclosure of Confidential Information beyond the terms of this Order may be made only if the Supplying Party designating the material as Confidential Information consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected

7

ME1 6664621v.1

parties, orders such disclosure. The terms of this Order shall not apply to any publicly available information or documents.

**IV.    USE OF CONFIDENTIAL INFORMATION**

18.    Persons having knowledge of Confidential Information by virtue of their participation in this litigation, or by virtue of obtaining any documents or other Confidential Information produced or disclosed in this litigation pursuant to this Order, shall use that Confidential Information only in connection with this litigation.

19.    Notwithstanding any other provisions hereof, nothing herein shall restrict any party's counsel from rendering advice to its clients with respect to this litigation and, in the course thereof, relying upon Confidential Information, provided that in rendering such advice, counsel shall not disclose any other party's Confidential Information other than in a manner provided for in this Order.

20.    Nothing contained in this Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any party or the Court.

**V.    PROTECTION OF CONFIDENTIAL INFORMATION**

21.    Counsel shall take all reasonable necessary steps to assure the security of any Confidential Information and will limit access to Confidential Information to those persons authorized by this Order.

22.    Prior to the disclosure of any Confidential Information to any person identified in Paragraph 14(c) - (d), each putative recipient of Confidential Information shall be provided with a copy of this Order. Such person shall sign an Acknowledgement, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Order and agrees to abide by its terms.

8

ME1 6664621v.1

These Acknowledgements are strictly confidential. Counsel for each party shall maintain the Acknowledgements without giving copies to the other side. If the Court finds that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not disclose any information to their clients that could tend to identify any Acknowledgment signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory.

23.     Persons who come into contact with Confidential Information for clerical or administrative purposes, and who do not retain copies of extracts thereof, are not required to execute Acknowledgments but must comply with the terms of this Order.

24.     Any party that is served with a subpoena or other notice compelling the production of discovery materials produced by another party must immediately give written notice of such subpoena or other notice to the original Supplying Party. Upon receiving such notice, the original Supplying Party shall bear the burden of opposing, if it deems appropriate, the subpoena on grounds of confidentiality.

25.     All counsel shall at all times keep secure all notes, abstractions, or other work product derived from or containing Confidential Information, shall be obligated to maintain the confidentiality of such work product; and shall not disclose or reveal the contents of said notes, abstractions or other work product after the documents, materials, or other things, or portions thereof (and the information contained therein) and information are returned and surrendered. Nothing in this agreement requires the Receiving Party's counsel to disclose work product at the conclusion of the case.

ME1 6664621v.1

26.    If a Receiving Party learns of any unauthorized disclosure of Confidential Information, it shall immediately (a) inform the Supplying Party in writing of all pertinent facts relating to such disclosure, (b) make its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the Acknowledgment that is attached hereto as Exhibit A.

27.    Within thirty (30) days of the conclusion of this proceeding, including any appeals related thereto, at the written request and option of the Supplying Party, the attorney for the Receiving Party and any persons to whom he or she disclosed Confidential Information pursuant to this Order shall return and surrender any Confidential Information or copies thereof to the Supplying Party at the Supplying Party's expense.  Such persons shall return or surrender any discovery materials produced by the Supplying Party and any and all copies (electric or otherwise), summaries, notes, compilations, and memoranda related thereto; provided, however, that counsel may retain their privileged communications, work product, Acknowledgements pursuant to Paragraph 22, and all court-filed documents even though they contain discovery materials produced by the Supplying Party, but such retained privileged communications and work product shall remain subject to the terms of this Order.  At the written request of the Supplying Party, any person or entity having custody or control of recordings, notes, memoranda, summaries, or other written material regarding the discovery materials produced by the Supplying Party (except for privileged communications, work product and court-filed documents as stated above) shall produce an affidavit stating that such materials have been delivered to the Supplying Party in accordance with the terms of this Order.

10

## VI.    CHANGES IN AND OBJECTIONS TO DESIGNATION OF INFORMATION

28.    Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim to its confidential nature or preclude the Supplying Party from designating said document or information as Confidential Information at a later date.  Any Supplying Party may designate as Confidential Information or withdraw a Confidential Information designation from any material that it has produced; provided, however, that such redesignation shall be effective only as of the date of such redesignation.  Such redesignation shall be accomplished by notifying counsel for each party in writing of such redesignation.  Upon receipt of any redesignation that designates material as confidential, the Receiving Party shall (i) treat such material in accordance with this Order; (ii) take reasonable steps to notify any persons known to have possession of any such material or such redesignation under this Order; and (iii) promptly endeavor to procure all copies of such material from any persons known to have possession of such material who are not entitled to receipt under Paragraph 14.

