IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(Northern Division)

| | | |
|---|---|---|
| APRIL WORLEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 2:06-cv-916-MEF-SRW |
| | * | |
| PFIZER, INC., et al | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR
PROTECTIVE ORDER OF CONFIDENTIALITY**

Defendants have moved this Court to enter a protective order of confidentiality under Rule 26(c) of the Federal Rules of Civil Procedure. Plaintiff opposes this motion as Defendants have failed to show good cause as required by Rule 26(c) and respectfully asks this Court to deny Defendants' Motion for Protective Order of Confidentiality.

Defendants allege that "certain documents, testimony, and other information" contain trade secrets or other confidential information and request a blanket protective order preventing Plaintiff from sharing discovery materials with other similarly situated litigants. Motion for Protective Order of Confidentiality ¶ 1. In support of their motion, Defendants have failed to make a specific showing that any particular discoverable information actually contains trade secrets or is confidential and have not stated the specific harm they might suffer as a result of the disclosure. Defendants have not met their burden of proof, and their motion is due to be denied.

In the alternative, if this Court is inclined to enter a protective order on behalf of Defendants, Plaintiff requests that this Court enter a protective order that does not prohibit the sharing of discovery materials with other counsel in similar litigation.

1

**I. A Party Moving for a Protective Order of Confidentiality Must Show Good Cause**

Defendants' Motion for Protective Order of Confidentiality should be denied because Defendants failed to show good cause as required by Rule 26(c). There has long been a presumption that discovery should take place in the open unless compelling reasons exist for imposing restrictions. Am. Tel. & Telegraph Co. v. Grady, 594 F.2d 594, 596 (7th Cir. 1978) ("As a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings."); Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1546-1547 (11th Cir. 1985) ("The law's basic presumption is that the public is entitled to every person's evidence."). Because of this general presumption, a protective order is only valid when entered upon a finding of good cause. In re Agent Orange Product Liability Litigation, 821 F.2d 139, 145-146 (2d Cir. 1987) ("A plain reading of the language of Rule 26(c) demonstrates that . . . if good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public for inspection."); cf. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 37 (1984). Even if both parties stipulate to the entrance of a protective order, that order is not valid unless good cause is shown. Broan Mfg. Co. v. Westinghouse Electric Corp., 101 F.R.D. 773, 774 (E.D. Wis. 1984).

Thus, the party seeking the protective order bears the heavy burden of showing that good cause exists to justify the entrance of that order. Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1313 (11th Cir. 2001). According to Rule 26(c), good cause exists when justice requires that a party be protected from annoyance, embarrassment, oppression or undue burden or expense, including the protection of trade secrets or other confidential research, development or commercial information. See Alexander v. FBI, 186 F.R.D. 71, 75 (D.D.C. 1998). Good cause in the context of Rule 26(c)(7) requires a showing that the material sought to

be protected is confidential. Chicago Tribune Co., 263 F.3d at 1313; Parsons v. General Motors Corp., 85 F.R.D. 724 (N.D. Ga. 1980) ("The court interprets 'good cause' in the context of Rule 26(c)(7) to mean that the party seeking the protective order must demonstrate that the material sought to be protected is confidential and that disclosure will create a competitive disadvantage for the party."). In order to meet this burden, the movant must articulate "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n. 16 (1981) (quoting In re Halkin, 598 F.2d 176, 193 (1979)); see Parsons, 85 F.R.D. at 726.

In the case at bar, Defendants allege in their Motion that "[c]ertain documents, testimony, and other information to be disclosed or produced in this litigation contain trade secret or other confidential research, development, or commercial information, as well as other information that requires protection in accordance with Fed. R. Civ. P. 26(c)." Motion for Protective Order of Confidentiality ¶ 1. The proposed protective order is so broad, it allows Defendants to self-designate any information that they deem "sensitive" as confidential. Their proposed protective order broadly defines confidential information as:

> [A]ny information that the Supplying Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Federal Rule of Civil Procedure 26(c) or other applicable law . . . In designating material as "Confidential Information," the Supplying Party will make such designation only as to the material that it in good faith believes to be entitled to confidential treatment under applicable law or would disclose the parties' private financial information, private competitive information, trade secrets, confidential scientific information, personal or medical information, *or other kinds of sensitive information that a party deems confidential*.

Proposed Protective Order of Confidentiality ¶ 6 (emphasis added).

Defendants, without any supporting evidence, allege that they "stand to suffer economic and irreparable harm if the confidential and propriety documents and information are disseminated beyond this litigation." Motion for Protective Order of Confidentiality ¶ 1.

3

Defendants offer absolutely no particularized showing that the documents they wish to protect are confidential or that disclosure will result in harm as mandated by the "good cause" requirement of Rule 26(c).

**II. The District Court Must Balance the Interests of the Parties**

Even if the moving party meets its "good cause" burden by proving the confidential nature of the information sought to be protected, federal courts, including the Eleventh Circuit, require that the district court balance the interests of the parties. Chicago Tribune Co., 263 F.3d at 1313; McCarthy v. Barnett Bank of Polk County, 876 F.2d 89, 91 (11th Cir. 1989); Farnsworth, 758 F.2d at 1547. The district court must weigh the non-moving party's interest in obtaining access to discovery against the harm the moving party will suffer if confidentiality is not maintained. Chicago Tribune Co., 263 F.3d at 1313.

