**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**(Northern Division)**

| | | |
|---|---|---|
| **APRIL WORLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **2:06-cv-00916-MEF-SRW** |
| | ) | |
| **PFIZER INC., et al** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR**
**PROTECTIVE ORDER OF CONFIDENTIALITY**

Defendants submit the following Reply in support of their *Motion for Protective Order of Confidentiality* filed June 20, 2008 (Doc. # 47) ("Defendants' Motion") and in response to *Plaintiff's Opposition to Defendants' Motion for Protective Order of Confidentiality* filed July 7, 2008 (Doc. # 50) ("Plaintiff's Opposition").

**ARGUMENT**

Plaintiff alleges that Defendants have failed to meet their burden to show good cause for a protective order as required by Rule 26(c). Plaintiff did not, however, raise good cause as an issue at the parties' meet and confer, when the parties attempted to reach an agreement on a stipulated protective order in this case. While other changes were discussed, the discussions ended when Plaintiff demanded that a sharing provision be included in the proposed order. Plaintiff first questioned whether <u>any</u> protective order was appropriate in her Opposition. Only after addressing this new issue did Plaintiff request that this Court in the alternative "enter a protective order that does not prohibit the sharing of documents with other counsel in similar litigation." Defendants address these arguments in turn below.

### A. <u>Good Cause Exists for Entry of a Protective Order in This Case</u>

#### (1)    *The Court Should Not Consider Plaintiff's "Good Cause" Argument*

On May 30, 2008, Defendants sent a proposed Order of Confidentiality to Plaintiff's counsel. By e-mail dated June 6, 2008, Plaintiff's counsel proposed certain specific changes and additions to the wording of the Protective Order, but did not raise an issue as to the propriety of entering into a Protective Order. *See* 06/06/2008 e-mail, attached hereto as **Exhibit 1**. On June 11, 2008, counsel for the Defendants and counsel for the Plaintiff had a telephone discussion regarding Plaintiff's proposed changes to the Protective Order. Although Defendants were willing to agree to some of Plaintiff's proposed changes, negotiations broke down due to Plaintiff's insistence on sharing documents with other counsel in Depo-Provera® Contraceptive Injection ("DPCI") bone mineral density litigation. Again, at no point did Plaintiff raise an issue regarding "good cause" for entry of the Protective Order, and the parties ended the telephone conference with the understanding that Defendants would file a motion for a Protective Order addressing the propriety of sharing documents with third parties. Accordingly, Defendants filed a motion for the Protective Order, addressing exclusively the propriety of sharing documents with third parties, on June 20, 2008. Thereafter, on June 30, 2008, Defendants responded to Plaintiff's extensive discovery requests. Relying on the fact that Plaintiff never objected to having a protective order in place, Defendants made only limited relevance objections and offered to provide very broad discovery – comprising over 26,000 documents and over 300,000 pages – to Plaintiff, subject to the entry of the Protective Order.

In Plaintiff's Opposition, filed on June 7, 2008, Plaintiff for the first time raised the issue of "good cause" for the entry of the Protective Order. Allowing Plaintiff to raise this issue at this

point would frustrate the purposes of Rule 26(c)'s "meet and confer" requirements and prejudice Defendants. Accordingly, this Court should not consider Plaintiff's arguments relating to "good cause" for the entry of the Protective Order.

> ### (2) To the Extent That the Court Considers Plaintiff's Good Cause Argument, Defendants Have Met their Burden of Proof on This Issue

In the event that the Court opts to consider the issue of "good cause" for the entry of the Protective Order, Defendants have met the "good cause" burden articulated by Rule 26(c) for the following reasons.

> ### (a) Every Other Court Involved in DPCI Litigation has Entered a Protective Order

In support of their Motion, Defendants submitted six protective orders entered by other courts around the country relating to the very same documents at issue in this case. *See* Defendants' Motion, Doc. # 47, Exs. B-G, ¶¶ 14, 18. In addition to those six, another four courts have entered protective orders relating to these same documents. *See* protective orders attached hereto as **Exhibits 2, 3, 4, and 5**. Additionally, in another two cases, stipulated protective orders have been submitted to the respective courts for entry. In fact, there are no pending DPCI bone mineral density cases in which plaintiffs have questioned the need for a protective order and no cases in which a court has refused to enter such an order. *See* Decl. of Kimberly Penner, attached hereto as **Exhibit 6**, at ¶¶ 6-7 ("Penner Declaration").

The fact that ten other courts have found good cause for protecting the confidentiality of these documents is authority that can be relied on by this Court in reaching its determination regarding the need for a protective order in this case.

**(b)     The Documents Contain a Wide Range of Confidential Information**

As Plaintiff noted, under Rule 26(c), "good cause exists when justice requires that a party be protected from annoyance, embarrassment, oppression or undue burden or expense, *including the protection of trade secrets or other confidential research, development, or commercial information.*"   Plaintiff's Opposition, Doc. # 50, pg. 2 (emphasis added).   Protection of Defendants' confidential and proprietary commercial information clearly qualifies as "good cause" under the language of Rule 26(c).   As further evidence of good cause, Defendants submit the Declaration of Kimberly Penner, attached hereto as **Exhibit 6.**[1]   This Declaration outlines the confidential nature of the information Defendants seek to protect and details the particular harms and competitive disadvantages Defendants will suffer if such information is disclosed.

**(c)     An Umbrella Protective Order is Warranted Due to the Large Number of Documents at Issue**

It is well established that in complicated cases involving large numbers of documents, umbrella protective orders – such as the one at issue in this case – speed up discovery and promote efficiency and judicial economy.   For example, in *In re Alexander Grant & Co. Litigation v. News & Sun-Sentinel Co.*, 820 F.2d 352, 356 (11th Cir. 1987), the court stated, in relevant part:

> The *Manual for Complex Litigation, Second* . . . suggests that in complicated cases where document-by-document review of discovery materials would be unfeasible, an "umbrella" protective order . . . should be used to protect documents designated in good faith by the producing party as confidential.   Under the provisions of umbrella orders, the burden of proof justifying the need for the protective order remains on the movant; only the burden of raising the issue of confidentiality with respect to individual documents shifts to the other party . . . .

---

[1] In light of the limited time frame necessitated by this reply, Defendants have been unable to submit a Declaration from a corporate representative on this issue.  Should the Court require such a Declaration, Defendants respectfully request leave to submit such a Declaration at a later time.

> The realities of today's world have shown that discovery and the exchange of information can become extremely difficult. Busy courts are simply unable to hold hearings every time someone wants to obtain judicial review concerning the nature of a particular document. The order issued in this case, as in others, is designed to encourage and simplify the exchanging of large numbers of documents, volumes of records and extensive files without concern of improper disclosure. After this sifting, material can be "filed" for whatever purpose consistent with the issues being litigated whether by pretrial hearing or an actual trial. Judicial review will then be limited to those materials relevant to the legal issues raised. History has confirmed the tremendous saving of time effected by such an approach. The objective is to speed up discovery.

*Id.* at 356-57 (citations omitted).

In the present case, Defendants have offered to provide over 300,000 pages of documents in response to Plaintiff's discovery requests. It is apparent that a page-by-page review of these documents is unfeasible and that – in the interests of speeding up discovery and conserving resources that would otherwise be required for Defendants to review and for the parties to agree with respect to the confidentiality of all of these documents – an umbrella protective order is required.

Similarly, the aspects of the protective order challenged by Plaintiff are all standard provisions of umbrella protective orders, necessitated by the large number of documents that such orders are designed to cover. For example, Plaintiff challenges the Defendants' proposed Protective Order as overly broad, in that it allows Defendants to "self-designate any information that they deem 'sensitive' as confidential." Plaintiff's Opposition, Doc. # 50, pg 3. However, Plaintiff fails to mention the provision in the proposed Protective Order setting forth a procedure for challenging confidential designations. *See* Defendants' Motion, Doc. # 47, Ex. A at ¶ 29 (outlining the procedure for objecting to the designation of information). Additionally, the proposed Protective Order specifically acknowledges that "this Order does not confer blanket

protections . . . [;] the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential." *Id*. at ¶ 5.

In addition to meeting the good cause burden articulated by Rule 26(c), Defendants have also shown that a balancing of the parties' interests weighs in Defendants' favor. *See Farnsworth v. Procter & Gamble, Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) (superimposing a balancing of interests approach for Rule 26's "good cause" requirement). Plaintiff claims that her interest in preparing for trial and sharing materials with other plaintiff's counsel outweighs Defendants' interest in maintaining confidentiality. However, Defendants are not seeking to prohibit Plaintiff from accessing the documents or using them in this litigation. Rather, Defendants are seeking to prevent Plaintiff from disseminating Defendants' confidential and proprietary information beyond the instant case. The Protective Order proposed by Defendants allows Plaintiff sufficient access to the documents while simultaneously protecting Defendants' interest in their proprietary value. Accordingly, the proposed Protective Order creates no impediment to Plaintiff's ability to prepare for trial.

**B.  The Inclusion of a Document-Sharing Provision Would be Improper**

In regard to Plaintiff's purported interest in sharing Defendants' confidential information, Plaintiff relies primarily on New York cases for her assertion that the Court should refuse to enter a protective order without a sharing provision. Plaintiff's reliance on these cases is entirely misplaced for at least three reasons.

