**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**(Northern Division)**

| | | |
|---|---|---|
| **APRIL WORLEY,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **2:06-cv-916-MEF-SRW** |
| | * | |
| **PFIZER, INC., *et al.*,** | * | |
| | * | |
| **Defendants.** | * | |

**MOTION FOR LEAVE TO FILE REPLY IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Plaintiff moves this Court for leave to file the attached Reply in response to Defendants'

Reply in support of their proposed protective order.  See Exhibit 1.  Defendants raised new issues

in their Reply, and Plaintiff respectfully moves this Court for the opportunity to respond to the

newly raised issues.

Respectfully submitted this the 18th day of July, 2008.

/s/ W. Roger Smith, III
W. ROGER SMITH, III (SMI257)
ANDY D. BIRCHFIELD, JR. (BIR006)
Attorneys for Plaintiff

OF COUNSEL:

**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
P. O. Box 4160
Montgomery, AL  36103-4160
Telephone: 334-269-2343
Facsimile: 334-954-7555
E-mail:  roger.smith@beasleyallen.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document upon the parties <u>as listed below</u> on this the 18th day of July, 2008, by filing electronically with the Clerk of the Court using the CM/ECF system.

/s/ W. Roger Smith, III _____
Of Counsel

Fred M. Haston, III
Andrew B. Johnson
George R. Parker
**BRADLEY ARANT ROSE
      & WHITE LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(Northern Division)**

| | | |
|---|---|---|
| APRIL WORLEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | **2:06-cv-916-MEF-SRW** |
| | * | |
| PFIZER, INC., *et al.*, | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
PROTECTIVE ORDER OF CONFIDENTIALITY**

Plaintiff submits the following reply to Defendants' Reply in Support of Defendants'

Motion for Protective Order of Confidentiality and urges the Court to deny Defendants' Motion.

Defendants assert that Plaintiff failed to raise good cause as an issue in their meet and

confer, and therefore, the requirement that Defendants meet their burden of showing good cause

was essentially waived.  Defs.' Reply at 1-3.  Defendants also assert that this Court should reject

any attempt by Plaintiff to include a sharing provision, should this Court enter a protective order,

because other courts in this Circuit have refused to allow such sharing provisions.  Id. at 6.

Defendants' arguments are misleading and lack merit.

**I.    Rule 26(c)'s Good Cause Requirement Cannot Be Waived**

The good cause requirement of the Federal Rules of Civil Procedure 26(c) cannot be

waived.  See Broan Mfg. Co. v. Westinghouse Electric Corp., 101 F.R.D. 773, 774 (E.D. Wis.

1984) (holding that even if both parties stipulate to the entrance of a protective order, that order

is not valid unless good cause is shown).  A protective order is not valid unless entered upon a

finding of good cause.  In re Alexander Grant & Co. Litig., 820 F.2d 352, 356 (11th Cir. 1987).

The purpose of the good cause requirement is to overcome the general presumption that

discovery should take place in the open unless compelling reasons exist for imposing restrictions. See Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1546-1547 (11th Cir. 1985). Without question, the good cause shown requirement cannot be waived. Defendants must meet that burden to the Court's satisfaction prior to the issuance of the protective order. Defendants have failed to make any effort to meet this burden. Therefore, Defendants' Motion should be denied.

Assuming *arguendo* that Plaintiff could waive the statutory requirement of good cause shown, Plaintiff's willingness to meet and confer with Defendants could never constitute a waiver. Plaintiff conferred in good faith with Defendants as required by the Federal Rules of Civil Procedure 26(c). Plaintiff requested only six changes to Defendants' proposed protective order. See Defs.' Reply, Exhibit 1. During a telephone conference, Defendants informed Plaintiff that they would not consider or agree to any protective order which allowed sharing of discovery materials between fellow attorneys prosecuting similar Depo Provera cases. Defendants refused to consider a sharing provision despite Plaintiff's willingness to include protections that would prevent the dissemination of materials to anyone who had not signed onto and agreed to be bound by the protective order. Because Defendants were unwilling to compromise on the issue of sharing, no agreement was reached. Rather, the parties agreed that a jointly stipulated protective order was impossible to achieve. The protective order that Defendants presented to the Court did not incorporate any of Plaintiff's proposed changes. See Defs.' Motion, Exhibit A.

Plaintiff's e-mail is evidence of her willingness to enter a reasonable protective order. Defendants, however, were unwilling to compromise. Defendants' attempts to characterize an email from Plaintiff's Counsel as a waiver are not supported by the law or facts.

At no point did Plaintiff agree to waive, nor does she have the ability to waive, Defendants' burden of showing good cause in support of their Motion.  See Broan Mfg. Co., 101 F.R.D. at 774.  Further, at no time did Plaintiff agree that Defendants' Motion should be limited to the single issue of Defendants' prohibition of a sharing provision.

## II. Federal Courts In This Circuit Have Allowed Sharing Provisions

Defendants' assertion that the courts in this Circuit have refused to allow document sharing provisions is misleading.  Defendants cite only two cases from the Eleventh Circuit to support their contention that sharing provisions are not favored.  Neither case cites any legal authority to support a prohibition on sharing between lawyers.  Both cases fail to address Eleventh Circuit precedent regarding full and open discovery.  See Wilson v. Am. Motors Corp., 759 F.2d 1568, 1571 n. 3 (11th Cir. 1985) (the Court of Appeals for the Eleventh Circuit announced the principle that "if formal proceedings occur in one court and are relevant to issues being presented in another court, judicial economy would mandate their availability")[1]; Parsons v. General Motors Corp., 85 F.R.D. 724, 726 n. 1 (N.D. Ga. 1980) (holding that the plaintiff's desire to share discovery materials with similarly situated litigants did not constitute harm and could not be used to show good cause).

