UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
(Northern Division)

| | | |
|---|---|---|
| **APRIL WORLEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **2:06-cv-00916-MEF-SRW** |
| | ) | |
| **PFIZER INC.,** et al | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF FILING OF SUPPLEMENTAL DECLARATION IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants Pfizer Inc., Pharmacia Corporation (incorrectly sued herein as "Pharmacia"), and Pharmacia & Upjohn Company LLC (incorrectly sued herein as "Pharmacia & Upjohn") (collectively "Defendants") hereby submit the attached Declaration of Stephanie M. Landers in further support of Defendants' Motion for Protective Order, which was filed on June 20, 2008.

                                                                       s/Jennifer J. McGahey
                                                                       One of the Attorneys for Defendants

<u>OF COUNSEL</u>

Fred M. Haston, III
Anne Marie Seibel
Andrew B. Johnson
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104

Telephone: (205) 521-8000
Facsimile: (205) 521-8800

## CERTIFICATE OF SERVICE

      I hereby certify that on July 31, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Andy D. Birchfield, Jr.
      W. Roger Smith, III
      BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
      P.O. Box 4160
      Montgomery, AL 36103-4160

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

      None.

                                                      s/Jennifer J. McGahey
                                                      Jennifer J. McGahey
                                          One of the Attorneys for Defendants

1/1733688.1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
(Northern Division)

| | |
|---|---|
| APRIL WORLEY, | ) |
|     Plaintiff, | ) |
| v. | )    2:06-cv-00916-MEF-SRW |
| PFIZER INC., et al | ) |
|     Defendants. | ) |

## DECLARATION OF STEPHANIE M. LANDERS

STATE OF NEW YORK     )

COUNTY OF NEW YORK  )

1. My name is Stephanie M. Landers. I am over the age of twenty-one, am of sound mind, and am competent to make this Declaration. This Declaration is based upon my personal knowledge and upon my experience derived from records maintained by Pfizer Inc. ("Pfizer"), and Pharmacia Corporation, and Pharmacia & Upjohn Company LLC (collectively "Defendants").[1]

2. I am, and have been since 1991, a paralegal at Pfizer. During my employment with Pfizer, my work has involved products liability litigation. In addition, I am currently an assistant secretary for Pharmacia Corporation.

3. Defendants are engaged in the business of designing, manufacturing, testing, and marketing pharmaceuticals, including the pharmaceutical at issue in this litigation, Depo-Provera Contraceptive Injection® ("DPCI"). Over the years, Defendants have expended considerable

---

[1] Pharmacia Corporation is a wholly-owned subsidiary of Pfizer Inc. and Pharmacia & Upjohn Company LLC is an indirectly-owned subsidiary of Pharmacia Corporation.

time, effort, and money to develop and compile confidential, proprietary, and competitively sensitive information for use in their pharmaceutical business.

4. I am familiar with certain aspects of the design, manufacture, testing, and marketing of DPCI by Defendants and the confidential nature of documents related to that process. I am also familiar with Defendants' internal controls over their confidential, proprietary, and competitively sensitive information as well as the efforts that Defendants take to protect such information.

5. In connection with their initial disclosures and their response to Plaintiff's discovery requests in this case, Defendants intend to produce documents that contain a considerable amount of confidential, proprietary, and competitively sensitive information. Examples of such information include, but are not limited to, unpublished information relating to clinical trials of DPCI, information pertaining to Defendants' business and marketing strategies for DPCI, Defendants' non-public financial information, information related to future pharmaceuticals in Defendants' development pipeline (information that is inextricably interwoven with information concerning DPCI), and other sensitive commercial information.

6. The confidential, proprietary, and competitively sensitive information that Defendants intend to make available to Plaintiff in this litigation is of substantial value to Defendants, would be valuable to Defendants' competitors, and derives its value by virtue of the effort of its creation and the lack of its dissemination. If any of this information were to fall into the hands of one of Defendants' competitors, it would irreparably harm Defendants' business. The pharmaceutical marketplace is extremely competitive, and other pharmaceutical companies seek to gain any advantage, whether it is more lead time for the introduction of new products or a better understanding of the competition's methods, thinking, goals, and strategy. Accordingly,

Defendants would be at a competitive disadvantage if their competitors were granted access to the confidential, proprietary, and competitively sensitive information that they intend to make available to Plaintiff in this litigation.

7.  Defendants take considerable precautions to maintain the confidentiality of their confidential, proprietary, and competitively sensitive information and have consistently treated the information requested in this litigation as closely guarded company secrets. In fact, when the same information has been requested in other DPCI-related litigation, Defendants have only produced such information pursuant to protective orders.

8.  Defendants' concern for confidentiality is based upon their reasonable fear that the disclosure of their confidential, proprietary, and competitively sensitive information to third-parties that are unconnected to this lawsuit increases the likelihood that said information will be made available to Defendants' competitors. Any such disclosure would negatively affect Defendants' business, cause Defendants irreparable economic harm, and damage Defendants' ability to compete in the highly competitive pharmaceutical business.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this the 31st day of July, 2008.

*Stephanie M. Landers*
STEPHANIE M. LANDERS