29.    Unless a prompt challenge to a Supplying Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  A Receiving Party that elects to initiate a challenge to a Supplying Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Supplying Party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the Supplying Party an opportunity to review the designated material, to

11

reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Receiving Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer first. A Receiving Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Supplying Party may file and serve a motion as allowable under applicable law that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in this paragraph that sets forth with specificity the justification for the confidentiality designation that was given by the Supplying Party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Supplying Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Supplying Party's designation.

## VII.    **FILING PAPERS IN COURT RECORDS**

30.    Without written permission from counsel of record for the Supplying Party or a Court order secured after appropriate notice to all interested persons, a party may not file in the public record of this litigation any Confidential Information. A party that seeks to file under seal any Confidential Information must comply with local rules and practice. When submitting deposition testimony pursuant to this paragraph that has been designated confidential, the submitting party shall submit, to the extent reasonably possible, only those pages of the deposition transcript that are cited, referred to, or relied on by the submitting party.

ME1 6664621v.1

## VIII.  MISCELLANEOUS PROVISIONS

31.    The use of Confidential Information during any trial in this litigation will be addressed in a later agreement between the parties, or, if they cannot reach agreement, by further order of the Court.

32.    It is expressly understood by and between the parties that in producing Confidential Information in this litigation, the parties shall be relying upon the terms and conditions of this Order.

33.    By written agreement of the parties, or upon motion and order of the Court, the terms of this Order may be amended or modified.  This Order shall continue in force until amended or suspended by express order of the Court, and shall survive and remain in effect after the termination of this proceeding.

34.    Notwithstanding any other provision in the order, nothing in this Order shall affect or modify Pfizer's ability to review plaintiffs' information and report such information to any applicable regulatory agencies, as required by law or applicable regulation.

IT IS SO STIPULATED.

Dated: September 10, 2007
       Hartford, Connecticut

MELANIE MONTAGNON                          PFIZER INC.

By: _Kristen E Kenney_                     By: _Cathy D. Mohan_
Timothy L. O'Keefe                         Cathy A. Mohan
Federal Bar No.: ct15005                   Federal Bar No.: ct 00340
Kristen E. Kenney                          Andrew D. Moore
Federal Bar No.: ct23488                   Federal Bar No.: ct 22281
Kenny, O'Keefe & Usseglio, P.C.            McCarter & English, LLP
21 Oak Street                              CityPlace I
Hartford, Connecticut 06106                185 Asylum Street
Tel.: (860) 246-2700                       Hartford, Connecticut 06103-3495
Fax: (860) 246-6480                        Tel.: (860) 275-6724
                                           Fax: (860) 724-339

13

ME1 6664621v.1

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: September 10, 2007

By:   _____
      HONORABLE VANESSA L. BRYANT
      UNITED STATES DISTRICT JUDGE

14

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned agrees:

I declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Connecticut on _____ [date], 2007 in the matter entitled *Melanie Montagnon v. Pfizer Inc., Civil Action No. 3:06-CV-00280 (VLB)*. I agree to comply with and to be bound by all terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Connecticut for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of these proceedings.

I hereby appoint _____ [print or type full name] of

_____

_____

[print or type full address and telephone number] as my _____ agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
            [printed name]

Signature: _____
            [signature]

15

ME1 6664621v.1

**E-FILED**
Monday, 21 April, 2008  11:03:04 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| KAREN S. FINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-CV-2117 |
| | ) | |
| PFIZER INC., a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## PROTECTIVE ORDER

Certain documents, testimony and other information to be disclosed or produced in this litigation

may contain confidential information. To preserve the confidentiality of such information

pursuant to Fed. R. Civ. P. 26, it is STIPULATED and ORDERED as follows:

1. This "Protective Order" shall govern confidential, proprietary and other protected information that may be disclosed during the course of *Karen S. Finney v. Pfizer Inc.* ("This Action") by Karen S. Finney ("Finney") and by Pfizer Inc. ("Pfizer") ("The Parties"). The party producing materials under this Protective Order shall be referred to as the "Supplying Party." The party receiving materials under this Protective Order shall be referred to as the "Receiving Party."

2. For purposes of this Confidentiality Agreement, any Party may designate as "Confidential Material" any information that is not already in the public domain the party reasonably and in good faith believed to be subject to protection under **Federal Rule of Civil Procedure 26(c)** or any other common law or statutory protection, or would disclose the parties' private financial information, private competitive information, trade secrets, confidential scientific information, personal or medical information, or other kinds of sensitive information that a party deems confidential. Such information may be contained in any document, written discovery response, testimony, or other material produced or provided by that Party or its representative(s) to one or more of the other Parties, whether provided voluntarily, pursuant to formal discovery procedures, or otherwise. Documents or materials designated as confidential shall contain appropriate marking, which shall not obscure any portion of the information contained therein.