Plaintiff in this case has an interest in preparing for trial. Preparing for trial is an important interest that is not easily overcome. Farnsworth, 758 F.2d at 1547 ("trial preparation and defense . . . are important interests, and great care must be taken to avoid their unnecessary infringement").  Further, Plaintiff also has an interest in sharing all discoverable materials with other plaintiff counsel involved in Depo Provera litigation. Sharing discovery among similarly situated plaintiffs, especially in complex litigation, should be encouraged because it promotes the purpose of the Federal Rules of Civil Procedure by helping secure the just, speedy, and inexpensive determination of every action. Fed. R. Civ. P. 1; see Wilson v. Am. Motors Corp., 759 F.2d 1568, 1571 n. 3 (11th Cir. 1985) ("If formal proceedings occur in one court and are relevant to issues being presented in another court, judicial economy would mandate their availability."); Patterson v. Ford Motor Co., 85 F.R.D. 152, 153-154 (W.D. Tex. 1980) ("Such collaboration among plaintiffs' attorneys would come squarely within the aims of the Federal

Rules of Civil Procedure"). The Rules do not foreclose the sharing of discovery among similarly situated litigants. Am. Tel. & Telegraph Co., 594 F.2d at 597. In fact, some courts have refused to enter protective orders if they do not include some type of sharing provision. Id.

In Johnson Foils, Inc. v. Huyck Corp., the court refused to enter a protective order proposed by the defendant because it restricted the use of discovery in other similar litigation. 61 F.R.D. 405, 410 (N.D.N.Y. 1973). In Williams v. Johnson & Johnson, the defendants moved for a protective order that would prohibit the plaintiff from sharing any discovery with any person or firm not directly involved in that action. 50 F.R.D. 31, 32 (S.D.N.Y. 1970). The court denied the motion and held that sharing discovery among various plaintiffs "comes squarely within the aims laid out in the first and fundamental rule of the Federal Rules of Civil Procedure" and should be allowed. Id.; see also Cipollone v. Liggett Group, Inc., 113 F.R.D. 86, 87 (D.N.J. 1986); U.S. v. Hooker Chemicals & Plastic Corp., 90 F.R.D. 421, 426 (W.D.N.Y. 1981).

In order to overcome the presumption of public availability, the party moving for a protective order must show that the harm they will suffer is a clearly defined, serious injury. U.S. v. Intl. Bus. Machines Corp., 67 F.R.D. 40, 46 (S.D.N.Y. 1975) ("where commercial information may be subject to protection under Fed. R. Civ. P. 26(c) [the court] will look to determine if its disclosure will work a clearly defined and very serious injury"). A protective order will be denied if the allegations of harm are "vague and conclusory when specific examples are necessary." Parsons, 85 F.R.D. at 726. In Parsons, two affidavits from company employees were filed which stated that "design information and crash test results would be valuable to GM's competitors." Id. at 725-726. The court denied the defendant's motion for protective order because it failed to meet its burden of showing competitive harm. Id. at 726.

Sharing discovery among plaintiffs' counsel also does not constitute harm. Id. at 726 n. 1. In the same case discussed supra, the defendant asked the court to enter a protective order because the plaintiff planned to share the discovery with other similarly situated litigants. Id. The court denied the motion holding that the possibility of information sharing could not factor into the defendant's required threshold showing of good cause. Id. ("the court does not consider the possibility that plaintiff will share the results of discovery with any other litigant any part of defendant's showing of good cause to justify a protective order").

In this case, it is impossible to balance the interests of Defendants against the interests of Plaintiff because Defendants have failed to articulate what their interests are. Defendants have merely made the conclusory statement that they "stand to suffer economic and irreparable harm" but have not stated what that harm is. Motion for Protective Order of Confidentiality ¶ 1. Defendants certainly have not shown that they stand to suffer a clearly defined, serious injury. Defendants allege as good cause that "inclusion of a sharing provision would be inappropriate in this case." Motion for Protective Order of Confidentiality ¶ 3. However, as Parsons held, the possibility that Plaintiff might share discovery materials with other similarly situated litigants cannot be used to meet the Rule 26(c) good cause requirement.

## III. Conclusion

Defendants have failed to meet their burden of showing "good cause" in support of the issuance of their proposed protective order. Defendants' motion makes only speculative and conclusory statements about the confidential nature of their documents and the potential harm they may suffer if documents are produced without a protective order in place. Even assuming *arguendo* that Defendants had met their burden of showing confidentiality, Plaintiff's interest in pursuing this litigation and sharing discovery materials with similarly situated people injured by

6

Depo Provera far outweighs any interest Defendants may have in preventing the disclosure of certain documents. Because Defendants failed to meet the burden set out in the Federal Rules of Civil Procedure 26(c), Defendants' Motion is due to be denied.

If this Court is inclined to enter a protective order, Plaintiff requests that this Court enter a protective order that does not prohibit the sharing of discovery materials with other counsel in similar litigation.

/s/ W. Roger Smith, III
W. ROGER SMITH, III (SMI257)
ANDY D. BIRCHFIELD, JR. (BIR006)
Attorney for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, AL  36103-4160
Telephone: 334-269-2340
Facsimile: 334-954-7555

7

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document upon the parties <u>as listed below</u> on this the 7th day of July, 2008 by filing electronically with the Clerk of the Court using the CM/ECF system.

                                                /s/ W. Roger Smith, III
                                                Of Counsel

Fred M. Haston, III
Anne Marie Seibel
Andrew B. Johnson
George R. Parker
**BRADLEY ARANT ROSE**
      **& WHITE LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203