First, federal courts in <u>this</u> Circuit have refused to allow document-sharing provisions of the type requested by Plaintiff here. *See Williams v. Taser Int'l, Inc.*, 2006 WL 1835437, at *2 (N.D. Ga. 2006); *McDonald v. Cooper Tire & Rubber Co.*, No. 8:01-CV-1306-T-27TGW,

2005 WL 2810707, at *2 (M.D. Fla. Oct. 27, 2005).  Second, the ten courts overseeing other DPCI cases have unanimously entered protective orders that prohibit sharing with non-parties. *See* Defendants' Motion, Doc. # 47, Exs. B-G, ¶¶ 14, 18 (outlining the permissible disclosures of confidential information and stating that the Confidential Information shall only be used "in connection with this litigation"); Ex. 2 at ¶¶ 14, 18; Ex. 3 at ¶¶ 14, 18; Ex. 4 at ¶¶ 14, 18; and Ex. 5 at ¶¶ 4, 5 (attached hereto).[2]  Inclusion of a sharing provision here would essentially undercut the protective orders entered by these other courts.  In short, Plaintiff's attempt to include a sharing provision here can only be viewed as an ostensible attempt to end-run the protective orders that have already been entered by these other courts.  Otherwise, Plaintiff's counsel is seeking permission to share information and documents when there is no one available to share them with.  Third, Plaintiff has other means of obtaining the assistance she claims is necessary, such as associating additional counsel and including them as signatories to the Protective Order.

Without even attempting to distinguish this case from other cases in this Circuit refusing to allow document sharing provisions, or from all other DPCI cases where protective orders without document-sharing provisions have been entered by the courts, Plaintiff is asking this Court to include a document-sharing provision that would stand alone in conflicting with other court orders addressing the confidentiality of these same documents.  Accordingly, this Court should deny Plaintiff's request.

---

[2] In addition to the ten protective orders that have been entered to date, another two orders – without document-sharing provisions – have been signed during the past month by plaintiffs' counsel and are awaiting entry by the courts where those cases are pending.  Indeed, this is the first time that a document-sharing provision has been requested by any counsel to date in DPCI bone mineral density litigation.  *See* Penner Declaration at ¶ 7.

**CONCLUSION**

Defendants have met their burden for demonstrating the need for a protective order in this case. Moreover, Defendants' proposed Protective Order allows Plaintiff sufficient access to Defendants' documents for litigation purposes, and is consistent with the other protective orders entered in other DPCI cases. Accordingly, Defendants request that the Court enter their proposed Protective Order.

RESPECTFULLY SUBMITTED, this the 14th day of July, 2008.

s/Andrew B. Johnson
Andrew B. Johnson
One of the Attorneys for Defendants

OF COUNSEL:

Fred M. Haston III
Anne Marie Seibel
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 14, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Andy D. Birchfield, Jr.
> W. Roger Smith, III
> Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
> P.O. Box 4160
> Montgomery, AL 36103-4160

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> None.

s/Andrew B. Johnson
_____
Andrew B. Johnson
One of the Attorneys for Defendants

# EXHIBIT 1

**Johnson, Andy B.**

| | |
|---|---|
| **From:** | Roger Smith [Roger.Smith@BeasleyAllen.com] |
| **Sent:** | Friday, June 06, 2008 2:22 PM |
| **To:** | Johnson, Andy B. |
| **Subject:** | Worley v. Depo Provera - Protective Order |

Andy,

I have reviewed your proposed Stipulated Protective Order of Confidentiality.  I propose the following changes:

I. 4.

The documents authored and produced by Defendants Pfizer, Inc., Pharmacia Corporation, Pharmacia & Upjohn Company LLC, and/or Monsanto Company in accordance with this Order shall be admissible into evidence without further authentication, such copies of the originals, but objections to admissibility on other grounds are not hereby precluded.

II. 6

(line 9) financial information not otherwise file with any state or federal regulatory authority
(line 10 and 11) delete after "medical information."

II. 7 p. 3, line 2, add after ORDER and before Except.

"The stamp shall be affixed in such manner as not to obliterate or obscure any written matter."

II. 12.  Replace the first 6 lines with:

"In the event that any question is asked at a deposition which a party or non-party asserts calls for confidential information, such question shall nonetheless be answered by the witness fully and completely, to the extent required by law.  Counsel for the deponent shall, either at the deposition or within 30 days after receipt of the transcript thereof by said counsel, notify all counsel on the record or in writing that the information provided in such answer is confidential."

III. 14.

a.  Counsel for the Receiving Party, including any in-house counsel, and the attorneys, paralegals, stenographic, and clerical staff employed by such counsel, as well as plaintiff counsel in other litigation involving Depo Provera, including any paralegal, clerical, secretarial, or other stuff employed or retained by such other plaintiff counsel, provided that such attorney has agreed to be governed by the terms of this Order.

IV. 8.  Line 4 should read:

". . . Information only in connection with this or other litigation involving Depo Provera."

Talk to you soon.

**W. Roger Smith, III**
Shareholder
218 Commerce Street
Post Office Box 4160
Montgomery, AL 36104
800.898.2034
334.269.2343
334.954.7555 fax
roger.smith@BeasleyAllen.com
www.BeasleyAllen.com



7/11/2008

# EXHIBIT 2

Eastern District of Kentucky
FILED

JUN 1 2 2008

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON**

-----------------------------------------

**DONNA GRAY,**

                    **Plaintiff,**                    **Civil Action No: 2:06-CV-06-DLB**

            **v.**

                                                      **STIPULATED PROTECTIVE ORDER**

**PFIZER INC., and PHARMACIA &
UPJOHN COMPANY,**

                    **Defendants.**

-----------------------------------------

        Certain documents, testimony and other information to be disclosed or produced in this litigation contain trade secrets or other confidential research, development, or commercial information, as well as other information protected from disclosure by applicable law. To preserve the confidentiality of such information pursuant to Fed. R. Civ. P. 26, it is STIPULATED and ORDERED as follows:

**I.    SCOPE OF THE ORDER**

1.    This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during this litigation including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party to this litigation, including their respective corporate parents, subsidiaries, and affiliates and their respective attorneys, agents, experts, consultants, representatives, officers, employees, and others set forth in this Order. This Order is also binding on any party who obtains documents or other Confidential Information produced or disclosed in this litigation pursuant to this Order, including those parties' respective attorneys, agents, experts, consultants, representatives, officers, employees, and others as set forth in this Order.

2.    The Receiving Party shall refer to plaintiff, Donna Gray  The Supplying Party shall refer to defendants, Pfizer Inc. and Pharmacia & Upjohn Company LLC. Third parties who so elect

may avail themselves of, and agree to be bound by the terms and conditions of this Order and thereby become a Supplying Party for purposes of this Order.

3.    The entry of this Order does not prevent any party from seeking any further orders of this Court pursuant to Federal Rules of Civil Procedure 26(c).

4.    Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

5.    The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge as set forth in Paragraph 30 below that this Order creates no entitlement to file confidential information under seal, and that all local rules shall apply to a party who seeks permission to file material under seal.

## II.    DESIGNATION OF CONFIDENTIAL INFORMATION

6.    "Confidential Information" as used herein means any information that the Supplying Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Federal Rule of Civil Procedure 26(c) or other applicable law, whether it is a document (electronic or otherwise), information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed. In designating material as "Confidential Information," the Supplying Party will make such designation only as to the material that it in good faith believes to be entitled to confidential treatment under applicable law or would disclose the parties' private financial information, private competitive information, trade secrets, confidential scientific information, personal or medical information, or other kinds of sensitive information that a party deems confidential.

7.    Specific documents and discovery responses produced by the Supplying Party shall, if appropriate, be designated as "Confidential Information" by marking the pages of the document that contain Confidential Information as: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." Except as provided in Paragraphs 11 and 27, documents that do

not bear the foregoing designation are not Confidential Information as that term is used in this Order.

8.    To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks or tapes) ("Computerized Material") is produced by any party in such form, the Supplying Party may designate such matters as confidential by cover letter referring generally to such matter. Whenever any party to whom Computerized Material designated as confidential is produced reduces such material to hardcopy form, that party shall mark the hardcopy form with the "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" designation.

9.    To protect against unauthorized disclosure of Confidential Information and comply with all applicable state and federal laws and regulations, the Supplying Party may redact from produced documents, materials, things, or portions thereof:

      a.    The names, addresses, Social Security or tax identification numbers, and other personally identifying information of employees, patients, health care providers, and individuals in clinical studies or adverse event reports. To the extent such identifying information for a particular plaintiff is contained in any document, a copy of that document that has not had the plaintiff's information redacted will be produced directly to counsel for that plaintiff;

      b.    Highly confidential trade secrets such as those related to the formulation of the product at issue in this litigation; and

      c.    Any information relating to products other than Depo-Provera® Contraceptive Injection.

10.    Pursuant to 21 C.F.R. §§ 20.63(f), 314.430(e), and (f), the names of any person or persons reporting adverse experiences of patients and the names of any patients that are not redacted pursuant to Paragraph 9 shall be treated as Confidential Information. No such person shall be contacted, either directly or indirectly, based on the information so disclosed without the express written permission of the Supplying Party.

11.    Any material produced or provided in this litigation for inspection is to be treated by the Receiving Party as Confidential Information pending the copying and delivery of any copies of the same by the Supplying Party to the Receiving Party.

12.    Information disclosed at a deposition taken in connection with this litigation may be designated as Confidential Information by: (a) designating testimony as confidential on the record during the taking of the deposition, and/or (b) designating the portions of the transcript that are confidential in a letter to be served on the court reporter and opposing counsel within thirty (30) calendar days of the Supplying Party's receipt of the transcript of a deposition. The court reporter will indicate the portions designated as confidential and segregate them as appropriate. Designations of transcripts will apply to audio, video, or other recordings of the testimony. The court reporter shall clearly mark any transcript released prior to the expiration of the 30-day period as "CONFIDENTIAL - SUBJECT TO FURTHER CONFIDENTIALITY REVIEW." Such transcripts will be treated as Confidential Information until the expiration of the 30-day period.

13.    A party in this litigation may designate as Confidential Information any document or information produced by or testimony given by any other person or entity that the party reasonably believes qualifies as such party's Confidential Information pursuant to this Order. If any third party produces information that any party in good faith believes constitutes its Confidential Information, the party claiming confidentiality shall designate the information as such within thirty (30) days of its receipt of such information. Any party receiving information from a third party shall treat such information as confidential during this (30) day period while all parties have an opportunity to review the information and determine whether it should be designated as confidential. Any party designating third party information as confidential shall have the same rights as Supplying Party under this order with respect to such information.