---

[1] Although the Eleventh Circuit in Wilson did not specifically address the issue of protective orders under Rule 26(c), its holding is in keeping with the numerous other federal courts which have held in favor of sharing provisions.  E.g. In re Upjohn Co. Antibiotic Cleocin Products Liability Litig., 664 F.2d 114, 118 (6th Cir.1981); Wilk v. Am. Med. Assn., 635 F.2d 1295, 1299 (7th Cir. 1981); Am. Tel. & Telegraph Co. v. Grady, 594 F.2d 594, 597 (7th Cir. 1978); Olympic Refining Co. v. Carter, 332 F.2d 260, 265-266 (9th Cir. 1964); Ward v. Ford Motor Co., 93 F.R.D. 579, 580 (D. Colo. 1982); Cipollone v. Liggett Group, Inc., 113 F.R.D. 86, 91 (D.N.J. 1986); Johnson Foils, Inc. v. Huyck Corp., 61 F.R.D. 405, 410 (N.D.N.Y. 1973); Williams v. Johnson & Johnson, 50 F.R.D. 31, 32 (S.D.N.Y. 1970); U.S. v. Hooker Chemicals & Plastic Corp., 90 F.R.D. 421, 426 (W.D.N.Y. 1981); Patterson v. Ford Motor Co., 85 F.R.D. 152, 153-154 (W.D. Tex. 1980).

In <u>Williams v. Taser Intl. Inc.</u>, the court justified its prohibition on sharing based on the conclusory finding that it would be difficult to enforce its protective order the more widely confidential documents were allowed to be disseminated.  2006 WL 1835437 at *2 (N.D. Ga. June 30, 2006).  However, the <u>Williams</u> court failed to cite any authority for its prohibition of sharing and it appears failed to consider the alternatives that would ensure the protection of confidential information while allowing the sharing of discovery materials between plaintiffs' counsel.  <u>See</u> <u>Garcia v. Peeples</u>, 734 S.W.2d 343, 348 (Tex. 1987) ("[O]ut of an abundance of caution, the trial court, after determining which documents are true trade secrets, can require those wishing to share the discovered material to certify that they will not release it to competitors or others who would exploit it for their own economic gain.  Such an order would guard GMC's proprietary information, while promoting efficiency in the trial process.").

In <u>McDonald v. Cooper Tire & Rubber Co.</u>, the court does not address the viability of sharing provisions, although the court arguably supports the use of sharing provisions as it invited plaintiff's counsel to move to amend the existing protective order to include a sharing provision.  2005 WL 2810707 at *2 n. 4 (M.D. Fla. Oct. 27, 2005).  In <u>McDonald</u>, a protective order had been entered and it was violated by plaintiff's counsel.  The <u>McDonald</u> court found that a failure to follow a protective order constitutes bad faith.  <u>Id.</u> at *3.  The court had entered a protective order that did not contain a sharing provision.  <u>Id.</u> at *2 n. 3.  Although a footnote provides that a proposed protective order with a sharing provision had been rejected, it is unclear if the proposed protective order was rejected due to the presence of the sharing provision.  <u>Id.</u>  The plaintiff was found in violation of the protective order because he shared confidential documents subject to the protective order with lawyers in another case.  <u>Id.</u> at *2 n. 3, 2-3.  The court's decision in <u>McDonald</u> is not applicable.

In further support for the issuance of their protective order, Defendants rely upon the Manual for Complex Litigation.  Defs.' Reply, 4-5 (citing In re Alexander Grant & Co. Litig., 820 F.2d at 356-357.).  Yet Defendants fail to acknowledge that the Manual for Complex Litigation contemplates discovery materials being shared among similarly situated litigants.  See Manual for Complex Litigation, Fourth § 11.423 ("[c]oordination of 'common' discovery in related litigation may also save costs . . . [and] can prevent duplication and conflicts.").

Finally, Defendants rely on the fact that ten other courts involved in Depo Provera litigation have issued protective orders that do not include sharing provisions for the assertion that this Court should refuse to enter a protective order that includes some type of sharing provision.  Defs.' Reply, 7.  However, in all of those other cases, the issue of whether a protective order should include a sharing provision was never raised by any party.  All of those protective orders were stipulated to by the litigants and the courts never addressed the propriety of including a sharing provision.  See Defs.' Motion, Exhibits B-G; Defs.' Reply, Exhibits 2-5.  Thus, the agreed upon orders in other Depo Provera cases should have no bearing on this Court's determination of whether sharing provisions are in keeping with established case law and the Federal Rules of Civil Procedure.

**III.  Conclusion**

Plaintiff urges this Court to deny Defendants' Motion for Protective Order of Confidentiality.  To the extent that this Court feels a protective order is appropriate, Plaintiff requests that the order not prohibit Plaintiff from sharing information with other attorneys prosecuting Depo Provera cases.

/s/ W. Roger Smith, III_____
W. ROGER SMITH, III (SMI257)
ANDY D. BIRCHFIELD, JR. (BIR006)
Attorneys for Plaintiff

OF COUNSEL:

**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
P. O. Box 4160
Montgomery, AL  36103-4160
Telephone: 334-269-2343
Facsimile: 334-954-7555
E-mail:  roger.smith@beasleyallen.com


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have served a copy of the foregoing document upon the parties <u>as listed below</u> on this the 18th day of July, 2008, by filing electronically with the Clerk of the Court using the CM/ECF system.


<u>/s/ W. Roger Smith, III</u>
Of Counsel


Fred M. Haston, III
Andrew B. Johnson
George R. Parker
**BRADLEY ARANT ROSE**
    **& WHITE LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203