1

MEI 7075438v.1

3.  All documents produced by the Parties shall be paginated. The pagination shall include a prefix identifying the party producing the document. Documents produced by Finney shall have the prefix "F". Documents produced by Pfizer shall have the prefix "DPCI-BMD."

4.  All of Finney's medical records and other health care documents produced by Finney, by Pfizer or by a health care provider are hereby designated confidential and are subject to this agreement without the need to affix confidentiality markings thereon.

5.  Nothing in this Order shall affect or modify Pfizer's ability to review plaintiffs' information and report such information to any applicable regulatory agencies, as required by law or applicable regulation.

6.  To protect against unauthorized disclosure of Confidential Information and comply with all applicable state and federal laws and regulations, the Supplying Party may redact from produced documents:

    A.  The names, addresses and other personally identifying information of patients, health care providers, and individuals in adverse event reports, as well as the names, addresses, Social Security numbers, and other personally identifying information of patients in clinical studies. To the extent such identifying information for a particular plaintiff is contained in any document, a copy of that document that has not had the plaintiff's information redacted will be produced directly to counsel for that plaintiff;

    B.  Highly confidential trade secrets such as those related to the formulation of the product at issue in this litigation;

    C.  Any information relating to products not at issue in the litigation; and

    D.  Home addresses, Social Security numbers, tax identification numbers, or other information of a personal nature of employees or ex-employees, provided that the parties will produce the last known contact information for potential witnesses as required by applicable law.

7.  Pursuant to 21 C.F.R. §§ 20.63(f), 314.430(e), and (f), the names of any person or persons reporting adverse experiences of patients and the names of any patients that are not redacted pursuant to Paragraph 6 shall be treated as Confidential Information. No such person shall be contacted, either directly or indirectly, based on the information so disclosed without the express written permission of the Supplying Party or by Order of the Court.

2

8.  Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim to its confidential nature or preclude the Supplying Party from designating said document or information as Confidential Information at a later date. Any Supplying Party may designate as Confidential Information or withdraw a Confidential Information designation from any material that it has produced; provided, however, that such redesignation shall be effective only as of the date of such redesignation. Such redesignation shall be accomplished by notifying counsel for each party in writing of such redesignation. Upon receipt of any redesignation that designates material as confidential, the Receiving Party shall (i) treat such material in accordance with this Order; (ii) take reasonable steps to notify any persons known to have possession of any such material or such redesignation under this Order; and (iii) promptly endeavor to procure all copies of such material from any persons known to have possession of such material who are not entitled to receipt under Paragraph 14.

9.  Unless a prompt challenge to a Supplying Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. A Receiving Party that elects to initiate a challenge to a Supplying Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Supplying Party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the Supplying Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If after this meet and confer, the Receiving Party continues to challenge a confidentiality designation, then the Receiving Party shall allow the Supplying Party ten (10) days to file a motion to preserve the confidentiality designation. The burden of persuasion in any such challenge proceeding shall be on the Supplying Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Supplying Party's designation.

10. The Parties may designate a portion of the transcript of any deposition in this Action, including exhibits thereto, as Confidential Material by so advising the court reporter and the Parties on the record during the taking of the deposition. If any portion of a deposition is designated as being subject to this Confidentiality Agreement, that portion shall be separately transcribed and bound and appropriately annotated and the remainder of the

deposition shall be transcribed and bound in the normal manner with appropriate annotations as to specific pages and lines having been designated as confidential and bound separately. The parties so designating shall be responsible for any extra cost associated with designation of confidential.

11. If any third party produces information that any party in good faith believes constitutes its Confidential Information, the party claiming confidentiality shall designate the information as such within thirty (30) days of its receipt of such information. Any party receiving information from a third party shall treat such information as confidential during this (30) day period while all parties have an opportunity to review the information and determine whether it should be designated as confidential. Any party designating third party information as confidential shall have the same rights as Supplying Party under this order with respect to such information.

12. Written and oral communications between or among counsel for the Parties that refer to or discuss Confidential Material automatically shall be subject to this Confidentiality Agreement.

13. Any copy made of Confidential Material shall have the same status as the original. The disclosure and use of Confidential Material shall be confined to the permissible disclosures and uses set forth in paragraph 14 below.