III.    **PERMISSIBLE DISCLOSURES OF CONFIDENTIAL INFORMATION**

14.    Subject to Paragraphs 15, 16, and 21, a Receiving Party may show and deliver Confidential Information only to the following persons:

a.     Counsel for the Receiving Party, including any in-house counsel, and the attorneys, paralegals, stenographic, and clerical staff employed by such counsel to whom it is reasonably necessary to disclose the Information for purposes of the litigation;

b.     With respect to any Confidential Information produced by any plaintiff or third party with respect to plaintiff, any employee or agent of the Receiving Party to whom it is reasonably necessary to disclose such information;

c.     Any plaintiff or claimant who has asserted or intends to assert a claim in this litigation;

d.     Any outside consultant or expert to whom it is reasonably necessary to disclose Confidential Information, whether formally retained or not;

e.     Any witness for the purpose of conducting an examination of such witness during a trial period or deposition; provided, however, that Confidential Information shall not lose its confidential or restricted status through such use;

f.     Stenographic employees and court reporters recording or transcribing testimony in this litigation; and

g.     This Court, any state or federal court conducting related proceedings, and any member of their staffs to whom it is necessary to disclose Confidential Information.

15.     Before disclosing Confidential Information to any person who is, independent of this litigation, a current employee of, or a consultant to, a pharmaceutical company other than Pfizer Inc. that is marketing or has in development a hormonal contraceptive, the party wishing to make such disclosure shall give at least ten (10) days' advance notice in writing to the counsel for the party who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made and the nature of his or her affiliation with a pharmaceutical company.  If, within the 10-day period, the Supplying Party files a motion objecting to the proposed disclosure, then the party seeking disclosure may not disclose any Confidential Information to that person until ten days have elapsed after the appeal period from a

Court order denying the motion. In making such motion, it shall be the Supplying Party's burden to demonstrate good cause for preventing such disclosure.

16.     Before disclosing Confidential Information to any person who is, independent of this litigation, a current employee of, or a consultant to, a pharmaceutical company other than Pfizer Inc. that is not marketing or does not have in development a hormonal contraceptive, the party wishing to make such disclosure shall give counsel for the supplying party sufficient information concerning the proposed recipient to permit an informed decision to be made with respect to any potential objection, including at a minimum the name of the pharmaceutical company and the nature of the person's relationship thereto. If there is no consent to the disclosure within ten (10) days, the party wishing to make the disclosure may submit the information to the Court for a determination of whether the disclosure may be made. The objecting party will have opportunity to request that the Court direct the party wishing to make disclosure to produce additional information about the proposed recipient and to submit any other papers and argument it feels necessary to allow the Court to make an informed decision. It shall be the burden of the party wishing to prevent such disclosure to demonstrate good cause for prohibiting disclosure. The party seeking disclosure may not disclose any Confidential Information unless and until the Court has permitted such disclosure and ten days have elapsed after the appeal period from any such order. If the Court allows disclosure of the Confidential Information, the Information remains Confidential Information and the person to whom disclosure is made shall be bound by this order.

17.     Disclosure of Confidential Information beyond the terms of this Order may be made only if the Supplying Party designating the material as Confidential Information consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure. The terms of this Order shall not apply to any publicly available information or documents.

## IV.     USE OF CONFIDENTIAL INFORMATION

18.     Persons having knowledge of Confidential Information by virtue of their participation in this litigation, or by virtue of obtaining any documents or other Confidential Information

produced or disclosed in this litigation pursuant to this Order, shall use that Confidential Information only in connection with this litigation.

19.    Notwithstanding any other provisions hereof, nothing herein shall restrict any party's counsel from rendering advice to its clients with respect to this litigation and, in the course thereof, relying upon Confidential Information, provided that in rendering such advice, counsel shall not disclose any other party's Confidential Information other than in a manner provided for in this Order.

20.    Nothing contained in this Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any party or the Court.

## V.    PROTECTION OF CONFIDENTIAL INFORMATION

21.    Counsel shall take all reasonable necessary steps to assure the security of any Confidential Information and will limit access to Confidential Information to those persons authorized by this Order.

22.    Prior to the disclosure of any Confidential Information to any person identified in Paragraph 14(c) - (d), each putative recipient of Confidential Information shall be provided with a copy of this Order.  Such person shall sign an Acknowledgement, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Order and agrees to abide by its terms. These Acknowledgements are strictly confidential.  Counsel for each party shall maintain the Acknowledgements without giving copes to the other side.  If the Court finds that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not disclose any information to their clients that could tend to identify any Acknowledgment signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory.

23.    Persons who come into contact with Confidential Information for clerical or administrative purposes, and who do not retain copies of extracts thereof, are not required to execute Acknowledgments but must comply with the terms of this Order.

24.    Any party that is served with a subpoena or other notice compelling the production of discovery materials produced by another party must immediately give written notice of such subpoena or other notice to the original Supplying Party.  Upon receiving such notice, the original Supplying Party shall bear the burden of opposing, if it deems appropriate, the subpoena on grounds of confidentiality.

25.    All counsel shall at all times keep secure all notes, abstractions, or other work product derived from or containing Confidential Information, shall be obligated to maintain the confidentiality of such work product; and shall not disclose or reveal the contents of said notes, abstractions or other work product after the documents, materials, or other things, or portions thereof (and the information contained therein) and information are returned and surrendered. Nothing in this agreement requires the Receiving Party's counsel to disclose work product at the conclusion of the case.

26.    If a Receiving Party learns of any unauthorized disclosure of Confidential Information, it shall immediately (a) inform the Supplying Party in writing of all pertinent facts relating to such disclosure, (b) make its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the Acknowledgment that is attached hereto as Exhibit A.

27.    Within thirty (30) days of the conclusion of this proceeding, including any appeals related thereto, at the written request and option of the Supplying Party, the attorney for the Receiving Party and any persons to whom he or she disclosed Confidential Information pursuant to this Order shall return and surrender any Confidential Information or copies thereof to the Supplying Party at the Supplying Party's expense.  Such persons shall return or surrender any discovery materials produced by the Supplying Party and any and all copies (electric or otherwise), summaries, notes, compilations, and memoranda related thereto; provided, however, that counsel may retain their privileged communications, work product, Acknowledgements pursuant to Paragraph 22, and all court-filed documents even though they contain discovery materials produced by the Supplying Party, but such retained privileged communications and work product shall remain subject to the terms of this Order.  At the written request of the Supplying Party, any

person or entity having custody or control of recordings, notes, memoranda, summaries, or other written material regarding the discovery materials produced by the Supplying Party (except for privileged communications, work product and court-filed documents as stated above) shall produce an affidavit stating that such materials have been delivered to the Supplying Party in accordance with the terms of this Order.

## VI.    CHANGES IN AND OBJECTIONS TO DESIGNATION OF INFORMATION

28.    Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim to its confidential nature or preclude the Supplying Party from designating said document or information as Confidential Information at a later date.  Any Supplying Party may designate as Confidential Information or withdraw a Confidential Information designation from any material that it has produced; provided, however, that such redesignation shall be effective only as of the date of such redesignation.  Such redesignation shall be accomplished by notifying counsel for each party in writing of such redesignation.  Upon receipt of any redesignation that designates material as confidential, the Receiving Party shall (i) treat such material in accordance with this Order; (ii) take reasonable steps to notify any persons known to have possession of any such material or such redesignation under this Order; and (iii) promptly endeavor to procure all copies of such material from any persons known to have possession of such material who are not entitled to receipt under Paragraph 14.

29.    Unless a prompt challenge to a Supplying Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  A Receiving Party that elects to initiate a challenge to a Supplying Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Supplying Party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the Supplying Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen

designation. A Receiving Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer first. A Receiving Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Supplying Party may file and serve a motion as allowable under applicable law that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in this paragraph that sets forth with specificity the justification for the confidentiality designation that was given by the Supplying Party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Supplying Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Supplying Party's designation.

## VII.    FILING PAPERS IN COURT RECORDS

30.    Without written permission from counsel of record for the Supplying Party or a Court order secured after appropriate notice to all interested persons, a party may not file in the public record of this litigation any Confidential Information. A party that seeks to file under seal any Confidential Information must comply with local rules and practice. When submitting deposition testimony pursuant to this paragraph that has been designated confidential, the submitting party shall submit, to the extent reasonably possible, only those pages of the deposition transcript that are cited, referred to, or relied on by the submitting party.

## VIII.    MISCELLANEOUS PROVISIONS

31.    The use of Confidential Information during any trial in this litigation will be addressed in a later agreement between the parties, or, if they cannot reach agreement, by further order of the Court.

32.    It is expressly understood by and between the parties that in producing Confidential Information in this litigation, the parties shall be relying upon the terms and conditions of this Order.

33.    By written agreement of the parties, or upon motion and order of the Court, the terms of this Order may be amended or modified. This Order shall continue in force until amended or

suspended by express order of the Court, and shall survive and remain in effect after the termination of this proceeding.

34.    Notwithstanding any other provision in the order, nothing in this Order shall affect or modify Pfizer's ability to review plaintiffs' information and report such information to any applicable regulatory agencies, as required by law or applicable regulation.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: *June 12, 2008*

By: _____

HONORABLE DAVID L. BUNNING
UNITED STATES DISTRICT JUDGE

SEEN AND AGREED TO BY:

_____
Raymond S. Bogucki
Post Office Box 277
218 Stanley Reed Court
Maysville, KY  41056
*Counsel for Plaintiff*

_____
Carol Dan Browning
Stites & Harbison PLLC
400 W. Market Street, Suite 1800
Louisville, KY  40202
*Counsel for Pfizer Inc. and Pharmacia
& Upjohn Company*

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

The undersigned agrees:

    I declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the _____District of _____ on _____ [date], 2007 in _____. I agree to comply with and to be bound by all terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity in strict compliance with the provisions of this Order.