14. Confidential Material may be disclosed only to the following persons and only insofar as it is reasonably necessary to the effective prosecution of the Parties' claims and defenses:

    A. Parties, their representatives, in-house counsel and regular employees who are actively engaged in, or actively overseeing this Action;

    B. Counsel of record, their associated attorneys, and support staff, including paralegal and secretarial personnel;

    C. Experts and consultants (including their employees) who are retained by a Party to assist in the litigation of this Action;

    D. Third-party contractors and their employees who are retained by one or more Parties to provide litigation-support or copy services in connection with the litigation of this Action;

    E. Witnesses, deponents or prospective witnesses in this Action; provided, however, that Confidential Information shall not lose its confidential or restricted status through such use.

ME1 7075438v.1

F.      Court reporters and other persons involved in recording deposition testimony in this Action;

G.      Court personnel of the **United States District Court for the Central District of Illinois**, or, if on appeal, of a court with appellate jurisdiction;

H.      Jurors in this Action.

15.    Persons identified in categories (A) and (B) shall be deemed subject to this Protective Order through its execution by the attorneys of record.

16.    Disclosure to persons in category (C) and (D) and (E) of paragraph (14) above shall require from such persons a signed written Acknowledgment in the form set forth as Exhibit A. These Acknowledgements are strictly confidential. Counsel for each party shall maintain the Acknowledgements without giving copies to the other side. If the Court finds that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited as deemed appropriate by the Court.

17.    Before disclosing Confidential Information to any person who is, independent of this litigation, a current employee of, or a consultant to, a pharmaceutical company other than Pfizer Inc. that is marketing or has in development a hormonal contraceptive, the Receiving Party shall give at least ten (10) days' advance notice in writing to the counsel for the Supplying Party, stating the names and addresses of the person(s) to whom the disclosure will be made and the nature of his or her affiliation with a pharmaceutical company. If, within the 10-day period, the Supplying Party files a motion objecting to the proposed disclosure, then the Receiving Party may not disclose any Confidential Information to that person until ten days have elapsed after the appeal period (the time when the appeal is decided or the time to appeal is up, under relevant law or procedures) from a Court order denying the motion. In making such motion, it shall be the Supplying Party's burden to demonstrate good cause for preventing such disclosure.

18.    Before disclosing Confidential Information to any person who is, independent of this litigation, a current employee of, or a consultant to, a pharmaceutical company other than Pfizer Inc. that is not marketing or does not have in development a hormonal contraceptive, the Receiving Party shall give counsel for the Supplying Party sufficient information concerning the proposed recipient to permit an informed decision to be made with respect to any potential objection, including at a minimum the name of the pharmaceutical company and the nature of the person's relationship thereto. If there is no consent to the disclosure within ten (10) days, the Receiving Party may submit the information to the Court for a

determination of whether the disclosure may be made. The Supplying Party will have opportunity to request that the Court direct the party wishing to make disclosure to produce additional information about the proposed recipient and to submit any other papers and argument it feels necessary to allow the Court to make an informed decision. It shall be the burden of the Supplying Party to demonstrate good cause for prohibiting disclosure. The Receiving Party may not disclose any Confidential Information unless and until the Court has permitted such disclosure and ten days have elapsed after the appeal period (the time when the appeal is decided or the time to appeal is up, under relevant law or procedures) from any such order. If the Court allows disclosure of the Confidential Information, the Information remains Confidential Information and the Receiving Party shall be bound by this order.

19. Paragraphs 17 and 18 above shall not apply to witnesses produced by or in the control of defendant Pfizer.

20. Each Party agrees that in the event it is served by a non-party with a subpoena or request for production of Confidential Material originally received from another Party, it will promptly notify that Party.

21. Disclosure of Confidential Material in accordance with paragraph (14) above shall not effect, nor shall it be deemed to effect, a waiver of the attorney-client privilege, the work-product immunity, or any other privilege or immunity from disclosure to which such Confidential Material may be entitled, whether in this Action among the Parties herein or in any other action or as to any non-party.

22. The inadvertent production by any party in the course of discovery in these proceedings of a document subject to a claim of privilege, work product, or other statutory or court-ordered confidentiality, will not result in a waiver of any of the foregoing protections, whether in these or any other proceedings, for the produced document or any other withheld document covering the same or similar subject matter.

23. If a Receiving Party learns of any unauthorized disclosure of Confidential Information by persons within its control, it shall immediately (a) inform the Supplying Party in writing of all pertinent facts relating to such disclosure, (b) make its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the Acknowledgment that is attached hereto as Exhibit A.