    I further agree to submit to the jurisdiction of the United States District Court for the _____ for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of these proceedings.

    I hereby appoint _____ [print or type full name] of

_____

_____

[print or type full address and telephone number] as my _____ agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                [printed name]

Signature: _____
             [signature]

601345:1:LOUISVILLE

# EXHIBIT 3

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

DANA MATHIS                )

        Plaintiff,        )

     vs.               )

PFIZER, INC., JOHN T. PICKEN, M.D.  )    Case No. 06 L 7628
and PRAIRIE MEDICAL ASSOCIATES,  )    Hon. Kathy M. Flanagan
LTD. and each of them         )    Calendar E

      Defendants.     )

### STIPULATED PROTECTIVE ORDER

**WHEREAS**, certain documents, testimony and other information to be disclosed or produced in this litigation contain trade secrets or other confidential research, development, or commercial information, as well as other information protected from disclosure by applicable law. To preserve the confidentiality of such information pursuant to Illinois Supreme Court Rule 201 ("Rule 201"), **IT IS STIPULATED AND AGREED THAT:**

### I.    SCOPE OF THE ORDER

1.      This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during this litigation including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party to this litigation, including their respective corporate parents, subsidiaries, and affiliates and their respective attorneys, agents, experts, consultants, representatives, officers, employees, and others set forth in this Order. This Order is also binding on any party who obtains documents or other Confidential Information produced or disclosed in this litigation pursuant to this Order, including those parties' respective attorneys, agents, experts, consultants, representatives, officers, employees, and others as set forth in this Order.

29052754.DOC

2.      The Receiving Party shall refer to plaintiff, Dana Mathis.  The Supplying Party shall refer to defendant, Pfizer Inc.  Third parties who so elect may avail themselves of, and agree to be bound by the terms and conditions of this Order and thereby become a Supplying Party for purposes of this Order.

3.      The entry of this Order does not prevent any party from seeking any further orders of this Court pursuant to Rule 201.

4.      Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

5.      The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge as set forth in Paragraph 30 below that this Order creates no entitlement to file confidential information under seal, and that all local rules shall apply to a party who seeks permission to file material under seal.

## II.    <u>DESIGNATION OF CONFIDENTIAL INFORMATION</u>

6.      "Confidential Information" as used herein means any information that the Supplying Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Rule 201 or other applicable law, whether it is a document (electronic or otherwise), information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed.  In designating material as "Confidential Information," the Supplying Party will make such designation only as to the material that it in good faith believes to be entitled to confidential treatment under applicable law or would disclose the parties' private financial information, private competitive information, trade secrets, confidential scientific information, personal or medical information, or other kinds of sensitive information that a party deems confidential.

7.      Specific documents and discovery responses produced by the Supplying Party shall, if appropriate, be designated as "Confidential Information" by marking the pages of the document that contain Confidential Information as: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT

TO PROTECTIVE ORDER." Except as provided in Paragraphs 11 and 27, documents that do not bear the foregoing designation are not Confidential Information as that term is used in this Order.

8.      To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks or tapes) ("Computerized Material") is produced by any party in such form, the Supplying Party may designate such matters as confidential by cover letter referring generally to such matter. Whenever any party to whom Computerized Material designated as confidential is produced reduces such material to hardcopy form, that party shall mark the hardcopy form with the "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" designation.

9.      To protect against unauthorized disclosure of Confidential Information and comply with all applicable state and federal laws and regulations, the Supplying Party may redact from produced documents, materials, things, or portions thereof:

        a.      The names, addresses, Social Security or tax identification numbers, and other personally identifying information of patients, health care providers, and individuals in clinical studies or adverse event reports. Information other than names of employees of Pfizer Inc. that would compromise the personal privacy of such employees or their families will also be redacted. To the extent such identifying information for a particular plaintiff is contained in any document, a copy of that document that has not had the plaintiff's information redacted will be produced directly to counsel for that plaintiff;

        b.      Highly confidential trade secrets such as those related to the formulation of the product at issue in this litigation; and

        c.      Any information relating to products other than Depo-Provera® Contraceptive Injection, other than a product that may be known or suspected to cause or contribute to an event due to cross-sensitivity or cross-reactivity with Depo-Provera® Contraceptive Injection. Furthermore, the identity of other drugs or products taken by individuals in clinical studies or adverse event reports will not be redacted.

29052754.DOC

10.     Pursuant to 21 C.F.R. §§ 20.63(f), 314.430(e), and (f), the names of any person or persons reporting adverse experiences of patients and the names of any patients that are not redacted pursuant to Paragraph 9 shall be treated as Confidential Information. No such person shall be contacted, either directly or indirectly, based on the information so disclosed without the express written permission of the Supplying Party.

11.     Any material produced or provided in this litigation for inspection is to be treated by the Receiving Party as Confidential Information pending the copying and delivery of any copies of the same by the Supplying Party to the Receiving Party.

12.     Information disclosed at a deposition taken in connection with this litigation may be designated as Confidential Information by: (a) designating testimony as confidential on the record during the taking of the deposition, and/or (b) designating the portions of the transcript that are confidential in a letter to be served on the court reporter and opposing counsel within thirty (30) calendar days of the Supplying Party's receipt of the transcript of a deposition. The court reporter will indicate the portions designated as confidential and segregate them as appropriate. Designations of transcripts will apply to audio, video, or other recordings of the testimony. The court reporter shall clearly mark any transcript released prior to the expiration of the 30-day period as "CONFIDENTIAL - SUBJECT TO FURTHER CONFIDENTIALITY REVIEW." Such transcripts will be treated as Confidential Information until the expiration of the 30-day period.

13.     A party in this litigation may designate as Confidential Information any document or information produced by or testimony given by any other person or entity that the party reasonably believes qualifies as such party's Confidential Information pursuant to this Order. If any third party produces information that any party in good faith believes constitutes its Confidential Information, the party claiming confidentiality shall designate the information as such within thirty (30) days of its receipt of such information. Any party receiving information from a third party shall treat such information as confidential during this (30) day period while all parties have an opportunity to review the information and determine whether it should be designated as confidential. Any party designating third party information as confidential shall have the same rights as Supplying Party under this order with respect to such information.

## III.    PERMISSIBLE DISCLOSURES OF CONFIDENTIAL INFORMATION

14.    Subject to Paragraphs 15, 16, and 21, a Receiving Party may show and deliver Confidential Information only to the following persons:

a.    Counsel for the Receiving Party, including any in-house counsel, and the attorneys, paralegals, stenographic, and clerical staff employed by such counsel to whom it is reasonably necessary to disclose the Information for purposes of the litigation;

b.    With respect to any Confidential Information produced by any plaintiff or third party with respect to plaintiff, any employee or agent of the Receiving Party to whom it is reasonably necessary to disclose such information;

c.    Any plaintiff or claimant who has asserted or intends to assert a claim in this litigation;

d.    Any outside consultant or expert to whom it is reasonably necessary to disclose Confidential Information, whether formally retained or not;

e.    Any witness for the purpose of conducting an examination of such witness during a trial period or deposition; provided, however, that Confidential Information shall not lose its confidential or restricted status through such use;

f.    Stenographic employees and court reporters recording or transcribing testimony in this litigation; and

g.    This Court, any state or federal court conducting related proceedings, and any member of their staffs to whom it is necessary to disclose Confidential Information.

15.    Before disclosing Confidential Information to any person who is, independent of this litigation, a current employee of, or a consultant to, a pharmaceutical company other than Pfizer Inc. that is marketing or has in development a hormonal contraceptive, the party wishing to make such disclosure shall give at least ten (10) days' advance notice in writing to the counsel for the party who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made and the nature of his or her affiliation with a

pharmaceutical company. If, within the 10-day period, the Supplying Party files a motion objecting to the proposed disclosure, then the party seeking disclosure may not disclose any Confidential Information to that person until ten days have elapsed after the appeal period from a Court order denying the motion. In making such motion, it shall be the Supplying Party's burden to demonstrate good cause for preventing such disclosure.

16.    Before disclosing Confidential Information to any person who is, independent of this litigation, a current employee of, or a consultant to, a pharmaceutical company other than Pfizer Inc. that is <u>not</u> marketing or does <u>not</u> have in development a hormonal contraceptive, the party wishing to make such disclosure shall give counsel for the supplying party sufficient information concerning the proposed recipient to permit an informed decision to be made with respect to any potential objection, including at a minimum the name of the pharmaceutical company and the nature of the person's relationship thereto. If there is no consent to the disclosure within ten (10) days, the party wishing to make the disclosure may submit the information to the Court for a determination of whether the disclosure may be made. The objecting party will have opportunity to request that the Court direct the party wishing to make disclosure to produce additional information about the proposed recipient and to submit any other papers and argument it feels necessary to allow the Court to make an informed decision. It shall be the burden of the party wishing to prevent such disclosure to demonstrate good cause for prohibiting disclosure. The party seeking disclosure may not disclose any Confidential Information unless and until the Court has permitted such disclosure and ten days have elapsed after the appeal period from any such order. If the Court allows disclosure of the Confidential Information, the Information remains Confidential Information and the person to whom disclosure is made shall be bound by this order.

17.    Disclosure of Confidential Information beyond the terms of this Order may be made only if the Supplying Party designating the material as Confidential Information consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure. The terms of this Order shall not apply to any publicly available information or documents.

## IV.    USE OF CONFIDENTIAL INFORMATION

18.     Persons having knowledge of Confidential Information by virtue of their participation in this litigation, or by virtue of obtaining any documents or other Confidential Information produced or disclosed in this litigation pursuant to this Order, shall use that Confidential Information only in connection with this litigation.

19.     Notwithstanding any other provisions hereof, nothing herein shall restrict any party's counsel from rendering advice to its clients with respect to this litigation and, in the course thereof, relying upon Confidential Information, provided that in rendering such advice, counsel shall not disclose any other party's Confidential Information other than in a manner provided for in this Order.