24. Confidential Material may be used in accordance with the provisions of this Confidentiality Agreement.

6

ME1 7075438v.1

25. Confidential Material provided to a Court shall be in a sealed envelope containing an appropriate annotation that the envelope contains material a party has designated as confidential. The filing of such materials shall be brought to the Court's attention so that the Court may enter any administrative orders to preserve the confidentiality.

26. This Confidentiality Agreement shall not prevent the Parties from using or disclosing their own documents and other materials in any manner, notwithstanding their designation as Confidential Material subject to this Confidentiality Agreement.

27. Within thirty (30) days of the conclusion of this proceeding, including any appeals related thereto, the attorney for the Receiving Party shall provide to the Supplying Party an affidavit certifying the destruction of all confidential materials (electronic or otherwise) in its control or in the control of persons to whom the Receiving Party disclosed confidential materials. The sole exception to the requirements described above is that information that has been incorporated into attorney work product or other privileged documents need not be returned or destroyed. Such information shall be retained by the person to whom the information was produced, and shall be treated as Confidential Material in accordance with this Order.

28. Each Party shall retain all rights and remedies available to it under the law for the enforcement of this order against anyone who violates it.

29. The use of Confidential Information during any trial in this litigation will be addressed in a later agreement between the parties, or, if they cannot reach agreement, by further order of the Court.

30. By written agreement of the parties, or upon motion and order of the Court, the terms of this Order may be amended or modified. This Order shall continue in force until amended or suspended by express order of the Court, and shall survive and remain in effect after the termination of this proceeding. The Court shall retain jurisdiction for all purposes related to this Order.

MEI 7075438v.1

Dated: April 14, 2008

PHEBUS & KOESTER

By: _____

Joseph W. Phebus
136 West Main Street
Urbana, Illinois 61801
Telephone: 217-337-1400
*Attorneys for Plaintiff*

Dated: April 14, 2008

HEPLER, BROOM, MacDONALD, HEBRANK,
TRUE & NOCE, LLC

By: _____

Stephen R. Kaufmann
400 South 9th Street, Suite 100
Springfield, Illinois 62701
Telephone: 217-528-3674

McCARTER & ENGLISH, LLP
Kimberly S. Penner
Eva Canaan
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
Telephone: 973-622-4444
*Attorneys for Defendant*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____April 21_____, 200 8

By: s/ Harold A. Baker
HONORABLE
UNITED STATES DISTRICT JUDGE

8

ME1 7075438v.1

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned agrees:

I declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of Illinois on _____, 200_ in _____. I agree to comply with and to be bound by all terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of these proceedings.

I hereby appoint _____ [print or type full name] of

_____

[print or type full address and telephone number] as my _____ agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____
City and State where sworn and signed: _____
Printed name: _____
       [printed name]

Signature: _____
       [signature]

9

ME1 7075438v.1

**Deana R. Brinkley**

| | |
|---|---|
| **From:** | ECF_Returns@ilcd.uscourts.gov |
| **Sent:** | Monday, April 21, 2008 11:03 AM |
| **To:** | ECF_Notices@ilcd.uscourts.gov |
| **Subject:** | Activity in Case 2:07-cv-02117-HAB-DGB Finney v. Pfizer Inc Protective Order |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**CENTRAL DISTRICT OF ILLINOIS**

### Notice of Electronic Filing

The following transaction was entered on 4/21/2008 at 11:03 AM CDT and filed on 4/21/2008
**Case Name:**        Finney v. Pfizer Inc
**Case Number:**     2:07-cv-2117
**Filer:**
**Document Number:** 18

**Docket Text:**
**PROTECTIVE ORDER entered by Judge Harold A. Baker on 4/21/08. (MT, ilcd)**

**2:07-cv-2117 Notice has been electronically mailed to:**

Beth A Bauer    bab@heplerbroom.com, docket@heplerbroom.com, lmh@heplerbroom.com, sat@heplerbroom.com

Ryan R Bradley    rbradley@phebuslaw.com, kconley@phebuslaw.com

Elizabeth S Holder    bholder@phebuslaw.com, kverchota@phebuslaw.com

Stephen R Kaufmann    srk@heplerbroom.com, docket@heplerbroom.com, drb@heplerbroom.com, leh@heplerbroom.com, lmh@heplerbroom.com, mfc@heplerbroom.com, sat@heplerbroom.com

Joseph W Phebus    jwphebus@phebuslaw.com, koliveira@phebuslaw.com

**2:07-cv-2117 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1068668610 [Date=4/21/2008] [FileNumber=710814-0]
[46e75fc9b1ae170462a6fea3d876e771774416d6b4ccbbd7074762a0dfb805d74a19
1d2235d78eeb72bae99282fb133491288387069690e0f55b2b13ef102eae]]

4/21/2008