20.     Nothing contained in this Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any party or the Court.

## V.    PROTECTION OF CONFIDENTIAL INFORMATION

21.     Counsel shall take all reasonable necessary steps to assure the security of any Confidential Information and will limit access to Confidential Information to those persons authorized by this Order.

22.     Prior to the disclosure of any Confidential Information to any person identified in Paragraph 14(c) - (d), each putative recipient of Confidential Information shall be provided with a copy of this Order.  Such person shall sign an Acknowledgement, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Order and agrees to abide by its terms. These Acknowledgements are strictly confidential.  Counsel for each party shall maintain the Acknowledgements without giving copes to the other side.  If the Court finds that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not disclose any information to their clients that could tend to identify any Acknowledgment signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory.

29052754.DOC

23.     Persons who come into contact with Confidential Information for clerical or administrative purposes, and who do not retain copies of extracts thereof, are not required to execute Acknowledgments but must comply with the terms of this Order.

24.     Any party that is served with a subpoena or other notice compelling the production of discovery materials produced by another party must immediately give written notice of such subpoena or other notice to the original Supplying Party. Upon receiving such notice, the original Supplying Party shall bear the burden of opposing, if it deems appropriate, the subpoena on grounds of confidentiality.

25.     All counsel shall at all times keep secure all notes, abstractions, or other work product derived from or containing Confidential Information, shall be obligated to maintain the confidentiality of such work product; and shall not disclose or reveal the contents of said notes, abstractions or other work product after the documents, materials, or other things, or portions thereof (and the information contained therein) and information are returned and surrendered. Nothing in this agreement requires the Receiving Party's counsel to disclose work product at the conclusion of the case.

26.     If a Receiving Party learns of any unauthorized disclosure of Confidential Information, it shall immediately (a) inform the Supplying Party in writing of all pertinent facts relating to such disclosure, (b) make its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the Acknowledgment that is attached hereto as Exhibit A.

27.     Within thirty (30) days of the conclusion of this proceeding, including any appeals related thereto, at the written request and option of the Supplying Party, the attorney for the Receiving Party and any persons to whom he or she disclosed Confidential Information pursuant to this Order shall return and surrender any Confidential Information or copies thereof to the Supplying Party at the Supplying Party's expense. Such persons shall return or surrender any discovery materials produced by the Supplying Party and any and all copies (electric or otherwise), summaries, notes, compilations, and memoranda related thereto; provided, however, that counsel may retain their privileged communications, work product, Acknowledgements

pursuant to Paragraph 22, and all court-filed documents even though they contain discovery materials produced by the Supplying Party, but such retained privileged communications and work product shall remain subject to the terms of this Order. At the written request of the Supplying Party, any person or entity having custody or control of recordings, notes, memoranda, summaries, or other written material regarding the discovery materials produced by the Supplying Party (except for privileged communications, work product and court-filed documents as stated above) shall produce an affidavit stating that such materials have been delivered to the Supplying Party in accordance with the terms of this Order.

## VI. CHANGES IN AND OBJECTIONS TO DESIGNATION OF INFORMATION

28.     Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim to its confidential nature or preclude the Supplying Party from designating said document or information as Confidential Information at a later date. Any Supplying Party may designate as Confidential Information or withdraw a Confidential Information designation from any material that it has produced; provided, however, that such redesignation shall be effective only as of the date of such redesignation. Such redesignation shall be accomplished by notifying counsel for each party in writing of such redesignation. Upon receipt of any redesignation that designates material as confidential, the Receiving Party shall (i) treat such material in accordance with this Order; (ii) take reasonable steps to notify any persons known to have possession of any such material or such redesignation under this Order; and (iii) promptly endeavor to procure all copies of such material from any persons known to have possession of such material who are not entitled to receipt under Paragraph 14.

29.     Unless a prompt challenge to a Supplying Party's confidentiality designation or redaction is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Receiving Party does not waive its right to challenge a confidentiality designation or redaction by electing not to mount a challenge promptly after the original designation is disclosed. A Receiving Party that elects to initiate a challenge to a Supplying Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Supplying Party. In

conferring, the challenging party must explain the basis for its belief that the confidentiality designation or redaction was not proper and must give the Supplying Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If after this meet and confer the Receiving Party continues to challenge a confidentiality designation or redaction, then the Receiving Party shall allow the Supplying Party ten (10) days to file a motion to preserve the confidentiality designation. The burden of persuasion in any such challenge proceeding shall be on the Supplying Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Supplying Party's designation.

## VII.    FILING PAPERS IN COURT RECORDS

30.    Without written permission from counsel of record for the Supplying Party or a Court order secured after appropriate notice to all interested persons, a party may not file in the public record of this litigation any Confidential Information. A party that seeks to file under seal any Confidential Information must comply with local rules and practice. When submitting deposition testimony pursuant to this paragraph that has been designated confidential, the submitting party shall submit, to the extent reasonably possible, only those pages of the deposition transcript that are cited, referred to, or relied on by the submitting party.

## VIII.   MISCELLANEOUS PROVISIONS

31.    The use of Confidential Information during any trial in this litigation will be addressed in a later agreement between the parties, or, if they cannot reach agreement, by further order of the Court.

32.    It is expressly understood by and between the parties that in producing Confidential Information in this litigation, the parties shall be relying upon the terms and conditions of this Order.

33.    By written agreement of the parties, or upon motion and order of the Court, the terms of this Order may be amended or modified. This Order shall continue in force until amended or

suspended by express order of the Court, and shall survive and remain in effect after the termination of this proceeding.

34.     Notwithstanding any other provision in the order, nothing in this Order shall affect or modify Pfizer's ability to review plaintiffs' information and report such information to any applicable regulatory agencies, as required by law or applicable regulation.

IT IS SO STIPULATED:

_____

Bart J. Galvin
Winters Enright Salzetta & O'Brien, LLC
111 W. Washington St., Suite 1200
Chicago, Illinois 60602

*Counsel for Plaintiff*

_____

Scott C. Bentivenga
Bollinger Ruberry & Garvey
500 W. Madison St., Suite 2300
Chicago, Illinois 60661

*Counsel for Prairie Medical Associates, Ltd.*

_____

Robert Spalding
KAYE SCHOLER LLP
3 First National Plaza
70 West Madison Street
Suite 4100
Chicago, IL 60602-4231

*Counsel for Pfizer Inc.*

_____

Kevin Joseph Burke
Diane E. Webster
Hinshaw & Culbertson, LLP
222 N. LaSalle St., Suite 300
Chicago, Illinois 60601

*Counsel for John Picken, M.D.*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: June ____, 2007

> Judge Kathy M. Fla...
> JUN 2 7 2007

By: _____

Hon. Kathy M. Flanagan

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

The undersigned agrees:

      I declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the Circuit Court of Cook County, Law Division, on _____ [date], 2007 in Chicago, Illinois. I agree to comply with and to be bound by all terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity in strict compliance with the provisions of this Order.

      I further agree to submit to the jurisdiction of the Circuit Court of Cook County for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of these proceedings.

      I hereby appoint _____ [print or type full name] of

_____

[print or type full address and telephone number] as my _____ agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]


Signature: _____
                [signature]

# EXHIBIT 4

## IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

DIANA UMANA,                                    )
                                                )
                        Plaintiff,              )
                                                )
        v.                                      )
                                                )       No. 07 L 0559
PFIZER INC.;                                    )
PHARMACIA CORPORATION;                          )       Hon. Judith M. Brawka
PHARMACIA & UPJOHN LLC.;                        )
PHARMACIA & UPJOHN COMPANY LLC.,                )
FOX VALLEY WOMEN & CHILDREN'S                   )
HEALTH PARTNERS, LTD.; FOX VALLEY               )
WOMEN'S HEALTH PARTNERS; and                    )
CAROLYN MILLS, M.D.                             )
                                                )
                        Defendants.             )

Clerk of the Circuit Court
Kane County, Il

JUL 10 2008

FILED
ENTERED          43

### STIPULATED PROTECTIVE ORDER

**WHEREAS**, certain documents, testimony and other information to be disclosed or produced in this litigation contain trade secrets or other confidential research, development, or commercial information, as well as other information, protected from disclosure by applicable law. To preserve the confidentiality of such information pursuant to Illinois Supreme Court Rule 201 ("Rule 201"), **IT IS STIPULATED AND AGREED THAT:**

## I.    SCOPE OF THE ORDER

1.      This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during this litigation including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party to this litigation, including their respective corporate parents, subsidiaries, and affiliates and their respective attorneys, agents, experts, consultants, representatives, officers, employees, and others set forth in this Order. This Order is also binding on any party who obtains documents or other Confidential Information produced or disclosed in this litigation pursuant to this Order, including those parties' respective

attorneys, agents, experts, consultants, representatives, officers, employees, and others as set forth in this Order.

2.        The Receiving Party shall refer to plaintiff, Diana Umana.  The Supplying Party shall refer to defendant, Pfizer Inc., Pharmacia Corporation, Pharmacia & Upjohn LLC, and Pharmacia & Upjohn Company LLC.  Third parties who so elect may avail themselves of, and agree to be bound by the terms and conditions of this Order and thereby become a Supplying Party for purposes of this Order.

3.        The entry of this Order does not prevent any party from seeking any further orders of this Court pursuant to Rule 201.

4.        Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

5.        The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge as set forth in Paragraph 30 below that this Order creates no entitlement to file confidential information under seal, and that all local rules shall apply to a party who seeks permission to file material under seal.

## II.    DESIGNATION OF CONFIDENTIAL INFORMATION

6.        "Confidential Information" as used herein means any information that the Supplying Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Rule 201 or other applicable law, whether it is a document (electronic or otherwise), information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed.  In designating material as "Confidential Information," the Supplying Party will make such designation only as to the material that it in good faith believes to be entitled to confidential treatment under applicable law or would disclose the parties' private financial information, private competitive information, trade secrets, confidential scientific information, personal or

29064818.DOC

medical information, or other kinds of sensitive information that a party deems confidential and subject to protection under Rule 201 or other applicable law.

7.      Specific documents and discovery responses produced by the Supplying Party shall, if appropriate, be designated as "Confidential Information" by marking the pages of the document that contain Confidential Information as: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." Except as provided in Paragraphs 11 and 27, documents that do not bear the foregoing designation are not Confidential Information as that term is used in this Order.

8.      To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks or tapes) ("Computerized Material") is produced by any party in such form, the Supplying Party may designate such matters as confidential by cover letter referring generally to such matter. Whenever any party to whom Computerized Material designated as confidential is produced reduces such material to hardcopy form, that party shall mark the hardcopy form with the "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" designation.

9.      To protect against unauthorized disclosure of Confidential Information and comply with all applicable state and federal laws and regulations, the Supplying Party may redact from produced documents, materials, things, or portions thereof:

        a.      The names, addresses, Social Security or tax identification numbers, and other personally identifying information of employees, patients, health care providers, and individuals in clinical studies or adverse event reports. To the extent such identifying information for a particular plaintiff is contained in any document, a copy of that document that has not had the plaintiff's information redacted will be produced directly to counsel for that plaintiff;

        b.      Highly confidential trade secrets such as those related to the formulation of the product at issue in this litigation; and

29064818.DOC

c.      Any information relating to products other than Depo-Provera® Contraceptive Injection.

10.      Pursuant to 21 C.F.R. §§ 20.63(f), 314.430(e), and (f), the names of any person or persons reporting adverse experiences of patients and the names of any patients that are not redacted pursuant to Paragraph 9 shall be treated as Confidential Information. No such person shall be contacted, either directly or indirectly, based on the information so disclosed without the express written permission of the Supplying Party or as otherwise required by law.

11.      Any material produced or provided in this litigation for inspection is to be treated by the Receiving Party as Confidential Information pending the copying and delivery of any copies of the same by the Supplying Party to the Receiving Party.

12.      Information disclosed at a deposition taken in connection with this litigation may be designated as Confidential Information by: (a) designating testimony as confidential on the record during the taking of the deposition, and/or (b) designating the portions of the transcript that are confidential in a letter to be served on the court reporter and opposing counsel within thirty (30) calendar days of the Supplying Party's receipt of the transcript of a deposition. The court reporter will indicate the portions designated as confidential and segregate them as appropriate. Designations of transcripts will apply to audio, video, or other recordings of the testimony. The court reporter shall clearly mark any transcript released prior to the expiration of the 30-day period as "CONFIDENTIAL - SUBJECT TO FURTHER CONFIDENTIALITY REVIEW." Such transcripts will be treated as Confidential Information until the expiration of the 30-day period.

13.      A party in this litigation may designate as Confidential Information any document or information produced by or testimony given by any other person or entity that the party reasonably believes qualifies as such party's Confidential Information pursuant to this Order. If any third party produces information that any party in good faith believes constitutes its Confidential Information, the party claiming confidentiality shall designate the information as such within thirty (30) days of its receipt of such information. Any party receiving information from a third party shall treat such information as confidential during this (30) day period while all parties have an opportunity to review the information and determine whether it should be

designated as confidential. Any party designating third party information as confidential shall have the same rights as Supplying Party under this order with respect to such information.

## III.    PERMISSIBLE DISCLOSURES OF CONFIDENTIAL INFORMATION

14.    Subject to Paragraphs 15, 16, and 21, a Receiving Party may show and deliver Confidential Information only to the following persons:

     a.    Counsel for the Receiving Party, including any in-house counsel, and the attorneys, paralegals, stenographic, and clerical staff employed by such counsel to whom it is reasonably necessary to disclose the Information for purposes of the litigation;

     b.    With respect to any Confidential Information produced by any plaintiff or third party with respect to plaintiff, any employee or agent of the Receiving Party to whom it is reasonably necessary to disclose such information for purposes of defending and/or prosecuting this litigation;

     c.    Any plaintiff or claimant who has asserted or intends to assert a claim in this litigation;

     d.    Any outside consultant or expert to whom it is reasonably necessary to disclose Confidential Information, whether formally retained or not for purposes of defending and/or prosecuting this litigation;

     e.    Any witness for the purpose of conducting an examination of such witness during a trial period or deposition; provided, however, that Confidential Information shall not lose its confidential or restricted status through such use;

     f.    Stenographic employees and court reporters recording or transcribing testimony in this litigation; and

     g.    This Court, any state or federal court conducting related proceedings, and any member of their staffs to whom it is necessary to disclose Confidential Information for purposes of defending and/or prosecuting this litigation.

29064818.DOC

15.      Before disclosing Confidential Information to any person who is, independent of this litigation, a current employee of, or a consultant to, a pharmaceutical company other than Pfizer Inc. that is marketing or has in development a hormonal contraceptive, the party wishing to make such disclosure shall give at least ten (10) days' advance notice in writing to the counsel for the party who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made and the nature of his or her affiliation with a pharmaceutical company. If, within the 10-day period, the Supplying Party files a motion objecting to the proposed disclosure, then the party seeking disclosure may not disclose any Confidential Information to that person until ten days have elapsed after the appeal period from a Court order denying the motion. In making such motion, it shall be the Supplying Party's burden to demonstrate good cause for preventing such disclosure.

16.      Before disclosing Confidential Information to any person who is, independent of this litigation, a current employee of, or a consultant to, a pharmaceutical company other than Pfizer Inc. that is not marketing or does not have in development a hormonal contraceptive, the party wishing to make such disclosure shall give counsel for the supplying party sufficient information concerning the proposed recipient to permit an informed decision to be made with respect to any potential objection, including at a minimum the name of the pharmaceutical company and the nature of the person's relationship thereto. If there is no consent to the disclosure within ten (10) days, the party wishing to make the disclosure may submit the information to the Court for a determination of whether the disclosure may be made. The objecting party will have opportunity to request that the Court direct the party wishing to make disclosure to produce additional information about the proposed recipient and to submit any other papers and argument it feels necessary to allow the Court to make an informed decision. It shall be the burden of the party wishing to prevent such disclosure to demonstrate good cause for prohibiting disclosure. The party seeking disclosure may not disclose any Confidential Information unless and until the Court has permitted such disclosure and ten days have elapsed after the appeal period from any such order. If the Court allows disclosure of the Confidential Information, the Information remains Confidential Information and the person to whom disclosure is made shall be bound by this order.

17.       Disclosure of Confidential Information beyond the terms of this Order may be made only if the Supplying Party designating the material as Confidential Information consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.   The terms of this Order shall not apply to any publicly available information or documents.

## IV.   USE OF CONFIDENTIAL INFORMATION

18.       Persons having knowledge of Confidential Information by virtue of their participation in this litigation, or by virtue of obtaining any documents or other Confidential Information produced or disclosed in this litigation pursuant to this Order, shall use that Confidential Information only in connection with this litigation.

19.       Notwithstanding any other provisions hereof, nothing herein shall restrict any party's counsel from rendering advice to its clients with respect to this litigation and, in the course thereof, relying upon Confidential Information, provided that in rendering such advice, counsel shall not disclose any other party's Confidential Information other than in a manner provided for in this Order.

20.       Nothing contained in this Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any party or the Court.

## V.   PROTECTION OF CONFIDENTIAL INFORMATION

21.       Counsel shall take all reasonable necessary steps to assure the security of any Confidential Information and will limit access to Confidential Information to those persons authorized by this Order.

22.       Prior to the disclosure of any Confidential Information to any person identified in Paragraph 14(c) - (d), each putative recipient of Confidential Information shall be provided with a copy of this Order.  Such person shall sign an Acknowledgement, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Order and agrees to abide by its terms. These Acknowledgements are strictly confidential.  Counsel for each party shall maintain the

29064818.DOC

Acknowledgements without giving copes to the other side. If the Court finds that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not disclose any information to their clients that could tend to identify any Acknowledgment signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory.

23.    Persons who come into contact with Confidential Information for clerical or administrative purposes, and who do not retain copies of extracts thereof, are not required to execute Acknowledgments but must comply with the terms of this Order.

24.    Any party that is served with a subpoena or other notice compelling the production of discovery materials produced by another party must immediately give written notice of such subpoena or other notice to the original Supplying Party. Upon receiving such notice, the original Supplying Party shall bear the burden of opposing, if it deems appropriate, the subpoena on grounds of confidentiality.

25.    All counsel shall at all times keep secure all notes, abstractions, or other work product derived from or containing Confidential Information, shall be obligated to maintain the confidentiality of such work product; and shall not disclose or reveal the contents of said notes, abstractions or other work product after the documents, materials, or other things, or portions thereof (and the information contained therein) and information are returned and surrendered. Nothing in this agreement requires the Receiving Party's counsel to disclose work product at the conclusion of the case.

26.    If a Receiving Party learns of any unauthorized disclosure of Confidential Information, it shall immediately (a) inform the Supplying Party in writing of all pertinent facts relating to such disclosure, (b) make its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the Acknowledgment that is attached hereto as Exhibit A.

27.      Within thirty (30) days of the conclusion of this proceeding, including any appeals related thereto, at the written request and option of the Supplying Party, the attorney for the Receiving Party and any persons to whom he or she disclosed Confidential Information pursuant to this Order shall return, surrender or destroy any Confidential Information or copies thereof to the Supplying Party at the Supplying Party's expense. Such persons shall return, surrender or destroy any discovery materials produced by the Supplying Party and any and all copies (electric or otherwise), summaries, notes, compilations, and memoranda related thereto; provided, however, that counsel may retain their privileged communications, work product, Acknowledgements pursuant to Paragraph 22, and all court-filed documents even though they contain discovery materials produced by the Supplying Party, but such retained privileged communications and work product shall remain subject to the terms of this Order. At the written request of the Supplying Party, any person or entity having custody or control of recordings, notes, memoranda, summaries, or other written material regarding the discovery materials produced by the Supplying Party (except for privileged communications, work product and court-filed documents as stated above) shall produce an affidavit stating that such materials have been delivered to the Supplying Party or destroyed in accordance with the terms of this Order.

## VI.    CHANGES IN AND OBJECTIONS TO DESIGNATION OF INFORMATION

28.      Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim to its confidential nature or preclude the Supplying Party from designating said document or information as Confidential Information at a later date. Any Supplying Party may designate as Confidential Information or withdraw a Confidential Information designation from any material that it has produced; provided, however, that such redesignation shall be effective only as of the date of such redesignation. Such redesignation shall be accomplished by notifying counsel for each party in writing of such redesignation. Upon receipt of any redesignation that designates material as confidential, the Receiving Party shall (i) treat such material in accordance with this Order; (ii) take reasonable steps to notify any persons known to have possession of any such material or such redesignation under this Order; and (iii) promptly endeavor to procure all copies of such material from any persons known to have possession of such material who are not entitled to receipt under Paragraph 14.

29064818.DOC

29.     Unless a prompt challenge to a Supplying Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  A Receiving Party that elects to initiate a challenge to a Supplying Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Supplying Party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the Supplying Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Receiving Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer first.  A Receiving Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Supplying Party may file and serve a motion as allowable under applicable law that identifies the challenged material and sets forth in detail the basis for the challenge.  The burden of persuasion in any such challenge proceeding shall be on the Supplying Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Supplying Party's designation.

## VII.    FILING PAPERS IN COURT RECORDS

30.     Without written permission from counsel of record for the Supplying Party or a Court order secured after appropriate notice to all interested persons, a party may not file in the public record of this litigation any Confidential Information.  A party that seeks to file under seal any Confidential Information must comply with local rules and practice.

## VIII.   MISCELLANEOUS PROVISIONS

31.     The use of Confidential Information during any trial in this litigation will be addressed in a later agreement between the parties, or, if they cannot reach agreement, by further order of the Court.

32.      It is expressly understood by and between the parties that in producing Confidential Information in this litigation, the parties shall be relying upon the terms and conditions of this Order.

33.      By written agreement of the parties, or upon motion and order of the Court, the terms of this Order may be amended or modified. This Order shall continue in force until amended or suspended by express order of the Court, and shall survive and remain in effect after the termination of this proceeding.

34.      Notwithstanding any other provision in the order, nothing in this Order shall affect or modify Pfizer's ability to review plaintiffs' information and report such information to any applicable regulatory agencies, as required by law or applicable regulation.

IT IS SO STIPULATED:

Anthony J. Masciopinto
Kulwin, Masciopinto & Kulwin LLP
161 N. Clark Street, Suite 2500
Chicago, Illinois 60601

*Counsel for Plaintiff*

Robert Spalding
KAYE SCHOLER LLP
3 First National Plaza
70 West Madison Street, Suite 4100
Chicago, IL 60602-4231

*Counsel for Pfizer Inc.*


PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: ___**JUL 1 0 2008**___

## JUDITH M. BRAWKA

By: _____

Hon. Judith M. Brawka

29064818_V4.DOC

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned agrees:

I declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the Circuit Court of Sixteenth Judicial Circuit, Kane County on _____ [date], in Geneva, Illinois. I agree to comply with and to be bound by all terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the Circuit Court of Kane County for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of these proceedings.

I hereby appoint _____ [print or type full name] of

_____

[print or type full address and telephone number] as my _____ agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]

29064818.DOC

# EXHIBIT 5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------X

JUDIE KLINE-STAPLETON, et ux. FRANK
STAPLETON

                    Plaintiffs,

           v.

PFIZER, INC., PHARMACIA CORPORATION,
a wholly-owned subsidiary of PFIZER, INC., and
PHARMACIA & UPJOHN COMPANY, a
wholly-owned subsidiary of PHARMACIA
CORPORATION,

                    Defendants.

------------------------------------------------------X

Index No. 103438/05

STIPULATED PROTECTIVE ORDER

Certain documents, testimony and other information to be disclosed or produced in this litigation contain trade secrets or other confidential research, developments, or commercial information, as well as other information protected from disclosure by applicable law. To preserve the confidentiality of such confidential documents and information pursuant to the New York Civil Practice Law and Rules § 3103, it is ORDERED as follows:

    1.    A party producing documents or propounding written discovery responses that contain trade secrets or other confidential research, developments, or commercial information ("Confidential Information") shall mark such documents with the word "Confidential." Documents so marked are sometimes referred to in this Order as "Protected Documents."

    2.    If a protected document is used or marked as an exhibit in a deposition, or if deposition questions, testimony, or colloquy discloses confidential information, counsel for the deponent or the party with whom the deponent is affiliated shall inform the court reporter and counsel for the other parties of the claim of the confidentiality either contemporaneously during the deposition or within twenty (20) days after receiving a copy of the deposition transcript. In

RECEIVED

DEC 1 3 2005

PART 2

addition, any other person claiming that any information disclosed in the deposition is confidential information may so inform the court reporter and counsel for all parties in the same period. Each transcript so designated as confidential shall be treated as a protected document, and all such testimony so designated shall be treated as confidential information, except as otherwise agreed by each deponent and party claiming confidentiality or ordered by the Court.

3.    The designation of material as "Confidential" shall be made by placing or affixing on the first part of the material, or on each page of the material, in a manner that will not interfere with the material's legibility, the word "CONFIDENTIAL." The designation of materials as "Confidential" may be prior to reproduction of any such material selected on behalf of the Plaintiffs for copying and before distribution of such reproduced material to Plaintiff. A party shall not be deemed to have waived any right to designate materials as "Confidential" by allowing inspection of such material prior to a designation of such materials as "Confidential" or by inadvertently failing to mark a document as "Confidential" prior to its disclosure.

4.    Confidential information shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing or otherwise, to anyone for any purpose whatsoever other than as required by Defendants Pfizer Inc., (Pfizer), Pharmacia Corporation (Pharmacia), Pharmacia & Upjohn Company LLC, (P&U) or Plaintiffs for the presentation and trial of this action. Access to confidential information shall be limited to those persons designated as "qualified persons" in paragraph 5 below, and all such qualified persons given access to confidential information shall keep all confidential information and the material contained therein confidential from all other persons.

5.      Confidential information, and the information and contents of protected documents, may be disclosed only to the following persons (hereinafter referred to as "qualified persons"):

a.      Plaintiffs in this action;

b.      Defendants Pfizer, Pharmacia, and P&U and their officers, directors, employees, and agents;

c.      Counsel of record for Pfizer, Pharmacia, P&U, and Plaintiffs in this action who have entered an appearance on behalf of a party, and direct employees for such counsel who are materially assisting counsel in the preparation or trial of this action;

d.      Experts, consultants and investigators retained by Pfizer, Pharmacia, and P&U, or by the Plaintiffs in this action, whose assistance is necessary for trial preparation of this action, provided that no such disclosure shall be made to any person employed by, or serving as a consultant to, any competitor of Pfizer, Pharmacia or P&U;

e.      Under seal to the Court and the Court's employees and staff in this case;

f.      Any person formerly employed by Pfizer, Pharmacia or P&U if that person had regular access to the information contained in the particular confidential material sought to be disclosed to that person during the term of that person's employment;

g.      Deponents, trial or hearing witnesses and their counsel in preparation for and/or during deposition, trial or hearings;

h.      Any person mutually agreed upon in writing between the parties.

6.    In no event shall any disclosure of protected documents or confidential information be made to any competitor of Pfizer, Pharmacia, or P&U, or to any person who, upon reasonable and good faith inquiry, could be determined to be an employee or consultant of any competitor of Pfizer, Pharmacia, or P&U, irrespective of whether they are retained as an expert by Plaintiffs in this action.

7.    Before being given access to any protected document or confidential information, each qualified person (other than the Court) shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form of the attached hereto as Exhibit "A", to be bound by the terms of this Order. Counsel for each party shall maintain a list of all qualified persons to whom they or their clients have provided any protected document or confidential information, and that list shall be available for inspection by the Court.

8.    Plaintiffs' counsel of record in this case shall keep records of each distribution of copies of protected documents and transcripts designated as confidential to qualified persons. Any copy so distributed shall be returned to Plaintiffs' counsel at the completion of the qualified person's consultation or representation in this case. Each qualified person shall, upon request of Pfizer, Pharmacia, and P&U or the Court, execute an affidavit stating that all such documents and copies thereof have been returned as required.

9.    All documents that are filed with the Court that are protected documents or that contain confidential information shall be filed in a sealed envelope or other appropriate sealed container that is plainly and conspicuously marked with (a) the title and case number of this action; (b) an indication of the nature of the contents of such sealed envelope or other container (e.g., "Confidential Deposition Testimony"); (c) the phrase "CONFIDENTIAL – FILED UNDER SEAL" and (d) a statement substantially in the following form:

> This envelope is sealed and contains Confidential Information filed in this case by [name of filing party] and is not to be opened or the contents thereof displayed or revealed except by Order of the Court or pursuant to written stipulations of the parties to this action. This envelope or container shall not be opened without Order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents shall return them to the clerk in a sealed envelope or container.

10.    Except to the extent otherwise permitted by this Order, counsel for the Plaintiffs shall keep all materials or information designated as confidential that are received subject to this Protective Order within their exclusive possession and control, shall take all necessary and prudent measures to maintain the confidentiality of such materials or information, and shall not permit unauthorized dissemination of such materials to anyone.

11.    Except to the extent permitted by this Order, every qualified person provided copies of or access to material or information designated as confidential pursuant to this Order shall keep all such materials and information, and any permitted copies, notes, abstracts, or summaries of such material, within their exclusive possession and control, shall exercise all necessary and prudent precautions to maintain the confidentiality of all such materials, and shall not disseminate such  materials or their contents to anyone.  Counsel providing confidential material or information to a qualified person shall provide to that qualified person a copy of this Order.

12.    Any qualified person having access to material or information designated confidential under this Order shall, to the extent copies, duplicates, extracts, summaries, notes or descriptions of the materials or information of any portion thereof are created, treat any and all such copies, duplicates, extracts, summaries, notes, or descriptions of the materials or information of any portion thereof as confidential, and all provisions of this Order shall apply

equally to such materials so created, in the same manner and to the same extent as are materials designated as confidential by Pfizer, Pharmacia, and P&U.

13.    Promptly after the termination of this action by entry of a final judgment or Order of Dismissal, all protected documents and confidential information shall be returned to counsel for the party producing those confidential materials.  All deposition transcripts designated as confidential and distributed by Plaintiffs or their attorneys or agents shall be returned to Plaintiffs' counsel of record.  Plaintiffs' counsel of record may retain one copy of each deposition transcript, subject to the ongoing confidentiality obligations imposed herein, and shall destroy all other copies of such transcripts.  All deposition transcripts designated as confidential and distributed by Pfizer, Pharmacia or P&U or their attorneys or agents shall be returned to Pfizer, Pharmacia, and P&U's counsel of record.

14.    After the termination of this action by entry of a final judgment or Order of Dismissal, the provisions of this Order shall continue to be binding.  This Order is and shall be deemed to be an enforceable agreement between the parties (and their agents, and attorneys, to the extent permissible by the New York Rules of Professional Conduct) and the terms of this Order may be enforced by specific performance in any court of competent jurisdiction.

15.    The Court will undertake proper measures to preserve the confidentiality of protected documents and other confidential information used at the trial of this case at the appropriate time.

16.    To the extent that any exhibit lists filed in this case reveal confidential information, they shall be filed under seal as set forth above. Pfizer, Pharmacia, and P&U may thereafter move for an Order seeking to protect and maintain the confidentiality of all such

documents at the trial of this case, and Plaintiffs' counsel shall not oppose any reasonable Court Order maintaining the confidentiality of such materials.

17.    This Order shall be binding upon the parties, upon their attorneys, and upon the parties and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over whom or which the subject parties have control. The parties, their attorneys, and employees of such attorneys, and their expert witnesses, consultants, and representatives retained in connection with this action each expressly stipulates to the personal jurisdiction of this Court for purposes of any proceeding brought by a party to this action to enforce this Order.

18.    This Order does not constitute a waiver of any party's right to object to discovery on any ground, including the ground that information sought contains trade secrets or other confidential business information, nor does it constitute an admission or representation by any party that any document or information designated as confidential is in fact a trade secret or contains confidential research development, or commercial information. In particular, this Order does not constitute a waiver of defendants' right to redact documents produced in this action, nor does it constitute a waiver of Plaintiffs' right to challenge any such redaction or designation as confidential.

19.    By producing documents for review and inspection by Plaintiffs' counsel, Pfizer, Pharmacia, and P&U do not waive any of its objections to relevance for summary judgment purposes or the admissibility at trial of any such documents.

20.    By producing in this litigation for initial inspection, and prior to copying by Plaintiffs' counsel, documents that contain the names of patients or physicians, Pfizer,

Pharmacia, and P&U do not waive or violate any duty of Pfizer, Pharmacia, or P&U to protect the identity of physicians and patients. It is further ordered that neither Plaintiffs' counsel, nor any employee of Plaintiffs' counsel, or consultant or expert employed by Plaintiffs' counsel, who participate in the initial document review, shall write down, record, or in any way document for later use in this litigation or otherwise, the name of any patient or physician contained in such documents, or any other identifying information. Pfizer, Pharmacia, and P&U shall have the right to redact from copies of materials reproduced for use in this case, at the request of Plaintiff, the name of any physician, the name of any patient, or any other information that would assist in identifying such physician or patient.

21.    This Order does not constitute a waiver of any party's right to withhold or redact information protected from disclosure by the attorney-client privilege, physician-patient privilege, work product doctrine, or other applicable privilege, protection, law, or regulation, or to seek appropriate Protective Orders respecting documents asserted to be subject to such privilege.

22.    Nothing in this Order shall limit a party's right to disclose to any person, or use for any purpose, its own information and documents.

23.    If a party inadvertently produces confidential information without the required "confidential" legend, the producing party shall contact the receiving party within five (5) days of discovering the inadvertent omission, and inform the receiving party, in writing, of the inadvertent omission and the specific material at issue. Upon receipt of such notice, the receiving party shall treat the material identified in the notice as confidential until (a) the parties agree to the non-confidential treatment of the subject material, or (b) the Court, on Motion of either party, issues an Order addressing the treatment of the subject material.

24.    If a party contends that any documents had been erroneously or improperly designated "confidential," it shall nevertheless treat the document as confidential until it either (a) obtains the written permission of each party or producing person to do otherwise, or (b) upon a showing of good cause, obtains a ruling from any discovery commissioner to be appointed by this Court or an Order of this Court stating that the document is not confidential and shall not be given confidential treatment.  Nothing in this Order shall constitute a waiver of any party's right to object to the designation of a particular document as confidential.  Nothing in this Order shall constitute a waiver of any party's right to appeal any ruling from a discovery commissioner or an Order of this Court with respect to any confidentiality determination.

**LAW OFFICES OF RONALD R. BENJAMIN**

Ronald R. Benjamin
Attorneys for the Plaintiffs
126 Riverside Drive
PO Box 607
Binghamton, NY 13902-0607
(607) 772-1442

**McCARTER & ENGLISH LLP**

Kimberly S. Penner
Attorneys for the Defendants
245 Park Avenue
New York, NY 10167
(212) 609-6800

*1/27/06 – This document is signed by this court with the understanding that the court is not bound by any designation of confidentiality. Any documents filed with the court shall be designated as confidential by an independent determination of the court which will then exclude them from being sealed. Only the parties to the agreement shall be bound by this stipulation.*

*Enter,*

J.S.C.

**LOUIS B. YORK**
**J.S.C.**

# EXHIBIT 6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
(Northern Division)

| | | |
|---|---|---|
| APRIL WORLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:06-cv-00916-MEF-SRW |
| | ) | |
| PFIZER INC., et al | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF KIMBERLY PENNER

STATE OF NEW YORK      )

NEW YORK COUNTY      )

1.    My name is Kimberly S. Penner. I am an attorney admitted to practice before the courts of New York. I have represented Pharmacia & Upjohn Company LLC, now an indirect subsidiary of Pharmacia Corporation and Pfizer Inc. (collectively "Defendants") since 1989. I have represented Defendants in litigation involving Depo Provera® Contraceptive Injection ("DPCI") relating to bone mineral density ("BMD") continuously since the inception of that litigation. In this capacity, I have been involved in the collection, review, and organization of relevant company documents in preparation for their production on an electronic document-review platform. This Declaration is based upon my review of company documents and my personal experience in this litigation.

2.    Defendants are engaged in the business of designing, manufacturing, testing, and marketing pharmaceuticals, including the pharmaceutical at issue in this litigation, DPCI. Over the years, Defendants have expended considerable time, effort, and money to develop and

compile confidential, proprietary, and competitively sensitive information for use in their pharmaceutical business.

3.     I am knowledgeable about the design, manufacture, testing, and marketing of DPCI by Defendants and the confidential nature of documents related to that process. I am also familiar with Defendants' internal controls over their confidential, proprietary, and competitively sensitive information as well as the efforts that Defendants take to protect such information.

4.     In connection with their initial disclosures and their response to Plaintiff's discovery requests in this case, Defendants intend to produce over 26,000 documents (comprising over 300,000 pages) that contain a considerable amount of confidential, proprietary, and competitively sensitive information. Examples of such information include, but are not limited to, unpublished information relating to clinical trials of DPCI, information pertaining to Defendants' business and marketing strategies for DPCI, Defendants' non-public financial information, information related to future pharmaceuticals in Defendants' development pipeline (information that is inextricably interwoven with information concerning DPCI), and other sensitive commercial information.

5.     The confidential, proprietary, and competitively sensitive information that Defendants intend to make available to Plaintiff in this litigation is of substantial value to Defendants, would be valuable to Defendants' competitors, and derives its value by virtue of the effort of its creation and the lack of its dissemination. If any of this information were to fall into the hands of one of Defendants' competitors, it would irreparably harm Defendants' business. The pharmaceutical marketplace is extremely competitive, and other pharmaceutical companies seek to gain any advantage, whether it is more lead time for the introduction of new products or a better understanding of the competition's methods, thinking, goals, and strategy. Accordingly,

2

Defendants would be at a competitive disadvantage if their competitors were granted access to the confidential, proprietary, and competitively sensitive information that they intend to make available to Plaintiff in this litigation.

6.     Defendants take considerable precautions to maintain the confidentiality of their confidential, proprietary, and competitively sensitive information and have consistently treated the information requested in this litigation as closely guarded company secrets. In fact, when the same information has been requested in other DPCI-related litigation, Defendants have only produced such information pursuant to protective orders. Additionally, those protective orders all prohibit the sharing of such information with third-parties unconnected to the DPCI lawsuit at issue.

7.     In addition to the ten protective orders entered to date, another two orders – also without document-sharing provisions – have been signed during the past month by plaintiffs' counsel and are awaiting entry by the courts where those cases are pending. Indeed, this is the first time that a plaintiff has questioned the need for a protective order and the first time that a document-sharing provision has been requested by any plaintiffs' counsel to date in DPCI bone mineral density litigation.

8.     Defendants' concern for confidentiality is based upon their reasonable fear that the disclosure of their confidential, proprietary, and competitively sensitive information to third-parties that are unconnected to this lawsuit increases the likelihood that said information will be made available to Defendants' competitors. Any such disclosure would negatively affect Defendants' business, cause Defendants irreparable economic harm, and damage Defendants' ability to compete in the highly competitive pharmaceutical business.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this the __14__ day of July, 2008.

Kimberly S. Penner